IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, JANE COLN, BRANDIE §
CORRERO, CHAD HIGDON, JENNIFER HIGDON, §
GENE HOPKINS, FREDERICK LEE JENKINS, §
MARY JENKINS, TAVISH KELLY, DONNA §
KNEZEVICH, JOSEPH KNEZEVICH, DORIS LEE, §
LAUREN LYNCH, NORMA MACKEY, ROY §
NICHOLSON, MARK PATRICK, JULIE PATRICK, §
PAUL PATRICK, DAVID PHILLEY, GRANT §
SOWELL, SYBIL TRIBBLE, LAURA §
VANOVERSCHELDE, AND ELAINE VECHORIK §
 Plaintiffs, §
§
v. §  Cause No. 3:14cv 532 HTW-LRA
§
THE HONORABLE DELBERT HOSEMANN, in §
his official capacity as Secretary of State for §
the State of Mississippi, THE REPUBLICAN §
PARTY OF MISSISSIPPI, COPIAH COUNTY, §
MISSISSIPPI ELECTION COMMISSION, HINDS §
COUNTY, MISSISSIPPI ELECTION §
COMMISSION, JEFFERSON DAVIS COUNTY, §
MISSISSIPPI ELECTION COMMISSION, §
LAUDERDALE COUNTY, MISSISSIPPI §
ELECTION COMMISSION, LEAKE COUNTY, §
MISSISSIPPI ELECTION COMMISSION, §
MADISON COUNTY, MISSISSIPPI ELECTION §
COMMISSION, RANKIN COUNTY, MISSISSIPPI §
ELECTION COMMISSION, SIMPSON COUNTY, §
MISSISSIPPI ELECTION COMMISSION, AND §
YAZOO COUNTY, MISSISSIPPI ELECTION §
COMMISSION §
 Defendants. §

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE DISTRICT COURT JUDGE:

  1.  NOW COME True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer

Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich,

Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie

Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik, complaining of The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, The Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission for failure to maintain records and papers of a federal election in violation of 42 U.S.C. § 1974 and to enforce Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. §1973gg-6. In addition, the Individual Plaintiffs bring claims for vote dilution in violation of the Equal Protection Clause, and Equal Protection claims for Mississippi's failure to employ uniform election practices.

## I.
## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201, and 42. U.S.C. § 1973gg-9(b)(3).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 104 and 1391.

## II.
## PARTIES

4.     Plaintiff, True the Vote, is a 501(c)(3) organization existing under the laws of the State of Texas, with its principal office in Houston, Texas. It is the nation's largest nonpartisan voters' rights and election integrity organization. An integral part of its public interest mission is to inspire and equip volunteers for involvement at every stage of America's electoral process by

providing training, technology, and support to citizens so that they can ensure election integrity in their own communities.  As part of its activities, True the Vote trains volunteers to monitor local, state and federal elections for compliance with applicable law.  As relevant to this case, True the Vote (through its volunteers) culls through voter rolls in order to identify potential election irregularities.  Due to concerns regarding irregularities in Mississippi's June 2014 Republican Primary Run-Off Election, True the Vote requested access to Mississippi's voter rolls.  The purpose of its request was to investigate claims that voters illegally double-voted in both the democratic and republican primary races in violation of Federal and State law.  True the Vote was improperly denied access to the requested materials by Defendant Circuit Clerks.

5.      Jane Coln is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Coln voted in DeSoto County.

6.      Brandie Correro is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Correro voted in DeSoto County.

7.      Chad Higdon is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Higdon voted in DeSoto County.

8.      Jennifer Higdon is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Hidgon voted in DeSoto County.

9.      Gene Hopkins is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Hopkins voted in DeSoto County.

3

10.     Tavish Kelly is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Kelly voted in Pearl River County.

11.     Frederick Lee Jenkins is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Jenkins voted in DeSoto County.

12.     Mary Jenkins is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Jenkins voted in DeSoto County.

13.     Donna Knezevich is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Knezevich voted in Pearl River County.

14.     Joseph Knezevich is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Knezevich voted in Pearl River County.

9.     Doris Lee is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Lee voted in Marshall County.

10.     Lauren Lynch is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Lynch voted in DeSoto County.

11.     Norma Mackey is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Mackey voted in Wayne County.

12.     Roy Nicholson is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Nicholson voted in Rankin County.

13.     Mark Patrick is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Patrick voted in Marshall County.

14.     Julie Patrick is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Patrick voted in Marshall County.

15.     Paul Andrew Patrick is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Patrick voted in Marshall County.

16.     David Philley is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Philley voted in DeSoto County.

17.     Grant Sowell is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Mr. Sowell voted in Lee County.

18.     Sybil Tribble is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. Tribble voted in Wayne County.

19.     Laura VanOverschelde is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republican Primary Run-Off Election.  Ms. VanOverschelde voted in Hinds County.

20.    Elaine Vechorik[1] is a registered Mississippi voter who voted in the 2014 Republican Primary Election and Republic Primary Run-Off Election.  Ms. Vechorik voted in Oktibbeha County.

21.    Defendant Secretary of State Delbert Hosemann is sued in his official capacity as the chief state election official responsible for coordinating Mississippi's responsibilities under the NVRA.  *See* 42 U.S.C. § 1973gg-8, MISS. CODE ANN. § 23-15-211.1(1).  Defendant Hosemann is the head of the Office of the Secretary of State for Mississippi.  The Elections Division is one of the divisions established within the Office of the Secretary of State.  MISS. CODE ANN. § 7-3-71.

22.    Defendant, the Republican Party of Mississippi, is a political party organized under the laws of the State of Mississippi. It is the party responsible for conducting the Republican Primary and Primary Run-Off Elections under Mississippi law.

23.    Defendant, the Copiah County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[2] The Copiah County, Mississippi Election Commission is responsible for coordinating Copiah County's responsibilities under the NVRA and Mississippi law.  *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

---

[1] Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik are collectively referred to as "Voting Plaintiffs".

[2] The county election commissions in Mississippi have been established pursuant to MISS. CODE ANN. § 23-15-211 and include the county's circuit clerk and the county's elected election commissioners, who are parties to this suit in their official capacities as such members of the county election commission. Pursuant to this statute Copiah County, Mississippi Election Commission includes Circuit Clerk Edna Stevens, and Election Commissioners Wilhelmina Jones, Frances Taylor, Bonnie McLendon, Lydia Green, and Beverly Hood.

24.     Defendant, the Hinds County, Mississippi Election Commission, is a body created by MISS. CODE ANN. § 23-15-211.[3] The Hinds County, Mississippi Election Commission is the entity responsible for coordinating Hinds County's responsibilities under the NVRA and Mississippi law.  *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

25.     Defendant, the Jefferson Davis County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[4] The Jefferson Davis County, Mississippi Election Commission is the entity responsible for coordinating Jefferson Davis County's responsibilities under the NVRA and Mississippi law.  *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

26.     Defendant, the Lauderdale County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[5] The Lauderdale County, Mississippi Election Commission is the entity responsible for coordinating Lauderdale County's responsibilities under the NVRA and Mississippi law.  *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

27.     Defendant, the Leake County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[6] The Leake County, Mississippi Election Commission is the

---

[3] The Hinds County, Mississippi Election Commission includes Circuit Clerk Barbara Dunn and Election Commissioners James Reed, Josephine Anderson, Santore Bracey, Connie Cochran, and Lelia Rhodes.

[4] The Jefferson Davis County, Mississippi Election Commission includes Circuit Clerk Clint Langley and Election Commissioners Linda Speights, Ralph Hanegan, Deandera Clavo, Stephen Abram, and Carolyn Rhodes.

[5] The Lauderdale County, Mississippi Election Commission includes Circuit Clerk Donna Johnson and Election Commissioners Wallace Heggie, Evelyn Acklin, Awana Simmons, Gloria Dancy, and Jeff Tate.

[6] The Leake County, Mississippi Election Commission includes Circuit Clerk Kathy Henderson and Election Commissioners Sandra Grundy, Donna Rawson, Fannie Mae Jones, Linda Sanders, and Addie Hudson.

entity responsible for coordinating Leake County's responsibilities under the NVRA and Mississippi law. *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

28.     Defendant, the Madison County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[7]   The Madison County, Mississippi Election Commission is the entity responsible for coordinating Madison County's responsibilities under the NVRA and Mississippi law. *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

29.     Defendant, the Rankin County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[8]   The Rankin County, Mississippi Election Commission is the entity for coordinating Rankin County's responsibilities under the NVRA and Mississippi law. *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-135; 23-15-127; 23-15-153; 23-15-211.

30.     Defendant, the Simpson County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[9]   The Simpson County, Mississippi Election Commission is the entity responsible for coordinating Simpson County's responsibilities under the NVRA and Mississippi law. *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-127; 23-15-135; 23-15-153; 23-15-211.

---

[7] The Madison County, Mississippi Election Commission includes Circuit Clerk Lee Westbrook and Election Commissioners Timothy Jenkins, Julia Hodges, Pat Truesdale, Azzie Jackson, and Leroy Lacy.

[8] The Rankin County, Mississippi Election Commission includes Circuit Clerk Becky Boyd and Election Commissioners Kelly Wedgeworth, Leslie Lewis, Tonya Rivers, Eric Baldwin, and C.L. Pittman.

[9] The Simpson County, Mississippi Election Commission includes Circuit Clerk Cindy Jensen and Election Commissioners Calvin Edwards, Eugene Blair, James Wallace, Lola McPhail, and Wanda Bridges.

31.     Defendant, the Yazoo County, Mississippi Election Commission is a body created by MISS. CODE ANN. § 23-15-211.[10] The Yazoo County, Mississippi Election Commission is the entity responsible for coordinating Yazoo County's responsibilities under the NVRA and Mississippi law. *See* 42 U.S.C. § 1973gg-8, *see also* MISS. CODE ANN. §§ 23-15-125; 23-15-127; 23-15-135; 23-15-153; 23-15-211.

## III.
## FACTUAL ALLEGATIONS

32.     Plaintiffs repeat and re-allege the preceding as though set forth fully herein.

**A.     Voter records were not made publicly available to True the Vote.**

33.     True the Vote is a non-profit organization that works to protect the integrity of local, state, and federal elections. True the Vote monitors elections for compliance with state and federal law and identifies instances of voting irregularities or possible fraud, including the failure of election officials to verify the identity of voters and the failure of election officials to disqualify ineligible voters from voting in both Republican and Democratic primaries. It trains volunteers to conduct these same activities.

34.     As part of its mission to protect electoral integrity, True the Vote examines official lists of eligible voters and other voter registration data to verify their accuracy and currency.

35.     In June 2014, in an effort to determine whether ineligible voters had been allowed to cast ballots in the Mississippi Republican Primary Run-Off Election (the "election"), True the Vote requested access to Mississippi's voter records from the Republican Party of Mississippi. True the Vote was denied access to the records.

---

[10] The Yazoo County, Mississippi Election Commission includes Circuit Clerk Robert Coleman and Election Commissioners Jerry Alexander, Virginia Mathews, Gretta Winters, Sylvia Vandevere, and Claude Collum.

36.     Immediately prior to the election, True the Vote requested the records from Hinds and Rankin Counties.  Its requests were made pursuant to NVRA Section 8(i)(1).  *See* 42 U.S.C. 1973gg-6(i). True the Vote was denied access to the records.

37.     Immediately following the election in July, 2014, True the Vote again requested access to voter records pursuant to NVRA Section 8(i)(1) from Copiah County, Hinds County, Jefferson Davis County, Lauderdale County, Leake County, Madison County, Rankin County, Simpson County, and Yazoo County.  True the Vote was impermissibly denied access to complete voter records by the respective Defendant County Election Commissions.

38.     True the Vote has expended significant time and resources to investigate issues concerning the Republican Primary Run-Off Election, and to assist its local community partners with voting concerns, including potentially improper election administration practices in local jurisdictions of Mississippi.  By preventing access to these records, Defendants are denying True the Vote's rights under the NVRA, subverting the Act's purpose and inhibiting True the Vote's efforts to carry out its voter protection and election administration reform programs and activities.

**B.      Voter Records were not made publicly available to individuals.**

39.     Individual Plaintiffs Elaine Vechorik and Roy Nicholson, among other Plaintiffs, (collectively, the "Individual Plaintiffs"), also requested access to Mississippi's voter records pursuant to NVRA Section 8(i)(1).  The Individual Plaintiffs encountered unlawful obstacles to their NVRA Section 8(i)(l) requests.

40.     Some Individual Plaintiffs were granted access to county voter rolls, but were advised that the records would not be produced in un-redacted form.  Rather, the Individual Plaintiffs were told Mississippi law and the County Election Commissions require the county to

redact each voter's date of birth from the rolls at the Plaintiffs' cost. Plaintiffs incurred the cost of redacting this information in violation of the NVRA.

41.     Once the Individual Plaintiffs secured the requested records, they perceived certain irregularities in them. Specifically, the Individual Plaintiffs observed duplicate, missing and/or written entries in the voter rolls indicating that voters who had voted in Mississippi's Democratic Primary later voted in the Republican Primary Run-Off. Such "double-voting" violates Mississippi Code § 23-15-575, which states: "No person shall be eligible to participate in any primary election unless he intends to support the nominations made in which he participates."

42.     Voting Plaintiffs submit their lawful votes in the Republican Primary Run-Off have been impermissibly diluted by unlawful ballots cast in violation of the prohibition on "double-voting."

43.     All Plaintiffs submit that the democratic process has been unlawfully manipulated, and Defendants, who are in the best position to monitor the Mississippi Republican Primary Run-Off Election, should be ordered to produce the voter rolls in un-redacted form. Should the voter rolls support election fraud, the votes should be re-counted, subtracting those unlawful double votes.

## IV.
## CONSTITUTIONAL FRAMEWORK

44.     Plaintiffs repeat and re-allege the preceding as though set forth fully herein.

45.     "[T]he Equal Protection Clause guarantees the opportunity for equal participation by all voters." *Reynolds v. Sims*, 377 U.S. 533, 566, 84 S.Ct. 1362 (1964). This is known as the "one person, one vote" rule, and it guarantees that every individual's vote is weighed equally. *Id.* at 558. Because voting is a "fundamental political right," it is subject to strict scrutiny. *Romer v.*

*Evans*, 517 U.S. 620, 650 n. 3, 116 S. Ct. 1620 (1996). When a political subdivision allows unqualified voters to cast a vote in a given election, it dilutes the voting power of some qualified voters. It is well established that the right to vote "can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Bush v. Gore*, 531 U.S. 98, 105, 121 S. Ct. 525 (2000) (quoting *Reynolds*, 377 U.S. at 555).

## V.
## FEDERAL AND STATUTORY FRAMEWORK

46.    Plaintiffs repeat and re-allege the preceding as though set forth fully herein.

47.    In 1993, Congress enacted the NVRA to safeguard electoral integrity.   The NVRA obligates states to protect the accuracy of voter rolls.   To ensure voter records are accurate and current, Section 8(i)(1) of the NVRA provides:

> Each State shall maintain for at least 2 years and **shall make available for public inspection** and, where available, photocopying at a reasonable cost, *all records* **concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters,** except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

42 U.S.C. 1973gg-6(i).

48.    Poll books, voter registration applications, absentee voting envelopes, absentee ballot applications, voter rolls, voter registration applications and federal post card applications are records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 42 U.S.C. § 1973gg-6(i)(1); *see Project Vote/Voting for Am., Inc.*, 682 F.3d at 335.   Meanwhile, the process of reviewing completed voter materials, such as poll books, constitutes a "program" or "activity" evaluating voter records "for the purpose of ensuring the accuracy and currency of official lists

of eligible voters." *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 335 (4th Cir. 2012). Accordingly, the records made the basis of this case are subject to the NVRA.

49.     The NVRA provides for a private right of action to enforce violations of the Act. *See* 42 U.S.C.A. § 1973gg.  While a person aggrieved under the chapter may typically need to provide notice of the violation to the chief election official of the State involved prior to filing suit, notice need not be given if the violation occurred within 30 days of an election for Federal office. *See* 42 U.S.C.A. § 1973gg-9.  Because the violations alleged in this suit occurred within 30 days of the June 2014 Republican Primary Run-Off, Plaintiffs were not required to give notice of the violations alleged in this lawsuit.

50.     Mississippi law also requires counties to maintain accurate voter rolls and poll books for general and primary elections. *See* MISS. CODE ANN. § 23-15-135; 23-15-125; 23-15-127. But, Mississippi law imposes additional restrictions on public access to records concerning the accuracy and currency of voter registration rolls, such that only certain aspects of the voter rolls are permitted to be copied and inspected by the public.  In particular, Mississippi law requires parties inspecting records under the NVRA to bear the cost of redacting "exempted," identifying information from the voter rolls. *See* MISS. CODE. ANN. § 25-61-5 ("public agency shall be entitled to charge a reasonable fee for the redaction of any exempted material, not to exceed the agency's actual cost.").  While these costs appear minimal at first blush, parties inspecting voter rolls have been directed to pay as much at $1,400 to redact dates of birth from voter records. Such information while "exempted" by Mississippi law from disclosure is not exempt from disclosure under the NVRA.  Nor may the State force parties to bear the costs of redacting such information form voter rolls, as the NVRA does not allow for states to recover reasonable costs of redaction.

51.     The Defendant Circuit Clerks are not permitted to require Plaintiffs or other Mississippi resident voters to pay for redactions of voter birth dates from voter rolls under the NVRA. Defendant Circuit Clerks' position that the Mississippi law allows them to do so is improper. Should the Court find, however, that Mississippi law permits the redaction of birth dates from voter rolls, Mississippi law must be preempted by Federal law, in support of the democratic process.

## VI.
## CAUSES OF ACTION

### Count 1
### True the Vote Alleges a Violation of National Voting Registration Act's Public Disclosure Provision

52.     Plaintiffs repeat and re-allege the preceding as though fully set forth herein.

53.     The NVRA imposes a variety of requirements on states concerning voter registration procedures and policies. 42 U.S.C. § 1973gg-6. Those requirements include requirements that states confirm voter registrations, ensure only registered voters vote in elections, remove ineligible voters from voter rolls and maintain accurate voter registration lists. *See id.* These NVRA obligations supplement the Defendants' unique statutory obligation to maintain records of federal elections pursuant 42 U.S.C. § 1974, which requires the State to retain and preserve for a period of twenty-two months all records and papers concerning a federal election for Senate.

54.     The NVRA mandates public disclosure of all records related to the accuracy and currency of voter registrations. *Id.* § 1973gg-6(i)(1).

55.     Shortly before the Republican Primary Run-Off Election, True the Vote, via its volunteer base, made a valid and timely request to review voter rolls and poll books under the NVRA, but it was denied access to those records.

56.     Shortly after the Republican Primary Run-Off Election, True the Vote demanded access to the voter rolls and poll books from the Defendant Circuit Clerks, but it was again denied access to those records.

57.     The records requested by True the Vote are subject to the NVRA Public Disclosure Provisions because they are "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." *See* 42 U.S.C. § 1973gg-6(i)(1); *Project Vote/Voting for Am., Inc.*, 682 F.3d at 335.

58.     True the Vote is protected by the Act's Public Disclosure Provision. It is an entity engaged in activities to verify the accuracy and currency of Mississippi's voter rolls, and has suffered an "informational injury" because the NVRA confers upon it a right to public information, yet such information has been withheld from True the Vote. *See Project Vote/Voting for Am., Inc. v. Long*, 752 F. Supp. 2d 697, 702-07 (E.D. Va. 2010) *aff'd* 682 F.3d 331, 335 (4th Cir. 2012) (holding voter organization denied access to public records under NVRA protected by Act's provisions and had standing to sue for injury).

59.     The NVRA specifically provides a private right of action to any person who is aggrieved by a violation of the Public Disclosure Provision.  *See* 42 U.S.C. § 1973gg-9(b). Therefore, True the Vote may properly bring suit to enforce its right to the information in question under the NVRA.

60.     Finally, True the Vote has satisfied all conditions precedent to filing suit, as it requested access to public records under the NVRA within thirty days of an election. *See id.* § 1973gg-9(b)(3).

61.   Based on the forgoing, True the Vote alleges that the Defendants have violated the Public Disclosure Provision of the NVRA.

62.   True the Vote seeks a declaration of its right to inspect the records made the subject of this lawsuit and injunctive relief granting it access to the same under the NVRA. *Id.* § 1973gg-9(b). Specifically, True the Vote requests a declaration of its right to inspect voter records, including absentee voting envelopes, absentee ballot applications and any associated applications therewith, voters rolls, voter poll books, voter registration applications and federal post card applications. True the Vote requests injunctive relief granting it access to such records.

### Count 2
### The Individual Plaintiffs Allege a Violation of
### the NVRA Based on Conflict with State Laws

63.   Plaintiffs repeat and re-allege the preceding as though fully set forth herein.

64.   The Supremacy Clause of the United States Constitution, Art VI, part 2, states in part: "This Constitution, and the Laws of the United States which shall be made in pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the contrary notwithstanding."

65.   The NVRA and its Public Disclosure Provision place binding requirements on the states. To the extent that any state law conflicts with the NVRA, such law is preempted and superseded by the NVRA as a federal statute.

66.   The Public Disclosure Provision explicitly and unambiguously requires that the records made the subject of this suit be made available to the public for inspection and, where available, photocopying, because the requested records are "records concerning the implementation of programs or activates conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 42 U.S.C. 1973gg-6(i).

16

67.     The Individual Plaintiffs requested access to records under the NVRA, but faced obstacles to securing the records that violate the NVRA.  The Individual Plaintiffs were advised that Mississippi law required clerks to redact each voter's date of birth from the voter rolls at the Plaintiffs' cost.  *See* Miss. Code Ann. § 25-61-5.  The NVRA does not, however, contemplate that the public will be made to inspect voter rolls in the absence of critical, non-sensitive information and bear the costs associated with redacting such information. *See Project Vote/Voting for Am., Inc. v. Long*, 889 F. Supp. 2d 778, 781 (E.D. Va. 2012) ("Moreover, and contrary to Defendants' argument, Congress has made its intent clear with regard to the disclosure of an applicant's address, signature, and birth date; disclosure of that information, unlike SSNs, is required by [the NVRA]").

68.     To the extent Mississippi Code § 25-61-5 (providing party requesting public records shall bear costs to redact exempted information) or any other statutory or regulatory provision or administrative practice of Mississippi prohibits the disclosure of information required to be freely made available for public inspection and photocopying pursuant to the Public Disclosure Provision of the NVRA, such provisions and practices subvert the purpose of the NVRA and are, therefore, invalid and unenforceable.

69.     Plaintiffs therefore seek a declaration that the NVRA preempts any requirement imposed by Mississippi regarding the redaction of information from voter rolls and the costs of the same.  Plaintiffs also seek an injunction allowing them to review Mississippi's voter rolls without any redaction (apart from Social Security Numbers).

**Count 3**
**The Individual Plaintiffs Allege an Equal**
**Protection Violation**

70.     Plaintiffs repeat and re-allege the preceding as though fully set forth herein.

71.   Mississippi Code § 23-15-575 prohibits "double voting" in primary elections. ("No person shall be eligible to participate in any primary election unless he intends to support the nominations made in which he participates."). "Double voters" are defined as those who voted in the June 3, 2014 Democrat Primary Election and then illegally voted in the Republican Primary Run-off Election on June 24, 2014.

72.   Individual Plaintiffs who have reviewed Mississippi's voter rolls in connection with the Republican Primary Run-Off, have perceived inaccuracies in the voter rolls causing them to believe their lawful vote was diluted by an unlawful, double vote.

73.   The Equal Protection Clause guarantees the opportunity for equal participation by all voters. *Reynolds v. Sims*, 377 U.S. 533, 566, 84 S. Ct. 1362 (1964). Among its guarantees, the equal protection clause guarantees that every individual's vote shall be weighed equally. *Id.* at 558. When a political subdivision allows unqualified voters to cast a vote in a given election, it dilutes the voting power of some qualified voters. It is well established that the right to vote "can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Bush v. Gore*, 531 U.S. 98, 105, 121 S.Ct. 525 (2000) (quoting *Reynolds*, 377 U.S. at 555).

74.   Parties may sue to vindicate their right to equal protection of the laws. *See* 42 U.S.C. § 1983.

75.   Here, unlawful double voting between the democratic and primary elections has the effect of diluting a lawful vote in the Republican Primary Run-Off. Voters who cast ballots in the Democrat Primary Election are prohibited by law from subsequently casting ballots in the opposite party's primary run-off election. The purpose of this prohibition is clear: It prevents gamesmanship by political parties and candidates seeking to skew election results by voters who

do not actually support the platform they are voting under. The Voter Plaintiffs, fear such gamesmanship has been allowed to occur in Mississippi and therefore sue to enforce their constitutional rights under the Equal Protection Clause.

76.     Plaintiffs also allege violations of the Equal Protection Clause for Mississippi's failure to employ uniform election practices with regard to maintaining voter records. As demonstrated by Plaintiffs' experiences, counties across Mississippi differ in their treatment of granting access to voter records, including absentee voting envelopes, absentee ballot applications and any associated applications therewith, voter rolls, voter poll books, voter registration applications and federal post card applications. Differing treatment among counties with regard to such records results in unequal protection of voter's rights under the law to ascertain and investigate whether the state has employed proper voting practices and properly documented and recorded votes.

77.     Indeed, Plaintiffs assert counties have failed to employ uniform procedures for documenting votes on such records. For this additional reason, Plaintiffs allege violations of the Equal Protection Clause.

## VII.
## ATTORNEYS' FEES

78.     Plaintiffs seek to recover reasonable attorneys' fees under 1973gg-9(c), which provides for an award of reasonable attorneys' fees, including litigation expenses and costs, the prevailing party in a cause of action under the National Voting Rights Act.

79.     Plaintiffs also seek to recover reasonable attorneys' fees under 42 U.S.C. § 1988, which allows for an award of reasonable attorneys' fees in suits vindicating actions for deprivations of civil rights.

19

# VIII.
## PRAYER

The information sought in this lawsuit and the relief requested herein may have a direct impact on the current dispute regarding the outcome of the 2014 Republican Primary Election Run-Off for the office of United States' Senator. The Plaintiffs are currently unable to ascertain whether unlawful votes resulted in uncertainty in the election results. But the information requested herein may assist in that determination and in restoring confidence in the electoral process.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and that the Court:

(a) Declare that Defendants are in violation of the NVRA by refusing to grant access for inspection and photocopying of the requested records;

(b) Declare that Defendants are in violation of the NVRA by redacting voter birth dates from voter rolls and registration materials and imposing the costs of such redaction on the public;

(c) Enjoin Defendants from refusing to permit access to any requesting party for copying and/or inspection of voter registration applications, absentee voting envelopes, absentee ballots and any associated applications therewith, voters rolls, voter poll books, and federal post card applications, as sought by Plaintiffs in this matter;

(d) Enjoin Defendants from redacting (and charging for the redaction of) information authorized to be disclosed under the NVRA from voter registration applications, absentee voting envelopes, absentee ballots and any other associated applications therewith, voter rolls, voter poll books, and federal post card applications;

20

(e) Award Plaintiffs costs incurred in pursuing this action, including attorneys' fees and reasonable expenses, as authorized by 42 U.S.C. § 1973gg-9(c), 42 U.S.C. § 1988 and any other applicable provision; and

(f) Grant such other and further relief as the Court deems proper.

Date: July 9, 2014

Respectfully submitted,

Joseph M. Nixon
Texas State Bar No. 15244800
jnixon@bmpllp.com
Kristen W. McDanald
Texas State Bar No. 24066280
kmcdanald@bmpllp.com
Kelly H. Leonard
Texas State Bar No. 24078703
kleonard@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
1300 Post Oak Blvd, Suite 2500
Houston, Texas  77056
(713) 623-0887  Tel.
(713) 960-1527  Fax
(Pro Hac Vice Motions Forthcoming)

James E. "Trey" Trainor, III.
Texas State Bar No. 24042052
ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700  Tel.
(512) 623-6701  Fax
(Pro Hac Vice Motion Forthcoming)

L. Eades Hogue
Mississippi State Bar No. 2498
Louisiana State Bar No. 1960
ehogue@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
Pan-American Life Center
601 Poydras Street
Suite 2200
New Orleans, LA 70130
(504) 586-1241 Tel.
(504) 584-9142 Fax

*Counsel for Plaintiffs*