## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | | |
|---|---|---|
| TRUE THE VOTE, JANE COLN, BRANDIE CORRERO, CHAD HIGDON, JENNIFER HIGDON, GENE HOPKINS, FREDERICK LEE JENKINS, MARY JENKINS, TAVISH KELLY, DONNA KNEZEVICH, JOSEPH   KNEZEVICH, DORIS LEE,   LAUREN LYNCH, NORMA MACKEY, ROY NICHOLSON, MARK PATRICK, JULIE PATRICK, PAUL PATRICK, DAVID PHILLEY, GRANT SOWELL, SYBIL TRIBBLE, LAURA VAN OVERSCHELDE, AND ELAINE VECHORIK. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **PLAINTIFFS,** | ) ) | |
| v. | ) ) | Civil Action No. 3:14-cv-532 HTW-LRA |
| THE HONORABLE DELBERT HOSEMANN, IN HIS OFFICIAL CAPACITY, THE REPUBLICAN PARTY OF MISSISSIPPI, COPIAH COUNTY, MISSISSIPPI ELECTION COMMISSION, HINDS COUNTY, MISSISSIPPI ELECTION COMMISSION, JEFFERSON DAVIS COUNTY, MISSISSIPPI, ELECTION COMMISSION, LAUDERDALE COUNTY, MISSISSIPPI ELECTION COMMISSION, LEAKE COUNTY, MISSISSIPPI ELECTION COMMISSION, MADISON COUNTY, MISSISSIPPI ELECTION COMMISSION RANKIN COUNTY, MISSISSIPPI ELECTION COMMISSION, SIMPSON COUNTY, MISSISSIPPI ELECTION COMMISSION, AND YAZOO COUNTY, MISSISSIPPI ELECTION COMMISSION. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **DEFENDANTS.** | | |

---

### RESPONSE OF MISSISSIPPI REPUBLICAN PARTY TO
### MOTION FOR TEMPORARY RESTRAINING ORDER

---

The Mississippi Republican Party, joined as a defendant in this action under the name of

the Republican Party of Mississippi, has not yet been served with process.  In defending itself

against plaintiffs' motion for temporary restraining order, the Party reserves the right to assert, at

the appropriate time, all available defenses, as authorized by Fed.R.Civ.P. 12.[1]

At 5:54 p.m. on July 9, 2014, plaintiffs' counsel sent a fax to the Party's counsel containing the first seven documents filed on the docket of this Court.  Counsel did not transmit the eighth document, the motion for temporary restraining order.  The Party learned about that motion from a press release issued by plaintiff, True the Vote, a copy of which is attached hereto as Exhibit 1.[2]  The motion is defective for multiple reasons.

The certificate of service found at page 13 of the motion, does not certify that the motion has been served upon any defendant in this action.  Instead, counsel recites that, "pursuant to Rule 65(b), … a temporary restraining order may be issued against the adverse party without oral or written notice."  In fact, Fed.R.Civ.P. 65(b)(1)(B) requires that "the movant's attorney certifies in writing any efforts made to give notice and  the reasons why it should be required."  No such certification is found anywhere in the motion, because no such efforts took place.

Moreover, Fed.R.Civ.P. 65(b)(1)(A) requires that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition."  The complaint filed in this action is not verified, and the motion for temporary restraining order contains no affidavits.  This failure is particularly remarkable, since the press release issued by True the Vote refers to "the affidavits we now have."[3]

---

[1] In particular, the Party will demonstrate that the complaint fails to state a claim against it and is, in fact, sanctionable under Fed.R.Civ.P. 11.

[2] Plaintiffs' counsel transmitted the motion to the Party's counsel by email at 10:54 a.m. this morning, after this Court had already scheduled a conference call for 9:00 a.m. on Friday, July 11, 2014.

[3] The so-called verification attached to the motion was not provided in the press release attached to this opposition as Exhibit 1, so the Party did not see it until retrieving it from this Court's docket early this morning.  It contains no evidence that any documents have been destroyed or altered or threatened with destruction or alteration, so plaintiffs cannot establish irreparable injury.  It says only that some counties are providing redacted versions of their records, but, as explained hereafter, a demand for affirmative relief, such as plaintiffs' claim for unredacted records, cannot be part of a temporary restraining order.

Third, in footnote 4 on page 10 of their motion, plaintiffs seek to avoid a bond because they "do not otherwise seek monetary recovery in this suit and therefore are not required to furnish security." Plaintiffs have it exactly backwards. The purpose of the security required by Fed.R.Civ.P. 65(c) is not to protect plaintiffs' recovery, but "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." If this Court were to direct preliminary relief against this Party, the Party is plainly entitled to security under Rule 65(c).

Finally, the relief sought by the prayer on page 11 goes far beyond that permissible in a temporary restraining order. As the name implies, a restraining order is designed to restrain defendants, not to grant affirmative relief such as that sought in paragraph (b) of the prayer. As one court has explained:

> Here, because Plaintiff seeks a temporary restraining order that would provide him with affirmative relief <u>changing</u> the *status quo* he has not shown "specific facts" that "clearly show" his entitlement to a temporary restraining order, and for this reason his motion for a temporary restraining order will be denied.

*Sosa v. Lantz,* 660 F.Supp 2d 283, 290 (D. Conn. 2009)(emphasis in original). Paragraph (a), which seeks to restrain election commissions from destroying records, is the sort of relief which, in a proper case, may be granted by a temporary restraining order, but it includes no request for any relief against the Party. Indeed, none of the relief sought by the motion can be awarded against the Party.

Contrary to the Plaintiffs' claims in ¶ 15 of their Motion, there is no substantial likelihood that they will prevail on the merits. The Fifth Circuit has already resolved when records become subject to 42 U.S.C. § 1973gg-6(i). In *Voting for America, Inc. v. Steen*, 732 F.3d 382 (5th Cir. 2013), the majority wrote:

> However, Appellees disregard a crucial distinction: the NVRA only pertains to records "maintain[ed]" by the State, while the Photocopying Provision only applies to voter registration applications in the hands of VDRs, before they are officially received or maintained by the State. For this reason, the district court misplaced

> reliance on Project Vote/Voting for America, Inc. v. Long, 682 F.3d 331 (4th Cir. 2012), a case that specifically addressed the denial of access to voter registration applications in the government's long-term possession, rather than those in the hands of VDRs. The question here is not whether such applications will be made available for photocopying but how. Thus, we disagree with the district court's reasoning that the applications received and delivered by VDRs are within the "constructive possession" of the state.

*Id.* at 399. Based on *Steen*, the records requested are not yet covered under the NVRA. Additionally, the plaintiffs' reliance on *Project Vote v. Long, et al.*, 682 F. 3d 331 (4th Cir. 2012) is unsupported. In *Long*, the Fourth Circuit held that completed voter registration applications were covered under the NVRA's requirement of public disclosure of voter registration activities, 42 U.S.C. § 1973gg-6(i). *Long*, at 337. Plaintiffs seek for this Court to expand the narrow holding in *Long* to now include the "right to inspect voter records, including absentee voting envelops, absentee ballot applications and any associated applications therewith, voter rolls, voter poll books, voter registration applications and federal post card applications." ECF No. 1 at ¶ 62.

Moreover, the principal implicit allegation against the Party is false. Attempting to establish an emergency, ¶ 8 alleges, "Without access to the un-redacted records, the Republican Senate Primary Election may be certified without confirmation that the election was lawful and proper, pursuant to the NVRA." In fact, the Chairman of the Party, after a unanimous authorization by the State Executive Committee, on July 7, 2014, provided to the Secretary of State, another defendant in this action, the tabulated results required by Miss. Code. Ann § 23-15-599(1)(a). A copy of that letter is attached hereto as Exhibit 2. In any event, the Party's discharge of its statutory duties does not threaten the protection of anybody's rights. In fact, the party has discharged all of its statutory duties. Accordingly, the whole issue appears moot. The candidates are presently examining the contents of ballot boxes all over the State, as permitted by Miss. Code Ann. § 23-15-911, and a dissatisfied candidate remains free to file a challenge pursuant to Miss. Code Ann. § 23-14-923. There is no emergency.

Plaintiffs have failed to advise this Court of certain other facts that should be taken into

4

consideration.  Plaintiffs filed a substantially identical complaint on July 1, 2014, in the Northern District of Mississippi, a copy of which is attached hereto as Exhibit 3.  On July 7, 2014, Judge Mills *sua sponte* issued an order in that action, a copy of which is attached hereto as Exhibit 4.  At page 7 of that order, Judge Mills observed "that the issues in this case may already be well on their way to becoming moot, partly due to plaintiffs' own failure to act more expeditiously.  Plaintiffs did not seek a TRO or other emergency relief … ."  Instead of seeking emergency relief, plaintiffs dismissed that action on July 8, 2014; a copy of their notice is attached hereto as Exhibit 5.  They filed this substantially identical action on July 9, 2014.  Only today did they contact this Court to seek a hearing.

Thus, a proper understanding of the facts demonstrates that there is no emergency.  A proper understanding of the law shows that plaintiffs have failed to establish an entitlement to relief under Rule 65(b).  Their motion must be overruled.

Respectfully submitted this the 10th day of July, 2014.

MISSISSIPPI REPUBLICAN PARTY

By:     *s/Michael B. Wallace*
        Michael B. Wallace (MSB No. 6904)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi 39202-0651
        Telephone: 601.968.5500
        mbw@wisecarter.com


        T. Russell Nobile (MSB No. 100682)
        WISE CARTER CHILD & CARAWAY, P.A.
        1105 30th Avenue, Suite 300
        Gulfport, Mississippi 39501
        Telephone: 228.867.7141
        trn@wisecarter.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing

to the following:

> L. Eades Hogue
> BEIRNE, MAYNARD & PARSONS, LLP
> Pan-American Life Center
> 601 Poydras Street, Suite 2200
> New Orleans, LA  70131
>
> James E. "Trey" Trainor, III
> BEIRNE, MAYNARD & PARSONS, LLP
> 401 W. 15th Street, Suite 845
> Austin, TX  78701
>
> Joseph M. Nixon
> Kristen W. McDanald
> Kelly H. Leonard
> BEIRNE, MAYNARD & PARSONS, LLP
> 1300 Post Oak Blvd., Suite 2500
> Houston, TX  77056

This the 10th day of July, 2014.

_s/Michael B. Wallace_
Michael B. Wallace