IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRUE THE VOTE; JANE COLN;
BRANDIE CORRERO; CHAD HIGDON;
JENNIFER HIGDON; GENE HOPKINS;
FREDERICK LEE JENKINS; MARY
JENKINS; TAVISH KELLY; JOSEPH
KNEZEVICH; DORIS LEE; LAUREN
LYNCH; NORMA MACKEY; ROY
NICHOLSON; MARK PATRICK; JULIE
PATRICK; PAUL PATRICK; DAVID
PHILLEY; GRANT SOWELL; SYBIL
TRIBBLE; LAURA VANOVERSCHELDE;
ELAINE VECHORIK; DONA KNEZEVICH**         **PLAINTIFFS**

**V.**                      **CIVIL ACTION NO. 3:14-CV-532-HTW-LRA**

**DELBERT HOSEMANN; THE
REPUBLICAN PARTY OF MISSISSIPPI;
COPIAH COUNTY, MISSISSIPPI
ELECTION COMMISSION; HINDS
COUNTY, MISSISSIPPI ELECTION
COMMISSION; JEFFERSON DAVIS
COUNTY, MISSISSIPPI ELECTION
COMMISSION; LAUDERDALE COUNTY,
MISSISSIPPI ELECTION COMMISSION;
LEAKE COUNTY, MISSISSIPPI ELECTION
COMMISSION; MADISON COUNTY,
MISSISSIPPI ELECTION COMMISSION;
RANKIN COUNTY, MISSISSIPPI
ELECTION COMMISSION; SIMPSON
COUNTY, MISSISSIPPI ELECTION
COMMISSION; YAZOO COUNTY,
MISSISSIPPI ELECTION COMMISSION**         **DEFENDANTS**

## ORDER OF RECUSAL

This matter is before the court *sua sponte*. No party has requested recusal, but for the reasons that follow, the undersigned is persuaded that his impartiality might reasonably be questioned if he continues to preside over this case.

This lawsuit involves a request for a temporary restraining order against Delbert Hosemann, the Secretary of State for the State Of Mississippi; the Republican Party of Mississippi; and the Election Commissions for various counties in southern Mississippi. The plaintiffs include True The Vote, a Texas organization allegedly committed to fighting voter fraud, and several citizens of Mississippi.  These plaintiffs claim that they have attempted to acquire certain documents, including Mississippi voter rolls and poll books, to determine if voting fraud occurred during the June 24, 2014, Republican primary run-off election.  The plaintiffs claim that county officials either denied the plaintiffs access to these documents or required the plaintiffs to pay expensive fees to obtain redacted versions of the documents.

On June 3, 2014, Mississippi held Democratic and Republic primaries for numerous offices, including the Republican nominee for the United States Senate. Three Republicans competed for the United States Senate:  six term incumbent Thad Cochran; Mississippi State Senator Chris McDaniel; and Thomas Carey.  Chris McDaniel, running on a Tea Party[1] platform, won a plurality of the vote in the June 3rd election.  Chris McDaniel, however, did not obtain a majority of the vote, thus requiring him to engage in a run-off election with his close runner-up, Thad Cochran.  *See* Miss. Code Ann. § 23-15-191.[2]

---

[1] The Tea Party is a political movement that, inter alia, advocates reducing the national debt by cutting government spending and taxes.  *See* About Us, TEAPARTY.ORG, http://www.teaparty.org/about-us/.

[2] Miss. Code Ann. § 23-15-191 states, in its pertinent part:
>   Any candidate who receives the highest popular vote cast for the office which he seeks in the first primary shall thereby become the nominee of the party for such office; provided also it be a majority of all the votes cast for that office. If no candidate receive such majority of popular votes in the first primary, then the two (2) candidates who receive the highest popular vote for such office shall have their names submitted as

On June 24, 2014, the Republican Party held its run-off election.  Thad Cochran won with a majority of the vote.  Some attribute Thad Cochran's win to his campaign's outreach to African American voters and to other Democratic voters.  The Chris McDaniel campaign has "cried foul" over this alleged approach, and has contended that traditionally Democratic voters illegally voted in the Republican primary run-off election.

Mississippi has an "open primary" system, meaning that voters are not required to register with a particular party, and anyone can vote in either the Republican or the Democratic primaries.  MS Prac. Encyclopedia MS Law Election Law § 2. ¶ 9.  Voters however, cannot vote in both the Republican and Democratic primaries, nor can an individual who voted in one party's primary decide to vote in another party's primary run-off.  *Id.*; Miss. Code Ann. § 97-13-35[3]; Miss. Code Ann. § 23-15-575[4].

The plaintiffs here say they aim to discern whether any voting fraud occurred.  To complete their investigation, they say they need the documents in question.

When a case comes before a particular judge, and the judge is convinced that his retention of the case might cause the appearance of favoritism or raise questions of

---

such candidates to a second primary, and the candidate who leads in such second primary shall be nominated to the office.

[3] Miss. Code Ann. § 97-15-35 states, in its pertinent part:
   Any person . . . who shall vote or attempt to vote in the primary election of one party when he shall have voted on the same date in the primary election of another party, shall be guilty of a misdemeanor, and, on conviction, shall be fined not exceeding two hundred dollars, or be imprisoned in the county jail not more than six months, or both.

[4] Miss. Code Ann. § 97-15-575 states: "No person shall be eligible to participate in any primary election unless he intends to support the nominations made in the primary in which he participates."

partiality, the judge should recuse himself.  Title 28 U.S.C. § 455(a)[5].  The appearance of partiality is just as fraught as the fact of actual partiality.  The judge must consider the facts, not just as they are, but how they would appear to a reasonable member of the public.  *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980).  So, even if this judge could fairly adjudicate the facts, this judge must recuse if the facts generated by the lawsuit provide an "appearance" of partiality.

In 1984, Senator Thad Cochran recommended the undersigned to the United States President Ronald Reagan, who, in turn, nominated the same to the United States Senate for confirmation.  Following confirmation, the undersigned, in October 1985, was appointed as a district court judge by President Reagan to serve in the Southern District of Mississippi.  Thad Cochran is, and has been, a personal friend of the undersigned for over thirty years.

This lawsuit ultimately aims to attack the primary election results, upon the basis of voter fraud.  The undersigned, because of his close friendship with Thad Cochran, is persuaded that he is not the appropriate judge to handle this case.  Accordingly, the undersigned hereby disqualifies himself from presiding over this cause of action, pursuant to Title 28 U.S.C. § 455(a).

**SO ORDERED** this the 14th day of June, 2014.

                                            s/ HENRY T. WINGATE  
                                            UNITED STATES DISTRICT JUDGE

---

[5] Title 28 U.S.C. § 455(a) states:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."