IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br><br>    Plaintiffs,<br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br><br>    Defendants. | Cause No. 3:14-cv-00532-NFA |

**PLAINTIFFS' REPLY TO DEFENDANT MISSISSIPPI REPUBLICAN PARTY'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs True the Vote, *et. al*. reply to Defendant Mississippi Republican Party's ("Defendant") Response [Doc. #12] to Plaintiffs' Motion for Temporary Restraining Order [Doc. #8] (Plaintiffs' Motion") as follows:

*[Remainder of page intentionally left blank]*

# I.
# INTRODUCTION

Plaintiffs' Motion seeks an order restraining any defendant from redacting or destroying voter records in violation of the National Voting Rights Act ("NVRA"). In an effort to avoid such an order being issued, preserving voter records, Defendant has filed a response in opposition.

In its response, Defendant argues that (1) Defendant did not have proper notice of Plaintiffs' Motion; (2) Plaintiffs' Motion was not verified; (3) Plaintiffs' Motion seeks greater relief than preservation of the status quo; and (4) Plaintiffs' Motion fails to show probability of success on merits. Defendant's arguments must fail as they are not supported by law or fact, and Plaintiffs' Motion should still be granted. The motion was served, verified, and proper evidentiary support was supplied.

# II.
# ARGUMENT AND AUTHORITIES

**A.**   **Service of Plaintiffs' Motion was not required, but the issue is moot because service was effectuated, prior to Defendant filing its Response**.

Defendant argues that they were not provided proper service of the Motion for Temporary Restraining Order by misquoting Federal Rule of Civil Procedure 12(b)(1)(B). In fact, the rule states that reasoning must be provided regarding why service is "not" required. Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs' Motion specifically details why time is of the essence and why order should issue immediately. Despite Plaintiffs' belief that 12(b)(1)(B) permits ex parte temporary restraining orders, within hours of filing the motion (and 8 hours prior to Defendant's response), Plaintiffs faxed and e-mailed the Plaintiffs' Motion to Defendant as a courtesy, and provided letter correspondence to the Court indicating completion of the service. *See* Exhibit 1, correspondence to Mr. Wallace of Plaintiffs' Motion; *see also* Letter Correspondence from Mr.

Hogue to Judge Wingate, Doc. 9. Thus, not only does Defendant's Response misstate the law on this moot issue, Defendant misstates the supporting facts.

**B.      Plaintiffs' Motion was properly verified in contrast to Defendant's representation.**

With regard to Defendant's representation that the motion was not verified, the verification of Ms. Catherine Engelbrecht on behalf of True the Vote was filed with the motion, and served on Defendant, before Defendant's response was filed. *See* Doc. 8-1. Additionally, and prior to Defendant filing its response, Plaintiffs filed a letter with the Court, and served same on Defendant, with additional witness testimony regarding destruction of voter records at the direction of executive committee members of the Mississippi Republican Party. *See* Doc. 9-1; 9-2.

**C.      Plaintiffs' Motion seeks proper preservation of the status quo contemplated by Rule 65 and federal law.**

Next, Defendant argues that Plaintiffs are seeking more than preservation of the status quo by requesting access to voter records without redaction of the birthdates of individual voters. This is incorrect. The rule does not contemplate just *factual* status quo, it contemplates *legal* status quo. Specifically "status quo," in the context of a temporary restraining order, is widely understood to mean the last uncontested status of the parties before issue arose. *See, e.g. Yeargin Constr. Co. v. Parsons & Whittemore Alabama Machinery & Services Corp.*, 609 F.2d 829 (5th Cir. 1980); *LaRouche v. Kezer*, 20 F.3d 68, 74 n.7 (2d Cir. 1994)("'[s]tatus quo' to be preserved by a preliminary injunction is the last actual, peaceable uncontested status which preceded the pending controversy."); *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1013 (10th Cir. 2004) ("'Status quo' does not mean the situation existing at the moment the law suit is filed, but the last peaceable uncontested status existing between the parties before the dispute developed. Thus, courts of equity have long issued preliminary injunctions requiring

3

parties to restore the status quo ante"). Here, federal law already grants access to Plaintiffs to the records without the information of birth dates being redacted. *See Project Vote/Voting for America, Inc. v. Long*, 889 F.Supp.2d 778 (E.D. Va. 2012) (Disclosure of voter registration applicants' address, signature, and birth date was required under plain meaning of NVRA disclosure requirement, and thus, that information could not be redacted prior to disclosure). Thus, the federal grant of access to records without redaction of birthdates is the "status quo." The court would be ordering Defendant to stop directing the redaction of birth dates, in dereliction of the legal status quo.

D. **Defendant only challenges Plaintiffs' likelihood of success on the merits, which is present under application of federal law.**

Finally, Defendant does not challenge whether there is immediate need for relief, risk or irreparable harm, nor does Defendant question that the threatened injury outweighs the threatened harm to them or that granting of the injunction will not disserve the public interest. *See* Doc. 12. This is because there can be no serious dispute that thwarting public access to voting records stifles the democratic process and results in immediate and irreparable harm. Certainly, Plaintiffs' corresponding letter to the Court filed July 10, 2014 with evidentiary support, does indicate that there is an immediate need for intervention to preserve evidence, the loss of which constitutes irreparable harm. *See* Doc. 8, 8-1; Doc. 9, 9-1, 9-2 (incorporated fully herein by reference). Defendant does, however, challenge Plaintiffs' probability of success on the merits. In so doing, Defendant's Response in no way considers the substance of Ms. Engelbrecht's verification (despite recognizing that it exists), and further does not address the verification of Mr. David Harding, or Ms. Susan Moore's witness statement. *See* Doc. 12, fn. 3. This evidence aside, the Complaint relies on federal law which binds the States on the issue of Federal elections, whereas Defendant likely (though it has not answered) relies on Mississippi

4

State statute to support continued redactions of voter records.  *See* 42 U.S.C. 1973gg-6(i); *see also* Supremacy Clause of the United States Constitution, Art. VI, part 2; *cf.* Miss. Code Ann. § 25-61-5.  Because Federal law in this matter is binding, success is probable.  Defendant's reliance on *Voting for America, Inc. v. Steen*, 732 F.3d 382 (5th Cir. 2013), for the proposition that the NVRA does not protect the records at issue[1], is misplaced.  *See* Doc. 12 at pp. 3-4.  *Steen* is highly fact specific, and the facts here are so different as to create a constitutional distinction.

In *Steen*, the voter registration records at issue were not yet in the possession of the counties, but rather were in the possession of the voluntary deputy registrars ("VDRs") who volunteered to do voter registration drives.  *Steen*, 732 F.3d at 399.  The *Steen* plaintiffs argued that the registration applications held by the registration volunteers were "constructively" held by the State of Texas, and thus protected by the NVRA.  *Id*.  The Fifth Circuit disagreed, finding that the NVRA does not stretch the "possession" element so far to define possession by volunteers as possession by the State.  *Id*.  Like the facts in *Long*, the facts at present are quite different.  *See Voting for Am., Inc. v. Andrade*, 488 Fed. Appx. 890, 903, U.S. App. LEXIS 20174 (5th Cir. 2012) (stating that *Long* is not contrary to a finding that records in possession of VDRs are not protected by the NVRA, as *Long* specifically addressed records in the government's possession, rather than in the hands of VDRs).  The voter records Plaintiffs seek access to including absentee ballot applications, envelopes, voter rolls and/or poll books utilized in the Mississippi Republican Primary Senate election, maintained by both the Republican Party during the election, and currently housed by the county election commissions funded by the

---

[1] The National Voter Registration Act, 42 U.S.C.S. § 1973gg *et seq.*, mandates that each state shall maintain for at least two years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. 42 U.S.C.S. § 1973gg-6(i)(1).

State[2], are precisely the sort of documents contemplated by the NVRA.[3]  *See Project Vote / Voting for Am., Inc. v. Long*, 682 F.3d 331 , 336 (4th Cir. 2012) ("Given that the phrase 'all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters' unmistakably encompasses completed voter registration applications, such applications fall within Section 8(i)(1)'s general disclosure mandate.").

Congress enacted the NVRA in order to increase the number of eligible citizens who register to vote in federal elections, enhance the participation of eligible citizens as voters, protect the integrity of the electoral process, and ensure that accurate and current voter registration rolls are maintained. § 1973gg(b).  In support of these goals, the *Long* court recognized that the NVRA's public disclosure requirement "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Long,* 682 F.3d at 334-35.  Plaintiffs' Motion to stop redactions, destruction, and tampering, clearly seeks relief in furtherance of these purposes.  *See id*.  Thus, Defendant has failed to raise a colorable response to the issues presented in Plaintiffs' Motion.

E.     **Defendant will suffer no costs or damages by issuance of requested order.**

Defendant's response states that it should be entitled to bond for protection of a wrongfully issued temporary restraining order pursuant to Rule 65(c), however, Defendant did not indicate what, if any, its injuries could be if ordered not to destroy voter records or direct executive committee members to destroy records.  Plaintiffs' Motion indicated there were no

---

[2] *See* MISS. CODE ANN. § 23-15-211.
[3] In fact, it makes little sense here for the Republican Party to argue that *Steen* governs, because if the voter documents and poll books are not in the possession of the counties (and thus not protected by the NVRA) then they must currently be in the sole possession of the Republican Party, which ran the Primary election at the direction of the State.

damages at issue in this case, as the value of damages being sought over contested property is often the value at issue for temporary injunction. Defendant has not raised an issue regarding warranty of bond due to any alleged damages for not destroying or redacting documents. In fact, it maintains it has no responsibility to preserve the voting records at all. *See* Doc. 12, p. 3. There are simply no monetary damages associated with *not* destroying records the Party is already charged with supporting the preservation of in accordance with the NVRA's directive to the State. *See* 42 U.S.C.S. § 1973gg-6(i)(1). Thus, no need for security bond exists.

Time remains of the essence. *See* Doc. 8-1; 9-1, 9-2; *see also* "Memorandum for the Record" by Kim Lunde, attached hereto as Exhibit 2; "Incident Report" by Jeanne Webb, attached hereto as Exhibit 3 (indicating that Rankin County is utilizing "white out" on original Poll Books to redact voter birth dates); "Verification Regarding Destruction of Original Election Records" by Phil Harding, attached hereto as Exhibit 4. Mr. Harding and Ms. Webb's statements indicate that counties are carrying out redactions on original poll books and voter records in permanent form. *See* Exhibits 3, 4. Therefore, the information Plaintiffs seek may be permanently lost.

## RELIEF REQUESTED

Wherefore, premises considered, Plaintiffs' request that this Court enter judgment in favor of Plaintiffs' Motion for Temporary Restraining Order, and all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/   *L. Eades Hogue*

Joseph M. Nixon – *pro hac vice*  
Texas State Bar No. 15244800  
jnixon@bmpllp.com  
Kristen W. McDanald – *pro hac vice*  
Texas State Bar No. 24066280  

L. Eades Hogue  
Mississippi State Bar No. 2498  
Louisiana State Bar No. 1960  
ehogue@bmpllp.com  
BEIRNE, MAYNARD & PARSONS, LLP

7

| | |
|---|---|
| kmcdanald@bmpllp.com<br>Kelly H. Leonard – *pro hac vice*<br>Texas State Bar No. 24078703<br>kleonard@bmpllp.com<br>BEIRNE, MAYNARD & PARSONS, LLP<br>1300 Post Oak Blvd, Suite 2500<br>Houston, Texas  77056<br>(713) 623-0887   Tel.<br>(713) 960-1527   Fax | Pan-American Life Center<br>601 Poydras Street<br>Suite 2200<br>New Orleans, LA 70130<br>(504) 586-1241 Tel.<br>(504) 584-9142 Fax<br>**Lead Counsel** |

James E. "Trey" Trainor, III. – *pro hac vice*
Texas State Bar No. 24042052
ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700   Tel.
(512) 623-6701   Fax

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2014 a copy of Plaintiffs' Reply in support of their Motion for Temporary Restraining Order was served on The Republican Party of Mississippi; the Hinds County, Mississippi Election Commission; the Jefferson Davis County, Mississippi Election Commission; the Lauderdale County, Mississippi Election Commission, and the Madison County, Mississippi Election Commission;  via the Court's e-file service.  Plaintiffs have served the remaining Defendants, who have not yet registered to the Court's ECF system for this matter, via United States Postal Service, in accordance with Federal Rules of Civil Procedure.

/s/    *L. Eades Hogue*