IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br><br>Plaintiffs,<br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br>Defendants. | Cause No. 3:14-cv-00532-HTW-LRA |

## DECLARATION OF KIM LUNDE

I, Kim Lunde, pursuant to 28 U.S. C. §1746, declare under penalty of perjury that the following is true and correct:

1. "I am Vice Chairman of the Hancock County Republican Executive Committee, Mississippi.

EXHIBIT 2

2.  I prepared and signed the 'Memorandum for the Record' attached hereto as Exhibit A. The statements within the Memorandum for the Record were made by me based on my personal knowledge on July 2, 2014, in the regular course of business."

Signed on this the 14th day of July, 2014 in Hancock County, Mississippi.

_____
Kim Lunde

## MEMORANDUM FOR THE RECORD

Date: 2 July 2014

Subj: Denial of Access to Election Records of 24 June Republican Primary

The Hancock County Republican Executive Committee directed three of its members to go to the Circuit Clerk's office at the Courthouse, Hancock County, Mississippi on 30 June 2014. The purpose was to canvass box contents/election data in preparation for certifying the 24 June election in compliance with MS Election Code (including Sec. 23-15-563, 23-15-597, and 23-15-599). Aware that this election was a close and controversial one, we intended to apply due diligence in the certification process.

Circuit Clerk Karen Ruhr was unable to allow access to the voting materials. This stance was directed by Kimberly Turner of the office of the Secretary of State in a written communication which the Circuit Clerk read to me. Mrs. Ruhr also referred to an Attorney General opinion. She said that she had been told that a Public Records Request was necessary to gain access to the information. An Exec Comm colleague related to me afterward (we had arrived a few minutes apart thus had independent conversations) that a $10 / hour fee would be invoked.

I asked if, in light of this Public Records Request requirement, the County certification had been postponed. The Circuit Clerk replied no and that we should return on Wednesday.

Mrs. Ruhr and I amicably discussed the issue and in particular, the personal information (e.g., birth date) in the poll books. I said that poll workers, poll watchers, and even the general public (poll books were not hidden from view) had access to the poll books on election day. I expressed concern that the Exec Comm officially responsible for conducting the primary election is prohibited from viewing its significant records.

Before leaving, I asked the Circuit Clerk to please verify that, indeed, the Hancock County Republican Executive Committee is legally barred from the election data i.e., the very information on which our official "canvass" and "certify" duties depends.

As requested, Mrs. Ruhr promptly phoned me with a response from Phil Carter of the Attorney Gen office. Mr. Carter had confirmed in particular that the Exec Committee was denied access to the poll books. I asked the Circuit Clerk to document her phone conversation with Mr. Carter in an email to me which she did.

Page 1 of 2

EXHIBIT A

Below are key terms from pertinent MS Election Code. Dictionary definitions are included for clarity.

**Canvass** – to examine carefully; investigate by inquiry; discuss and debate; inspect closely; scrutinize

**Certify** – to attest as certain; declare to be true or correct in official capacity

**Official** – pertaining to position of trust, duty, or authority.

I suggest that these terms are incompatible with the constraints imposed Monday on the Hancock County Republican Executive Committee. This situation (of responsibility without commensurate authority) shackles the certification process. It is adverse to the public's interest and erodes confidence in a fair election.

I submit that barring the County Exec Comm from canvassing the 24 June election records prior to certification is inconsistent with good faith practices. Further, if integrity of the election is not fully ensured at the County level, how can it be ensured at higher levels?

This situation imposes an ethical quandary on the County Exec Comm as we strive to uphold integrity, neutrality, and fairness throughout the primary process. That said, we are obligated to certify the 24 June election with the constraints and concerns described above.

Kim Lunde, Vice Chairman
Hancock County Republican Executive Committee
Mississippi