IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, *et al.*                                                                                                        PLAINTIFFS

vs.                                                     Civil Action No. 3:14-cv-532-NFA

DELBERT HOSEMANN, *et al.*                                                            DEFENDANTS

RESPONSE OF THE JEFFERSON DAVIS COUNTY,
MISSISSIPPI ELECTION COMMISSION TO
<u>PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER</u>

      The Jefferson Davis County, Mississippi Election Commission ("JDCMEC"), through counsel, responds to the plaintiffs' Motion For Temporary Restraining Order [Dkt. 8] as follows:

      1. The motion, as against the JDCMEC, is frivolous and made in bad faith. The entire premise of the motion is that unless this Court affirmatively superintends the behavior of the JDCMEC, voting records in Jefferson Davis County might be tampered with or destroyed. To support this fabricated proposition, the plaintiffs offer nothing whatsoever in the way of facts or even allegations of facts. The plaintiffs style themselves as protectors of election integrity. It is the JDCMEC, of course, which actually and truly performs that function on a regular basis. The plaintiffs presume to that mantle only when they are disappointed in the results of a particular election.

      2. The JDCMEC had no contact at all with the plaintiffs before this action was filed. So far as the JDCMEC knows, the only contact any of the plaintiffs had with anyone in Jefferson Davis County consisted of a visit, at 4:50 p.m. on July 7, 2014, to the office of the Circuit Clerk of Jefferson Davis County (a non-party to this action) by persons who would identify themselves only

as "concerned citizens," and who requested poll books for the recent senate primary elections. Deputy Circuit Clerks offered to show the visitors the poll books with the condition that the birth dates of persons listed on the poll books would be obscured. The visitors demanded, instead, that the poll books be provided to them in electronic format. When this could not be immediately accomplished, the visitors left. Two days later, the JDCMEC was sued.

3. The only apparent dispute the plaintiffs have with the JDCMEC relates to the release of information showing the birth dates of voters. The release of birth dates is prohibited by Miss. Code Ann. § 23-15-165(b)(a). The plaintiffs apparently want birth dates to distinguish between persons who might have the same name. To the extent that this is the reason the plaintiffs want birth dates, there is a good and sufficient proxy for that information. Each voter is assigned a unique voter identification number. The unique voter identification numbers will allow the plaintiffs to distinguish between persons who might have the same name as easily, or more easily, than would the birth date information the plaintiffs insisted upon and sued about. The JDCMEC has provided the plaintiffs the voter rolls for the 2014 House and Senate primary and runoff elections along with the unique voter identification numbers for all voters who voted in those elections. Accordingly, this action, as against the JDCMEC is effectively moot.

4. The plaintiffs failed to properly investigate or make reasonable inquiry regarding the factual and legal bases for their claim against the JDCMEC. Any reasonable investigation or inquiry would have revealed the existence of the unique voter identification numbers. The plaintiffs' allegation that without the assistance of this Court the JDCMEC would, or might, tamper with or destroy voter information is a bad faith invention. The plaintiffs' lack of due diligence with regard to investigating the legal and factual bases for its litigation, and the plaintiffs' bad faith allegations regarding tampering with or destroying voter information render this action wrongful. The JDCMEC has incurred legal fees and costs in responding to, and defending against, this wrongful

action. The plaintiffs are liable to the JDCMEC for the amount of legal fees and costs incurred by it.

5. For the reasons stated above, and because this action, as against the JDCMEC, is effectively moot, the Motion For A Temporary Restraining Order, as against the JDCMEC, should be denied. Further, because of the wrongful nature of this action, this Court should enter its Order granting the JDCMEC its reasonable legal fees and costs herein.

WHEREFORE, the Jefferson Davis County, Mississippi Election Commission submits that the plaintiffs' motion should be denied, and it moves this Court to grant it its reasonable attorneys' fees and costs in an amount to be later determined.

Dated: July 17, 2014

Respectfully submitted,

JEFFERSON DAVIS COUNTY,
MISSISSIPPI ELECTION COMMISSION

by:   / Robert E. Sanders
Robert E. Sanders, MSB #6446
Wes Daughdrill, MSB #

Young Wells Williams P.A.
141 Township Ave., Suite 300
P.O. Box 6005
Ridgeland, MS 39158-6005
601.948.6100   *telephone*
601.355.6136   *facsimile*
rsanders@youngwells.com
wes.daughdrill@youngwells.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served, via this Court's ECF filing system, a copy of the foregoing on the following:

>L. Eades Hogue
>Beirne, Maynard & Parsons, LLP
>Pan-American Life Center
>601 Poydras Street, Suite 2200
>New Orleans, LA  70131
>
>James E. "Trey" Trainor, III
>Beirne, Maynard & Parsons, LLP
>401 W. 15th Street, Suite 845
>Austin, TX  78701
>
>Joseph M. Nixon
>Kristen W. McDanald
>Kelly H. Leonard
>Beirne, Maynard & Parsons, LLP
>1300 Post Oak Blvd., Suite 2500
>Houston, TX  77056
>
>Michael B. Wallace
>T. Russell Nobile
>Wise Carter Child & Caraway, P.A.
>P.O. Box  651
>Jackson, MS   39202-0651
>
>Pieter Teeuwissen
>621 East Northside Drive
>Jackson, MS  39206
>
>Jeffrey T. Webb
>P.O. Box  452
>Carthage, MS  39501

SO CERTIFIED, this 17th day of July, 2014

                                                        s/ Robert E. Sanders
                                                        Robert E. Sanders, MSB #6446