IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br><br>    Plaintiffs,<br><br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>Cause No. 3:14-cv-00532-HTW-LRA |

**PLAINTIFFS' TRUE THE VOTE, ET. AL'S BENCH BRIEF
<u>STATING THE SECRETARY OF STATE IS A PROPER PARTY</u>**

    Plaintiffs True the Vote, et. al, submit, in preparation for the July 24, 2014 hearing, the following Bench Brief Stating the Secretary of State is a proper party to this case as the chief elections officer of the State of Mississippi under the National Voter Registration Act ("NVRA"). As chief elections officer, the Secretary has authority over counties within Mississippi and their conduct of a national primary election. Because the

Secretary is a proper defendant to this case, the Court may issue an injunction ordering the Secretary to comply with the NVRA and such an order may bind Mississippi's election commissions and circuit clerks.

1. **Secretary of State Hosemann is the Chief Election Official of Mississippi.**

The official designated by the state as the Chief Election Official under the NVRA is an appropriate defendant to this case.  The NVRA requires each state to designate a "State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA.  42 U.S.C. § 1973gg-8.  Ensuring compliance with the public disclosure provision of the NVRA is among the State's responsibilities under the NVRA. *See* 42 U.S.C. § 1973gg-6(i).

To satisfy the requirements of the NVRA, Mississippi law designates the "Secretary of State [as] Mississippi's chief election officer. . . for purposes of the National Voter Registration Act of 1993." *See* MISS. CODE ANN. § 23-15-211.1. As chief election officer, the Secretary of State of Mississippi is charged with ensuring compliance with the NVRA and his office has the authority to carry out programs and policies to that end. *See, e.g.* MISS. CODE ANN. § 23-15-485; 23-15-165.

2. **The Chief Election Official is a Proper Party to a lawsuit regarding voting law compliance.**

A state's Chief Election Official is routinely named as a defendant in voting or registration-related lawsuits.  *See, e.g., League of Women Voters of Fla. v. Browning*, No. 4:11-cv-628, 2012 WL 1957793, at *7 (S.D. Fla. May 31, 2012) (naming as a defendant Florida's chief election official, the Secretary of State); *Project Vote/Voting for Am., Inc.*

2

*v. Long*, 752 F. Supp. 2d 697, 699 (E.D. Va. 2010) (naming as a defendant the Secretary of Virginia State Board of Elections, who supervises local electoral boards and registrars, and is responsible for "the administration of the Commonwealth's responsibilities under the National Voter Registration Act"); *Project Vote v. Blackwell*, 455 F. Supp. 2d 694, 696 (N.D. Ohio 2006) (naming as a defendant Ohio's chief election official, the Secretary of State).

In his role as Mississippi chief election official, Hosemann is tasked with enforcing the NVRA, and he is responsible for enforcement of state election laws. *See* 42 U.S.C. § 1973gg-9(b)(1)-(2). Given his role in administering both federal and state election law, he is a proper defendant in this lawsuit. *See Harkless v. Brunner*, 545 F.3d 445, 449 (6th Cir. 2008) (holding that chief election officials are proper defendants to lawsuits alleging NVRA violations).

**3. An Injunction Against Secretary Hosemann Is Proper and Will Bind Mississippi's Circuit Clerks.**

Injunctions bind "not only the parties subject thereto, but also nonparties who act with the enjoined party." *Waffenschmidt v. Mackay*, 763 F.2d 711, 717 (5th Cir. 1985). Under Federal Rule of Civil Procedure 65(d) (2), preliminary injunctions extend to "the parties' officers, agents, servants, employees, and attorneys," and others "who are in active concert or participation" with them. These individuals are subject to contempt proceedings if they fail to comply with the terms of an injunction. *See United States v. Hall*, 472 F.2d 261 (11th Cir. 1972) (affirming judgment of criminal contempt against a nonparty). Injunctions against the Secretary of State, when sued in his official capacity,

3

can serve to bind other state officials. *See Northeast Ohio Coalition for the Homeless v. Husted*, No. 2:06-CV-896, 2012 WL 1658896, at *2, *3-6 (S.D. Ohio May 11, 2012) (consent decree requiring Ohio's Secretary of State "to issue directives instructing Ohio's county Boards of Elections to adhere to rules regarding casting and counting provisional ballots for persons without identification other than a social security number" is binding on members of the Ohio general assembly).

In NVRA cases, injunctive relief has been granted as to both the Chief Election Official and the other individuals who fall under the categories set out in Fed. R. Civ. P. 65(d) (2). *See, e.g., League of Women Voters of Fla. v. Browning*, 2012 WL 1957793, at *12 (enjoining "each defendant [Florida Secretary of State and Attorney General] and the defendant's officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this preliminary injunction by personal service or otherwise"); *Project Vote v. Blackwell*, 455 F. Supp. 2d at 709 (enjoining "Defendants [Ohio Secretary of State and Attorney General, and two county prosecutors], as well as their officers, agents, servants, employees, attorneys and all those in active concert and participation with them . . . and no state or law enforcement official may enforce, seek to enforce, threaten to enforce, or otherwise invoke with an expressed intention to enforce [the various election provisions]."); *League of Women Voters of Fla. v. Cobb*, 447 F. Supp. 2d 1314, 1341 (S.D. Fla. 2006) (enjoining Florida's Secretary of State and Director of the Division of Elections).

To conclude, here, a preliminary injunction will bind Secretary Hosemann is proper and the attendant county election commissions and circuit clerks as "officers,

4

agents, servants, employees, attorneys, and all those in active concert and participation with [the Secretary]."

Date: July 22, 2014

Respectfully submitted,

/s/    *L. Eades Hogue*

| | |
|---|---|
| Joseph M. Nixon – *pro hac vice* | L. Eades Hogue |
| Texas State Bar No. 15244800 | Mississippi State Bar No. 2498 |
| jnixon@bmpllp.com | Louisiana State Bar No. 1960 |
| Kristen W. McDanald – *pro hac vice* | ehogue@bmpllp.com |
| Texas State Bar No. 24066280 | BEIRNE, MAYNARD & PARSONS, LLP |
| kmcdanald@bmpllp.com | Pan-American Life Center |
| Kelly H. Leonard – *pro hac vice* | 601 Poydras Street |
| Texas State Bar No. 24078703 | Suite 2200 |
| kleonard@bmpllp.com | New Orleans, LA 70130 |
| BEIRNE, MAYNARD & PARSONS, LLP | (504) 586-1241 Tel. |
| 1300 Post Oak Blvd, Suite 2500 | (504) 584-9142 Fax |
| Houston, Texas  77056 | **Lead Counsel** |
| (713) 623-0887   Tel. | |
| (713) 960-1527   Fax | |

James E. "Trey" Trainor, III. – *pro hac vice*
Texas State Bar No. 24042052
ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700   Tel.
(512) 623-6701   Fax

*Counsel for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2014 a copy of the foregoing instrument was served on The Republican Party of Mississippi; the Copiah County, Mississippi Election Commission; the Hinds County, Mississippi Election Commission; the Jefferson Davis County, Mississippi Election Commission; the Lauderdale County, Mississippi Election Commission, the Leake County, Mississippi Election Commission, the Madison County, Mississippi Election Commission and The Honorable Delbert Hosemann; via the Court's ECF e-file service. Plaintiffs have served remaining Defendants, who have not yet registered to the Court's ECF system for this matter, via United States Postal Service, in accordance with Federal Rules of Civil Procedure.

/s/    *L. Eades Hogue*