IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br><br>Plaintiffs,<br><br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br><br>Defendants. | Cause No. 3:14-cv-00532-HTW-LRA |

**PLAINTIFFS' TRUE THE VOTE, ET.AL.'S BENCH BRIEF
INDICATING NVRA REQUIRES DISCLOSURE OF BIRTHDATES**

Plaintiffs True the Vote, et. al. file this Bench Brief Indicating the National Voter Registration Act ("NVRA") Requires Disclosure of Birthdates, in preparation for the July 24, 2014 hearing, as follows:

Federal courts conclude the NVRA 42 U.S.C. §§1973gg *et seq.,* mandates disclosure of voter birthdates in information covered by the Act. Mississippi has

nevertheless denied Plaintiffs access to information covered by the NVRA and required redaction of birthdates from such records pursuant to MCA § 23-15-165(6)(a).  Because the NVRA preempts Mississippi state law, access to un-redacted voter registration applications, absentee applications and pollbooks, among other records, must be permitted.

### 1. The NVRA requires public disclosure of voter birthdates in certain registration and eligibility materials.

The Public Disclosure Provision of the NVRA encompasses the materials and information requested in this suit, including birthdate information. The National Mail Voter Registration Form—a federally created form that states must accept under the NVRA—requires just the information Mississippi now seeks to redact.  *See* 11 C.F.R. 9428.4; *Gonzales v. Arizona*, 677 F.3d 383, 395-96 (9th Cir. 2012).  The public disclosure provision allows for disclosure of NMVRF applications.  Given that the use of this form was authorized simultaneously with the public disclosure provision and contains voter birthdates, there can be no question Congress intended such information to be disclosed under the statute.[1]

---

[1] Disclosure of birthdates is justified for at least six reasons, only some of which are due to the existence of numerous persons with the same name: (1) birthdates on election records, particular voter rolls and pollbooks, are necessary to connect such records with a voter's official registration and application to vote to ensure the voter is properly registered; (2) birthdates are necessary to search conflicting or duplicate voter registrations across counties; (3) age-related information ensures a citizen is age-eligible to vote. *See* MISS. CODE ANN. § 23-15-11; (4) birthdates ensure eligibility of absentee voters requesting to vote absentee because they are over sixty-five years of age. *See* MISS. CODE ANN. § 23-15-627; (5) birthdates on official voter rolls and pollbooks is necessary to detect persons who cast votes in the names of registered voters who are deceased by enabling a party to search by birthdate for corresponding death records.  Because many people may share the same name, the date of birth match from a voter record is essential to make a match with external death records; and (6) birthdates are necessary to distinguish between voters with similar names or voters with duplicate entries in voter pollbooks with distinct voter identification numbers due to multiple registrations or a name change (due to marriage, etc.), among other

The Fourth Circuit in *Project Vote/Voting for America*, indicated as much, and that this Court need not endeavor to strike the proper balance between transparency and voter privacy. 813 F. Supp. 2d 738, 744 (E.D. Va. 2011) *aff'd and remanded,* 682 F.3d 331 (4th Cir. 2012). That is a policy question properly decided by the legislature, and Congress has answered the question by enacting NVRA Section 8(i)(1). As the Fourth Circuit held, Congress has already weighed privacy interests against transparency and has come down on the side of disclosure of the information True the Vote requests:

> It is not the province of the court . . . to strike the proper balance between transparency and voter privacy. That is a policy question properly decided by the legislature, not the courts, and Congress has already answered the question by enacting NVRA Section 8(i)(1), which plainly requires disclosure of completed voter registration applications. Public disclosure promotes transparency in the voting process, and courts should be loath to reject a legislative effort so germane to the integrity of federal elections.

*Project Vote/Voting for America*, 682 F.3d at 308. Thus, Congress has concluded public disclosure of voting information, including voter birth dates, promotes transparency in the voting process and federal courts have upheld same.

### 2. Mississippi law conflicts with the NVRA.

Mississippi statute prohibits disclosure of information that federal law requires to be made public. *See* MISS. CODE ANN. § 23-15-165(6)(a). Because Mississippi prohibits the disclosure of information made public by the NVRA, there is a clear and direct conflict between the NVRA and the redactions Mississippi proposes. The redactions also

---

reasons.

frustrate the "narrow objectives that underlie the federal enactment,"[2] which is unmistakably directed to provide transparency over the voting records and processes to ensure that the bedrock of our democratic process is unblemished.

### 3. Federal courts have concluded state laws requiring redaction of birth dates conflict with the NVRA.

*Project Vote/Voting for America, Inc. v. Long* guides this analysis. In that case, Project Vote sued the Virginia Secretary of State seeking an injunction requiring disclosure of completed voter registration applications based on claims of federal preemption. Virginia moved to dismiss the complaint, claiming Project Vote lacked standing to bring the suit and that completed voter applications are not subject to the Public Disclosure Provision. *Id.* at 740. Virginia further claimed birthdates were protected. The district court granted summary judgment in favor of Project Vote, holding that the Public Disclosure Provision unambiguously required disclosure of voter registration applications and that contrary Virginia law was preempted by the NVRA:

> The NVRA's public disclosure provision grants the plaintiff access to completed voter registration applications with voters' SSNs redacted for inspection and photocopying. Furthermore, to the extent that any Virginia law, rule, or regulation forecloses disclosure of completed voter registration applications with voters' SSNs redacted, the court FINDS that it is preempted by the NVRA.

*Id.* at 744. The district court granted prospective relief requiring Virginia to permit inspection and copying of the records with only voter's social security numbers redacted. *Id.*

On appeal, a unanimous Fourth Circuit panel affirmed the district court, holding

---

[2] *City of Charleston, South Carolina v. A Fisherman's Best, Inc.*, 310 F.3d 155, 169 (2002).

that the Public Disclosure Provision encompassed the requested records. 682 F.3d 331, 307-08 (4th Cir. 2012). Then noting that social security numbers are "uniquely sensitive," the Court concluded that other information released in voter applications, including voter birthdates, did not implicate the same level of privacy concerns as social security numbers. *Id.* It observed that Congress required privacy concerns relative to the Public Disclosure Provision to be balanced against the many benefits of public disclosure. *Id.* The Court noted:

> [i]t is self-evident that disclosure will assist the identification of both error and fraud in the preparation and maintenance of voter rolls. State officials labor under a duty of accountability to the public in ensuring that voter lists include eligible voters and exclude ineligible ones in the most accurate manner possible. Without such transparency, public confidence in the essential workings of democracy will suffer.

*Id.* at 308. The court of appeals then remanded the case to the district court.

On remand, Virginia again asked the district court to redact the month and date of voter birthdates. The district court denied Virginia's request to redact the records pursuant to state law and entered injunctive relief, citing the Fourth Circuit's holding.

### 4. The Fifth Circuit has not rejected *Project Vote/Voting for America*'s holding, but cites it for the propositions raised in this case.

The Fifth Circuit has twice held Project Vote/Voting for America applies to records in the government's possession, as the records at issue in this case. *See Voting for Am., Inc. v. Andrade*, 488 F. App'x 890, 902-03 (5th Cir. 2012); *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 399 (5th Cir. 2013). It has contrasted *Project Vote/Voting for America*'s holding under the NVRA from records in the hands of VDRs—volunteer

deputy registrars—who register voters in voting drives and are not subject to the NVRA's provisions.  In *Voting for America, Inc. v. Andrade*, the Fifth Circuit observed:

> *Project Vote/Voting for America, Inc. v. Long,* 682 F.3d 331 (4th Cir.2012) is not to the contrary. That case specifically addressed records in the government's possession, rather than in the hands of VDRs. Indeed, the NVRA only applies to records "maintain[ed]" by the State. . . The entire purpose of § 1973gg-(6)(i) is to facilitate public inspection of public records, and possession by a county-appointed VDR, perhaps one of hundreds in a given county, does not equate to a public record. Moreover, precluding photocopying until the applications have changed hands is not mere "administrative chicanery," but protects voter privacy. The Fourth Circuit highlighted that fact, noting that social security numbers may be redacted from applications processed by the State before being "ma[d]e available" to the public. This additional privacy protection is unavailable where the State has not yet received the applications.

*Voting for Am., Inc. v. Andrade*, 488 F. App'x 890, 902-03 (5th Cir. 2012).  The Fifth Circuit affirmed this holding in *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 399-400 (5th Cir. 2013) ("we disagree with the district court's reasoning that the applications received and delivered by VDRs are within the "constructive possession" of the state. . . Moreover, allowing VDRs indiscriminately to photocopy registration applications places at risk the private information, *e.g.,* social security numbers, they contain, because Steen and counties have limited means to enforce privacy protections against temporary volunteers.").

Because True the Vote is requesting records of the state and its counties and not VDRs, none of the factors present in *Andrade* and *Steen* are present here to distinguish the Fourth Circuit's treatment of the NVRA and its public disclosure provision.

Date: July 22, 2014

6

                                                       Respectfully submitted,

                                                       /s/    L. Eades Hogue

| | |
|---|---|
| Joseph M. Nixon – *pro hac vice* | L. Eades Hogue |
| Texas State Bar No. 15244800 | Mississippi State Bar No. 2498 |
| jnixon@bmpllp.com | Louisiana State Bar No. 1960 |
| Kristen W. McDanald – *pro hac vice* | ehogue@bmpllp.com |
| Texas State Bar No. 24066280 | BEIRNE, MAYNARD & PARSONS, LLP |
| kmcdanald@bmpllp.com | Pan-American Life Center |
| Kelly H. Leonard – *pro hac vice* | 601 Poydras Street |
| Texas State Bar No. 24078703 | Suite 2200 |
| kleonard@bmpllp.com | New Orleans, LA 70130 |
| BEIRNE, MAYNARD & PARSONS, LLP | (504) 586-1241 Tel. |
| 1300 Post Oak Blvd, Suite 2500 | (504) 584-9142 Fax |
| Houston, Texas 77056 | **Lead Counsel** |
| (713) 623-0887   Tel. | |
| (713) 960-1527   Fax | |

James E. "Trey" Trainor, III. – *pro hac vice*
Texas State Bar No. 24042052
ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700   Tel.
(512) 623-6701   Fax

                                      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on July 22, 2014 a copy of the foregoing instrument was served on The Republican Party of Mississippi; the Copiah County, Mississippi Election Commission; the Hinds County, Mississippi Election Commission; the Jefferson Davis County, Mississippi Election Commission; the Lauderdale County, Mississippi Election Commission, the Leake County, Mississippi Election Commission, the Madison County, Mississippi Election Commission and The Honorable Delbert Hosemann; via the Court's ECF e-file service.  Plaintiffs have served remaining Defendants, who have not yet registered to the Court's ECF system for this matter, via United States Postal Service, in accordance with Federal Rules of Civil Procedure.

                                        /s/    L. Eades Hogue