IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TRUE THE VOTE, ET AL.**                                                                          **PLAINTIFFS**

**V.**                                                            **CIVIL ACTION NO. 3:14cv532-NFA**

**THE HONORABLE DELBERT
HOSEMANN, in his official capacity
as Secretary of State for the State
of Mississippi, ET AL.**                                                                         **DEFENDANTS**

---

**SECRETARY OF STATE DELBERT HOSEMANN'S
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

---

Defendant Delbert Hosemann, in his official capacity as Secretary of State for

the State of Mississippi ("Secretary of State") files this Answer and Defenses to

plaintiffs' complaint [Docket No. 1] and states:

## ANSWER

The Secretary of State responds to the allegations in plaintiffs' complaint,

paragraph-by-paragraph, as follows:

1.      Denied.

## I.
## JURISDICTION AND VENUE

2.      Denied as stated.  The Secretary of State admits only that the statutes

referenced in paragraph 2 of the complaint speak for themselves.  Any and all other

allegations contained in paragraph 2 of the complaint are denied.

3.      Admitted.

## II.
## PARTIES

4.      Denied as stated.  The Secretary of State admits only, upon
information and belief, that plaintiff True the Vote is a 501()(3) organization
organized under the laws of the State of Texas, with its principal office in Houston,
Texas.  Any and all remaining allegations contained in paragraph 4 of the
complaint are denied.

5.      Admitted, upon information and belief.

6.      Admitted, upon information and belief.

7.      Admitted, upon information and belief.

8.      Admitted, upon information and belief.

9.      Admitted, upon information and belief.

10.     Admitted, upon information and belief.

11.     Admitted, upon information and belief.

12.     Admitted, upon information and belief.

13.     Admitted, upon information and belief.

14.     Admitted, upon information and belief.

9.[sic] Admitted, upon information and belief.

10.[sic]     Admitted, upon information and belief.

11.[sic]     Admitted upon information and belief.

12.[sic]     Admitted, upon information and belief.

13.[sic]     Admitted, upon information and belief.

14.[sic]     Admitted, upon information and belief.

15.     Admitted, upon information and belief.

16.     Admitted, upon information and belief.

17.     Admitted, upon information and belief.

18.     Admitted, upon information and belief.

19.     Admitted, upon information and belief.

20.     Admitted, upon information and belief.

21.     Denied as stated.  The Secretary of State admits only that he is a constitutional officer of the State of Mississippi and the statutory provisions referenced in paragraph 21 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 21 of the complaint are denied.

22.     Denied as stated.  The Secretary of State admits only that the Mississippi Republican Party is a political party organized under Mississippi law and the laws referenced in paragraph 22 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 22 of the complaint are denied.

23.     Denied as stated.  The Secretary of State admits only that the Copiah County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 23 and footnote 2 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 23 and footnote 2 of the complaint are denied.

24.     Denied as stated.  The Secretary of State admits only that the Hinds

County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 24 and footnote 3 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 24 and footnote 3 of the complaint are denied.

25.     Denied as stated.  The Secretary of State admits only that the Jefferson Davis County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 25 and footnote 4 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 25 and footnote 4 of the complaint are denied.

26.     Denied as stated.  The Secretary of State admits only that the Lauderdale County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 26 and footnote 5 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 26 and footnote 5 of the complaint are denied.

27.     Denied as stated.  The Secretary of State admits only that the Leake County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 27 and footnote 6 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 27 and footnote 6 of the complaint are denied.

28.     Denied as stated.  The Secretary of State admits only that the Madison County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 28 and footnote 7 of the complaint

speak for themselves.  Any and all remaining allegations contained in paragraph 28 and footnote 7 of the complaint are denied.

29.    Denied as stated.  The Secretary of State admits only that the Rankin County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 29 and footnote 8 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 29 and footnote 8 of the complaint are denied.

30.    Denied as stated.  The Secretary of State admits only that the Simpson County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 30 and footnote 9 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 30 and footnote 9 of the complaint are denied.

31.    Denied as stated.  The Secretary of State admits only that the Yazoo County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 31 and footnote 10 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 31 and footnote 10 of the complaint are denied.

## III.
## FACTUAL ALLEGATIONS

32.    The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

The Secretary of State denies the allegations contained in the header "A." on

page 9 of the complaint.

  33.  Denied.

  34.  Denied.

  35.  Denied.

  36.  Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 36 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 36 of the complaint are denied.

  37.  Denied.

  38.  Denied.

  The Secretary of State denies the allegations contained in the header "B." on page 10 of the complaint.

  39.  Denied.

  40.  Denied.

  41.  Denied as stated.  The Secretary of State admits only that hte statutory provision referenced in paragraph 41 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 41 of the complaint are denied.

  42.  Denied.

  43.  Denied.

## IV.
## CONSTITUTIONAL FRAMEWORK

44.     The Secretary of State incorporates his responses to the previous

paragraphs of the complaint.

45.     Denied as stated.  The Secretary of State admits only that the judicial

opinions referenced in paragraph 45 of the complaint speak for themselves.  Any

and all remaining allegations contained in paragraph 45 of the complaint are

denied.

## V.
## FEDERAL AND STATUTORY FRAMEWORK

46.     The Secretary of State incorporates his responses to the previous

paragraphs of the complaint.

47.     Denied as stated.  The Secretary of State admits only that the

statutory provision referenced in paragraph 47 of the complaint speaks for itself.

Any and all remaining allegations contained in paragraph 47 of the complaint are

denied.

48.     Denied as stated.  The Secretary of State admits only that the

statutory provision and judicial opinion referenced in paragraph 48 of the complaint

speak for themselves.  Any and all remaining allegations contained in paragraph 48

of the complaint are denied.

49.     Denied as stated.  The Secretary of State admits only that the

statutory provisions referenced in paragraph 49 of the complaint speak for

themselves.  Any and all remaining allegations contained in paragraph 49 of the

complaint are denied.

50.     Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 50 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 50 of the complaint are denied.

51.     Denied.

## VI.
## CAUSES OF ACTION

### Count 1
### True the Vote Alleges a Violation of National Voting Registration Act's Public Disclosure Provision

52.     The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

53.     Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 53 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 53 of the complaint are denied.

54.     Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 54 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 54 of the complaint are denied.

55.     Denied.

56.     Denied.

57.     Denied as stated.  The Secretary of State admits only that the statutory provision and judicial opinion referenced in paragraph 57 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 57 of the complaint are denied.

58.     Denied as stated.  The Secretary of State admits only that the judicial opinion referenced in paragraph 58 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 58 of the complaint are denied.

59.     Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 59 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 59 of the complaint are denied.

60.     Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 60 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 60 of the complaint are denied.

61.     Denied.

62.     Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 62 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 62 of the complaint are denied.

## Count 2
### The Individual Plaintiffs Allege a Violation of
### the NVRA Based on Conflict with State Laws

63.     The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

64.     Denied as stated.  The Secretary of State admits only that the constitutional provision referenced in paragraph 64 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 64 of the complaint are denied.

65.     Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 65 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 65 of the complaint are denied.

66.     Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 66 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 66 of the complaint are denied.

67.     Denied as stated.  The Secretary of State admits only that the statutory provision and judicial opinion referenced in paragraph 67 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 67 of the complaint are denied.

68.     Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 68 of the complaint speak for

themselves.  Any and all remaining allegations contained in paragraph 68 of the complaint are denied.

69.    Denied.

## Count 3
### The Individual Plaintiffs Allege an Equal Protection Violation

70.    The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

71.    Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 71 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 71 of the complaint are denied.

72.    Denied.

73.    Denied as stated.  The Secretary of State admits only that the judicial opinions referenced in paragraph 73 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 73 of the complaint are denied.

74.    Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 74 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 74 of the complaint are denied.

75.    Denied.

76.    Denied.

77.    Denied.

## VII.
## ATTORNEYS' FEES

78.    Denied.

79.    Denied.

## VIII.
## PRAYER

The Secretary of State denies any and all allegations contained in the

unnumbered paragraphs on pages 20 and 21 of the complaint, including all

subparts contained therein, and affirmatively avers that plaintiffs are not entitled

to any relief whatsoever.

Any and all allegations contained in the complaint that have not been

expressly admitted herein are affirmatively denied.

## FIRST DEFENSE

Plaintiffs' compliant should be dismissed for lack of subject matter

jurisdiction.

## SECOND DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Secretary of State affirmatively asserts his immunity as to some or all of

plaintiffs' claims pursuant to the Eleventh Amendment to the United States

Constitution.

## FOURTH DEFENSE

The Secretary of State affirmatively asserts all common law and/or statutory immunities to which he may be entitled, including qualified immunity, as well as any other immunity-based defenses which are or may become available to the Secretary of State upon further discovery.

## FIFTH DEFENSE

Some or all of plaintiffs' claims are barred for failure to properly exhaust their administrative remedies and/or satisfy the requisite statutory conditions precedent to asserting any cause of action against the Secretary of State, including, but not limited to, plaintiffs failure to comply with 42 U.S.C. § 1973-gg-9(b).

## SIXTH DEFENSE

The Secretary of State affirmatively asserts all defenses to which he is, or may become entitled to through discovery in this action, under 42 U.S.C. § 1973-gg *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and/or any other applicable provisions of federal or state law.

## SEVENTH DEFENSE

Some or all of plaintiffs' claims are barred by judicial abstention doctrines, including, but not limited, to *Younger*, *Pullman*, *Burford* and/or *Colorado River* abstention.

## EIGHTH DEFENSE

Some or all of plaintiffs' claims are barred by their lack of standing, the doctrine of mootness, because they are not ripe for judicial review, and/or are

insufficient so as to warrant an award of injunctive or declaratory relief.

## NINTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel.

## TENTH DEFENSE

The Secretary of State is not a proper party to plaintiffs' putative causes of action asserted under 42 U.S.C. § 1973-gg(6).

## ELEVENTH DEFENSE

Defendants affirmatively assert all defenses which are or may become available to them through further discovery under Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, the Secretary of State respectfully requests that his Answer and Defenses be received and moves the Court to dismiss plaintiffs' complaint with prejudice, at plaintiffs' sole cost, and requests that the Court grant him an award of attorneys' fees pursuant to 42 U.S.C. § 1988, and/or any other applicable rule or statute.

THIS the 29th day of July, 2014.

Respectfully submitted,

DELBERT HOSEMANN, in his
official capacity as Secretary of State
for the State of Mississippi

By:   JIM HOOD, ATTORNEY GENERAL


By:   S/Justin L. Matheny
      Harold E. Pizzetta, III (Bar No. 99867)
      Justin L. Matheny (Bar No. 100754)
      Office of the Attorney General
      P.O. Box 220
      Jackson, MS 39205-0220
      Telephone: (601) 359-3680
      Facsimile: (601) 359-2003
      *hpizz@ago.state.ms.us*
      *jmath@ago.state.ms.us*

      *Counsel for Delbert Hosemann, in his
      official capacity as Secretary of State
      for the State of Mississippi*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

S/Justin L. Matheny
Justin L. Matheny