IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| TRUE THE VOTE, *et al.* | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:14-cv-532 NFA |
| THE HONORABLE DELBERT HOSEMANN, | ) | |
| in his official capacity, as Secretary of State for the | ) | |
| State of Mississippi, *et al.*, | ) | |
|     Defendants. | ) | |

**COPIAH COUNTY MISSISSIPPI ELECTION COMMISSION'S OBJECTION
TO NOTICE OF FILING OF INCIDENT REPORTS**

COMES NOW, Defendant Copiah County Mississippi Election Commission, by and through counsel, and files its Objection to Notice of Filing of Incident Reports [Doc. 49], and in support thereof, would show unto the Court the following:

1. Plaintiffs filed on July 28, 2014, over one hundred pages of "incident reports", stating in their letter to Judge Atlas that they are doing so at the "Court's direction, given at the hearing on Thursday, July 24, 2014, that Plaintiffs supplement the record with the True the Vote 'Incident Reports'…". [Doc. 49]. Plaintiffs letter further states they are submitting them for the Court's consideration. There would be no objection to producing these documents by way of discovery, but the filing makes it clear that is not the intention.

2. Defendant Copiah County Election Commission would object to these documents "supplementing the record". The Court made it plain at the hearing that these documents would not be received into evidence.

3. These documents are hearsay, have no indicia of reliability, and are nothing more

than written statements made by people who did not appear to testify and were not available for cross examination. The statements are not even sworn. There is no information given for the people making the statements, such as who they are, where they live, or what their affiliation is with True the Vote.

      4.      These documents were not listed on Plaintiffs' exhibit list [Doc. 43] pre-hearing.

      5.      Copiah County Election Commission would particularly object to the "incident report" concerning Copiah County. Plaintiffs did not list the document as an exhibit at the hearing nor call any of the persons listed therein as a witness at the hearing. As a result, Copiah elected not to call any witnesses. Furthermore, the Court stated at the hearing that the documents were not going to be accepted into evidence. To allow this document to be accepted into evidence in this fashion would violate fundamental fairness and be contrary to law.

Respectfully submitted, this 31st day of July, 2014.

By:  /s/ Elise B. Munn
      Elise B. Munn, MSB #9654
      BERRY & MUNN, P.A.
      P.O. Drawer 768
      Hazlehurst, MS 39083
      Telephone: 601-894-4150
      emunn@berrymunnpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

This the 31st day of July, 2014.

/s/ Elise B. Munn
ELISE B. MUNN