**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**TRUE THE VOTE, ET AL.**                                              **PLAINTIFFS**


**v.**                                                    **Cause No. <u>3:14cv00532-NFA</u>**


**HON. DELBERT HOSEMANN, IN HIS OFFICIAL**                    **DEFENDANTS**
**CAPACITY AS SECRETARY OF THE STATE OF MISSISSIPPI,**
**THE REPUBLICAN PARTY OF MISSISSIPPI, HINDS COUNTY**
**ELECTION COMMISSION, ET AL.**


**HINDS COUNTY, MISSISSIPPI ELECTION COMMISSION'S AFFIRMATIVE**
**DEFENSES AND ANSWER TO AMENDED COMPLAINT FOR**
<u>**INJUNCTIVE**</u> **AND** <u>**DECLARATORY**</u> **RELIEF**

      **COMES NOW**, the Defendant, the Hinds County, Mississippi Election Commission

("Hinds Commission"), through counsel, pursuant to the Federal Rules of Civil Procedure and

other applicable authority, and files its Affirmative Defenses and Answer to the Amended

Complaint for Injunctive and Declaratory Relief exhibited against it by the Plaintiffs.  In support

thereof, the Hinds Commission states as follows:

<u>**First Defense**</u>

      The Amended Complaint fails to state a claim upon which relief can be granted[1]

---

[1] A Plaintiff's obligation to properly plead and provide grounds for entitlement to relief prevents District Courts from carrying the onerous burden of "straining to find inferences favorable to the plaintiff." *Southland Securities Corp. V. INSpire Ins. Solutions, Inc.*, 365 F. 3d 353,361 (5th Cir. 2004); *Hemphill v. Coldwell Banker Real Estate Corp.*, 2007 U.S. Dist. LEXIS 83700 (N.D. Miss. 2007), relying on *Papasan v. Allain*, 478 U.S. 265, 286 (1986)(emphasis supplied).

and should be dismissed with prejudice.[2]

## Second Defense

Hinds Commission has not breached any duty owed to the Plaintiffs, whether contractual, common law, state or federal statutory law.

## Third Defense

Hinds Commission owed no duty to the Plaintiffs that was breached in this action.

## Fourth Defense

Hinds Commission reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

## Fifth Defense

Hinds Commission denies that any of its actions and/or omissions caused the Plaintiffs harm or special harm.

## Sixth Defense

Hinds Commission's actions with the Plaintiffs, if any, were conducted in good faith.

## Seventh Defense

Hinds Commission denies each and every allegation in which the Plaintiffs seek to impose liability upon it, whether expressly denied herein or not.

## Eighth Defense

The Amended Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

---

[2]Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,1965, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

## Ninth Defense

The Amended Complaint is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against the Plaintiffs.

## Tenth Defense

The sole proximate and/or contributing cause of the Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of the Hinds Commission, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the Hinds Commission cannot be held liable.

## Eleventh Defense

Any damages sustained by the Plaintiffs were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which the Hinds Commission had neither control, right to control, duty to control nor any other legal relationship whatsoever.

## Twelfth Defense

Without waiving any other affirmative defense, the Hinds Commission affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives or employees of the Hinds Commission, or any other Defendant toward the Plaintiffs and that any alleged intentional acts of any agent, representative or employees of the Hinds Commission and/or any other Defendant, if any, were not reasonably foreseeable by the Hinds Commission.

## Thirteenth Defense

The Plaintiffs failed to mitigate their damages.

**Fourteenth Defense**

The Plaintiffs' claims are barred by the applicable statute of limitations and/or pre-suit notice.

**Fifteenth Defense**

The Hinds Commission asserts any all other affirmative defenses to which it may be entitled, including contributory negligence, estoppel, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

**Sixteenth Defense**

Plaintiffs' claims against the Hinds Commission are prohibited by prevailing Federal and State Law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

**Seventeenth Defense**

The Hinds Commission has no custom, practice or policy that caused or contributed to the alleged deprivations, injuries and/or damages suffered by the Plaintiffs.

**Eighteenth Defense**

The Hinds Commission hereby asserts the defenses of qualified immunity, sovereign immunity, and any other immunity available to it under federal or state law.

**Nineteenth Defense**

At all material times relevant hereto, the Hinds Commission used the degree of care required of it under law and is not liable in damages to the Plaintiffs.

**Twentieth Defense**

The actions or inactions on the part of the Plaintiffs was the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiffs, if any.

In the alternative, the actions or inactions on the part of the Plaintiffs amounted to an intervening cause and as such, constitute the sole, proximate cause and only cause of the incident complained of and the damages sustained by the Plaintiffs, if any.

### Twenty-First Defense

If the actions or inactions on the part of the Plaintiffs was not the sole, proximate cause of the incident complained of and the alleged damages sustained by the Plaintiffs, if any, the actions or inactions on the part of the Plaintiffs caused and contributed to the incident complained of and the damages sustained by the Plaintiffs, if any, and any damages which the Plaintiffs would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of the Plaintiffs caused or contributed to the incident.

### Twenty-Second Defense

The Hinds Commission hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

### Twenty-Third Defense

Pursuant to F.R.C.P. 12(b)(7), 17 and 19, if the damages, or any part thereof, claimed by Plaintiffs in the Amended Complaint have been paid or provided by any person, corporation or party, including insurer, workers' compensation carrier, employer or governmental entity, which holds any rights of subrogation, assignment, loan receipt or lien holder interest therefore as a result of such payment(s), then under F.R.C.P. 12(b)(7), 17 and 19, any and all such persons, corporations or parties whatever are real parties in interest herein, including for such subrogation, assignment, lien or otherwise, and must be joined as a party needed for just adjudication herein.  If any such person, company or party exists, he, she or it should be joined

by order of this court either as a Plaintiffs or an involuntary Plaintiffs.  Further, pursuant to F.R.C.P. 12(b)(7), 17 and 19, any such person, corporation or party whatsoever who has paid or provided all or any part of Plaintiffs' claimed damages, and thereby holds subrogation rights, assignment rights, loan receipt, lien holder rights, or rights otherwise arising from the accident is a real party in interest pursuant to F.R.C.P. 17, and for such payment and interest, the damages claimed in this action to the extent of such rights must be brought in the name of the subrogee, assignee, loan receipt holder, lien holder or other party whatsoever holding such interest; and Plaintiffs have no further interest or right of recovery thereto.

### Twenty-Fourth Defense

The Hinds Commission asserts all rights that it may have pursuant to the laws of the State of Mississippi.

### Twenty-Fifth Defense

Plaintiffs' claims, if any, against the Hinds Commission, that may be alleged to have possibly arisen from judicial and/or administrative action of Hinds Commission are prohibited by statute, where said allegations claim that the Hinds Commission employees were acting within the scope of their employment for the Hinds Commission.

### Twenty-Sixth Defense

Plaintiffs' claims against the Hinds Commission are prohibited by statute because they are alleged to have arisen from alleged failures of the Hinds Commission, and their employees to execute or perform a statute, ordinance, or regulation.

**Twenty-Seventh Defense**

Plaintiffs' claims against the Hinds Commission are prohibited because the Hinds Commission is immune from allegations based on the Hinds Commission's exercise or performance or the failure to exercise or perform a discretionary function or duty.

**Twenty-Eighth Defense**

The Amended Complaint is barred because Plaintiffs fail to properly plead: capacity, fraud, mistake, conspiracy, condition of mind, official document or act, judgment, and/or special damages as required by Rule 9 of the Federal Rules of Civil Procedure.

**Twenty Ninth Defense**

The alleged acts or omissions alleged by the Plaintiffs against the Hinds Commission  as may be set forth in the Amended Complaint herein, do not rise to the level of a constitutional violation.

**Thirtieth Defense**

The Hinds Commission invokes and asserts all privileges and immunities afforded to it under both the federal and state constitutions and statutory and common law.

**Thirty-First Defense**

The Hinds Commission affirmatively pleads that Plaintiffs' claims against it are barred because Plaintiffs cannot show any actual injury, injury-in-fact or informational injury.

**Thirty-Second Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands, as Plaintiffs' conduct has been unconscientious, unjust, marked by a want of good faith and/or violates the principles of equity and righteous dealing.

**Thirty-Third Defense**

Plaintiffs' request for injunctive relief is barred as Plaintiffs fail to plead any specificity, provide or show proper notice, substantial likelihood of success on the merits, emergency circumstances or irreparable harm/injury as required by Rule 65 of the Federal Rules of Civil Procedure.

**Thirty-Fourth Defense**

Some or all of the Plaintiffs claims are barred for failure to properly exhaust their administrative remedies and/or satisfy the requisite statutory conditions precedent to asserting any cause of action against the Hinds Commission, including, but not limited to, Plaintiffs' failure to comply with 42 U.S.C. § 1973gg-9(b).

**Thirty-Fifth Defense**

The Hinds Commission affirmatively asserts all defenses to which it is entitled or which it may become entitled to through discovery in this actions, under 42 U.S.C. § 1973gg *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1988 and/or any other applicable provisions of federal and state law.

**Thirty-Sixth Defense**

Some or all of the Plaintiffs' claims are barred by judicial abstention doctrines, including, but not limited to, *Younger, Pullman, Burford,* and/or *Colorado River* abstention.

**Thirty-Seventh Defense**

Some or all of the Plaintiffs' claims are barred by their lack of standing and the doctrine of mootness because they are not ripe for judicial review and/or are insufficient to warrant an award of injunctive or declaratory relief.

### **Thirty-Eighth Defense**

The Hinds Commission is not a proper party to Plaintiffs' putative causes of action asserted under U.S.C. § 1973gg-6.

### **Thirty-Ninth Defense**

And now, without waiver of any other defense contained herein, the Hinds Commission responds to the allegations of the Amended Complaint, paragraph by paragraph, as follows:

1.      The Hinds Commission denies the allegations contained in Paragraph 1 of the Amended Complaint as phrased.

2.      The Hinds Commission denies the allegations contained in Paragraph 2 of the Amended Complaint as phrased.

3.      The Hinds Commission admits the allegations contained in Paragraph 3 of the Amended Complaint upon information and belief.

4.      The Hinds Commission admits the allegations contained in Paragraph 4 of the Amended Complaint as phrased.

5.      The Hinds Commission denies the allegations contained in Paragraph 5 of the Amended Complaint upon information and belief.

6.      The Hinds Commission admits the allegations contained in Paragraph 6 of the Amended Complaint upon information and belief.

7.      The Hinds Commission admits the allegations contained in Paragraph 7 of the Amended Complaint upon information and belief.

8.      The Hinds Commission admits the allegations contained in Paragraph 8 of the Amended Complaint upon information and belief.

9.      The Hinds Commission admits the allegations contained in Paragraph 9 of the Amended Complaint upon information and belief.

10.      The Hinds Commission admits the allegations contained in Paragraph 10 of the Amended Complaint upon information and belief.

11.      The Hinds Commission admits the allegations contained in Paragraph 11 of the Amended Complaint upon information and belief.

12.      The Hinds Commission admits the allegations contained in Paragraph 12 of the Amended Complaint upon information and belief.

13.      The Hinds Commission admits the allegations contained in Paragraph 13 of the Amended Complaint upon information and belief.

14.      The Hinds Commission admits the allegations contained in Paragraph 14 of the Amended Complaint upon information and belief.

15.      The Hinds Commission admits the allegations contained in Paragraph 15 upon information and belief.

16.      The Hinds Commission admits the allegations contained in Paragraph 16 upon information and belief.

17.      The Hinds Commission admits the allegations contained in Paragraph 17 upon information and belief.

18.      The Hinds Commission admits the allegations contained in Paragraph 18 upon information and belief.

19.      The Hinds Commission admits the allegations contained in Paragraph 19 upon information and belief.

20.      The Hinds Commission admits the allegations contained in Paragraph 20 upon

information and belief.

21.     The Hinds Commission admits the allegations contained in Paragraph 21 of the Amended Complaint upon information and belief.

22.     The Hinds Commission admits the allegations contained in Paragraph 22 of the Amended Complaint upon information and belief.

23.     The Hinds Commission admits the allegations contained in Paragraph 23 of the Amended Complaint upon information and belief.

24.     The Hinds Commission admits the allegations contained in Paragraph 24 of the Amended Complaint upon information and belief.

25.     The Hinds Commission admits the allegations contained in Paragraph 25 of the Amended Complaint upon information and belief.

26.     The Hinds Commission admits the allegations contained in Paragraph 26 of the Amended Complaint upon information and belief.

27.     The Hinds Commission admits the allegations contained in Paragraph 27 of the Amended Complaint upon information and belief.

28.     The Hinds Commission denies the allegations contained in Paragraph 28 of the Amended Complaint upon information and belief.

29.     The Hinds Commission denies the allegations contained in Paragraph 29 of the Amended Complaint upon information and belief.

30.     The Hinds Commission denies the allegations contained in Paragraph 30 of the Amended Complaint upon information and belief.

31.     The Hinds Commission denies the allegations contained in Paragraph 31 of the Amended Complaint upon information and belief.

32.     The Hinds Commission denies the allegations contained in Paragraph 32 of the Amended Complaint upon information and belief.

33.     The Hinds Commission denies the allegations contained in Paragraph 33 of the Amended Complaint upon information and belief.

34.     The Hinds Commission denies the allegations contained in Paragraph 34 of the Amended Complaint upon information and belief.

35.     The Hinds Commission denies the allegations contained in Paragraph 35 of the Amended Complaint upon information and belief.

36.     The Hinds Commission denies the allegations contained in Paragraph 36 of the Amended Complaint upon information and belief.

37.     The Hinds Commission denies the allegations contained in Paragraph 37 of the Amended Complaint as phrased.

38.     The Hinds Commission denies the allegations contained in Paragraph 38 of the Amended Complaint as phrased.

39.     The Hinds Commission denies the allegations contained in Paragraph 39 of the Amended Complaint as phrased.

40.     The Hinds Commission denies the allegations contained in Paragraph 40 of the Amended Complaint, including Header A.

41.     The Hinds Commission denies the allegations contained in Paragraph 41 of the Amended Complaint as phrased.

42.     The Hinds Commission denies the allegations contained in Paragraph 42 of the Amended Complaint as phrased.

43.     The Hinds Commission denies the allegations contained in Paragraph 43 of the Amended Complaint as phrased.

44.     The Hinds Commission denies the allegations contained in Paragraph 44 of the Amended Complaint as phrased.

45.     The Hinds Commission denies the allegations contained in Paragraph 45 of the Amended Complaint as phrased.

46.     The Hinds Commission denies the allegations contained in Paragraph 46 of the Amended Complaint as phrased.

47.     The Hinds Commission denies the allegations contained in Paragraph 47 of the Amended Complaint as phrased.

48.     The Hinds Commission denies the allegations contained in Paragraph 48 of the Amended Complaint, including Header A.

49.     The Hinds Commission denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     The Hinds Commission denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     The Hinds Commission denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     The Hinds Commission denies the allegations contained in Paragraph 52 of the Amended Complaint as phrased.

53.     The Hinds Commission denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The Hinds Commission denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     The Hinds Commission denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.     The Hinds Commission denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.     The Hinds Commission denies the allegations contained in Paragraph 57 of the Amended Complaint as phrased.

58.     The Hinds Commission denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.     The Hinds Commission denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     The Hinds Commission denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.     The Hinds Commission denies the allegations contained in Paragraph 61 of the Amended Complaint as phrased.

62.     The Hinds Commission denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.     The Hinds Commission denies the allegations contained in Paragraph 63 of the Amended Complaint as phrased.

64.     The Hinds Commission denies the allegations contained in Paragraph 64 of the Amended Complaint as phrased.

65.     The Hinds Commission denies the allegations contained in Paragraph 65 of the Amended Complaint as phrased.

66.     The Hinds Commission denies the allegations contained in Paragraph 66 of the Amended Complaint as phrased.

67.     The Hinds Commission denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     The Hinds Commission denies the allegations contained in Paragraph 68 of the Amended Complaint, including the entire Header "Count I."

69.     The Hinds Commission denies the allegations contained in Paragraph 69 of the Amended Complaint as phrased.

70.     The Hinds Commission denies the allegations contained in Paragraph 70 of the Amended Complaint as phrased.

71.     The Hinds Commission denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.     The Hinds Commission denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     The Hinds Commission denies the allegations contained in Paragraph 73 of the Amended Complaint as phrased.

74.     The Hinds Commission denies the allegations contained in Paragraph 74 of the Amended Complaint as phrased.

75.     The Hinds Commission denies the allegations contained in Paragraph 75 of the Amended Complaint as phrased.

76.     The Hinds Commission denies the allegations contained in Paragraph 76 of the Amended Complaint as phrased.

77.     The Hinds Commission denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.     The Hinds Commission denies the allegations contained in Paragraph 78 of the Amended Complaint as phrased.

79.     The Hinds Commission denies the allegations contained in Paragraph 79 of the Amended Complaint, including the entire Header "Count II."

80.     The Hinds Commission denies the allegations contained in Paragraph 80 of the Amended Complaint as phrased.

81.     The Hinds Commission denies the allegations contained in Paragraph 81 of the Amended Complaint as phrased.

82.     The Hinds Commission denies the allegations contained in Paragraph 82 of the Amended Complaint as phrased.

83.     The Hinds Commission denies the allegations contained in Paragraph 83 of the Amended Complaint as phrased.

84.     The Hinds Commission denies the allegations contained in Paragraph 84 of the Amended Complaint as phrased.

85.     The Hinds Commission denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.     The Hinds Commission denies the allegations contained in Paragraph 86 of the Amended Complaint as phrased.

87.     The Hinds Commission denies the allegations contained in Paragraph 87 of the Amended Complaint, including the entire Header "Count III."

88.     The Hinds Commission denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.     The Hinds Commission denies the allegations contained in Paragraph 89 of the Amended Complaint as phrased.

90.     The Hinds Commission denies the allegations contained in Paragraph 90 of the Amended Complaint as phrased.

91.     The Hinds Commission denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.     The Hinds Commission denies the allegations contained in Paragraph 92 of the Amended Complaint.

93.     The Hinds Commission denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.     The Hinds Commission denies the allegations contained in Paragraph 94 of the Amended Complaint as phrased.

95.     The Hinds Commission denies the allegations contained in Paragraph 95 of the Amended Complaint as phrased.

96.     The Hinds Commission denies the allegations contained in Paragraph 96 of the Amended Complaint as phrased.

97.     The Hinds Commission denies the allegations contained in Paragraph 97 of the Amended Complaint as phrased.

98.     The Hinds Commission denies the allegations contained in that Paragraph VIII, Prayer of Relief of the Amended Complaint, including all subparagraphs.

**AND NOW**, having fully answered the Amended Complaint, the Hinds County, Mississippi Election Commission requests that it be dismissed and that it be awarded his attorneys fees, costs and all other appropriate relief.

**THIS** the ⎽⎽31ˢᵗ⎽⎽ day of ⎽July,⎽ 2014.

Respectfully submitted

**HINDS COUNTY, MISSISSIPPI
ELECTION COMMISSION**

By:⎽⎽⎽/s/ Pieter Teeuwissen⎽⎽⎽
        Pieter Teeuwissen
        Mississippi Bar No. 8777

OF COUNSEL:

Pieter Teeuwissen, Esquire
Anthony R. Simon, Esquire
**OFFICE OF THE BOARD ATTORNEY
Hinds County, Mississippi**
316 South President Street
Jackson, Mississippi 39205
Telephone: 601.968.6797
Facsimile: 601.948.1003
*Attorneys for Hinds County, Mississippi
Election Commission*

## <u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

The undersigned certifies that he has this day transmitted via electronic mail through ECF electronic filing a true and correct copy of the foregoing Affirmative Defenses and Answer to the Amended Complaint for Injunctive and Declaratory Relief to the following:

James E. Trainor, III, Esq.
Beirne, Maynord & Parsons, LLP-Austin
401 W. 15th Street, Suite 845
Austin, Texas 78701
ttrainor@bmpllp.com

Joseph M. Nixon, Esq.
Beirne, Maynord & Parsons, LLP-Houston
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
jnixon@bmpllp.com

Kelly Hunsaker Leonard, Esq.
Beirne, Maynord & Parsons, LLP-Houston
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
kleonard@bmpllp.com

Kristen W. McDanald, Esq.
Beirne, Maynord & Parsons, LLP-Houston
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
kmcdanald@bmpllp.com

Lloyd Eades Hogue, Esq.
Beirne, Maynord & Parsons, LLP
601 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
ehogue@bmpllp.com
*Counsel for True the Vote*

Michael B. Wallace, Esq.
Wise, Carter, Child & Caraway-Jackson
Post Office Box 651
Jackson, Mississippi 39205-0651
mbw@wisecarter.com

Thornton Russell Nobile, Esq.
Wise, Carter, Child & Caraway-Gulfport
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
trn@wisecarter.com
*Counsel for the Republican Party of Mississippi*

Elise Berry Munn, Esq.
Berry & Munn, P.A.
Post Office Drawer 768
Hazlehurst, Mississippi 39083
emunn@berrymunnpa.com
*Counsel for Copiah County, Mississippi Election Commission*

Robert E. Sanders, Esq.
Young Wells Williams Simmons, PA
Post Office Box 23059
Jackson, Mississippi 39225-3059
rsanders@youngwells.com

John Wesley Daughdrill, Jr., Esq.
Young Wells Williams Simmons, PA
Post Office Box 6005
Ridgeland, Mississippi 39158-6005
wes.daughdrill@youngwells.com
*Counsel for Jefferson Davis County, Mississippi Election Commission*

Lee Thaggard, Esq.
Barry, Thaggard, May & Bailey, LLC
Post Office Box 2009
Meridian, Mississippi 39302-2009
thaggard@barrypalmerlaw.com
*Counsel for Lauderdale County, Mississippi Election Commission*

Jeffrey T. Webb
Webb Law Firm, PLLC
Post office Box 452
Carthage, Mississippi 39051
webblaw@bellsouth.net
*Counsel for Leake County, Mississippi Election Commission*

Mike Espy, Esq.
Mike Espy, PLLC
317 East Capitol Street, Suite 101
Jackson, Mississippi 39201
mike@mikespy.com
*Counsel for Madison County, Mississippi Election Commission*

Craig Lawson Slay, Esq.
Rankin County Board of Supervisors
211 East Government Street, Suite A
Brandon, Mississippi 39042
cslay@rankincounty.org
*Counsel for Rankin County, Mississippi Election Commission*

Respectfully submitted this the 3st day of July 2014.

/s/Pieter Teeuwissen
PIETER TEEUWISSEN, MSB #8777