IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, *et al.*                                                                                         PLAINTIFFS

vs.                                                                                   Civil Action No. 3:14-cv-532-NFA

DELBERT HOSEMANN, *et al.*                                                                                  DEFENDANTS

ANSWER OF JEFFERSON DAVIS COUNTY
ELECTION COMMISSION TO AMENDED COMPLAINT

The Jefferson Davis County Election Commission ("JDCEC"), through counsel, responds to the Amended Complaint herein as follows:

I. FIRST DEFENSE

The Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

II. SECOND DEFENSE

To the extent this action is calculated to address allegations of double voting in the primary and runoff elections for the 2014 senate race in Mississippi, the action is moot.

III. THIRD DEFENSE

Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. §1973gg-6 does not provide for any public right of access to records which reveal voter participation in elections. Further, to the extent the plaintiffs are seeking information which reveals voter registration, the plaintiffs have not followed the statutory construct prescribed in the NVRA for obtaining such information.

### IV. FOURTH DEFENSE

The release of voter the birth date information sought by the plaintiffs is precluded by Mississippi law, *viz.*, Miss. Code Ann. §25-61-5.

### V. FIRST AFFIRMATIVE MATTER

Information showing unique voter identification numbers for individual voters in the primary and runoff elections has already been furnished, at no charge, to the plaintiffs. The unique voter identification numbers are good and sufficient proxies for birth date information regarding voters.

### VI. SECOND AFFIRMATIVE MATTER

The JDCEC is not the custodian of records which reveal how voters voted in the primary and runoff elections for the 2014 senate race in Jefferson Davis County, Mississippi. Accordingly, this action, as against the JDCEC, is futile.

### VII. THIRD AFFIRMATIVE MATTER

No request for information has been made of the JDCEC by the plaintiffs or representatives of the plaintiffs, and the JDCEC has not refused to release any information to the plaintiffs or representatives of the plaintiffs.

### VIII. FIFTH DEFENSE

The JDCEC responds to the allegations of the Amended Complaint by numbered paragraphs as follows:

1. Paragraph 1 is introductory and requires no response.
2. Paragraph 2 is introductory and requires no response.

#### Jurisdiction and Venue

3. Jurisdiction is admitted except to the extent the Amended Complaint is construed to demand information regarding voter registration. To the extent the Amended Complaint is so

construed or calculated, this Court is without jurisdiction on account of the plaintiffs' failure to exhaust their administrative remedies.

    4. Venue is admitted.

Parties

    5. Denied for lack of knowledge.

    6. Denied for lack of knowledge.

    7. Denied for lack of knowledge.

    8. Denied for lack of knowledge.

    9. Denied for lack of knowledge.

    10. Denied for lack of knowledge.

    11. Denied for lack of knowledge.

    12. Denied for lack of knowledge.

    13. Denied for lack of knowledge.

    14. Denied for lack of knowledge.

    15. Denied for lack of knowledge.

    16. Denied for lack of knowledge.

    17. Denied for lack of knowledge.

    18. Denied for lack of knowledge.

    19. Denied for lack of knowledge.

    20. Denied for lack of knowledge.

    21. Denied for lack of knowledge.

    22. Denied for lack of knowledge.

    23. Denied for lack of knowledge.

    24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied as stated.  It is admitted that the Secretary of State is a constitutional officer of the State of Mississippi.  The referenced statutes speak for themselves.  The remaining allegations are denied.

29. Admitted upon information and belief.

30. Denied as stated.  It is admitted that the Copiah County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

31. Denied as stated.  It is admitted that the Hinds County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

32. Denied as stated.  It is admitted that the JDCEC is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

33. Denied as stated.  It is admitted that the Lauderdale County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

34. Denied as stated. It is admitted that the Leake County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

35. Denied as stated. It is admitted that the Madison County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

36. Denied as stated. It is admitted that the Rankin County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

37. Denied as stated. It is admitted that the Simpson County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

38. Denied as stated. It is admitted that the Yazoo County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

39. It is admitted that the JDCEC has been served with a summons herein. The remainder of the allegations are admitted for lack of knowledge.

## Factual Allegations

40. This paragraph requires no response.

41. Denied for lack of knowledge. It is denied that True the Vote has monitored any elections in Jefferson Davis County. The JDCEC shows affirmatively that it is the JDCEC which monitors elections in Jefferson Davis County for compliance with state and federal election laws.

42. Denied for lack of knowledge. It is denied that True the Vote played such a role in any elections in Jefferson Davis County.

43. Denied for lack of knowledge.

44. Denied for lack of knowledge.

45. It is denied that True the Vote requested access to voter records from the JDCEC. The remainder of the allegations are denied for lack of knowledge.

46. Denied for lack of knowledge.

47. Denied for lack of knowledge.

48. It is denied that the JDCEC has denied, or is denying, any plaintiff's rights under the NVRA or any other right-conferring act. The remainder of the allegations are denied for lack of knowledge.

49. It is denied that any such request was made to the JDCEC. The remainder of the allegations are denied for lack of knowledge.

50. Denied as to the JDCEC. Denied for lack of knowledge regarding any other defendant.

51. It is denied that the Secretary of State has directed, or has the capacity or authority to direct, the JDCEC in the manner alleged. The remainder of the allegations are denied for lack of knowledge.

52. Denied for lack of knowledge. The referenced statute speaks for itself.

53. Denied for lack of knowledge.

54. It is denied that the JDCEC has the records the plaintiffs reference. The remainder of the allegations are denied for lack of knowledge.

## Constitutional Framework

55. This paragraph requires no response.

56. This paragraph contains no allegations of facts. The Equal Protection Clause and the cases referenced speak for themselves. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

57. This paragraph contains no allegations of facts. The Supremacy Clause and the case referenced speak for themselves. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

## Federal and Statutory Framework

58. This paragraph requires no response.

59. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

60. Denied.

61. Denied.

62. Denied.

63. Admitted.

64. Admitted.

65. Denied as stated. It is denied that any request for information, under the NVRA or any other statutory construct, has been made to the JDCEC. It is also denied that the Secretary of State has issued any authoritative directive to the JDCEC.

66. This paragraph contains no allegations of facts. The NVRA and the cited case speak for themselves. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

67. Denied for lack of knowledge.

68. Denied.

## Causes of Action

### Count 1

69. This paragraph requires no response.

70. This paragraph contains no allegations of facts. The NVRA speaks for itself. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

71. This paragraph contains no allegations of facts. The NVRA speaks for itself. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

72. It is denied that any such request was made to the JDCEC. The remainder of the allegations are denied for lack of knowledge.

73. It is denied that any such requests were made to the JDCEC. The remainder of the allegations are denied for lack of knowledge.

74. It is denied that any such requests were made to the JDCEC. The remainder of the allegations of this paragraph are legal conclusions which require no response. To the extent the paragraph might be construed to contain any other allegations of fact, those allegations are denied.

75. It is denied that the JDCEC has withheld any information from the plaintiffs. The remainder of the allegations are denied for lack of knowledge.

76. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

77. Denied for lack of knowledge.

78. Denied.

79. It is denied that any of the plaintiffs are entitled to any declaratory or injunctive relief against the JDCEC.

Count 2

80. This paragraph requires no response.

81. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

82. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

83. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

84. It is denied that the plaintiffs made any request to the JDCEC. The remainder of the allegations are denied for lack of knowledge.

85. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

86. This paragraph is explanatory in nature. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

Count 3

87. This paragraph requires no response.

88. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

89. Denied for lack of knowledge.

90. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

91. Admitted as a general proposition. It is denied that the JDCEC has violated anyone's rights.

92. Denied for lack of knowledge.

93.  Denied for lack of knowledge.

94.  Denied for lack of knowledge.

95.  Denied for lack of knowledge.

Attorneys' Fees

96.  It is denied that the plaintiffs are entitled to any award of attorneys' fees.

97.  It is denied that the plaintiffs are entitled to any award of attorneys' fees.

Prayer

The assertions made in the first unnumbered paragraph under the heading "Prayer" are denied.

It is denied that the plaintiffs are entitled to any of the relief which they seek in their *ad dannum* or in subparts (a) through (f) thereof, and it is denied that the plaintiffs are entitled to any relief whatsoever.

Dated:  August 4, 2014

Respectfully submitted,

                                                JEFFERSON DAVIS COUNTY,
                                                MISSISSIPPI ELECTION COMMISSION

                                by:   s/  Robert E. Sanders
                                    Robert E. Sanders, MSB #6446
                                    Wes Daughdrill, MSB #

Young Wells Williams P.A.
141 Township Ave., Suite 300
P.O. Box  6005
Ridgeland, MS  39158-6005
601.948.6100   *telephone*
601.355.6136   *facsimile*
rsanders@youngwells.com
wes.daughdrill@youngwells.com

10

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served, via this Court's ECF filing system, a copy of the foregoing on all counsel who have entered their appearances in this action to date.

SO CERTIFIED, this 4th day of August, 2014

                                                                       s/  Robert E. Sanders
                                                                 Robert E. Sanders, MSB #6446