IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| TRUE THE VOTE, JANE COLN, BRANDIE CORRERO, CHAD HIGDON, JENNIFER HIGDON, GENE HOPKINS, FREDERICK LEE JENKINS, MARY JENKINS, TAVISH KELLY, DONNA KNEZEVICH, JOSEPH KNEZEVICH, DORIS LEE, LAUREN LYNCH, NORMA MACKEY, ROY NICHOLSON, MARK PATRICK, JULIE PATRICK, PAUL PATRICK, DAVID PHILLEY, GRANT SOWELL, SYBIL TRIBBLE, LAURA VAN OVERSCHELDE, AND ELAINE VECHORIK. <br><br> PLAINTIFFS, <br><br> v. <br><br> THE HONORABLE DELBERT HOSEMANN, IN HIS OFFICIAL CAPACITY, THE REPUBLICAN PARTY OF MISSISSIPPI, COPIAH COUNTY, MISSISSIPPI ELECTION COMMISSION, HINDS COUNTY, MISSISSIPPI ELECTION COMMISSION, JEFFERSON DAVIS COUNTY, MISSISSIPPI, ELECTION COMMISSION, LAUDERDALE COUNTY, MISSISSIPPI ELECTION COMMISSION, LEAKE COUNTY, MISSISSIPPI ELECTION COMMISSION, MADISON COUNTY, MISSISSIPPI ELECTION COMMISSION RANKIN COUNTY, MISSISSIPPI ELECTION COMMISSION, SIMPSON COUNTY, MISSISSIPPI ELECTION COMMISSION, AND YAZOO COUNTY, MISSISSIPPI ELECTION COMMISSION. <br> DEFENDANTS. | Civil Action No. <br> 3:14-cv-532 HTW-LRA |

## MOTION FOR SANCTIONS

The Mississippi Republican Party respectfully moves this Court for an order requiring plaintiffs and their counsel to reimburse the Party for its fees, costs, and expenses in this action. Because the allegations lack both a legal basis and any evidentiary support, sanctions are

appropriate under Fed.R.Civ.P. 11.[1]

Rule 11(c)(2) requires that the motion be served 21 days before it is filed. So that plaintiffs may have the notice intended by that provision, the motion and supporting memorandum are incorporated into a single document.

## I. THE CLAIMS AGAINST THE PARTY HAVE NO EVIDENTIARY SUPPORT.

The complaint on its face asserts three claims. The first two counts supposedly arise under the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg *et seq.* Count 1 claims "that the Defendants have violated the Public Disclosure Provision of the NVRA," Complaint ¶ 61, but says not a word about how the Party did that. Count 2 alleges that the NVRA supersedes certain provisions of Mississippi's Public Records Act, Miss. Code Ann. §§ 25-61-1 *et seq.* Finally, Count 3 alleges that illegal voters diluted plaintiffs' vote in the Republican runoff in violation of the Equal Protection Clause of the Fourteenth Amendment.

The only allegation against the Party is found in ¶ 35:

> ... True the Vote requested access to Mississippi's voter records from the Republican Party of Mississippi. True the Vote was denied access to the records.

Plaintiffs do not allege that the Party has any such records. Consequently, they fail to allege the Party violated the rights of these plaintiffs under the NVRA or the Constitution.

Judge Mills's order in the earlier case observed that plaintiffs "allege no facts plausibly suggesting that any such voter fraud was 'fairly traceable to the ... allegedly unlawful conduct' of

---

[1] Rule 11(c)(1) requires that a Rule 11 motion "must be made separately from any other motion," See *Marlin v. Moody* Nat'l *Bank*, 533 F.3d 374, 375 (5th Cir. 2008). For that reason, the Party will file a separate motion seeking identical relief under separate provisions of law. Because the refusal of plaintiffs' counsel to dismiss the baseless complaint unnecessarily multiplies the proceedings, sanctions are also appropriate under 28 U.S.C. § 1927. Because the Party will prevail on the merits, largely but not exclusively for the reasons set forth in the order of July 7, 2014, in *True the Vote v. Hosemann*, No. 3:14cv144-MPM-SAA (N.D. Miss.), this Court's order dismissing the complaint should include an award of fees, costs, and expenses under 42 U.S.C. § 1973gg-9(c) and 42 U.S.C. § 1988.

either of the two defendants in this case." Order at 2 (footnote omitted).[2] Nor does the complaint allege that the Party did anything else relevant to their claims for relief. It does not allege that the Party maintains records governed by the NVRA; it does not allege that the Party did anything to deny them access to records in county courthouses; and it certainly does not allege that the Party did anything to violate plaintiffs' constitutional rights. It is hard to imagine any complaint that more clearly lacks "evidentiary support" within the meaning of Rule 11(b)(3).

Plaintiffs do not and could not allege that there is any confusion about the role of the Party in regard to their claims. The day after the runoff, their counsel wrote the Chairman of the Party demanding "that you preserve the absentee ballots in their envelopes until there is an opportunity to examine the absentee voter list and make appropriate challenges." A copy of the letter is attached as Exhibit 1. Two days later, Chairman Joe Nosef responded; a copy of his letter is attached as Exhibit 2. He explained that the absentee ballot papers and all other relevant documents are committed by Miss. Code Ann. § 23-15-911 to the custody of the Circuit Clerks of Mississippi's 82 counties. The Party cannot provide access to documents that are not in its possession, custody, or control.

Thus, the Party performed the legal and factual research that plaintiffs should have done for themselves. Despite the knowledge that the Party had done nothing to violate their rights and could do nothing to satisfy their claims, they proceeded to file a complaint with no evidentiary basis[3]. Such a complaint violates Rule 11 and deserves the imposition of sanctions.

---

[2] A copy of that order was attached as Exhibit 4 to the Party's response to motion for temporary restraining order, filed July 10, 2014.

[3] Indeed, they filed it twice. On July 3, 2014, the Party's counsel wrote plaintiff's counsel demanding the Party's dismissal; a copy of that letter is attached as Exhibit 3. A copy of the letter of July 7, 2014, refusing to dismiss the Party is attached as Exhibit 4.

3

## II. THE CLAIMS ARE NOT WARRANTED BY EXISTING LAW, NOR DO PLAINTIFFS SEEK TO CHANGE THAT LAW.

Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." None of the three claims in the complaint can meet this standard.

Plaintiffs' claims for relief depend in the first instance upon a proper understanding of Mississippi law. In ¶ 62 of the complaint, they claim the "right to inspect voter records, including absentee voting envelopes, absentee ballot applications and any associated applications therewith, voters rolls, voter poll books, voter registration applications and federal post card applications." Under Mississippi law, the Party has custody of none of those documents.

Begin with absentee ballots. Under Miss. Code Ann. § 23-15-625, the county registrar, who is the Circuit Clerk, is in charge of receiving applications for absentee ballots. "The application on file with the registrar and the envelopes containing the ballots shall be kept by the registrar and deposited in the proper precinct ballot boxes before such boxes are delivered to the election commissioners or managers." Under Miss. Code Ann. § 23-15-639, the absentee ballots are counted at each precinct, after which they are sealed in a box or case and returned to the courthouse. As Chairman Nosef explained to plaintiffs' counsel in his letter of June 27, the absentee ballot materials and other materials remain in the custody of the Circuit Clerk under Miss. Code Ann. § 23-15-911, where they can be examined by candidates considering an election challenge. Those documents never come to the Party under any circumstances.

By "voter poll books," plaintiffs may mean the receipt books which each voter must sign under Miss. Code Ann. § 23-15-541. That receipt book must also be sealed in the ballot box under Miss. Code Ann. § 23-15-543. Those books, like everything else in the ballot box, remain in the custody of the Circuit Clerk under § 23-15-911.

Under Miss. Code Ann. § 23-15-125 (Supp. 2013), a "pollbook" is provided for each precinct. When plaintiffs refer to "voters rolls" and "voter poll books," they may intend to include these documents. Under Miss. Code Ann. § 23-15-135 (Supp. 2013), those pollbooks, like other election records, are maintained by the Circuit Clerk;[4] the Party has nothing to do with them.

Finally, plaintiffs refer to "voter registration applications and federal post card applications." Ordinarily, an applicant for registration must swear to his application before the registrar under Miss. Code Ann. § 23-15-39. Applications may also be received by mail under Miss. Code Ann. § 23-15-47. The registrar must keep those applications on file under Miss. Code Ann. § 23-15-113(1), which provides: "The voter registration files shall contain copies of the applications for registration completed by electors, which applications shall show the date of registration and signature of elector, and such files shall be known as registration books." Under § 23-15-113(2), those records must also be kept as part of the Statewide Elections Management System. That System is maintained by the Secretary of State under Miss. Code Ann. § 23-15-165. The Party has nothing to do with it.

As a preliminary matter, plaintiffs cite no NVRA provision or precedent for their contention that the Party is subject to the NVRA. The Party is not a "State" under 42 U.S.C. § 1973gg-1(4), nor a "voter registration agency" under 42 U.S.C. § 1973gg-1(5), or a "chief State election official" under 42 U.S.C. § 1973gg-8. Likewise, it is not charged with conducting any list maintenance program under 42 U.S.C. § 1973gg-6. Because plaintiffs demonstrate no basis for their contention that the Party is subject to the NVRA, Counts 1 and 2 constitute an unfounded, frivolous effort to extend the NVRA and redefine political parties' responsibilities in elections.

Count 1 seeks access to some of these documents maintained by the Clerk. The documents

---

[4] The defendant election commissions have certain statutory duties regarding the pollbooks, but the Clerk has custody of them.

covered by the NVRA are described in § 1973gg-6(i)(1) as "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of rejected voters." Not a single word in this description is defined in 42 U.S.C. § 1973gg-1. Giving the statutory words their ordinary meaning, it certainly seems possible that the pollbooks provided under § 23-15-125 might constitute "official lists of eligible voters," but the Party does not maintain those pollbooks. The absentee ballots that plaintiffs actually requested from the Party do nothing to "ensur[e] the accuracy and currency of the official lists of eligible voters," and therefore could not fall within the statutory definition, even if the Party had custody of them.

Count 2 of the complaint depends entirely on the allegations of ¶ 40:

> Some Individual Plaintiffs were granted access to county voter rolls, but were advised that the records would not be produced in un-redacted form. Rather, the Individual Plaintiffs were told Mississippi law and the County Election Commissions require the county to redact each voter's date of birth from the rolls at the Plaintiffs' cost. Plaintiffs incurred the costs of redacting this information in violation of the NVRA.

Plaintiffs' claim that the NVRA supersedes any contrary provisions of Mississippi's Public Records Act, but that can be true only with regard to records covered by § 1973gg-6(i). As Judge Mills explained at page 6 of his order, the Court of Appeals for the Fifth Circuit, in *Voting for America, Inc. v. Steen*, 732 F.3d 382, 399 (5th Cir. 2013), "found that the NVRA did not apply to voting records until they were actually in the custody of the state, rather than in the hands of lower-level election officials."[5] Because county records are not covered by the NVRA, public access to them is governed entirely by Mississippi law.

Count 3, plaintiffs' constitutional claim, is the most mystifying of all. They assert in ¶ 21

---

[5] The Party explained at pages 3-4 of its opposition to motion for temporary restraining order, filed July 10, 2014, why there is no likelihood that plaintiffs will prevail on their NVRA claims.

that double voting by electors who voted in the first Democratic primary would have diluted their vote, but ¶ 75 alleges nothing more than "fear [that] such gamesmanship has been allowed to occur." They complain in ¶ 76 about the failure of counties "to employ uniform election practices with regard to maintaining voter records," but they do not identify a single practice that deviates from the scheme mandated by Mississippi statutes. Most strangely, their prayer seeks no relief regarding either these supposedly disparate county practices or the outcome of the runoff that supposedly diluted their votes. As Judge Mills noted, their standing to seek relief for the supposed constitutional violations is in doubt because "the actual relief sought in the complaint relates solely to the release of unredacted voter records, ... rather than for any vote dilution claims." Order at 2.[6]

Aside from their lack of standing to assert a constitutional claim without seeking any relief, their claim itself is highly questionable. Judge Mills accurately observed that "the phenomenon of 'cross-over' voting by members of an opposing party is one which does not inherently involve any violation of the U.S. Constitution," Order at 4, and plaintiffs do not even cite any authority that their definition of double voting violates Miss. Code Ann. § 23-15-575. Nor do they allege that either permission for double voting or local inconsistencies and record-keeping constitute policies enforced by the State as opposed to unauthorized failures to follow State law. The Constitution guarantees equal protection of the laws, but it does not guarantee their perfect enforcement. See *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (holding that "isolated violations," not amounting to a policy, are not actionable.)

Most importantly for purposes of this motion, nothing in Count 3 alleges that the Party did

---

[6] The Fifth Circuit has previously rejected for lack of standing an earlier complaint about voting in party primaries in *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538 (5th Cir. 2008). The Court found it relevant to the standing inquiry that the Party "has never attempted to challenge voters" alleged to be ineligible. *Id.* at 547. Plaintiffs do not allege that they or anyone else challenged any voter at the polls, as Miss. Code Ann. § 23-15-571 permits.

anything wrong. The Party does not keep the records described in Count 3, and plaintiffs do not suggest that the Party has a duty to exclude anyone from its primaries. In *Mississippi State Democratic Party, supra,* the Fifth Circuit refused to exclude the participation of voters that the Party itself had not decided to exclude. Plaintiffs do not allege here that the Republican Party has made any such decision to exclude, nor that it is required by law to do so.

Thus, none of the plaintiffs' three claims are warranted by existing law, and they do not ask this Court to establish new law. Under Rule 11(b)(2), plaintiffs and their counsel re therefore subject to sanctions.

## CONCLUSION

For these reasons, the Party respectfully moves this Court for an order directing plaintiffs and their counsel to pay all of the Party's reasonable attorneys' fees and expenses in the defense of this action, together with all costs, and for leave to submit appropriate affidavits and evidence establishing those fees, expenses, and costs should this Court decide to make such an award.

Respectfully submitted this the 11th day of July, 2014.

MISSISSIPPI REPUBLICAN PARTY

By: ___/s/ Michael B. Wallace___
Michael B. Wallace (MSB No. 6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39202-0651
Telephone: 601.968.5500

T. Russell Nobile (MSB No. 100682)
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone: 228.867.7141

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day hand-delivered the foregoing Motion for Sanctions via hand-delivery to the following:

    L. Eades Hogue
    BEIRNE, MAYNARD & PARSONS, LLP
    Pan-American Life Center
    601 Poydras Street, Suite 2200
    New Orleans, LA 70131

This the 11th day of July, 2014.

                                            /s/ Michael B. Wallace
                                            Michael B. Wallace

# CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Joseph M. Nixon
Kelly Hunsaker Leonard
Kristen W. McDanald
Lloyd Eades Hogue
BEIRNE, MAYNORD & PARSONS, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056
jnixon@bmpllp.com
kleonard@bmpllp.com
kmcdonald@bmpllp.com
ehogue@bmpllp.com

James Edwin Trainor
BEIRNE, MAYNORD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, Texas  78701
ttrainor@bmpllp.com

*Counsel for Plaintiffs*

Harold Edward Pizzetta, III
Justin L. Matheny
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205-0220
hpizz@ago.state.ms.us
jmath@ago.state.ms.us

*Counsel for The Hon. Delbert Hosemann*

Pieter Teeuwissen
PIETER TEEUWISSEN, PLLC
Post Office Box 16787
Jackson, Mississippi  39236
adwoodard@bellsouth.net

*Counsel for Hinds County, Mississippi Election Commission*

Robert E. Sanders
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 23059
Jackson, Mississippi  39225-3059
rsanders@youngwells.com

John Wesley Daughdrill, Jr.
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 6005
Ridgeland, Mississippi  39157
wes.daughdrill@youngwells.com

*Counsel for Jefferson Davis County, Mississippi Election Commission*

Elise Berry Munn
BERRY & MUNN, P.A.
Post Office Drawer 768
Hazlehurst, Mississippi  39083
emunn@berrymunnpa.com

*Counsel for Copiah County, Mississippi Election Commission*

Jeffrey T. Webb
WEBB LAW FIRM, PLLC
Post Office Box 452
Carthage, Mississippi  39051
webblaw@bellsouth.net

*Counsel for Leake County, Mississippi Election Commission*

10

Lee Thaggard
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, Mississippi 39302-2009
thaggard@barrpalmerlaw.com

*Counsel for Lauderdale County,*
*Mississippi Election Commission*

Craig Lawson Slay
RANKIN COUNTY BOARD OF SUPERVISORS
211 East Government Street, Suite A
Brandon, Mississippi 39042
cslay@rankincounty.org

*Counsel for Rankin County, Mississippi*
*Election Commission*

Mike Espy
MIKE ESPY, PLLC
317 East Capitol Street, Suite 101
Jackson, Mississippi 39201
mike@mikespy.com

*Counsel for Madison County,*
*Mississippi Election Commission*

This the 4th day of August, 2014.

*s/Michael B. Wallace*
Michael B. Wallace