IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, *et al.*                                             PLAINTIFFS

vs.                                                       Civil Action No. 3:14-cv-532-NFA

DELBERT HOSEMANN, *et al.*                                  DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF RANKIN COUNTY, MISSISSIPPI ELECTION COMMISSION TO AMENDED COMPLAINT

The Rankin County, Mississippi Election Commission ("RCMEC"), through counsel, responds to the Amended Complaint herein as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. §1973gg-6 does not apply to any document requested by the Plaintiffs.

### THIRD DEFENSE

The plaintiffs failed to exhaust all remedies outlined in the NVRA regarding an alleged violation and, therefore, their alleged claims are void and of no effect.

### FOURTH DEFENSE

Mississippi law prohibits the disclosure of voter birth date information. *See,* Miss. Ann. §§ 25-61-5 and 23-15-165(6).

FIFTH DEFENSE

The RCMEC responds to the allegations of the Amended Complaint by numbered paragraphs as follows:

1. Paragraph 1 requires no response.

2. Paragraph 2 requires no response.

3. Jurisdiction is admitted except to the extent the Amended Complaint is construed to request documents related to voter registration. To the extent the Amended Complaint is so construed, the plaintiffs' failure to exhaust the administrative remedies required by the NVRA renders this Court without jurisdiction.

4. Venue is proper in this Court.

5. Denied for lack of knowledge.

6. Denied for lack of knowledge.

7. Denied for lack of knowledge.

8. Denied for lack of knowledge.

9. Denied for lack of knowledge.

10. Denied for lack of knowledge.

11. Denied for lack of knowledge.

12. Denied for lack of knowledge.

13. Denied for lack of knowledge.

14. Denied for lack of knowledge.

15. Denied for lack of knowledge.

16. Denied for lack of knowledge.

17. Denied for lack of knowledge.

18. Denied for lack of knowledge.

19. Denied for lack of knowledge.

20. Denied for lack of knowledge.

21. Denied for lack of knowledge.

22. Denied for lack of knowledge.

23. Denied for lack of knowledge.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied as stated.  It is admitted that the Secretary of State is a constitutional officer of the State of Mississippi.  The referenced statutes speak for themselves.  The remaining allegations are denied.

29. Admitted upon information and belief.

30. Denied as stated.  Admitted that the Copiah County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission.

31. Denied as stated.  Admitted that the Hinds County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission.

32. Denied as stated.  Admitted that the Jefferson Davis County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission.

33. Denied as stated.  Admitted that the Lauderdale County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission.

34. Denied as stated.  Admitted that the Leake County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission.

35. Denied as stated.  Admitted that the Madison County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission. .

36. Denied as stated.  Admitted that the RCMEC is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission.

37. Denied as stated.  Admitted that the Simpson County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission..

38. Denied as stated.  Admitted that the Yazoo County, Mississippi Election Commission is a public body created by Mississippi law.  Denied that the circuit clerk is a member of the election commission..

39. It is admitted that the RCMEC has been served with a summons herein.  The remainder of the allegations are denied for lack of knowledge.

40. This Defendant realleges and incorporates herein all preceding paragraphs.

41. Denied that True the Vote monitored any elections in Rankin County.  The remainder of allegations contained in Paragraph 41 of the Amended Complaint are denied for lack of knowledge.

42. Denied for lack of knowledge.

43. Denied for lack of knowledge.

44. Denied for lack of knowledge regarding Hinds County. It is specifically denied that Plaintiffs made any request of this Defendant for information covered by the NVRA nor was any request made for documentation pursuant to the NVRA. Denied that Plaintiffs were denied access to any document covered by the NVRA.

45. It is denied that Plaintiffs requested access to voter records from the RCMEC. The remainder of the allegations are denied for lack of knowledge.

46. Denied for lack of knowledge.

47. Denied that Plaintiffs made any request from RCMEC for any documents whatsoever.

48. It is denied that the RCMEC has denied, or is denying, any plaintiff's rights under the NVRA or any other provision of state or federal law. The remainder of the allegations are denied for lack of knowledge.

49. It is denied that any such request was made to the RCMEC. It is denied that any request was made by Plaintiffs to any entity affiliated with Rankin County, Mississippi, pursuant to the NVRA. The remainder of the allegations are denied for lack of knowledge.

50. Denied for lack of knowledge regarding any defendant other than RCMEC. Denied that any request for documents was made by Plaintiffs to RCMEC.

51. Denied that the Mississippi Secretary of State directed, or has the capacity or authority to direct, the RCMEC as alleged. The remaining of the allegations are denied for lack of knowledge.

52. Denied as stated.

53. Denied for lack of knowledge.

54. Denied that RCMEC is the repository of records sought by Plaintiffs. The remainder of the allegations are denied for lack of knowledge.

55. This Defendant realleges and incorporates herein all preceding paragraphs.

56. To the extent this paragraph contains allegations of conduct on the part of this Defendant by which Plaintiffs seek to impose liability of any kind or character whatsoever, those allegations, if any, are denied. The Constitutional provisions cited and the cases referenced speak for themselves.

57. To the extent this paragraph contains allegations of conduct on the part of this Defendant by which Plaintiffs seek to impose liability of any kind or character whatsoever, those allegations, if any, are denied. The Constitutional provisions cited and the cases referenced speak for themselves.

58. This Defendant realleges and incorporates herein all preceding paragraphs.

59. To the extent the paragraph might be construed to contain allegations of fact or allegations of conduct by which Plaintiffs seek to impose liability of any kind or character whatsoever against this Defendant, those allegations are denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied as an improper statement of Mississippi law.

64. Admitted.

65. Denied. The Plaintiffs have made no request of the RCMEC for documents pursuant to either state or federal law. Denied that the Mississippi Secretary of State has issued any statement to RCMEC directing the RCMEC to act, or not act, in any manner.

66. To the extent the paragraph might be construed to contain allegations of fact or allegations of wrongdoing on the part of this Defendant, those allegations are denied.

67. Denied.

68. Denied.

69. This Defendant realleges and incorporates herein all preceding paragraphs.

70. To the extent the paragraph might be construed to contain allegations of fact or allegations of wrongdoing on the part of this Defendant, those allegations are denied.

71. To the extent the paragraph might be construed to contain allegations of fact or allegations of wrongdoing on the part of this Defendant, those allegations are denied.

72. It is denied that any request for documents of any kind was made to the RCMEC. Denied that the RCMEC denied access to Plaintiffs of any documents whatsoever.

73. It is denied that any request for documents of any kind was made to the RCMEC. Denied that the RCMEC denied access to Plaintiffs of any documents whatsoever.

74. Denied that the records allegedly requested by Plaintiffs are subject to the NVRA.

75. Denied that Plaintiffs made any request for documents from the RCMEC. Denied that RCMEC has withheld any information from the plaintiffs. Denied that Plaintiffs have suffered damage as a result of any action or inaction by this Defendant.

76. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact or wrongdoing on the part of this Defendant, those allegations are denied.

77. Denied that Plaintiffs exhausted all requirements set forth in the NVRA prior to filing the instant action.

78. Denied.

79. It is denied that any of the plaintiffs are entitled to any declaratory or injunctive relief against the RCMEC.

80. This Defendant realleges and incorporates herein all preceding paragraphs.

81. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact or wrongdoing on the part of this Defendant, those allegations are denied.

82. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact or wrongdoing on the part of this Defendant, those allegations are denied.

83. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact or wrongdoing on the part of this Defendant, those allegations are denied.

84. Denied that Plaintiffs made any request for documents to RCMEC. The remainder of the allegations are denied.

85. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact or wrongdoing on the part of this Defendant, those allegations are denied.

86. This paragraph is explanatory in nature. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

87. This Defendant realleges and incorporates herein all preceding paragraphs.

88. Denied as an improper legal conclusion.

89. Denied for lack of knowledge.

90. The statements contained to this paragraph are conclusory in nature and contain no allegations of wrongdoing on the part of this Defendant for which a response is required. To the extent that said paragraph contains allegations of wrongdoing on the part of this Defendant for which relief is sought, said allegations are denied. It is further denied that RCMEC violated anyone's rights under either state or federal law.

91. The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact those allegations are denied.

92. Denied as stated and denied for lack of knowledge.

93. Denied as stated and for lack of knowledge.

94. Denied.

95. Denied.

96. Denied that plaintiffs are entitled to any award of attorneys' fees.

97. Denied that plaintiffs are entitled to any award of attorneys' fees.

98. The assertions made in the first unnumbered paragraph under the heading "Prayer" are denied. It is denied that the plaintiffs are entitled to any of the relief which they seek in their *ad dannum* or in subparts (a) through (f) thereof, and it is denied that the plaintiffs are entitled to any relief whatsoever.

FIRST AFFIRMATIVE MATTER

Rankin County, Mississippi Elected Officials other than RCMEC maintain possession of documents sought by Plaintiffs, whether pursuant to the NVRA or state law, that provide unique voter identification numbers that serve as proxies for voter birth date information. Said documents are available upon written request pursuant to the Rankin County, Mississippi Public Record Request Policy.

SECOND AFFIRMATIVE MATTER

The RCMEC is not a custodian of the election records sought by Plaintiffs.

THIRD AFFIRMATIVE MATTER

No request for information has been made to the RCMEC by the plaintiffs or representatives of the plaintiffs, and the RCMEC has not refused to release any information to the plaintiffs or representatives of the plaintiffs.

DATED, this the 5th day of August, 2014.

>Respectfully submitted,
>RANKIN COUNTY, MISSISSIPPI
>ELECTION COMMISSION
>
>BY:  /S/ CRAIG L. SLAY, MSB #10272

Rankin County Board of Supervisors
211 E. Government Street, Suite A
Brandon, Mississippi 39042
Telephone:  601.825.1475

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served, via this Court's ECF filing system, a copy of the foregoing on all counsel who have entered their appearances in this action to date.

SO CERTIFIED, this the 5th day of August, 2014.

/s/ Craig L. Slay. MSB #10272