IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik | § § § § § § § § § § § | |
| Plaintiffs, | § § | Cause No. 3:14-cv-00532-NFA |
| v. | § | |
| The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' TRUE THE VOTE, ET.AL.'S RESPONSE TO
COPIAH COUNTY MISSISSIPPI ELECTION COMMISSION'S
<u>OBJECTION TO NOTICE OF FILING OF INCIDENT REPORTS</u>**

Plaintiffs True the Vote, et. al. file this Response to Copiah County Mississippi Election Commission's ("Copiah County") Objection to Notice of Filing of Incident Reports [Doc. 64], as follows:

# I.
# INTRODUCTION

Copiah County has filed an objection [Doc. 64] stating that Plaintiffs' filing of True the Vote's Incident Reports [Doc. 49] was improper because: (1) the Court did not order the documents to be filed; (2) the documents were not pre-disclosed on Plaintiffs' exhibit list; and (3) the documents are hearsay. These objections should be overruled as the Plaintiffs Incident Reports were properly filed.

# II.
# ARGUMENT AND AUTHORITIES

A.   **The Court Directed Plaintiffs to File the Incident Reports.**

At the July 24 Preliminary Injunction Hearing (as reflected on pages 280-81 and 347-48 of the transcript), the Court directed Plaintiffs to file the Incident Reports relating to the defendant counties for consideration for inclusion in the Preliminary Injunction record.[1] Therefore, Copiah County's representation that the Court "made it plain at the hearing that these documents would not be received into evidence" is directly contradicted by the Hearing Transcript. (*See* Doc. 64, ¶2).

Copiah County did not seek to confer with Plaintiffs regarding the issue prior to filing its objection in violation of Southern District of Mississippi Local Rules. Therefore, it has improperly lodged objections to Plaintiffs' filing. Nonetheless, Plaintiffs brought to Copiah County's attention the specific statements by the Court after

---

[1] The portions of the July 24, 2014 Preliminary Injunction Hearing Transcript relevant to this response are attached hereto as Exhibit 1.

2

reviewing Copiah County's filing.[2]  Despite being provided specific pin cites indicating that the Court directed Plaintiffs to file select Incident Reports for consideration, Copiah County still refused to withdraw its objection.  *See* Exhibit 2.  As a result, the objection is harassing and in violation of Federal Rule of Civil Procedure 11.[3]  *See* Fed. R. Civ. P. 11 (by signing a paper filed with the Court, the attorney is submitting that "after an inquiry reasonable under the circumstances" the paper is not being presented to harass or increase the cost of litigation, and that the factual contention are warranted on the evidence).

**B.     The Incident Reports are Both Relevant and Reliable.**

Copiah County next asserts that consideration of the evidence by the Court in connection with the Preliminary Injunction hearing would be improper because the evidence is unreliable hearsay.  (*See* Doc. 64, ¶3.)  However, the Incident Reports were offered for a purpose that does not qualify them as hearsay, and the Incident Reports are otherwise excepted from the hearsay rule.  *See* Fed. R. Evid. 801, 802, 803.

     1.     The Incident Reports are business records.

The Incident Reports were offered as business records of True the Vote, by its custodian of records Ms. Engelbrecht.  Ms. Engelbrecht testified that: (1) the Incident Reports are records of a regularly conducted business activity of True the Vote; (2) that they were made at or near the time by someone with knowledge of their contents; (3) that the reports are kept in the regular course of True the Vote's business; and (4) that making

---

[2] *See* e-mail correspondence between Ms. McDanald and Ms. Munn, dated July 30-31, 2014, attached hereto as Exhibit 2.

[3] As an additional violation of Local Rules, Copiah County failed to submit a proposed order on its Objections.

the Incident Reports is a regular practice of True the Vote.  *See* Fed. R. Evid. 803(6); *see* Hearing Transcript, pp. 40-47 (Ms. Engelbrecht is presented with a select Incident Report as example, and testifies to the 803(6) criteria); *see also United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir. 1986), *cert denied*, 479 U.S. 836 (1986) ("[I]t is well established that [ ] entries in a police or investigating officer's report which result from the officer's own observations and knowledge may be admitted, [though] statements made to the officer by third parties under no business duty to report may not.").

Though Ms. Engelbrecht did not demonstrate personal knowledge regarding the actual contents of the Incident Reports, the custodian of the records need only know how the records are kept, that the records are regularly made in the regular course of business, and are made by someone with personal knowledge of their contents.  *See U.S. Commodity Futures Tradting Comm'n v. Dizona*, 594 F.3d 408, 415-16 (5th Cir. 2010) ("[t]here is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy."); *see also Thanongsih v. Board of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) ("the custodian need not be the individual who 'personally gather[ed] … a business record.  The custodian of the records need not be in control of or have individual knowledge of the particular corporate records, but need only be familiar with the company's recordkeeping practices.").  Ms. Engelbrecht's testimony therefore meets the requirements of Rule 803(6) and allows the records to be admitted as an exception to the rule against hearsay.

2. <u>The Incident Reports are present sense impressions</u>.

Moreover, the reports are, on their face, made at or near the time of the date the events are observed, and thus excepted from the hearsay rule.  *See* Fed. R. Evid. 803(1).  The "present sense impression" under Rule 803 does not require the statements to be sworn.  Nor does Rule 803 require the testimony of a declarant to the contents of the instrument.  *See* Fed. R. Evid. 803(1) ("A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.").  Testimony regarding the "present sense impression" exception was offered by a True the Vote volunteer, Ellen Swensen, who filled out some of the Incident Reports offered by Plaintiffs (and witnessed Susan Morse fill out her reports).  *See* Exhibit 1, 200-202; 209-210 (Ms. Engelbrecht testifying that she was trained to fill out the Incident Reports, that volunteers filled the reports out immediately, and were able to submit them to True the Vote immediately via a cell phone "app").  Ms. Swensen's testimony supports a finding that the the records were prepared at or near the time of the events described therein, and are quickly submitted to True the Vote for internal filing.

3. <u>The second tier of statements are not offered for the truth of the matter asserted, and are thus not hearsay statements</u>.

Finally, with regard to hearsay within the statements that are otherwise hearsay exempt, other rules of evidence permit their admission.  For example, statements that a Circuit Clerk indicated the Secretary of State or Attorney General directed him or her to redact records were not offered (for purposes of the Preliminary Injunction Hearing) for the truth of the matter asserted.  *See* Fed. R. Evid. 801(c)(2);  802.  Whether or not the

Circuit Clerk's recount of what the Secretary of State or Attorney General stated is true is not the purpose for which the Incident Reports are offered at this stage of the litigation. The purpose of the Incident Reports for the Preliminary Injunction hearing, is to show that True the Vote volunteers requested certain un-redacted records, but were denied access.  The reports were also offered show that the Circuit Clerks receive direction from the Secretary of State and therefore recognize the Secretary of State as the Chief Election Officer of Mississippi.  Thus, the statements contained within the Incident Reports are not hearsay as defined by the Federal Rules of Evidence.  *See* Fed. R. 801(c)(2) ("'Hearsay' means a statement that … a party offers in evidence to prove the truth of the matter asserted in the statement."); *see also* Fed. R. Evid. 802.[4]

    4.    <u>Letters, or statements, regarding requests made for records are either 'verbal acts' or not excluded hearsay due to the 'adoptive admissions rule'</u>.

Even assuming the statements were offered for the truth of the matters asserted therein, at least two hearsay exceptions apply to such statements.  First, the Incident Reports were offered to show a request to Copiah County was made, and that no records were produced in response.  Therefore, the Incident Reports potential hearsay within hearsay are not excluded due to the "adoptive admissions rule":

> The law of evidence long has recognized 'adoptive admissions.'  This doctrine provides that, in certain circumstances, a party's agreement with a

---

[4] Nonetheless, any imperative statements within the Incident Reports are not hearsay, such as statements by Circuit Clerks telling volunteers to leave.  See *U.S. v. Waters,* 627 F.3d 345, 358 (9th Cir. 2010) (An imperative statement is not an assertion of fact, and therefore "does not fall within the meaning of 'statement' in Rule 801(a) and cannot be hearsay, "because a nonassertion cannot have been offered to prove the truth of the matter asserted."); *see also Katzenmeier v. Blackpowder Prds.*, 628 F.3d 948, 951 (8th Cir. 2010) (instruction to someone to do something is not hearsay).

>fact stated by another may be inferred from (or 'adopted' by) silence. Such an inference may arise when (i) a statement is made in a party's presence, (ii) the nature of the statement is such that it normally would induce the party to respond, and (iii) the party nonetheless fails to take exception. In such an instance, the statement may be considered 'adopted' by virtue of the party's failure to respond.

*Id*.

For example, Jeanne Webb's [Doc. 25-1] Incident Report includes a letter requesting records from Ms. Edna Stevens, the Copiah County Circuit Clerk. The letter itself would generally necessitate a response, but none was made. The failure to respond to the letter by Ms. Webb, operates as "silence". Therefore, again, the rule against hearsay does not apply to the Incident Reports, for the purposes for which they are offered. *See* Fed. R. Evid. 802; *c.f. U.S. v. Ward*, 377 F.3d 671, 675 (7th Cir. 2004) (adoptive statements are not excluded under the hearsay rule).

Second, the letter and statements constitute "verbal acts," and are therefore not "statements" under Fed. R. Evid. 801(a). *See U.S. v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) ("[O]ut-of-court statements that are offered as evidence of legally operative verbal conduct are not hearsay"). Requests for disclosure of documents protected by the National Voter Registration Act ("NVRA"), are legally operative verbal conduct as they give rise to a claim under the NVRA.

Hearsay exceptions aside, Copiah County is well aware that Plaintiffs were permitted one scheduled hour of testimony for the Preliminary Injunction Hearing; and to object that Plaintiffs only offered testimony from one True the Vote volunteer and a True

7

the Vote custodian of records, as opposed to testimony from 20 different True the Vote witnesses, is procedurally unfair.

## C. Plaintiffs Were Not Required to File an Exhibit List, Nonetheless, Copiah County Incidents Were Disclosed in Bill of Particulars.

Copiah County next objects that the Incident Reports were not disclosed prior to the hearing. (*See* Doc. 64, ¶ 4-5). Plaintiffs were never ordered to make such a disclosure,[5] and were not required to do so under any applicable rule. Plaintiffs filed an exhibit list prior to the hearing as a courtesy, but indicated that the exhibits listed there were non-exclusive. (*See* Doc. 43). Plaintiffs specifically stated: "Plaintiffs do not intend for the foregoing list to be exhaustive, or to otherwise limit Plaintiffs ability to offer additional exhibits at the hearing, but rather have prepared and filed the list as a professional courtesy." (*See* Doc. 43).

Additionally, Plaintiffs' "Complaint for Declaratory and Injunctive Relief" provided notice of Plaintiffs' specific claims against Copiah County. (*See* Doc. 1, ¶23, 51, 52-77). Plaintiffs' Motion for Temporary Restraining Order further confirmed Plaintiffs' claims for injunctive relief. (*See* Doc. 8). Finally, Plaintiffs' "Bill of Particulars," filed one week prior to the Preliminary Injunction Hearing, specifically listed visits by two True the Vote volunteers to Copiah County, and contained as an exhibit an Incident Report by Jeanne Webb directed to Copiah County, dated July 7, 2014. (*See* Doc. 25, pp. 2-3, and Exhibit 5). Thus, Copiah County had actual notice of the claims against it, as well as a copy of an Incident Report with regard to Copiah

---

[5] Plaintiffs were, however, ordered to prepare a witness list in preparation for the hearing. (*See* Doc. 40).

County, prior to the hearing. (Doc. 1, Doc. 8, Doc. 25).

Even if Copiah County had not been on notice of the records requests made to it, though it clearly was, Copiah County cannot be prejudiced (by Plaintiffs) for Copiah County's own failure to call witnesses at the Preliminary Injunction hearing. Copiah County's position in this matter, in sum, is that it will not provide Plaintiffs the information it seeks, because it cannot under Mississippi statute, which the Secretary of State has directed the counties to apply. The applicable statutes, including the National Voter Registration Act, speak for themselves, and construction of same is a legal issue for the Court.

## III.
## RELIEF REQUESTED

Based on the foregoing, Plaintiffs True the Vote, et. al., request that this Court consider the Incident Reports in connection with the Preliminary Injunction Hearing, and that Defendant Copiah County Election Commission's objections thereto be denied. Plaintiffs further request all other relief to which they are justly entitled.

Respectfully submitted,

/s/   *L. Eades Hogue*

Joseph M. Nixon – *pro hac vice*  
Texas State Bar No. 15244800  
jnixon@bmpllp.com  
Kristen W. McDanald – *pro hac vice*  
Texas State Bar No. 24066280  
kmcdanald@bmpllp.com  
Kelly H. Leonard – *pro hac vice*  
Texas State Bar No. 24078703  
kleonard@bmpllp.com  

L. Eades Hogue  
Mississippi State Bar No. 2498  
Louisiana State Bar No. 1960  
ehogue@bmpllp.com  
BEIRNE, MAYNARD & PARSONS, LLP  
Pan-American Life Center  
601 Poydras Street  
Suite 2200  
New Orleans, LA 70130  

9

BEIRNE, MAYNARD & PARSONS, LLP  
1300 Post Oak Blvd, Suite 2500  
Houston, Texas  77056  
(713) 623-0887   Tel.  
(713) 960-1527   Fax  

(504) 586-1241 Tel.  
(504) 584-9142 Fax  
**Lead Counsel**

James E. "Trey" Trainor, III. – *pro hac vice*  
Texas State Bar No. 24042052  
ttrainor@bmpllp.com  
BEIRNE, MAYNARD & PARSONS, LLP  
401 W. 15th Street, Suite 845  
Austin, TX 78701  
(512) 623-6700   Tel.  
(512) 623-6701   Fax  

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2014 a copy of Plaintiffs' Response to Copiah County's Objection to Notice of Filing of Incident Reports was served on The Honorable Delbert Hosemann, The Republican Party of Mississippi; The Copiah County Mississippi Election Commission; the Hinds County, Mississippi Election Commission; the Jefferson Davis County, Mississippi Election Commission; the Lauderdale County, Mississippi Election Commission, the Leake County Mississippi Election Commission; the Madison County, Mississippi Election Commission and the Rankin County Mississippi Election Commission via the Court's ECF e-file service.  Plaintiffs have served the remaining Defendants, who have not yet registered to the Court's ECF system for this matter, via United States Postal Service, in accordance with Federal Rules of Civil Procedure.

/s/    L. Eades Hogue