IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI JACKSON DIVISION

**TRUE THE VOTE, ET AL.**                                                      **PLAINTIFFS**

V.                                          **CIVIL ACTION NO. 3:14cv532-NFA**

**THE HONORABLE DELBERT
HOSEMANN, in his official
capacity as Secretary of State
for the State of Mississippi, ET AL.**                          **DEFENDANTS**

**Response in Opposition to Plaintiffs' Motion
to Strike the Secretary of State's Motion to Dismiss**

Defendant Secretary of State Delbert Hosemann submits this opposition to Plaintiffs' motion to strike. *See* Motion to Strike, Docket No. 57. Plaintiffs seek to strike a nonexistent motion to dismiss that they believe is contained within the Secretary's answer. *See* Answer, Docket No. 52. Because the answer is not a motion to dismiss, Plaintiffs' request to strike a nonexistent motion should be denied.

Plaintiffs have filed an utterly unnecessary motion which serves only as an attempt to distract counsel and this Court from the matters already pending. The motion is based on a false premise that Plaintiffs knew to be false when they filed. The Secretary's answer is not a motion, is not styled as a motion, is not docketed as a motion, and is not intended to be a motion. The undersigned counsel clearly communicated to Plaintiffs' counsel that the answer was not, and did not contain, a motion to dismiss. Yet, moments after

that discussion, Plaintiffs represented to this Court that "[w]ithin this Answer, Defendant seeks relief from an urged motion to dismiss." *See* Motion to Strike at 2.

Plaintiffs' counsel was also informed that the answer's concluding paragraph is not functionally different from the prayer for relief contained in Plaintiffs' amended complaint. If Plaintiffs' illogical analysis is to be followed, Section VIII of Plaintiffs' amended complaint is an application for relief from this Court and the complaint should be stricken as an improperly filed motion. *See* L.U.Civ.R. 7(b)(4) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."). In truth, complaints and answers are not motions.

As Plaintiffs themselves note, the local rules for the Southern District of Mississippi require motions to be filed separately from answers. The Secretary filed only one document and it is clearly entitled "Answer and Defenses." The local rules provided a further indication to Plaintiffs that the Secretary's answer is not a motion. Local Rule 7(b) requires that "[a]t the time the motion is served . . . counsel for movant **must** file a memorandum brief in support of the motion." *See* L.U.Civ. R. 7(b)(4) (emphasis supplied). The Secretary did not file the required memorandum brief because the

answer is not a motion.[1]

Finally, Plaintiffs effectively mooted any dispute regarding the Secretary's answer when they filed an amended complaint moments after filing their motion to strike. *See* Amended Complaint, Docket No. 58. The filing of the amended complaint requires the Secretary to file a new answer. "Under the well-established rule of construction," the filing of an answer to an amended complaint will "supersede and replace . . . prior answers." *Settlement Capital Corp., Inc. v. Pagan*, 2009 WL 2230146, at *1 (N.D. Tex. Feb. 4, 2009), report and recommendation adopted, 2009 WL 2252088 (N.D. Tex. July 24, 2009). The Secretary of State intends to file an answer to the amended complaint within the time contemplated by the applicable rule.

For the reasons set forth above, Plaintiffs' motion to strike a nonexistent motion to dismiss should be denied.

Respectfully submitted, this the 5th day of August, 2014.

>DELBERT HOSEMANN, in his official capacity as Secretary of State for the State of Mississippi
>
>By:   JIM HOOD, ATTORNEY GENERAL

---

[1] Plaintiffs neglected to file the required memorandum in support of their motion to strike. However, the Secretary will simply respond to the motion rather than file a motion to strike Plaintiffs' motion to strike.

By: */s/ Harold E. Pizzetta, III*
Harold E. Pizzetta, III (Bar No. 99867)
Justin L. Matheny (Bar No. 100754)
Office of the Attorney General
P.O. Box 220 Jackson, MS 39205-0220
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*hpizz@ago.state.ms.us*
*jmath@ago.state.ms.us*
*Counsel for Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

This, the 5th day of August, 2014.

*/s/ Harold E. Pizzetta, III*
Harold E. Pizzetta, III

4