**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TRUE THE VOTE, ET AL.**                                                   **PLAINTIFFS**

**v.**                                                   **Cause No. 3:14cv00532-NFA**

**HON. DELBERT HOSEMANN, IN HIS**
**OFFICIAL DEFENDANTS CAPACITY AS**
**SECRETARY OF THE STATE OF MISSISSIPPI,**
**THE REPUBLICAN PARTY OF MISSISSIPPI,**
**HINDS COUNTY ELECTION COMMISSION, ET AL.**                    **DEFENDANTS**

**LAUDERDALE COUNTY, MISSISSIPPI ELECTION COMMISSION'S**
**AFFIRMATIVE DEFENSES AND ANSWER TO AMENDED COMPLAINT FOR**
**INJUNCTIVE AND DECLARATORY RELIEF**

**COMES NOW**, the Defendant, the Lauderdale County, Mississippi Election

Commission ("Lauderdale Commission"), through counsel, pursuant to the Federal Rules

of Civil Procedure and other applicable authority, and files its Affirmative Defenses and

Answer to the Plaintiffs' Amended Complaint for Injunctive and Declaratory Relief ("the

Complaint").  In support thereof, the Lauderdale Commission states as follows:

**First Defense**

The Complaint fails to state a claim against this defendant upon which relief can

be granted.

**Second Defense**

Lauderdale Commission has not breached any duty owed to the Plaintiffs, whether

contractual, common law, state or federal statutory law.

## Third Defense

Lauderdale Commission owed no duty to the Plaintiffs that was breached in this action.

## Fourth Defense

Lauderdale Commission reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

## Fifth Defense

Lauderdale Commission denies that any of its actions and/or omissions caused the Plaintiffs harm or special harm.

## Sixth Defense

Lauderdale Commission's actions with the Plaintiffs, if any, were conducted in good faith.

## Seventh Defense

Lauderdale Commission denies each and every allegation in which the Plaintiffs seek to impose liability upon it, whether expressly denied herein or not.

## Eighth Defense

The Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

## Ninth Defense

The Complaint is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against the Plaintiffs.

## Tenth Defense

The sole proximate and/or contributing cause of the Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of the Lauderdale Commission, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the Lauderdale Commission cannot be held liable.

## Eleventh Defense

Any damages sustained by the Plaintiffs were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which the Lauderdale Commission had neither control, right to control, duty to control nor any other legal relationship whatsoever.

## Twelfth Defense

Without waiving any other affirmative defense, the Lauderdale Commission affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives or employees of the Lauderdale Commission, or any other Defendant toward the Plaintiffs and that any alleged intentional acts of any agent, representative or employees of the Lauderdale Commission and/or any other Defendant, if any, were not reasonably foreseeable by the Lauderdale Commission.

## Thirteenth Defense

The Plaintiffs failed to mitigate their damages.

## Fourteenth Defense

The Plaintiffs' claims are barred by the applicable statute of limitations and/or pre-suit notice.

## Fifteenth Defense

The Lauderdale Commission asserts any all other affirmative defenses to which it may be entitled, including contributory negligence, estoppel, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

## Sixteenth Defense

Plaintiffs' claims against the Lauderdale Commission are prohibited by prevailing federal and state law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

## Seventeenth Defense

The Lauderdale Commission has no custom, practice or policy that caused or contributed to the alleged deprivations, injuries and/or damages suffered by the Plaintiffs.

## Eighteenth Defense

The Lauderdale Commission hereby asserts the defenses of sovereign immunity, and any other immunity available to it under federal or state law.

## Nineteenth Defense

At all material times relevant hereto, the Lauderdale Commission used the degree of care required of it under law and is not liable in damages to the Plaintiffs.

### Twentieth Defense

The actions or inactions on the part of the Plaintiffs was the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiffs, if any.  In the alternative, the actions or inactions on the part of the Plaintiffs amounted to an intervening cause and as such, constitute the sole, proximate cause and only cause of the incident complained of and the Plaintiffs' alleged damages.

### Twenty-First Defense

If the actions or inactions on the part of the Plaintiffs was not the sole, proximate cause of the incident complained of and the alleged damages sustained by the Plaintiffs, if any, the actions or inactions on the part of the Plaintiffs caused and contributed to the incident complained of and the damages sustained by the Plaintiffs, if any, and any damages which the Plaintiffs would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of the Plaintiffs caused or contributed to the incident.

### Twenty-Second Defense

The Lauderdale Commission hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

### Twenty-Third Defense

Pursuant to F.R.C.P. 12(b)(7), 17 and 19, if the damages, or any part thereof, claimed by Plaintiffs in the Complaint have been paid or provided by any person, corporation or party, including insurer, workers' compensation carrier, employer or

governmental entity, which holds any rights of subrogation, assignment, loan receipt or lien holder interest therefore as a result of such payment(s), then under F.R.C.P. 12(b)(7), 17 and 19, any and all such persons, corporations or parties whatever are real parties in interest herein, including for such subrogation, assignment, lien or otherwise, and must be joined as a party needed for just adjudication herein. If any such person, company or party exists, he, she or it should be joined by order of this court either as a Plaintiffs or an involuntary Plaintiffs. Further, pursuant to F.R.C.P. 12(b)(7), 17 and 19, any such person, corporation or party whatsoever who has paid or provided all or any part of Plaintiffs' claimed damages, and thereby holds subrogation rights, assignment rights, loan receipt, lien holder rights, or rights otherwise arising from the accident is a real party in interest pursuant to F.R.C.P. 17, and for such payment and interest, the damages claimed in this action to the extent of such rights must be brought in the name of the subrogee, assignee, loan receipt holder, lien holder or other party whatsoever holding such interest; and Plaintiffs have no further interest or right of recovery thereto.

### Twenty-Fourth Defense

The Lauderdale Commission asserts all rights that it may have pursuant to the laws of the State of Mississippi.

### Twenty-Fifth Defense

Plaintiffs' claims, if any, against the Lauderdale Commission, that may be alleged to have possibly arisen from judicial and/or administrative action of Lauderdale Commission are prohibited by statute, where said allegations claim that the Lauderdale

Commission employees were acting within the scope of their employment for the Lauderdale Commission.

## Twenty-Sixth Defense

Plaintiffs' claims against the Lauderdale Commission are prohibited by statute because they are alleged to have arisen from alleged failures of the Lauderdale Commission, and its employees or officials/members to execute or perform a statute, ordinance, or regulation.

## Twenty-Seventh Defense

Plaintiffs' claims against the Lauderdale Commission are prohibited because the Lauderdale Commission is immune from allegations based on the Lauderdale Commission's exercise or performance or the failure to exercise or perform a discretionary function or duty.

## Twenty-Eighth Defense

The Complaint is barred because Plaintiffs fail to properly plead: capacity, fraud, mistake, conspiracy, condition of mind, official document or act, judgment, and/or special damages as required by FRCP Rule 9.

## Twenty Ninth Defense

The alleged acts or omissions alleged by the Plaintiffs against the Lauderdale Commission as may be set forth in the Complaint herein, do not rise to the level of a constitutional violation.

**Thirtieth Defense**

The Lauderdale Commission invokes and asserts all privileges and immunities afforded to it under both the federal and state constitutions and statutory and common law.

**Thirty-First Defense**

The Lauderdale Commission affirmatively pleads that Plaintiffs' claims against it are barred because Plaintiffs cannot show any actual injury, injury-in-fact or informational injury.

**Thirty-Second Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands, as Plaintiffs' conduct has been unconscientious, unjust, marked by a want of good faith and/or violates the principles of equity and righteous dealing.

**Thirty-Third Defense**

Plaintiffs' request for injunctive relief is barred as Plaintiffs fail to plead any specificity, provide or show proper notice, substantial likelihood of success on the merits, emergency circumstances or irreparable harm/injury as required by Rule 65 of the Federal Rules of Civil Procedure.

**Thirty-Fourth Defense**

Some or all of the Plaintiffs claims are barred for failure to properly exhaust their administrative remedies and/or satisfy the requisite statutory conditions precedent to asserting any cause of action against the Lauderdale Commission, including, but not limited to, Plaintiffs' failure to comply with 42 U.S.C. § 1973gg-9(b).

### Thirty-Fifth Defense

The Lauderdale Commission affirmatively asserts all defenses to which it is entitled or which it may become entitled to through discovery in this actions, under 42 U.S.C. § 1973gg *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1988 and/or any other applicable provisions of federal and state law.

### Thirty-Sixth Defense

Some or all of the Plaintiffs' claims are barred by judicial abstention doctrines, including, but not limited to, *Younger, Pullman, Burford,* and/or *Colorado River* abstention.

### Thirty-Seventh Defense

Some or all of the Plaintiffs' claims are barred by their lack of standing and the doctrine of mootness because they are not ripe for judicial review and/or are insufficient to warrant an award of injunctive or declaratory relief.

### Thirty-Eighth Defense

The Lauderdale Commission is not a proper party to Plaintiffs' putative causes of action asserted under U.S.C. § 1973gg-6.

### Thirty-Ninth Defense

To the extent this action is calculated to address allegations of double voting in the primary and runoff elections for the 2014 senate race in Mississippi, the action is moot.

### Fortieth Defense

Section 8 of the National Voter Registration Act ("NVRA"), 42 U.S.C. §1973gg-6 does not provide for any public right of access to records which reveal voter participation

in elections.  Further, to the extent the plaintiffs are seeking information which reveals voter registration, the plaintiffs have not followed the statutory construct prescribed in the NVRA for obtaining such information.

## Forty-First Defense

The release of voter the birth date information sought by the plaintiffs is precluded by Mississippi law, specifically Mississippi Code §25-61-5.

## Forty-Second Defense

Information showing unique voter identification numbers for individual voters in the primary and runoff elections has already been furnished to the plaintiffs.  The unique voter identification numbers are good and sufficient proxies for birth date information regarding voters.  Moreover to date, Plaintiffs have not requested any Lauderdale County voter's birth dates.

## Forty-Third Defense

The Lauderdale Commission is not the custodian of records which reveal how voters voted in the primary and runoff elections for the 2014 senate race in Lauderdale County, Mississippi.  Accordingly this action is futile as it pertains to the Lauderdale Commission.

## Forty-Fourth Defense

No request for information has been made of the Lauderdale Commission by the plaintiffs or representatives of the plaintiffs, and the Lauderdale Commission has not refused to release any information to the plaintiffs or representatives of the plaintiffs.

## **Forty-Fifth Defense**

Without waiving any of the foregoing defenses and affirmative matters, and without waiver of any other defense or affirmative matter contained herein, the Lauderdale Commission responds to the allegations of the Complaint, paragraph by paragraph, as follows:

1. Paragraph 1 is introductory and requires no response.

2. Paragraph 2 is introductory and requires no response.

## I.
## JURISDICTION AND VENUE

3. Paragraph 3 is denied to the extent that the Complaint seeks, or is construed or calculated, to demand information regarding voter registration; Plaintiffs have failed to exhaust their administrative remedies in that regard thus depriving this Court of jurisdiction.  Otherwise, jurisdiction is admitted.

4.  Venue is admitted.

## II.
## PARTIES

4. Denied for lack of knowledge.

5. Denied for lack of knowledge.

6. Denied for lack of knowledge.

7. Denied for lack of knowledge.

8. Denied for lack of knowledge.

9. Denied for lack of knowledge.

10. Denied for lack of knowledge.

11. Denied for lack of knowledge.

12. Denied for lack of knowledge.

13. Denied for lack of knowledge.

14. Denied for lack of knowledge.

15. Denied for lack of knowledge.

16. Denied for lack of knowledge.

17. Denied for lack of knowledge.

18. Denied for lack of knowledge.

19. Admitted, upon information and belief.

20. Denied for lack of knowledge.

21. Admitted, upon information and belief.

22. Denied for lack of knowledge.

23. Denied for lack of knowledge.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied as stated. The Lauderdale Commission admits only that the Secretary of State is a constitutional officer of the State of Mississippi and the statutory provisions referenced in paragraph 28 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 28 of the complaint are denied.

29. Admitted, upon information and belief.

30. Denied as stated. The Lauderdale Commission admits only that the Copiah County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 30 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 30 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

31. Denied as stated. The Lauderdale Commission admits only that the Hinds County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 31 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 31 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

32. Denied as stated. The Lauderdale Commission admits only that the Jefferson Davis County, Mississippi Election Commission is a public body created by Mississippi law.  The statutory provisions referenced in paragraph 32 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 32 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

33. Denied as stated. The Lauderdale Commission admits only that the

Lauderdale County, Mississippi Election Commission is a public body created by Mississippi law.  The statutory provisions referenced in paragraph 33 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 33 and the footnote to the paragraph are denied except that the persons (excluding the circuit clerk) referenced in the footnote are duly elected members of the Lauderdale Commission.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

34. Denied as stated. The Lauderdale Commission admits only that the Leake County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 34 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 34 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

35. Denied as stated. The Lauderdale Commission admits only that the Madison County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 35 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 35 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

36. Denied as stated. The Lauderdale Commission admits only that the Rankin

14

County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 36 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 36 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

37. Denied as stated. The Lauderdale Commission admits only that the Simpson County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 37 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 37 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

38. Denied as stated. The Lauderdale Commission admits only that the Yazoo County, Mississippi Election Commission is a public body created by Mississippi law. The statutory provisions referenced in paragraph 38 and the footnote to the paragraph speak for themselves. Any and all remaining allegations contained in paragraph 38 and the footnote to the paragraph are denied.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied as a bad faith allegation.

39. It is admitted that the Lauderdale Commission has been served.  All remaining allegations are denied for lack of knowledge.

# III.
# FACTUAL ALLEGATIONS

40. The Lauderdale Commission incorporates its responses and defenses to the previous paragraphs of the complaint. The Lauderdale Commission denies the allegations contained in the header "A." on page 11of the Complaint.

41. The Lauderdale Commission denies the allegations contained in Paragraph 41 of the Complaint as phrased.

42. The Lauderdale Commission denies the allegations contained in Paragraph 42 of the Complaint as phrased.

43. Denied for lack of knowledge.

44. Denied for lack of knowledge.

45. The Lauderdale Commission denies the allegations contained in Paragraph 45 of the Complaint as phrased.  It is specifically denied that Plaintiffs have been denied any requested records in Lauderdale County.  It is further denied that the Lauderdale Commission has denied Plaintiffs any records.

46. The Lauderdale Commission denies the allegations contained in Paragraph 46 of the Complaint as phrased.

47. Denied for lack of knowledge.

48. The Lauderdale Commission denies the allegations contained in Paragraph 48 of the Complaint, including Header B on page 13 of the Complaint.

49. The Lauderdale Commission denies the allegations contained in Paragraph 49 of the Complaint. It is further denied that the Lauderdale Commission has denied Plaintiffs any records.

50. The Lauderdale Commission denies the allegations contained in Paragraph 50 of the Complaint. It is specifically denied that Plaintiffs have been denied any requested records in Lauderdale County.  It is further denied that the Lauderdale Commission has denied Plaintiffs any records.

51. The Lauderdale Commission denies the allegations contained in Paragraph 51 of the Complaint as phrased.

52. The Lauderdale Commission denies the allegations contained in Paragraph 52 of the Complaint as phrased. It is specifically denied that Plaintiffs have been denied any requested records in Lauderdale County.  It is further denied that the Lauderdale Commission has denied Plaintiffs any records.

53. The Lauderdale Commission denies the allegations contained in Paragraph 53 of the Complaint.

54. The Lauderdale Commission denies the allegations contained in Paragraph 54 of the Complaint. It is specifically denied that Plaintiffs have been denied any requested records in Lauderdale County.  It is further denied that the Lauderdale Commission has denied Plaintiffs any records.

**IV.**
**CONSTITUTIONAL FRAMEWORK**

55. The Lauderdale Commission incorporates its responses and defenses to the previous paragraphs of the complaint. The Lauderdale Commission denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. The Lauderdale Commission denies the allegations contained in Paragraph 56 of the Complaint as phrased.

57. The Lauderdale Commission denies the allegations contained in Paragraph 57 of the Complaint as phrased.

## V.
## FEDERAL AND STATUTORY FRAMEWORK

58. The Lauderdale Commission incorporates its responses and defenses to the previous paragraphs of the complaint. The Lauderdale Commission denies the remaining allegations contained in Paragraph 58 of the Complaint.

59. The Lauderdale Commission denies the allegations contained in Paragraph 59 of the Complaint.

60. The Lauderdale Commission denies the allegations contained in Paragraph 60 of the Complaint.

61. The Lauderdale Commission denies the allegations contained in Paragraph 61 of the Complaint as phrased.

62. The Lauderdale Commission denies the allegations contained in Paragraph 62 of the Complaint.

63. The Lauderdale Commission denies the allegations contained in Paragraph 63 of the Complaint as phrased.

64. The Lauderdale Commission denies the allegations contained in Paragraph 64 of the Complaint as phrased.

65. The Lauderdale Commission denies the allegations contained in Paragraph 65 of the Complaint as phrased.

66. The Lauderdale Commission denies the allegations contained in Paragraph 66 of the Complaint as phrased.

67. The Lauderdale Commission denies the allegations contained in Paragraph 67 of the Complaint.

68. The Lauderdale Commission denies the allegations contained in Paragraph 68 of the Complaint, including the entire Header "Count I" on page 18 of the Complaint.

## VI.
## CAUSES OF ACTION

### Count 1
### True the Vote Alleges a Violation of National
### Voting Registration Act's Public Disclosure
### Provision

69. The Lauderdale Commission incorporates its responses and defenses to the previous paragraphs of the complaint. The Lauderdale Commission denies the remaining allegations contained in Paragraph 69 of the Complaint as phrased.

70. This paragraph contains no allegations of fact.  The NRVA speaks for itself. To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 70 of the Complaint as phrased.

71. This paragraph contains no allegations of fact.  The NRVA speaks for itself. To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 71 of the Complaint.

72. The Lauderdale Commission denies the allegations contained in Paragraph 72 of the Complaint.

73. The Lauderdale Commission denies the allegations contained in Paragraph 73 of the Complaint as phrased.

74. The Lauderdale Commission denies the allegations contained in Paragraph 74 of the Complaint as phrased.

75. The Lauderdale Commission denies the allegations contained in Paragraph 75 of the Complaint as phrased.

76. The Lauderdale Commission denies the allegations contained in Paragraph 76 of the Complaint as phrased.

77. The Lauderdale Commission denies the allegations contained in Paragraph 77 of the Complaint.

78. The Lauderdale Commission denies the allegations contained in Paragraph 78 of the Complaint as phrased.

79. The Lauderdale Commission denies the allegations contained in Paragraph 79 of the Complaint, including the entire Header "Count 2" on page 20 of the Complaint.

**Count 2**
**The Individual Plaintiffs Allege a Violation of**
**the NVRA Based on Conflict with State Laws**

80. The Lauderdale Commission incorporates its responses and defenses to the previous paragraphs of the complaint. The Lauderdale Commission denies the remaining allegations contained in Paragraph 80 of the Complaint as phrased.

81. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 81 of the Complaint.

82. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 82 of the Complaint.

83. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 83 of the Complaint.

84. The Lauderdale Commission denies the allegations contained in Paragraph 84 of the Complaint as those allegations pertain to the Lauderdale Commission or Lauderdale County.  The remaining allegations are denied for lack of knowledge.

85. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 85 of the Complaint.

86. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 86 of the Complaint.

**Count 3**
**The Individual Plaintiffs Allege an Equal**
**Protection Violation**

87. The Lauderdale Commission incorporates its responses and defenses to the previous paragraphs of the complaint. The Lauderdale Commission denies the remaining allegations contained in Paragraph 87 of the Complaint, including the entire Header "Count 3" on page 22 of the Complaint.

88. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 88 of the Complaint.

89. Denied for lack of knowledge.

90. This paragraph contains no allegations of fact.  To the extent that the paragraph may be construed as containing allegations of fact, the Lauderdale Commission denies the allegations contained in Paragraph 90 of the Complaint as phrased.

91. Admitted as a general principle of law; however; the Lauderdale Commission denies that any rights of the Plaintiffs have been violated.

92. Denied for lack of knowledge.

93. Denied for lack of knowledge.

94. Denied for lack of knowledge.

95. Denied for lack of knowledge.

**VII.**
**ATTORNEYS' FEES**

96. The Lauderdale Commission denies the allegations contained in Paragraph 96 of the Complaint. It is specifically denied that Plaintiffs are entitled to any award of attorneys' fees.

97. The Lauderdale Commission denies the allegations contained in Paragraph 97 of the Complaint as phrased. It is specifically denied that Plaintiffs are entitled to any award of attorneys' fees.

## VIII.
## PRAYER

The Lauderdale Commission denies the allegations contained in that Paragraph VIII, Prayer of Relief of the Complaint, including all subparagraphs.  The Lauderdale Commission denies that Plaintiffs are entitled to any relief whatsoever, including that requested in Paragraph VIII, Prayer of Relief of the Complaint, including all subparagraphs.

**AND NOW**, having fully answered the Plaintiffs' Complaint, as amended, the Lauderdale County, Mississippi Election Commission requests that it be dismissed and that it be awarded his attorneys fees, costs and all other appropriate relief.

**THIS** the 5th day of August, 2014.

Respectfully submitted,

LAUDERDALE COUNTY, MISSISSIPPI
ELECTION COMMISSION, Defendant

BY: /s/Lee Thaggard
        Lee Thaggard (MSB# 9442)
        Barry, Palmer, Thaggard, May
            & Bailey, LLP

Post Office Box 2009
505 Constitution Avenue
Meridian, MS  39302-2009
Telephone: 601-693-2393

Attorneys for Defendant
Lauderdale County, Mississippi Election Commission


### CERTIFICATE OF SERVICE

The undersigned certifies that he has this day transmitted via electronic mail through ECF electronic filing a true and correct copy of the foregoing Affirmative Defenses and Answer to the Complaint and Amended Complaint for Injunctive and Declaratory Relief to all counsel of record.

Respectfully submitted this the 5th day of August, 2014.

/s/ Lee Thaggard
Lee Thaggard