IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, *et. al.*                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 3:14-cv-532-NFA

DELBERT HOSEMANN, *et. al.*                                    DEFENDANTS

ANSWER OF SIMPSON COUNTY
ELECTION COMMISSION TO AMENDED COMPLAINT

Comes now the Simpson County Election Commission, by and through counsel, and files this Answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, and in response thereto states as follows:

I. FIRST DEFENSE

The Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

II. SECOND DEFENSE

To the extent this action is calculated to address allegations of double voting in the primary and runoff elections for the 2014 senate race in Mississippi, the action is moot.

### III. THIRD DEFENSE

Section 8 of the National Voter Registration Act of 1993, ("NVRA"), 42 U.S.C. §1973gg-6 does not provide for any public right of access to records which reveal voter participation in elections.  Further, to the extent the plaintiffs are seeking information which reveals voter registration, the plaintiffs have not followed the statutory prerequisites prescribed in the NVRA for obtaining such information and have failed to exhaust their administrative remedies outlined in the NVRA.

### IV. FOURTH DEFENSE

The release of voter birth date information sought by the plaintiffs is precluded by Mississippi law, *viz., Miss Code Ann. §25-61-5.*

### V. FIFTH DEFENSE

The Amended Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

### VI. SIXTH DEFENSE

The alleged acts or omissions alleged by the Plaintiffs against the Simpson County Election Commission as may be set forth in the Amended Complaint herein, do not rise to the level of a constitutional violation.

### VII. SEVENTH DEFENSE

The Simpson County Election Commission invokes and asserts all privileges and immunities afforded to it under both the federal and state constitutions and statutory and common law.

## VIII. EIGHTH DEFENSE

Plaintiffs' request for injunctive relief is barred as Plaintiffs fail to plead any specificity, provide or show proper notice, substantial likelihood of success on the merits, emergency circumstances or irreparable harm/injury as required by Rule 65 of the Federal Rules of Civil Procedure.

## IX. NINTH DEFENSE

Some or all of the Plaintiffs' claims are barred by their lack of standing and the doctrine of mootness because they are not ripe for judicial review and/or are insufficient to warrant an award of injunctive or declaratory relief.

## X. TENTH DEFENSE

The Simpson County Election Commission hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

## XI. FIRST AFFIRMATIVE MATTER

Information showing unique voter identification numbers for individual voters in the primary and runoff elections has already been furnished to the plaintiffs.  The unique voter identification numbers are good and sufficient proxies for birth date information regarding voters.

## XII. SECOND AFFIRMATIVE MATTER

The Simpson County Election Commission is not the custodian of the election records sought by the Plaintiffs.

## XIII. THIRD AFFIRMATIVE MATTER

No request for information has been made of the Simpson County Election Commission by the Plaintiffs or representatives of the Plaintiffs, and the Simpson County Election Commission has not refused to release any information to the Plaintiffs or representatives of the Plaintiffs.

## XIV. ELEVENTH DEFENSE

The Simpson County Election Commission responds to the allegations of the Amended Complaint by numbered paragraphs as follows:

1.   Paragraph 1 requires no response.

2.   Paragraph 2 requires no response.

### Jurisdiction and Venue

3.      Jurisdiction is admitted except to the extent the Amended Complaint is construed to demand information regarding voter registration.  To the extent the Amended Complaint is so construed or calculated, this Court is without jurisdiction on account of the Plaintiffs' failure to exhaust the administrative remedies required by the NVRA renders this Court without jurisdiction .

4.   Venue is admitted.

### Parties

5.   Denied for lack of knowledge.

6.   Denied for lack of knowledge.

7.   Denied for lack of knowledge.

8.   Denied for lack of knowledge.

9.  Denied for lack of knowledge.

10. Denied for lack of knowledge.

11. Denied for lack of knowledge.

12. Denied for lack of knowledge.

13. Denied for lack of knowledge.

14. Denied for lack of knowledge.

15. Denied for lack of knowledge.

16. Denied for lack of knowledge.

17. Denied for lack of knowledge.

18. Denied for lack of knowledge.

19. Denied for lack of knowledge.

20. Denied for lack of knowledge.

21. Denied for lack of knowledge.

22. Denied for lack of knowledge.

23. Denied for lack of knowledge.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28.     Denied as stated.   It is admitted that the Secretary of State is a constitutional officer of the State of Mississippi.   The referenced statutes speak for themselves.  The remaining allegations are denied.

29.     Admitted upon information and belief.

30.     Denied as stated.  It is admitted that the Copiah County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

31.     Denied as stated.  It is admitted that the Hinds County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

32.     Denied as stated.  It is admitted that the Jefferson Davis County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

33.     Denied as stated.  It is admitted that the Lauderdale County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

34.     Denied as stated.  It is admitted that the Leake County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

35.     Denied as stated.  It is admitted that the Madison County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

36.     Denied as stated.  It is admitted that the Rankin County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote that the circuit clerk is a member of the election commission is expressly denied.

37.     Denied as stated.  It is admitted that the Simpson County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied.  Cindy Jensen was the former Circuit Clerk of Simpson County who resigned effective June 30, 2014.   LuAnne Bailey was

appointed by the Board of Supervisors of Simpson County to serve as Circuit Clerk of Simpson County, Mississippi effective July 7, 2014.

38.     Denied as stated.  It is admitted that the Yazoo County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and the footnote to the paragraph speak for themselves.  The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied.

39.     It is admitted that the Simpson County Election Commission has been served with a summons herein.  The remainder of the allegations are denied for lack of knowledge.

<u>Factual Allegations</u>

40.     This paragraph requires no response.

41.     Denied for lack of knowledge.  It is denied that True the Vote has monitored any elections in Simpson County.

42.     Denied for lack of knowledge.

43.     Denied for lack of knowledge.

44.     Denied for lack of knowledge.

45.     It is denied that True the Vote requested access to voter records from the Simpson County Election Commission.  The remainder of the allegations are denied for lack of knowledge.

46.     Denied for lack of knowledge.

47.     Denied for lack of knowledge.

48.     It is denied that Simpson County Election Commission has denied, or is denying, any plaintiff's rights under the NVRA or any other right-conferring act.  The remainder of the allegations are denied for lack of knowledge.

49.     It is denied that any such request was made to the Simpson County Election Commission.  The remainder of the allegations are denied for lack of knowledge.

50.     Denied as to the Simpson County Election Commission.  Denied for lack of knowledge regarding any other defendant.

51.     It is denied that the Secretary of State has directed, or has the capacity or authority to direct, the Simpson County Election Commission in the manner alleged.   The remainder of the allegations are denied for lack of knowledge.

52.     Denied for lack of knowledge.  The referenced statute speaks for itself.

53.     Denied for lack of knowledge.

54.     It is denied that the Simpson County Election Commission has the records the plaintiffs reference.  The remainder of the allegations are denied for lack of knowledge.

<u>Constitutional Framework</u>

55.     This paragraph requires no response.

56.     This paragraph contains no allegations of facts.   The Equal Protection Clause and the cases referenced speak for themselves.  To the extent the

paragraph might be construed to contain allegations of fact, those allegations are denied.

57.     This paragraph contains no allegations of facts.   The Supremacy Clause and the case referenced speak for themselves.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

58.     This paragraph requires no response.

59.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied as an improper statement of Mississippi law.

64.     Admitted.

65.      Denied as stated.  It is denied that any request for information, under the NVRA or any other statutory construct, has been made to the Simpson County Election Commission.  It is also denied that the Secretary of State has issued any authoritative directive to the Simpson County Election Commission.

66.     This paragraph contains no allegations of facts.  The NVRA and the cited case speak for themselves.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

67.     Denied for lack of knowledge.

68.     Denied.

Causes of Action

Count 1

69.     This paragraph requires no response.

70.     This paragraph contains no allegations of facts.  The NVRA speaks for itself.   To the extent that the paragraph might be construed to contain allegations of fact, those allegations are denied.

71.     This paragraph contains no allegations of facts.  The NVRA speaks for itself.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

72.      It is denied that any such request was made to the Simpson County Election Commission.  The remainder of the allegations are denied for lack of knowledge.

73.     It is denied that any such requests were made to the Simpson County Election Commission.  The remainder of the allegations are denied for lack of knowledge.

74.     It is denied that any such requests were made to the Simpson County Election Commission.  The remainder of the allegations of this paragraph are legal conclusions which require no response.  To the extent the paragraph might be construed to contain any other allegations of fact, those allegations are denied.

75.     It is denied that the Simpson County Election Commission has withheld any information from the plaintiffs.  The remainder of the allegations are denied for lack of knowledge.

76.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

77.     Denied for lack of knowledge.

78.     Denied.

79.     It is denied that any of the plaintiffs are entitled to any declaratory or injunctive relief against the Simpson County Election Commission.

<u>Count 2</u>

80.     This paragraph requires no response.

81.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

82.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

83.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

84.     It is denied that the plaintiffs made any requests to the Simpson County Election Commission.  The remainder of the allegations are denied for lack of knowledge.

85.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

86.     This paragraph is explanatory in nature.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

<u>Count 3</u>

87.     This paragraph requires no response.

88.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

89.      Denied for lack of knowledge.

90.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

91.     Admitted as a general proposition.  It is denied that the Simpson County Election Commission has violated anyone's rights.

92.     Denied as stated and for lack of knowledge.

93.     Denied as stated and for lack of knowledge.

94.     Denied for lack of knowledge.

95.     Denied for lack of knowledge.

### Attorney's Fees

96.     It is denied that the plaintiffs are entitled to any award of attorney's fees.

97.     It is denied that the plaintiffs are entitled to any award of attorney's fees.

### Prayer

The assertions made in the first unnumbered paragraph under the heading "Prayer" are denied.

It is denied that the plaintiffs are entitled to any of the relief which they seek in their *ad dannum* or in subparts (a) through (f) thereof, and it is denied that the plaintiffs are entitled to any relief whatsoever.

Dated:  August 6, 2014.

Respectfully submitted,

SIMPSON COUNTY,
MISSISSIPPI ELECTION COMMISSION

by:  ___s/Danny Welch_____
               Danny Welch, MSB #7087
               224 North Main Street
               Mendenhall, MS  39114
               (601) 847-2539

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he has served, via this Court's ECF filing system, a copy of the foregoing on all counsel who have entered their appearances in this action to date.

SO CERTIFIED, this 6th day of August, 2014.

_____s/Danny Welch_____
DANNY WELCH, MSB #7087

county-truethevoteanswer.md