## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | | |
|---|---|---|
| **TRUE THE VOTE**, *et al.* | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **3:14-cv-532 NFA** |
| **THE HONORABLE DELBERT HOSEMANN,** | ) | |
| **in his official capacity, as Secretary of State for the** | ) | |
| **State of Mississippi,** *et al.*, | ) | |
|     **Defendants.** | ) | |

### ANSWER OF COPIAH COUNTY MISSISSIPPI ELECTION
### COMMISSION TO FIRST AMENDED COMPLAINT

COMES NOW, Defendant Copiah County Mississippi Election Commission (hereinafter "CCMEC"), by and through counsel, and files its Answer to the First Amended Complaint filed by Plaintiff as follows:

### I. FIRST DEFENSE

The Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

### II. SECOND DEFENSE

To the extent this action is calculated to address allegations of double voting in the primary and runoff elections for the 2014 senate race in Mississippi, the action is moot.

### III. THIRD DEFENSE

Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. §1973gg-6 does not provide for any public right of access to records which reveal voter participation in elections.  Further, to the extent the plaintiffs are seeking information which reveals voter registration, the plaintiffs have not followed the statutory construct prescribed in the NVRA for obtaining such information. Some or all of the plaintiffs' claims are barred for failure to properly exhaust their administrative remedies and/or satisfy

the requisite statutory conditions precedent to asserting any cause against the CCMEC, including, but not limited to, plaintiffs' failure to comply with 42 U.S.C. §1973gg-6.

### IV. FOURTH DEFENSE

The release of voter birth date information sought by the plaintiffs is precluded by Mississippi law, *viz.,* Miss. Code Ann. §25-61-5.   The unsealing of ballot boxes which contain absentee voter applications, requests and envelopes is precluded by §23-15-911 of the Miss. Code.

### V. FIRST AFFIRMATIVE MATTER

Information showing unique voter identification numbers for individual voters in the primary and runoff elections has already been furnished, at no charge, to the plaintiffs. The unique voter identification numbers are good and sufficient proxies for birth date information regarding voters.

### VI.  SECOND AFFIRMATIVE MATTER

The CCMEC is not the custodian of records which reveal how voters voted in the primary and runoff elections for the 2014 senate race in Copiah County, Mississippi.   Accordingly, this action, as against the CCMEC, is futile.

### VII. THIRD AFFIRMATIVE MATTER

No request for information has been made of the CCMEC by the plaintiffs or representatives of the plaintiffs, and the CCMEC has not refused to release any information to the plaintiffs or representatives of the plaintiffs.

### VIII.  FIFTH DEFENSE

Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. §1973gg-6 does not apply to any document requested by the Plaintiffs

### IX. SIXTH DEFENSE

CCMEC reserves all statutory and/or indemnity rights it may have against all others whether parties to this action nor not.

## X. SEVENTH DEFENSE

CCMEC denies that any of its actions and/or omissions caused the plaintiffs harm or special harm.

## XI. EIGHTH DEFENSE

CCMEC's actions with the plaintiffs, if any, were conducted in good faith.

## XII. NINETH DEFENSE

The plaintiffs failed to mitigate their damages.

## XIII. TENTH DEFENSE

The plaintiffs' claims are barred by the applicable statute of limitations and/or pre-suit notice.

## XIV. ELEVENTH DEFENSE

The CCMEC asserts any and all other affirmative defenses to which it may be entitled, including contributory negligence, estoppel, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

## XV. TWELFTH DEFENSE

The CCMEC asserts all rights that it may have pursuant to the laws of the State of Mississippi.

## XVI. THIRTEENTH DEFENSE

The alleged acts or omissions alleged by the Plaintiffs against the CCMEC as may be set forth in the Complaint herein, do not rise to the level of a constitutional violation.

## XVII. FOURTEENTH DEFENSE

The CCMEC invokes and asserts all privileges and immunities afforded to it under both the federal and state constitutions and statutory and common law.

## XVIII. FIFTEENTH DEFENSE

The CCMEC affirmatively pleads that plaintiffs' claims against it are barred because plaintiffs cannot show any actual injury, injury-in-fact or informational injury.

## XIX. SIXTEENTH DEFENSE

Plaintiffs' request for injunctive relief is barred as plaintiffs fail to plead any specificity, provide or show proper notice, substantial likelihood of success on the merits, emergency circumstances or irreparable harm/injury as required by Rule 65 of the Federal Rules of Civil Procedure.

## XX. SEVENTEENTH DEFENSE

The CCMEC affirmatively asserts all defenses to which it is entitled or which it may become entitled to through discovery in this actions, under 42 U.S.C. §1973gg *et seq.,* 42 U.S.C. §1983, 42 U.S.C. §1988 and/or any other applicable provisions of federal and state law.

## XXI. EIGHTEENTH DEFENSE

Some or all of the plaintiffs' claims are barred by judicial abstention doctrines, including, but not limited to, *Younger, Pullman, Burford,* and/or *Colorado River* abstention.

## XXII. NINETEENTH DEFENSE

Some or all of the plaintiffs' claims are barred by their lack of standing and the doctrine of mootness because they are not ripe for judicial review and/or are insufficient to warrant an award of injunctive or declaratory relief.

## XXIII. TWENTIETH DEFENSE

The CCMEC is not a property party to plaintiffs' putative causes of action asserted under U.S.C. § 1973gg-6.

## XXIV. TWENTY-FIRST DEFENSE

The CCMEC responds to the allegations of the Amended Complaint by numbered paragraphs as follows:

1.      Paragraph 1 is introductory and requires no response.

2.      Paragraph 2 is introductory and requires no response.

### Jurisdiction and Venue

3.      Denied as stated. Denied that Court has jurisdiction of NVRA claims due to failure to comply with condition precedent.

4.      Venue is admitted.

4

**<u>Parties</u>**

5.      Denied for lack of knowledge.

6.      Denied for lack of knowledge.

7.      Denied for lack of knowledge.

8.      Denied for lack of knowledge.

9.      Denied for lack of knowledge.

10.     Denied for lack of knowledge.

11.     Denied for lack of knowledge.

12.     Denied for lack of knowledge.

13.     Denied for lack of knowledge.

14.     Denied for lack of knowledge.

15.     Denied for lack of knowledge.

16.     Denied for lack of knowledge.

17.     Denied for lack of knowledge.

18.     Denied for lack of knowledge.

19.     Denied for lack of knowledge.

20.     Denied for lack of knowledge.

21.     Denied for lack of knowledge.

22.     Denied for lack of knowledge.

23.     Denied for lack of knowledge.

24.     Denied for lack of knowledge.

25.     Denied for lack of knowledge.

26.     Denied for lack of knowledge.

27.     Denied for lack of knowledge.

28.     Denied as stated.  It is admitted that the Secretary of State is a constitutional officer of the State of Mississippi.  The referenced statutes speak for themselves. The remaining allegations are denied.

29.     Admitted upon information and belief.

30.     Denied as stated.  It is admitted that the Copiah County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

31.     Denied as stated. It is admitted that the Hinds County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

32.     It is admitted that the Jefferson Davis County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

33.     It is admitted that the Lauderdale County Election Commission is a public body created by Mississippi law.  The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

34.     It is admitted that the Leake County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

35.     It is admitted that the Madison County Election Commission is a public body created by Mississippi law.   The statutes referenced in the paragraph and footnote to the paragraph speak for

themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

36.     It is admitted that the Rankin County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

37.     It is admitted that the Simpson County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

38.     It is admitted that the Yazoo County Election Commission is a public body created by Mississippi law. The statutes referenced in the paragraph and footnote to the paragraph speak for themselves. The allegation in the footnote, that the circuit clerk is a member of the election commission, is expressly denied as a bad faith allegation.

39.     It is admitted that the CCMEC has been served with a summons herein.  The remainder of the allegations are denied for lack of knowledge.

## Factual Allegations

40.     This paragraph requires no response.

41.     Denied for lack of knowledge.  It is denied that True the Vote has monitored any elections in Copiah County.  The CCMEC shows affirmatively that it is the CCMEC which monitors elections in Copiah County for compliance with state and federal elections laws.

42.     Denied for lack of knowledge.  It is denied that True the Vote played such a role in any elections in Copiah County.

43.     Denied for lack of knowledge.

44.     Denied for lack of knowledge.

45.     It is denied that True the Vote requested access to voter records from the CCMEC.  The remainder of the allegations are denied for lack of knowledge.

46.     Denied for lack of knowledge.

47.     Denied for lack of knowledge.

48.     It is denied that the CCMEC has denied, or is denying, any plaintiff's rights under the NVRA or any other right-conferring act.  The remainder of the allegations are denied for lack of knowledge.

49.     It is denied that any such request was made to the CCMEC. The remainder of the allegations are denied for lack of knowledge.

50.     Denied as to the CCMEC.  Denied for lack of knowledge regarding any other defendant.

51.     It is denied that the Secretary of State has directed, or has the capacity or authority to direct, the CCMEC in the manner alleged.  The remainder of the allegations are denied for lack of knowledge.

52.     Denied for lack of knowledge. The referenced statute speaks for itself.

53.     Denied for lack of knowledge.

54.     It is denied that the CCMEC has the records the plaintiffs reference. The remainder of the allegations are denied for lack of knowledge.

**Constitutional Framework**

55.     This paragraph requires no response.

56.     This paragraph contains no allegations of facts. The Equal Protection Clause and the cases referenced speak for themselves. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

57.     This paragraph contains no allegations of facts. The Supremacy Clause and the case referenced speak for themselves. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

**Federal and Statutory Framework**

58.     This paragraph requires no response.

59.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Admitted.

64.     Admitted.

65.     Denied as stated.  It is denied that any request for information, under the NVRA or any other statutory construct, has been made to the CCMEC.  It is also denied that the Secretary of State has issued any authoritative directive to the CCMEC.

66.     This paragraph contains no allegations of facts.  The NVRA and the cited case speak for them themselves.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

67.     Denied for lack of knowledge.

68.     Denied.

**Causes of Action**

**Count 1**

69.     This paragraph requires no response.

70.     This paragraph contains no allegations of facts. The NVRA speaks for itself. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

71.     This paragraph contains no allegations of facts. The NVRA speaks for itself. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

72.     It is denied that any such request was made to the CCMEC. The remainder of the allegations are denied for lack of knowledge.

73.     It is denied that any such requests were made to the CCMEC. The remainder of the allegations are denied for lack of knowledge.

74.     It is denied that any such requests were made to the CCMEC. The remainder of the allegations of this paragraph are legal conclusions which require no response. To the extent the paragraph might be construed to contain any other allegations of fact, those allegations are denied.

75.     It is denied that the CCMEC has withheld any information from the plaintiffs. The remainder of the allegations are denied for lack of knowledge.

76.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

77.     Denied for lack of knowledge.

78.     Denied.

79.     It is denied that any of the plaintiffs are entitled to any declaratory or injunctive relief against the CCMEC.

## Count 2

80.     This paragraph requires no response.

81.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

82.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

83.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

84.     It is denied that the plaintiffs made any request to the CCMEC.  The remainder of the allegations are denied for lack of knowledge.

85.     The paragraph contains only conclusions of law which require no response.  To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

86.     This paragraph is explanatory in nature. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

## Count 3

87.     This paragraph requires no response.

88.     The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

89.     Denied for lack of knowledge.

90.     The paragraph contains only conclusions of law which require no response. To the extent the paragraph might be construed to contain allegations of fact, those allegations are denied.

91.     Admitted as a general proposition. It is denied that the CCMEC has violated anyone's rights.

92.     Denied for lack of knowledge.

93.     Denied for lack of knowledge.

94.     Denied for lack of knowledge.

95.     Denied for lack of knowledge.

## Attorneys' Fees

96.     It is denied that the plaintiffs are entitled to any award of attorneys' fees.

97.     It is denied that the plaintiffs are entitled to any award of attorneys' fees.

## Prayer

The assertions made in the first unnumbered paragraph under the heading "Prayer" are denied.

It is denied that the plaintiffs are entitled to any of the relief which they seek in their *ad dannum* or in subparts (a) through (f) thereof, and it is denied that the plaintiffs are entitled to any relief whatsoever.

Respectfully submitted, this 6th day of August, 2014.

By:    /s/ Elise B. Munn
        Elise B. Munn, MSB #9654
        BERRY & MUNN, P.A.
        P.O. Drawer 768
        Hazlehurst, MS 39083
        Telephone: 601-894-4150
        emunn@berrymunnpa.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

This the 6th day of August, 2014.

        /s/ Elise B. Munn
        ELISE B. MUNN

12