IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **TRUE THE VOTE,** *et al.* | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **3:14-cv-532 NFA** |
| **THE HONORABLE DELBERT HOSEMANN,** | ) | |
| in his official capacity, as Secretary of State for the | ) | |
| **State of Mississippi,** *et al.,* | ) | |
|     **Defendants.** | ) | |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Copiah County Mississippi Election Commission, by and through counsel, and files its Motion For Summary Judgment pursuant to FRCP 56 and in support thereof, would show unto the Court the following:

## BACKGROUND

1. This lawsuit was filed on July 9, 2014. [Doc. 1]. Plaintiffs amended their complaint on July 30, 2014 [Doc. 58], although the prayer for relief remains unchanged. Plaintiffs claim the Defendants violated the National Voter Registration Act's public disclosure provisions in connection with records sought by Plaintiffs related to the U.S. Senate Republican Primary in Mississippi held in June 2014.

2. Plaintiffs state that "immediately following the election in July 2014, True the Vote requested access to voter records pursuant to NVRA Section 8(i)(1) from

Copiah County"…and that "True the Vote was impermissibly denied access to complete voter records …". *See Paragraph 45 of Amended Complaint, Doc. 58.*

3. Plaintiffs seek relief related to the following records: voter rolls, voter poll books, absentee ballot applications, federal postcard applications, and other registration materials. *See Prayer for Relief, Amended Complaint, Doc. 58.*

4. A hearing was held on the injunctive relief on July 24, 2014. No witness at that hearing testified concerning any contact with Copiah County. No evidence was introduced at the hearing relating to Copiah County. After the hearing, Plaintiffs filed "incident reports" including one related to Copiah County. [Doc. 49]. This is the lone reference made to Copiah County in any way, shape, or form.

## STANDARD

5. A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed `to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555. When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold,* 369

U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Hansen v. Continental Insur. Co.,* 940 F.2d 971, 975 (5th Cir.1991).

## APPLICATION OF §1973gg-9(b)

6.	42 U.S.C. §1973gg-9(b) states:

> (b) Private right of action (1) A person who is aggrieved by a violation of this subchapter may provide written notice of the violation to the chief election official of the State involved. (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation. (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

7.	The action filed by Plaintiffs is a private right of action under this section. There is no question of material fact that the Plaintiffs made no request to Copiah County under the NVRA prior to the election for U.S. Senate. Their Amended Complaint states the request was *after* the election. *See Paragraph 45 of Amended Complaint, Doc. 58.*

8.	1973gg-9(b)(1) requires notice to the chief election officer of the State of a claimed violation of the NVRA and (b)(2) requires a 90 day wait after the notice is sent before suit may be filed.

9.	Plaintiffs contend in paragraph 61 of their Amended Complaint:

> The NVRA provides for a private right of action to enforce violations of the Act. *See* 42 U.S.C.A. § 1973gg. While a person aggrieved under the chapter may typically need to provide notice of the violation to the chief election official of the State involved prior to filing suit, notice need not be given

> if the violation occurred within 30 days of an election for Federal office. *See* 42 U.S.C.A. § 1973gg-9. *Because the violations alleged in this suit occurred within 30 days of the June 2014 Republican Primary Run-Off Election for a Federal office, Plaintiffs were not required to give notice of the violations alleged in this lawsuit.*
> [Doc. 58, paragraph 61]. (emphasis added).

10. Plaintiffs leave out a crucial word in their assertion. 1973gg-9(b)(3) does not excuse notice within thirty days of a federal election, as asserted by Plaintiffs, but rather within thirty days **before** a federal election. Therefore, the notice requirements apply.

11. Defendant Copiah County Election Commission would show that the notice requirement is a condition precedent and is jurisdictional in nature.

12. Because there is no material issue of fact, and the law is clearly stated in the statute, summary judgment should be granted.

13. Defendant Copiah County Election Commission would show that, as a matter of practical concern, the ninety day waiting period and the notice requirement is designed to prevent exactly what is occurring herein. It was clear at the hearing on the claim for injunctive relief by the testimony of True the Vote head Catherine Engelbrecht that she did not have a clear understanding of procedures, methods, and terminology used in the election process in Mississippi. (See transcript of July 24, 2014, hearing). A dialogue concerning the information needed between the requestor and the parties holding this information will likely resolve the issues or, at the very least, clearly define and narrow wherein differences of opinion lay. Plaintiffs herein immediately took to the courts and as a result, have unnecessarily wasted a lot of counties' time and money.

4

## **NO REQUEST MADE TO PARTY SUED**
## **NO REQUEST MADE TO ANYONE FOR CERTAIN DOCUMENTS/DOCUMENTS**
## **MADE AVAILABLE AND PLAINTIFFS DECLINED/CERTAIN DOCUMENTS SEALED IN BALLOT BOXES**

### A. **No request made to Copiah County Election Commission**

14. The Plaintiffs have sued the Copiah County Election Commission. County election commissions are a five member elected office whose duties, term, and qualifications are set out in §23-15-213 of the Mississippi Code of 1972, Annotated:

> At the general election in 1984 and every four (4) years thereafter there shall be elected five (5) commissioners of election for each county whose terms of office shall commence on the first Monday of January following their election and who shall serve for a term of four (4) years. Each of the commissioners, before acting, shall take and subscribe the oath of office prescribed by the Constitution and file the oath in the office of the clerk of the chancery court, there to remain. While engaged in their duties, the commissioners shall be conservators of the peace in the county, with all the duties and powers of such.
>
> The qualified electors of each supervisors district shall elect, at the general election in 1984 and every four (4) years thereafter, in their district one (1) commissioner of election. No more than one (1) commissioner shall be a resident of and reside in each supervisors district of the county; it being the purpose of this section that the county board of election commissioners shall consist of one (1) person from each supervisors district of the county and that each commissioner be elected from the supervisors district in which he resides.
>
> Candidates for county election commissioner shall qualify by filing with the clerk of the board of supervisors of their respective counties a petition personally signed by not less than fifty (50) qualified electors of the supervisors district in which they reside, requesting that they be a candidate, by 5:00 p.m. not later than the first Monday in June of the year in which the election occurs and unless the petition is filed within the required time, their names shall not be placed upon the ballot. All candidates shall declare in writing their party affiliation, if any, to the board of supervisors, and such party affiliation shall be shown on the official ballot.

> The petition shall have attached thereto a certificate of the registrar showing the number of qualified electors on each petition, which shall be furnished by the registrar on request. The board shall determine the sufficiency of the petition, and if the petition contains the required number of signatures and is filed within the time required, the president of the board shall verify that the candidate is a resident of the supervisors district in which he seeks election and that the candidate is otherwise qualified as provided by law, and shall certify that the candidate is qualified to the chairman or secretary of the county election commission and the names of the candidates shall be placed upon the ballot for the ensuing election. No county election commissioner shall serve or be considered as elected unless and until he has received a majority of the votes cast for the position or post for which he is a candidate. If a majority vote is not received in the first election, then the two (2) candidates receiving the most votes for each position or post shall be placed upon the ballot for a second election to be held three (3) weeks later in accordance with appropriate procedures followed in other elections involving runoff candidates.
>
> Upon taking office, the county board of election commissioners shall organize by electing a chairman and a secretary.
>
> It shall be the duty of the chairman to have the official ballot printed and distributed at each general or special election.

15.   Although the Plaintiffs have inserted a footnote into their Amended Complaint claiming that the Circuit Clerk is a member of the county election commission, this is totally unsupported by law. *See Footnote 2, Amended Complaint, Doc. 58.* Plaintiffs rely on §23-15-211 of the Mississippi Code of 1972, Annotated, for this proposition; however, this statute does nothing more than mention the two offices in the same statute. §23-15-211(1) of the Mississippi Code of 1972, Annotated, states:

1) There shall be:

(a) A State Board of Election Commissioners to consist of the Governor, the Secretary of State and the Attorney General, any two (2) of whom may perform the duties required of the board;

> (b) A board of election commissioners in each county to consist of five (5) persons who are electors in the county in which they are to act; and
>
> (c) A registrar in each county who shall be the clerk of the circuit court, unless he shall be shown to be an improper person to register the names of the electors in the county.

This provision in no way indicates that the Circuit Clerk is a member of the board of election commissioners. Circuit Clerk is an elected position and the primary duties, qualifications and other related provisions are set forth in §9-7-121 *et seq* of the Mississippi Code of 1972, Annotated. The above referenced statute, §23-15-211(1)(c), makes the circuit clerk the registrar in each county. This is not the equivalent of being a member of the election commission.

16. There is no evidence that any Plaintiff or anyone affiliated with Plaintiffs made any request to any member of the Copiah County Election Commission.

17. Hence, if there was no request, there can be no violation of NVRA and no suit under its private right of action. Summary judgment should be granted as to the claims against the Copiah County Election Commission.

**B. <u>No request made to anyone affiliated with Copiah County for certain records</u>**

18. The following documents are at issue: voter rolls, voter poll books, absentee ballot applications, federal postcard applications, and other registration materials. *See Prayer for Relief, Amended Complaint, Doc. 58.*

19. Alternatively, there is no evidence that Plaintiffs or anyone affiliated with Plaintiffs made a request for voter rolls, federal postcard applications, or anything that

7

could be termed "other registration materials" to **_anyone_** in Copiah County. Hence, summary judgment should be granted as to the claims relating to these types of records.

### C. Documents request fulfilled/requestor declined

20. Alternatively, the only request made to **_anyone_** in Copiah County is a request to the Circuit Clerk for the following:

1) List of Republican voters and list of Democratic voters, in electronic format, who voted in June 3rd primary by precinct, in person on Election Day and via absentee ballot.
2) List of Republican voters and list of Democratic voters, in electronic format, who voted in June 24 runoff by precinct, in person on Election Day and via absentee ballot.
3) Request to inspect the following:  a. Absentee ballot applications; b. Absentee ballot request forms; c. Absentee ballot envelopes; d. Poll books.

See Exhibit 1 to this motion, Affidavit of Edna Stevens, Copiah County Circuit Clerk.

21. Edna Stevens made a CD of the information requested in (1) and notified the requestor of its availability. (Exhibit 1, paragraph 7). The requestor replied that she did not want it, that she was headed back home to Florida, and never up picked the CD; the CD remains in the office of the Circuit Clerk.  (Exhibit 1, paragraph 8). Edna Stevens advised that all of the computer work necessary to post the results in the computer from the runoff had not been completed so that information was not yet available electronically. (Exhibit 1, paragraph 6). Ms. Stevens did not bother to make a CD of the information requested in (2) after the requestor replied that she didn't want the information.  (Exhibit 1, paragraph 8).

22. Even if the Court should decline to grant summary judgment based on no request being made to the party sued—the Election Commission—as set forth in Section

A. above, summary judgment should be granted as to the documents made available and declined by the requestor.

23. Edna Stevens advised that the poll books could be reviewed but that the dates of birth must be redacted. The requestor declined to view the poll books. (Exhibit 1, paragraph 7).

24. The issue of whether poll books are records under NVRA is one of law. If the Court determines that they are not, summary judgment should be granted in favor of Defendants as no violation of NVRA could have occurred. If the poll books are determined to be records under NVRA, the question of whether voter dates of birth are public information is still one of law. If that issue is decided in favor of protection of that information, Copiah County has fully complied with this request and summary judgment should be granted because there has been no violation of NVRA. Even if this issue is decided in favor of disclosure, Copiah County has complied with the request as to all other information in the poll books and Plaintiff declined to receive that information and summary judgment should be granted as to all information requested, save the dates of birth, as Copiah County made this information available for inspection, as requested.

**D. <u>Documents requested sealed by state law</u>**

25. The other records set out in (3) above, absentee ballot applications, absentee ballot request forms, and absentee ballot envelopes are sealed in ballot boxes pursuant to §23-15-639 of the Mississippi Code of 1972, Annotated. §23-15-911 of the Mississippi Code of 1972, Annotated, requires the Circuit Clerk to "safely keep and secure the same against any tampering therewith". It further states:

> At any time within twelve (12) days after the canvass and examination of the box and its contents by the election commission or executive committee, as the case may be, any candidate or his representative authorized in writing by him shall have the right of full examination of said box and its contents upon three (3) days' notice of his application therefor served upon the opposing candidate or candidates, or upon any member of their family over the age of eighteen (18) years, which examination shall be conducted in the presence of the circuit clerk or his deputy who shall be charged with the duty to see that none of the contents of the box are removed from the presence of the clerk or in any way tampered with. Upon the completion of said examination the box ***shall be resealed with all its contents as theretofore. And if any contest or complaint before the court shall arise over said box, it shall be kept intact and sealed until the court hearing and another ballot box, if necessary, shall be furnished for the precinct involved.***
> (emphasis added)

26. While Edna Stevens could not unseal the ballot boxes for viewing of the absentee ballot applications, absentee ballot request forms, and absentee ballot envelopes without violating state law and seriously jeopardizing the integrity of the election, she offered to provide a list of absentee voters to the requestor. (Exhibit 1, paragraph 7). This offer was not accepted. (Exhibit 1, paragraph 8 and 9).

27. Whether these documents—absentee ballot applications, absentee ballot request forms, and absentee ballot envelopes—are records under the NVRA is a question of law. If the Court determines that they are not, summary judgment should be granted in favor of Defendants as no violation of NVRA could have occurred.

28. If the question is resolved that these are NVRA records, the Court should still find as a matter of law that no violation occurred as no production of these documents could occur until after it has been determined that there is no election contest or until after the election contest has concluded. Because 1973gg-6(i) does not give a timetable for public disclosure, it would be reasonable and consistent with public policy

that these sealed documents not be disturbed until the requisite time has expired. Summary judgment should be granted that no NVRA violation occurred.

## OTHER BRIEFING ON ISSUES OF LAW

29.   Copiah County Election Commission would incorporate herein by reference the briefs submitted by Defendants in connection with the injunctive relief claims on the issues of law such as whether certain documents are records subject to NVRA and whether NVRA allows redaction of records, rather than burden the Court with making those again herein.

## CONCLUSION

Summary judgment should be granted as to Plaintiffs' claims against the Copiah County Election Commission as set forth above.

Respectfully submitted, this 6th day of August, 2014.

                By:   /s/ Elise B. Munn
                         Elise B. Munn, MSB #9654
                         BERRY & MUNN, P.A.
                         P.O. Drawer 768
                         Hazlehurst, MS 39083
                         Telephone: 601-894-4150
                         emunn@berrymunnpa.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

This the 6th day of August, 2014.

/s/ Elise B. Munn
ELISE B. MUNN