IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| TRUE THE VOTE, *et al.* )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>THE HONORABLE DELBERT HOSEMANN, )<br>in his official capacity, as Secretary of State for the )<br>State of Mississippi, *et al.*, )<br>    Defendants. ) | Civil Action No.<br>3:14-cv-532 NFA |

## MOTION FOR SUMMARY JUDGMENT

The Jefferson Davis County Election Commission ("JDCEC"), through counsel and pursuant to Fed.R.Civ.P. 56, moves this Court to enter summary judgment in its favor, and in support shows the following:

1. This lawsuit was filed on July 9, 2014. [Doc. 1]. Plaintiffs amended their complaint on July 30, 2014 [Doc. 58], although the prayer for relief remains unchanged. Plaintiffs claim the Defendants violated the National Voter Registration Act's public disclosure provisions in connection with records sought by Plaintiffs related to the U.S. Senate Republican Primary in Mississippi held in June 2014.

2. Plaintiffs state that "immediately following the election in July 2014, True the Vote requested access to voter records pursuant to NVRA Section 8(i)(1) from Jefferson Davis County" . . . and that "True the Vote was impermissibly denied access to complete voter records . . .". *See Paragraph 45 of Amended Complaint, Doc. 58.*

3. Plaintiffs seek relief related to the following records: voter rolls, voter poll books, absentee ballot applications, federal postcard applications, and other registration materials. *See Prayer for Relief, Amended Complaint, Doc. 58.*

4. A hearing was held on the injunctive relief on July 24, 2014. No witness at that hearing testified concerning any contact with the JDCEC. The plaintiffs testified about contact with the circuit clerk for Jefferson Davis County, but there was no evidence relating to the JDCEC except that the plaintiffs had not had any contact whatsoever with the JDCEC.

## **STANDARD**

5. A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed `to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555. When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Hansen v. Continental Insur. Co.,* 940 F.2d 971, 975 (5th Cir.1991).

## APPLICATION OF §1973gg-9(b)

6.  42 U.S.C. §1973gg-9(b) states:

> (b) Private right of action (1) A person who is aggrieved by a violation of this subchapter may provide written notice of the violation to the chief election official of the State involved. (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation. (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

7.  The action filed by Plaintiffs is a private right of action under this section. There is no question of material fact that the Plaintiffs made no request to the JDCEC under the NVRA prior to the election for U.S. Senate. Their Amended Complaint states the request was *after* the election. *See Paragraph 45 of Amended Complaint, Doc. 58.*

8.  1973gg-9(b)(1) requires notice to the chief election officer of the State of a claimed violation of the NVRA and (b)(2) requires a 90 day wait after the notice is sent before suit may be filed.

9.  Plaintiffs contend in paragraph 61 of their Amended Complaint:

> The NVRA provides for a private right of action to enforce violations of the Act. *See* 42 U.S.C. § 1973gg. While a person aggrieved under the chapter may typically need to provide notice of the violation to the chief election official of the State involved prior to filing suit, notice need not be given if the violation occurred within 30 days of an election for Federal office. *See* 42 U.S.C. § 1973gg-9. *Because the violations alleged in this suit occurred within 30 days of the June 2014 Republican Primary Run-Off Election for a Federal office,*

3

> *Plaintiffs were not required to give notice of the violations alleged in this lawsuit.*
> [Doc. 58, paragraph 61]. (emphasis added).

10.  Plaintiffs leave out a crucial word in their assertion.  1973gg-9(b)(3) does not excuse notice within thirty days of a federal election, as asserted by Plaintiffs, but rather within thirty days **before** a federal election.  Therefore, the notice requirements apply.

11.  The notice requirement is a condition precedent and is jurisdictional in nature.

12.  Because there is no material issue of fact, and the law is clearly stated in the statute, summary judgment should be granted.

13.  As a matter of practical concern, the ninety day waiting period and the notice requirement is designed to prevent exactly what is occurring herein.  It was clear at the hearing on the claim for injunctive relief by the testimony of True the Vote head Catherine Engelbrecht that she did not have a clear understanding of procedures, methods, and terminology used in the election process in Mississippi.  (See transcript of July 24, 2014, hearing).  A dialogue concerning the information needed between the requestor and the parties holding this information will likely resolve the issues or, at the very least, clearly define and narrow wherein differences of opinion lay.  Plaintiffs herein immediately took to the courts and as a result, have unnecessarily wasted a lot of counties' time and money.

14. The Plaintiffs have sued the JDCEC. County election commissions are a five member elected office whose duties, term, and qualifications are set out in Miss. Code Ann. §23-15-213.

15. Although the Plaintiffs have inserted a footnote into their Amended Complaint claiming that the Circuit Clerk is a member of the county election commission, this is totally unsupported by law. *See Footnote 4, Amended Complaint, Doc. 58.* Plaintiffs rely on Miss. Code Ann. §23-15-211 for this proposition; however, this statute does nothing more than mention the two offices in the same statute. §23-15-211(1) of the Mississippi Code of 1972, Annotated, states:

> There shall be:
>
> (a) A State Board of Election Commissioners to consist of the Governor, the Secretary of State and the Attorney General, any two (2) of whom may perform the duties required of the board;
>
> (b) A board of election commissioners in each county to consist of five (5) persons who are electors in the county in which they are to act; and
>
> (c) A registrar in each county who shall be the clerk of the circuit court, unless he shall be shown to be an improper person to register the names of the electors in the county.

This provision in no way indicates that the Jefferson Davis County Circuit Clerk is a member of the JDCEC. The office of circuit clerk is an elected position and the primary duties, qualifications and other related provisions are set forth in Miss. Code Ann. §9-7-121 *et seq*. The above referenced statute, §23-15-211(1)(c), makes the circuit clerk the registrar in each county. It does not make any circuit clerk a member of any county election commission.

16. The Plaintiffs make no pretense that they made any request to any member of the JDCEC for any information.  In fact, Ms. Engelbrecht testified on behalf of True the Vote that she did not know whether any member of the JDCEC had been contacted, or whether any request had been made to the JDCEC.  She testified only that requests were made to the wholly separate office of the Circuit Clerk.  The affidavit of Carolyn Rhodes, Chairperson of the JDCEC makes it clear that the JDCEC received no request for information from any of the plaintiffs and that the JDCEC has not refused to give any information to the plaintiffs.  Ms. Rhodes' unexecuted affidavit is attached hereto as exhibit "A".  An executed affidavit will be substituted shortly.

17. As there was no request of any nature to the JDCEC, there can be no violation by the JDCEC of the NVRA and there can be no liability on the part of the JDCEC on any other theory.  Accordingly, summary judgment should be granted as to the claims against the JDCEC.

18. The JDCEC incorporates herein by reference the brief submitted, or to be submitted, by the Secretary of State regarding which documents are or are not subject to production under the NVRA and under what circumstances.

WHEREFORE, summary judgment should be entered in favor of the JDCEC, and the plaintiffs' claims against the JDCEC should be dismissed with prejudice.

Dated:  August 6, 2014.

Respectfully submitted,

                              JEFFERSON DAVIS COUNTY,
                              MISSISSIPPI ELECTION COMMISSION

                  by:   __s/ Robert E. Sanders_____
                        Robert E. Sanders, MSB #6446
                        Wes Daughdrill, MSB # 9617

Young Wells Williams P.A.
141 Township Ave., Suite 300
P.O. Box 6005
Ridgeland, MS 39158-6005
601.948.6100    *telephone*
601.355.6136    *facsimile*
rsanders@youngwells.com
wes.daughdrill@youngwells.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

SO CERTIFIED, this 6th day of August, 2014.

     s/ Robert E. Sanders
Robert E. Sanders, MSB #6446