IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, *et al.*                                           PLAINTIFFS

vs.                                                 Civil Action No. 3:14-cv-532-NFA

DELBERT HOSEMANN, *et al.*                              DEFENDANTS

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
FILED BY RANKIN COUNTY, MISSISSIPPI ELECTION
COMMISSION**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Rankin County, Mississippi, Election Commission files this Memorandum in Support of its Motion for Summary Judgment as follows:

**FACTUAL SUMMARY**

1. Plaintiffs allege that the Defendant, Rankin County, Mississippi, Election Commission violated the public disclosure provisions of the National Voter Registration Act ("NVRA") by refusing to provide access to election records following the June 3, 2014, and June 24, 2014, U.S. Senate Primary election and runoff election.

2.      Plaintiffs allege [Doc. 58, Paragraph 45] that "…immediately following the election in July 2014 …" they requested election records from "… Rankin County …" and that they did so, "…pursuant to NVRA Section 8(i)(1)."

3.      This Court conducted a hearing on Plaintiffs request for temporary injunctive relief on July 24, 2014.  At the hearing, testimony was adduced establishing that Plaintiffs made all requests for election documents to Rankin County Circuit Clerk, Rebecca N. Boyd, who is not a member of the RCMEC.

4.      Following the hearing, Plaintiffs filed multiple documents purporting to be "incident reports" [Doc. 49] allegedly documenting Plaintiffs' interaction with various Defendants.  With the exception of one alleged incident report, all such reports related to Rankin County, Mississippi, identify Circuit Clerk, Rebecca N. Boyd, as the individual associated with Rankin County, Mississippi with whom the Plaintiffs interacted.  One alleged incident report identified as being the report of Michael Rowley suggests that he made a request for "…absentee ballot applications and envelopes…" from the Chairman of the RCMEC, Leslie Lewis, on July 7, 2014, some two weeks following the runoff election of June 24, 2014. [Doc. 49-2, pp. 30-31].

5.      Plaintiffs have alleged no interaction with any persons associated with Rankin County, Mississippi, concerning a request for access to election documents

at any time earlier than the Thursday prior to the June 24, 2014, Runoff Election. [See, Evidentiary Hearing Tr. P. 98, ll. 19-25].

6. It is without dispute that Plaintiffs' first notice of an alleged violation of the NVRA by RCMEC was provided on July 15, 2014, when a Summons and Complaint was served upon Leslie Lewis as Chairman of the RCMEC. [Doc. 37].

## ARGUMENT

7. This Court is well familiar with the applicable standard for determining Motions for Summary Judgment as set forth in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) which are designed to secure the just, speedy and inexpensive determination of every action.

8. Plaintiffs failed to provide any Defendant, including RCMEC, with notice of an alleged violation of the NVRA nor give any Defendant an opportunity to cure the alleged violation prior to the filing and service of a Summons and Complaint. Pursuant to 42 U.S.C. § 1973gg–9(b), Plaintiffs were required to notify Mississippi's Chief Election Official of an alleged violation of the NVRA by RCMEC at least 30 days, or potentially as much as 90 days, before filing suit. By failing to provide the required notice of violation, Plaintiffs have not satisfied the prerequisite to maintaining a private right of action under the NVRA. See, *Broyles v. Texas*, 618 F.Supp. 661 (S.D. Tex. 2009).

9.	The *Broyles* Court's holding, while have limited precedential impact, is instructive as follows:

> Even if the NVRA otherwise applied to municipal registration issues, the plaintiffs have not satisfied the § 1973gg–9 prerequisite that a private party may sue only after the "chief election official of the State involved" is given notice of the violation and 90 days to cure (or 20 days "if the violation occurred within 120 days before the date of an election for Federal office"). 42 U.S.C. § 1973gg–9(b)(1), (2). The only exception to this requirement exists "[i]f the violation occurred within 30 days before the date of an election for Federal office." Id. § 1973gg–9(b)(3); see Nat'l Coalition for Students with Disabilities Educ. & Legal Def. Fund v. Allen, 152 F.3d 283, 286 n. 2 (4th Cir.1998) ("Before suing for declaratory or injunctive relief under the [NVRA], a person must (in most cases) give the state's chief election official prior written notice of the alleged violation."); Ass'n of Community Orgs. for Reform Now, 129 F.3d at 838 ("[L]anguage and legislative history of [the NVRA] indicate that Congress structured the notice requirement in such a way that notice would provide states in violation of the [NVRA] an opportunity to attempt compliance before facing litigation."). Although many of the violations the plaintiffs allege occurred within 30 days before the municipal incorporation vote, that vote was not "an election for Federal office," and the exception does not apply. The plaintiffs concede that they did not provide the Texas Secretary of State with notice until July 2008, after the municipal incorporation vote, and that the "notice" came in the form of a Summons and original Complaint notifying the State that it was named as a defendant in the present suit. The plaintiffs have not satisfied the requirements under § 1973gg–9 to pursue a private right of action.

*Id.*, at 691.

10.     RCMEC incorporates herein the briefing of other Defendants in support of their respective motions for summary judgment and spares the Court the necessity of reviewing duplication of the arguments herein.

11.     RCMEC is entitled to Summary Judgment as a matter of law.

DATED, this the 6th day of August, 2014.

                              Respectfully submitted,
                              RANKIN COUNTY, MISSISSIPPI
                              ELECTION COMMISSION

                              BY:  /s/ CRAIG L. SLAY, MSB #10272

Rankin County Board of Supervisors
211 E. Government Street, Suite A
Brandon, Mississippi 39042
Telephone: 601.825.1475

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served, via this Court's ECF filing system, a copy of the foregoing on all counsel who have entered their appearances in this action to date.

SO CERTIFIED, this the 6th day of August, 2014.

                              /s/ Craig L. Slay. MSB #10272