IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRUE THE VOTE, *et al.*                                                    PLAINTIFFS

V.                                              CIVIL ACTION NO.: 3:14-CV-532-NFA

THE HONORABLE DELBERT HOSEMANN,
in his official capacity, as Secretary of State for the
State of Mississippi, *et al.*,                                      DEFENDANTS

**DEFENDANT LAUDERDALE COUNTY
MISSISSIPPI ELECTION COMMISSION'S
MOTION FOR SUMMARY JUDGMENT**

_____

COMES NOW Defendant, Lauderdale County Mississippi Election Commission ("Lauderdale Commission") through counsel, and files this its Motion for Summary Judgment and respectfully shows unto the Court that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law for the following reasons:

1.      On July 9, 2014, the Plaintiffs filed their Complaint for Declaratory and Injunctive Relief. *See* ECF No. 1.  On or about July 30, 2014, the Plaintiffs filed their Amended Complaint for Declaratory and Injunctive Relief, although the prayer for relief remains unchanged.  *See* ECF No. 58.  Plaintiffs claim the Defendants violated the National Voter Registration Act's public disclosure provisions in connection with records sought by Plaintiffs related to the U.S. Senate Republican Primary in Mississippi held in June 2014.

2.      Plaintiffs state that "immediately following the election in July 2014, True

the Vote requested access to voter records pursuant to NVRA Section 8(i)(1) from ...

Lauderdale County"…and that "True the Vote was impermissibly denied access to

complete voter records …". *See Paragraph 45 of Amended Complaint, Doc. 58.*

Plaintiffs seek relief related to the following records: voter rolls, voter poll books,

absentee ballot applications, federal postcard applications, and other registration

materials.  *See Prayer for Relief, Amended Complaint, Doc. 58.*

3.      A hearing was held on the injunctive relief on July 24, 2014. No witness at

that hearing testified concerning any contact with Lauderdale County. No evidence was

introduced at the hearing relating to Lauderdale County. After the hearing, Plaintiffs filed

"incident reports" including two from July 7, 2014 related to Lauderdale County. [Doc.

49]. These are the only references made to Lauderdale County in any manner.

4.      On August 5, 2014, Defendant Lauderdale Commission filed its Answer

and Defenses in this matter.  <u>See</u> ECF No. 74.  It now moves for summary judgment.  In

support of its motion for summary judgment, the Defendant Lauderdale Commission

relies, among other things, on the following attached exhibits incorporated by reference:

> Exhibit "A":  Affidavit of Tina Moore;
> Exhibit "B":  Affidavit of Wallace Heggie;
> Exhibit "C":  Affidavit of Awana Simmons;
> Exhibit "D":  Affidavit of Donna Jill Johnson; and
> Exhibit "E":  Affidavit of Jeff Tate.

**STANDARD OF REVIEW**

5.      Summary judgment is mandatory "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Summary Judgment. . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Little*, 37 F.3d at 1075 (quoting Fed.R.Civ.P. 56(c)).

### APPLICATION OF §1973gg-9(b)

6.      42 U.S.C. §1973gg-9(b) provides as follows:

> (b) Private right of action (1) A person who is aggrieved by a violation of this subchapter may provide written notice of the violation to the chief election official of the ***State*** involved. (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation. (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).  (Emphasis added).

The action filed by Plaintiffs is a private right of action under this section. It is undisputed that the Plaintiffs made no request to the Lauderdale Commission under the NVRA prior to the election for U.S. Senate. Their Amended Complaint states the request was *after* the election. *See Paragraph 45 of Amended Complaint, Doc. 58.*

7.     Notably, it is undisputed that no Plaintiff made visited or made any request to the Lauderdale Commission.  The affidavits attached to this motion all confirm that only contacts were on July 7, 2014 with 2 representatives (non-parties John and Karen Hobson) of True The Vote.[1]

8.     Section 1973gg-9(b)(1) requires notice to the chief election officer of the State of a claimed violation of the NVRA and (b)(2) requires a 90 day wait after the notice is sent before suit may be filed.  Plaintiffs contend in paragraph 61 of their Amended Complaint:

> The NVRA provides for a private right of action to enforce violations of the Act. *See* 42 U.S.C.A. § 1973gg. While a person aggrieved under the chapter may typically need to provide notice of the violation to the chief election official of the State involved prior to filing suit, notice need not be given if the violation occurred within 30 days of an election for Federal office. *See* 42 U.S.C.A. § 1973gg-9. *Because the violations alleged in this suit occurred within 30 days of the June 2014 Republican Primary Run-Off Election for a Federal office, Plaintiffs were not required to give notice of the violations alleged in this lawsuit.*

[Doc. 58, paragraph 61]. (emphasis added).  Conspicuously absent from Plaintiffs' assertion is a critical word.  Section 1973gg-9(b)(3) does not excuse notice within thirty days of a federal election, as asserted by Plaintiffs, but rather within thirty days **before** a federal election. Therefore, the notice requirements apply.

9.     The notice requirement is a condition precedent and is jurisdictional in nature.  The Plaintiffs did not provide the required notice, thus summary judgment should

---

[1]This is consistent with Plaintiffs' two "incident reports" from July 7, 2014 related to Lauderdale County. [Doc. 49].

be granted.

10.     Furthermore, as its fellow Election Commissions have noted, the ninety day waiting period and the notice requirement were designed to prevent exactly what is occurring herein.  It is evident form the testimony of Catherine Engelbrecht that she did not have a clear understanding of procedures, methods, and terminology used in the election process in Mississippi. (See transcript of July 24, 2014, hearing).  Rather than complying with the notice requirements, Plaintiffs immediately rushed to litigation and as a result, have unnecessarily wasted the time and money of the numerous public entities and officials named in this case.

**Further Bases for Summary Judgment**:

11.     The Lauderdale Commission incorporate herein by reference the briefs submitted by its Co-Defendants in connection with the injunctive relief claims on the issues of law such as whether certain documents are records subject to NVRA and whether NVRA allows redaction of records, rather than burden the Court with making those again herein.  The Lauderdale Commission specifically incorporates the assertions of The Republican Party of Mississippi set forth in its Memorandum Brief.  *See* ECF No. 88.

**No request has been improperly denied**

12.     The Plaintiffs have sued the Lauderdale County Election Commission. County election commissions are a five member elected office whose duties, term, and qualifications are set out in §23-15-213 of the Mississippi Code of 1972, Annotated:

At the general election in 1984 and every four (4) years thereafter there
shall be elected five (5) commissioners of election for each county whose
terms of office shall commence on the first Monday of January following
their election and who shall serve for a term of four (4) years. Each of the
commissioners, before acting, shall take and subscribe the oath of office
prescribed by the Constitution and file the oath in the office of the clerk of
the chancery court, there to remain. While engaged in their duties, the
commissioners shall be conservators of the peace in the county, with all the
duties and powers of such....

13.     Although the Plaintiffs have inserted a footnote into their Amended

Complaint claiming that the Circuit Clerk is a member of the county election commission,

this is totally unsupported by law. *See Footnote 5, Amended Complaint, Doc. 58.*

Plaintiffs rely on Mississippi Code §23-15-211 for this proposition; however, this statute

does nothing more than mention the two offices in the same statute.  Section §23-15-

211(1) of the Mississippi Code states:

1) There shall be:

(a) A State Board of Election Commissioners to consist of the Governor,
the Secretary of State and the Attorney General, any two (2) of whom may
perform the duties required of the board;

(b) A board of election commissioners in each county to consist of five (5)
persons who are electors in the county in which they are to act; and

(c) A registrar in each county who shall be the clerk of the circuit court,
unless he shall be shown to be an improper person to register the names of
the electors in the county.

This provision in no way indicates that the Circuit Clerk is a member of the board of

election commissioners. Circuit Clerk is an elected position and the primary duties,

qualifications and other related provisions are set forth in §9-7-121 *et seq* of the

Mississippi Code of 1972, Annotated. The above referenced statute, §23-15-211(1)(c),
makes the circuit clerk the registrar in each county. This is not the equivalent of being a
member of the election commission.

14.     As the Lauderdale Commission's affidavits collectively confirm, the only
written request for any documents was submitted to the Lauderdale County Circuit Clerk
on July 7, 2014, and that request has been completely satisfied.  *See* Exhibit "A":
Affidavit of Tina Moore; Exhibit "B":  Affidavit of Wallace Heggie; Exhibit "C":
Affidavit of Awana Simmons; Exhibit "D": Affidavit of Donna Jill Johnson; and Exhibit
"E":   Affidavit of Jeff Tate.

15.     Further, to the extent that the Hobsons were aggrieved with the response,
then their recourse was to file a complaint with the Mississippi Ethics Commission, not
for True the Vote to resort to litigation.[2]  The Mississippi Public Records Act of 1983
("MPRA") is found at Mississippi Code § 25-61-1, *et seq*.  Note that in accordance with
Mississippi Code § 25-61-13, proceedings for alleged violations of the MPRA are to be
filed with the Mississippi Ethics Commissions.  The statute provides as follows:

§ 25-61-13. Proceedings to compel public access

The Mississippi Ethics Commission shall have the authority to enforce the
provisions of this chapter upon a complaint filed by any person denied the
right granted under Section 25-61-5 to inspect or copy public records. Upon
receiving a complaint, the commission shall forward a copy of the
complaint to the head of the public body involved. The public body shall

---

[2]Notably none of the Plaintiffs, or John and Karen Hobson, have filed any complaint with
the Ethics Commission against the Lauderdale Commission.

have fourteen (14) days from receipt of the complaint to file a response with the commission. After receiving the response to the complaint or, if no response is received after fourteen (14) days, the commission, in its discretion, may dismiss the complaint or proceed by setting a hearing in accordance with rules and regulations promulgated by the Ethics Commission. The Ethics Commission may order the public body and any individual employees or officials of the public body to produce records or take other reasonable measures necessary, if any, to comply with this chapter. The Ethics Commission may also impose penalties as authorized in this chapter. The Ethics Commission may order a public body to produce records for private review by the commission, its staff or designee. The Ethics Commission shall complete its private review of the records within thirty (30) days after receipt of the records from the public body. Records produced to the commission for private review shall remain exempt from disclosure under this chapter while in the custody of the commission.

Nothing in this chapter shall be construed to prohibit the Ethics Commission from mediating or otherwise resolving disputes arising under this chapter, from issuing an order based on a complaint and response where no facts are in dispute, or from entering orders agreed to by the parties. In carrying out its responsibilities under this section, the Ethics Commission shall have all the powers and authority granted to it in Title 25, Chapter 4, Mississippi Code of 1972, including the authority to promulgate rules and regulations in furtherance of this chapter.

Any party may petition the chancery court of the county in which the public body is located to enforce or appeal any order of the Ethics Commission issued pursuant to this chapter. In any such appeal the chancery court shall conduct a de novo review. Nothing in this chapter shall be construed to prohibit any party from filing a complaint in any chancery court having jurisdiction, nor shall a party be obligated to exhaust administrative remedies before filing a complaint. However, any party filing such a complaint in chancery court shall serve written notice upon the Ethics Commission at the time of filing the complaint. The written notice is for information only and does not make the Ethics Commission a party to the case.

16.     As previously stated, the Lauderdale Commission incorporate herein by

reference the briefs submitted by its Co-Defendants in connection with the injunctive

relief claims on the issues of law such as whether certain documents are records subject to NVRA and whether NVRA allows redaction of records, rather than burden the Court with making those again herein. The Lauderdale Commission specifically incorporates the assertions of The Republican Party of Mississippi set forth in its Memorandum Brief. *See* ECF No. 88.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the Lauderdale Commission respectfully submits that it is entitled to judgment as a matter of law and that the Plaintiffs' claims should be dismissed. Lauderdale Commission requests such other and further relief as the Court may deem just and proper under the circumstances.

This the 6th day of August, 2014.

Respectfully submitted,

**LAUDERDALE COUNTY MISSISSIPPI ELECTION COMMISSION, DEFENDANT**

BY:    /s/ Lee Thaggard
Lee Thaggard (MSB #9442)
Robert T. Bailey (MSB #102270)
BARRY, PALMER, THAGGARD,
MAY & BAILEY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
Telephone: 601-693-2393

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

All counsel of record

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

Respectfully submitted this the 6th day of August, 2014.

<div style="margin-left:40%">

/s/ Lee Thaggard
Lee Thaggard

</div>

F:\MyFiles\Wpdocs\23145\Motions\Motion.SJ.wpd