IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON, DIVISION

TRUE THE VOTE, ET AL,                                                              PLAINTIFFS

V.                                                                        Cause No. 3:14cv00532-NFA

HON. DELBERT HOSEMANN, IN THE OFFICIAL                                 DEFENDANTS
CAPACITY AS SECRETARY OF THE STATE OF MISSISSIPPI,
THE REPUBLICAN PARTY OF MISSISSIPPI, HINDS COUNTY
ELECTION COMMISSION, ET AL,

## LEAKE COUNTY, MISSISSIPPI ELECTION COMMISSION'S AFFIRMATIVE DEFENSES AND ANSWER TO AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

COMES NOW, the Defendant, the Leake County, Mississippi Election Commission ("Leake Commission"), through counsel, pursuant to the Federal Rules of Civil Procedures and other applicable authority, and files its Affirmative Defenses and Answer to the Amended Complaint for Injunctive and Declaratory Relief, and in support thereof, respectfully states as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### Second Defense

Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction.

### Third Defense

Leake Commission has not breached any duty owed to the Plaintiffs, whether contractual, common law, state or federal statutory law.

### Fourth Defense

Leake Commission reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

### Fifth Defense

Leake Commission denies that any of its actions and/or omissions caused the Plaintiffs harm or special harm.

### Sixth Defense

Leake Commission's action with the Plaintiffs, if any, were conducted in good faith.

### Seventh Defense

Leake Commission denies each and every allegation in which the Plaintiffs seek to impose liability upon it, whether expressly denied herein or not.

### Eighth Defense

The Amended Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

### Ninth Defense

The sole proximate and/or contributing cause of the Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of the Leake Commission, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the Leake Commission cannot be held liable.

### Tenth Defense

Without waiving any other affirmative defense, the Leake Commission affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives or employees of the Leake Commission, or any other Defendant toward the Plaintiffs and that any alleged intentional acts of any agent, representative or employees of the Leake Commission and/or any other Defendant, if any, were not reasonably foreseeable by the Leake Commission.

### Eleventh Defense

The Plaintiffs failed to mitigate their damages.

### Twelfth Defense

The Plaintiffs' claims are barred by the applicable statute of limitations and/or pre-suit notice.

**Thirteenth Defense**

The Leake Commission asserts any all other affirmative defense to which it may be entitled, including contributory negligence, estopped, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

**Fourteenth Defense**

Plaintiffs' claims against the Leake Commission are prohibited by prevailing Federal and State Law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

**Fifteenth Defense**

The Leake Commission has no custom, practice or policy that caused or contributed to the alleged deprivations, injuries and/or damages suffered by the Plaintiffs.

**Sixteenth Defense**

The Leake Commission hereby asserts the defense of qualified immunity, sovereign immunity, and any other immunity available to it under federal or state law.

**Seventeenth Defense**

Plaintiffs' claims, if any, against the Leake Commission, that may be alleged to have possibly arisen from judicial and/or administrative action of Leake Commission are prohibited by statute, where said allegations claim that the Leake Commission employees were acting within the scope of their employment for the Leake Commission.

**Eighteenth Defense**

Plaintiffs' claims against the Leake Commission are prohibited by statute because they are alleged to have arisen from alleged failures of the Leake Commission, and then employees to execute or perform a statute, ordinance, or regulation.

**Nineteenth Defense**

Plaintiffs' claims against the Leake Commission are prohibited because the Leake Commission is immune from allegations based on the Leake Commission's exercise or performance or the failure to exercise or perform a discretionary function or duty.

### Twentieth Defense

The alleged acts or omissions alleged by the Plaintiffs against the Leake Commission as may be set forth in the Amended Compliant herein, do not rise to the level of a constitutional violation.

### Twenty-First Defense

Plaintiffs' request for injunctive relief is barred as Plaintiffs fail to plead any specificity, provide or show proper notice, substantial likelihood of success on the merits, emergency circumstances or irreparable harm/injury as required by Rule 65 of the Federal Rules of Civil Procedures.

### Twenty-Second Defense

Some or all of the Plaintiffs claims are barred for failure to properly exhaust their administrative remedies and/or satisfy the requisite statutory conditions precedent to asserting any cause of action against the Leake Commission, including, but not limited to, Plaintiffs' failure to comply with 42 U.S.C. § 1973gg-9(b).

### Twenty-Third Defense

The Leake Commission affirmatively asserts all defense to which it is entitled or which it may become entitled to through discovery in this actions, under 42 U.S.C. §1973gg *et seq.,* 42 U.S.C. § 1983, 42 U.S.C. § 1988 and/or any other applicable provisions of federal and state law.

### Twenty-Fourth Defense

Some or all of the Plaintiffs' claims are barred by judicial abstention doctrines, including, but not limited to, *Younger*, *Pullman*, *Burford*, and/or *Colorado River* abstention.

### Twenty-Fifth Defense

Some or all of the Plaintiffs' claims are barred by their lack of standing and the doctrine of mootness because they are not ripe for judicial review and/or are insufficient to warrant an award of injunctive or declaratory relief.

### Twenty-Sixth Defense

The Leake Commission is not a proper party to Plaintiffs' putative causes of action asserted under U.S.C. § 1973gg-6.

## **ANSWER**

And now, without waiver of any other defense contained herein, the Leake Commission responds to the allegations of the Amended Complaint, paragraph by paragraph, as follows:

1. Denies the allegations contained in Paragraph 1 of the Amended Complaint as phrased.
2. Denies the allegations contained in Paragraph 2 as phrased.
3. Admits the allegations contained in Paragraph 3 upon information and belief
4. Admits the allegations contained in Paragraph 4 as phrased.
5. Denies the allegations contained in Paragraph 5 upon information and belief.
6. Admits the allegations contained in Paragraph 6 upon information and belief.
7. Admits the allegations contained in Paragraph 7 upon information and belief.
8. Admits the allegations contained in Paragraph 8 upon information and belief.
9. Admits the allegations contained in Paragraph 9 upon information and belief.
10. Admits the allegations contained in Paragraph 10 upon information and belief.
11. Admits the allegations contained in Paragraph 11 upon information and belief.
12. Admits the allegations contained in Paragraph 12 upon information and belief.
13. Admits the allegations contained in Paragraph 13 upon information and belief.
14. Admits the allegations contained in Paragraph 14 upon information and belief.
15. Admits the allegations contained in Paragraph 15 upon information and belief.
16. Admits the allegations contained in Paragraph 16 upon information and belief.
17. Admits the allegations contained in Paragraph 17 upon information and belief.
18. Admits the allegations contained in Paragraph 18 upon information and belief.
19. Admits the allegations contained in Paragraph 19 upon information and belief.
20. Admits the allegations contained in Paragraph 20 upon information and belief.
21. Admits the allegations contained in Paragraph 21 upon information and belief.
22. Admits the allegations contained in Paragraph 22 upon information and belief.
23. Admits the allegations contained in Paragraph 23 upon information and belief.
24. Admits the allegations contained in Paragraph 24 upon information and belief.
25. Admits the allegations contained in Paragraph 25 upon information and belief.
26. Admits the allegations contained in Paragraph 26 upon information and belief.

27. Admits the allegations contained in Paragraph 27 upon information and belief.
28. Denies the allegations contained in Paragraph 28 upon information and belief.
29. Denies the allegations contained in Paragraph 29 upon information and belief.
30. Denies the allegations contained in Paragraph 30 upon information and belief.
31. Denies the allegations contained in Paragraph 31 upon information and belief.
32. Denies the allegations contained in Paragraph 32 upon information and belief.
33. Denies the allegations contained in Paragraph 33 upon information and belief.
34. Denies the allegations contained in Paragraph 34 upon information and belief.
35. Denies the allegations contained in Paragraph 35 upon information and relief.
36. Denies the allegations contained in Paragraph 36 upon information and relief.
37. Denies the allegations contained in Paragraph 37 as phrased.
38. Denies the allegations contained in Paragraph 38 as phrased.
39. Denies the allegations contained in Paragraph 39 as phrased.
40. Denies the allegations contained in Paragraph 40, including Header A.
41. Denies the allegations contained in Paragraph 41 as phrased.
42. Denies the allegations contained in Paragraph 42 as phrased.
43. Denies the allegations contained in Paragraph 43 as phrased.
44. Denies the allegations contained in Paragraph 44 as phrased.
45. Denies the allegations contained in Paragraph 45 as phrased.
46. Denies the allegations contained in Paragraph 46 as phrased.
47. Denies the allegations contained in Paragraph 47 as phrased.
48. Denies the allegations contained in Paragraph 48, including Header A.
49. Denies the allegations contained in Paragraph 49 as phrased.
50. Denies the allegations contained in Paragraph 50 as phrased.
51. Denies the allegations contained in Paragraph 51 as phrased.
52. Denies the allegations contained in Paragraph 52 as phrased.
53. Denies the allegations contained in Paragraph 53 as phrased.
54. Denies the allegations contained in Paragraph 54 as phrased.
55. Denies the allegations contained in Paragraph 55 as phrased.
56. Denies the allegations contained in Paragraph 56 as phrased.
57. Denies the allegations contained in Paragraph 57 as phrased.

58. Denies the allegations contained in Paragraph 58 as phrased.

59. Denies the allegations contained in Paragraph 59 as phrased.

60. Denies the allegations contained in Paragraph 60 as phrased.

61. Denies the allegations contained in Paragraph 61 as phrased.

62. Denies the allegations contained in Paragraph 62 as phrased.

63. Denies the allegations contained in Paragraph 63 as phrased.

64. Denies the allegations contained in Paragraph 64 as phrased.

65. Denies the allegations contained in Paragraph 65 as phrased.

66. Denies the allegations contained in Paragraph 66 as phrased.

67. Denies the allegations contained in Paragraph 67 as phrased.

68. Denies the allegations contained in Paragraph 68 as phrased, including the entire Header "Count 1."

69. Denies the allegations contained in Paragraph 69 as phrased.

70. Denies the allegations contained in Paragraph 70 as phrased.

71. Denies the allegations contained in Paragraph 71 as phrased.

72. Denies the allegations contained in Paragraph 72 as phrased.

73. Denies the allegations contained in Paragraph 73 as phrased.

74. Denies the allegations contained in Paragraph 74 as phrased.

75. Denies the allegations contained in Paragraph 75 as phrased.

76. Denies the allegations contained in Paragraph 76 as phrased.

77. Denies the allegations contained in Paragraph 77 as phrased.

78. Denies the allegations contained in Paragraph 78 as phrased.

79. Denies the allegations contained in Paragraph 79 as phrased, including the entire Header "Count II."

80. Denies the allegations contained in Paragraph 80 as phrased.

81. Denies the allegations contained in Paragraph 81 as phrased.

82. Denies the allegations contained in Paragraph 82 as phrased.

83. Denies the allegations contained in Paragraph 83 as phrased.

84. Denies the allegations contained in Paragraph 84 as phrased.

85. Denies the allegations contained in Paragraph 85 as phrased.

86. Denies the allegations contained in Paragraph 86 as phrased.

87. Denies the allegations contained in Paragraph 87 as phrased, including the entire Header "Count III."

88. Denies the allegations contained in Paragraph 88 as phrased.

89. Denies the allegations contained in Paragraph 89 as phrased.

90. Denies the allegations contained in Paragraph 90 as phrased.

91. Denies the allegations contained in Paragraph 91 as phrased.

92. Denies the allegations contained in Paragraph 92 as phrased.

93. Denies the allegations contained in Paragraph 93 as phrased.

94. Denies the allegations contained in Paragraph 94 as phrased.

95. Denies the allegations contained in Paragraph 95 as phrased.

96. Denies the allegations contained in Paragraph 96 as phrased.

97. Denies the allegations contained in Paragraph 97 as phrased.

98. Denies the allegations contained in Paragraph VIII, Prayer for Relief and further denies that Plaintiffs are entitled to any relief from this Defendant.

AND NOW having answered the allegations of the Amended Complaint, this Defendant respectfully requests that it be dismissed and that it be awarded attorney's fees, costs and other expenses.

Respectfully submitted,

Leake County, Mississippi
Election Commission, Defendant

BY:   */s/* Jeff Webb
      Jeffrey T. Webb, MSB No. 8785
      Webb Law Firm, PLLC
      Post Office Box 452
      203 South Pearl Street
      Carthage, Mississippi 39051
      (601) 267-9762
      Email: webblaw@bellsouth.net

      ATTORNEY FOR DEFENDANT
      LEAKE COUNTY
      ELECTION COMMISSION

## **CERTIFICATE OF SERVICE**

      I hereby certify that this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing all attorneys of record.

      THIS the 8th day of August, 2014.

                                                              */s/* Jeff Webb  
                                                              Jeff Webb