IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRUE THE VOTE, *et al.*                                                                    PLAINTIFFS

V.                                CIVIL ACTION NO.: 3:14-CV-532-NFA

THE HONORABLE DELBERT HOSEMANN,
in his official capacity, as Secretary of State for the
State of Mississippi, *et al.*,                              DEFENDANTS

**LAUDERDALE COUNTY MISSISSIPPI ELECTION COMMISSION'S
REPLY TO PLAINTIFFS' [72] RESPONSE RE [70] RESPONSE**

COMES NOW, Defendant Lauderdale County Mississippi Election Commission ("Lauderdale Commission"), through counsel, and files its Reply to Plaintiffs' Response [ECF No. 72] in Opposition to Defendant Lauderdale Commission's Response [ECF No. 70] in Opposition regarding Notice of Filing Incident Reports [ECF No. 49] as follows:

1. In their Response although the Plaintiffs correctly refer at times to Lauderdale Commission's filing as an "objection," they apparently believe it has the same pre-filing requirements as a discovery motion under Local Rule 37(a). Based upon that misplaced belief, the Plaintiffs assert that the Lauderdale Commission failed to follow allegedly applicable local rules[1] by failing to confer with Plaintiffs counsel regarding the Lauderdale Commission's anticipated filing and also by failing to submit a proposed Order to the Court on the Lauderdale Commission's Objection.

---

[1] Notably, the Plaintiffs cite no specific local rule in support of their position.

2. First, the Lauderdale Commission did not file a discovery motion on the subject. Rather, Lauderdale Commission's filing memorializes evidentiary objections to documents filed by the Plaintiffs essentially in continuation of the July 24, 2014 hearing. Because the documents pertaining to the Lauderdale Commission or Lauderdale County were not received or offered into evidence at the hearing on July 24, 2014, counsel for the Lauderdale Commission had no opportunity to make any desired evidentiary objection. If any documents pertaining to the Lauderdale Commission or Lauderdale County had been offered into evidence by Plaintiffs at the hearing, counsel for the Lauderdale County Commission certainly would have had NO obligation to first confer with Plaintiffs counsel before interposing an objection.

3. As the excerpt from the transcript from the hearing reveals, near the conclusion of the hearing, the Court did "allow" the Plaintiffs to file additional evidentiary documents "after the hearing ... concerning the counties that are here." *See* Plaintiffs' Exhibit "1" at 280. The Court continued, "And I'll decide after I see them whether I'm going to receive them." *Id*. Clearly, the Court's authorization in that regard did not preclude any Defendant from filing evidentiary objections to such documents which had previously NOT been offered or received into evidence on the record at the hearing. Only after such filing, did the Court and Counsel actually "see" what the Plaintiff actually intended to offer into evidence. After seeing the documents presented relative to Lauderdale County, this Defendant has properly interposed its evidentiary objections.

4. Counsel for the Lauderdale Commission does acknowledge that it incorrectly stated in its initial objection/response that the Court did not direct/authorize the Plaintiffs' filing. The Lauderdale Commission regrets the error in that regard. In hindsight, counsel recalls that the discussion on the record in that regard pertained to a large box of all of True the Vote's "Incident Reports" which counsel for the Plaintiffs mentioned potentially filing. Notably at the time of filing of Lauderdale Commission's objection/response [ECF No. 70], its counsel did not have the benefit of the hearing transcript in this matter.[2]

5. Given the nature of the Lauderdale Commission's filing as an evidentiary objection rather than a discovery motion, Plaintiffs' counsel's saber rattling[3] regarding Rule 11 was unwarranted and without basis. The Lauderdale Commission stands on its evidentiary objections. The Lauderdale Commission submits that its evidentiary objections should be considered in the broad context of the July 24, 2014 hearing, as continued by Plaintiff's evidentiary filing.

6. In conclusion, the Lauderdale Commission adds that the Plaintiffs' arguments about specific Copiah County documents have no relevance to the Lauderdale County incident reports. For example, the Plaintiff's assertions about "adoptive

---

[2]In view of the complete lack of evidence offered at the hearing regarding either Lauderdale County or the Lauderdale Commission, the Lauderdale Commission had no reason to unnecessarily expend its limited resources to purchase an unnecessary transcript.

[3]Show of power, or threatening behavior intended to frighten someone.

admissions" have absolutely nothing to do with the documents Plaintiffs filed relative to Lauderdale County. Otherwise, Lauderdale Commission stands on its objections, which should be considered in the broad context of the July 24, 2014 hearing, as continued by Plaintiff's evidentiary filing.

This the 8th day of August, 2014.

>Respectfully submitted,
>
>LAUDERDALE COUNTY, MISSISSIPPI
>ELECTION COMMISSION, DEFENDANT
>
>BY: /s/ Lee Thaggard
>Lee Thaggard (MSB# 9442)
>Barry, Palmer, Thaggard, May & Bailey, LLP
>Post Office Box 2009
>505 Constitution Avenue
>Meridian, MS  39302-2009
>Telephone: 601-693-2393
>
>Attorneys for Defendant, Lauderdale County, Mississippi Election Commission

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

Respectfully submitted this the 8th day of August, 2014.

>/s/ Lee Thaggard
>Lee Thaggard