IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jan Coln, Brandie Correrro, | ) |
| Chad Higdon, Jennifer Higdon, Gene Hopkins, | ) |
| Frederick Lee Jenkins, Mary Jenkins, Tavis Kelly, | ) |
| Donna Knezevich, Joseph Knezevich, Doris Lee, | ) |
| Lauren Lynch, Norma Mackey, Roy Nicholson, | ) |
| Mark Patrick, Julie Patrick, Paul Patrick, David | ) |
| Philley, Grant Sowell, Sybil Tribble, Laura | ) |
| VanOverschelde, and Elaine Vechorik | ) |
| | |
| Plaintiffs, | ) Case No.3:14cv00532-NFA |
| | |
| The Honorable Delbert Hosemann, in his Official | ) |
| Capacity as Secretary of State for the State of Mississippi, | ) |
| Copiah County, Mississippi Election Commission, Hinds | ) |
| County, Mississippi Election Commission, Jefferson | ) |
| Davis County, Mississippi Election Commission, | ) |
| Lauderdale County, Mississippi Election Commission, | ) |
| Leake County, Mississippi Election Commission, | ) |
| Madison County Mississippi Election Commission, | ) |
| Rankin County, Mississippi Election Commission, | ) |
| Simpson County, Mississippi Election Commission, | ) |
| and Yazoo County Mississippi, Election Commission | ) |
| | |
| Defendants | ) |

**ANSWER OF MADISON COUNTY
ELECTION COMMISSION TO AMENDED COMPLAINT**

The Madison County Election Commission ("Defendant" or "MCEC"), through

counsel, responds to the Plaintiffs' Amended Complaint for Declaratory and Injunctive

Relief ("Amended Complaint" herein as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim against this Defendant upon which

relief can be granted.

**SECOND DEFENSE**

To the extent this action addresses the results of the recent federal election, the action is moot.

**THIRD DEFENSE**

The release of Madison County voters' dates of birth is prohibited by Mississippi Code §25-61-5.

**FOURTH DEFENSE**

Defendant reserves all statutory and/or indemnity rights it may have against all parties whether parties to this action or not.

**FIFTH DEFENSE**

The sole proximate and/or contributing cause of the Plaintiffs' damages, if any, were not caused to by any act or omission of the MCEC, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the MCEC cannot be held liable.

**SIXTH DEFENSE**

The Plaintiffs failed to mitigate their damages.  Information showing unique voter identification numbers are sufficient proxies for voters' dates of birth, and are available to the Plaintiffs.

**SEVENTH DEFENSE**

The MCEC is entitled to qualified immunity, sovereign immunity, and any other immunity available to a government entity under federal or state law.

## EIGHTH DEFENSE

Plaintiffs' request for injunctive relief is barred as Plaintiffs fail to please any specificity, provide or show proper notice, substantial likelihood of success on the merits, emergency circumstances or irreparable harm/injury as required by Rule 65 of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

The MCEC is not a proper party to Plaintiff's putative causes of action.

## TENTH DEFENSE

The Plaintiffs failed to exhaust all remedies outlined in the NVRA regarding an alleged violation and, therefore, their alleged claims are void and of no effect.

## ELEVENTH DEFENSE

The MCEC responds to the allegations of the Amended Complaint by numbered paragraph as follows:

1.      Paragraph 1 is introductory and requires no response.

2.      Paragraph 2 is introductory and requires no response.

3.      Jurisdiction is admitted.

4.      Venue is admitted.

5.      Denied for lack of knowledge.

6.      Denied for lack of knowledge.

7.      Denied for lack of knowledge.

8.      Denied for lack of knowledge.

9.      Denied for lack of knowledge.

10.     Denied for lack of knowledge.

11.     Denied for lack of knowledge.

12.     Denied for lack of knowledge.

13.     Denied for lack of knowledge.

14.     Denied for lack of knowledge.

15.     Denied for lack of knowledge.

16.     Denied for lack of knowledge.

17.     Denied for lack of knowledge.

18.     Denied for lack of knowledge.

19.     Denied for lack of knowledge.

20.     Denied for lack of knowledge.

21.     Denied for lack of knowledge.

22.     Denied for lack of knowledge.

23.     Denied for lack of knowledge.

24.     Denied for lack of knowledge.

25.     Denied for lack of knowledge.

26.     Denied for lack of knowledge.

27.     Denied for lack of knowledge.

28.     Denied as stated.   The cited statutes speak for themselves and are admitted, however, the Plaintiffs' characterization of the statutes are denied.

29.     The first sentence is admitted, however, the unqualified allegation that the Republican Party is responsible for conducting the elections is denied.

30.   Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

31.   Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

32.   Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

33.   Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

34.   Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

35.   Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners

are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

36.    Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

37.    Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

38.    Denied as stated.  Defendant admits that county election commissions are public bodies created under Mississippi law and election commissioners are members of their respective commissions.  The Plaintiffs' allegations regarding their composition and duties are denied.

39.    Defendant MCEC admits it has been served with a summons, however, the allegations as to whether the other defendants have been served is denied for lack of knowledge.

40.    This paragraph requires no response.

41.    Denied for lack of knowledge.

42.    Denied for lack of knowledge.

43.    Denied for lack of knowledge.

44.    Denied for lack of knowledge.

45.     Allegations pertaining to Defendant MCEC are denied as stated. Plaintiffs did not make a proper NVRA request and were not impermissibly denied access to voter records.  The remaining allegations pertaining to the other Defendants are denied for lack of knowledge.

46.     Allegations pertaining to Defendant MCEC are denied as stated, the allegations pertaining to other defendants are denied for lack of knowledge.

47.     Allegations pertaining to Defendant MCEC are denied as stated, the allegations pertaining to other defendants are denied for lack of knowledge.

48.     Allegations pertaining to Defendant MCEC are denied as stated.

49.     Denied for lack of knowledge.

50.     Denied for lack of knowledge.

51.     Denied for lack of knowledge.

52.     Denied for lack of knowledge.

53.     Denied for lack of knowledge.

54.     Denied for lack of knowledge.

55.     This paragraph requires no response.

56.     This paragraph contains no allegations of facts. To the extent this paragraph alleges any allegations of facts, those allegations are denied.

57.     To the extent this paragraph alleges any allegations of facts, those allegations are denied.

58.     This paragraph requires no response.

59.     This paragraph contains no allegations of facts. To the extent this paragraph alleges any allegations of facts, those allegations are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Admitted.

64.     Admitted.

65.     Denied.

66.     Denied.

67.     Denied for lack of knowledge.

68.     Denied.

69.     This paragraph requires no response.

70.     This paragraph contains no allegations of facts. To the extent this paragraph alleges any allegations of facts, those allegations are denied.

71.     This paragraph contains no allegations of facts. To the extent this paragraph alleges any allegations of facts, those allegations are denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     This paragraph contains conclusions of law which require no response. To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

76.     This paragraph contains conclusions of law which require no response.
To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

77.     Denied for lack of knowledge.

78.     Denied.

79.     It is denied that any of the Plaintiffs are entitled to any relief against Defendant MCEC.

80.     This paragraph requires no response.

81.     This paragraph contains conclusions of law which require no response.
To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

82.     This paragraph contains conclusions of law which require no response.
To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

83.     This paragraph contains conclusions of law which require no response.
To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

84.     This paragraph contains conclusions of law which require no response.
To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

85.     Denied.

86.     It is denied that any of the Plaintiffs are entitled to any relief against Defendant MCEC.

87.    This paragraph requires no response.

88.    This paragraph contains conclusions of law which require no response.

To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

89.    Denied for lack of knowledge.

90.    This paragraph contains conclusions of law which require no response.

To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

91.    This paragraph contains conclusions of law which require no response.

To the extent this paragraph alleges any allegations of facts pertaining to Madison County, those allegations are denied.

92.    Denied for lack of knowledge.

93.    Denied for lack of knowledge.

94.    Denied for lack of knowledge.

95.    Denied for lack of knowledge.

96.    It is denied that Plaintiffs are entitled to any award of attorneys' fees.

97.    It is denied that Plaintiffs are entitled to any award of attorneys' fees.

98.    The MCEC denies the allegations contained in Paragraph VIII, titled Prayer, including all subparagraphs.

AND NOW, having fully answered the Amended Complaint, the Madison County Election Commission requests that it be dismissed and that it be awarded attorneys fees, costs and all other appropriate relief.

THIS the 11th day of August, 2014.

Respectfully submitted,

/s/ Spence Flatgard
Spence Flatgard (MSB #99381)

Spence Flatgard
Spence Flatgard, Legal Counsel, PLLC
210 East Capitol Street, Suite 1262
Jackson, Mississippi 39201
Telephone:  601-672-5917
Fax:  601-848-1506
sflatgard@flatgardlaw.com

## CERTIFICATE OF SERVICE

I, Spence Flatgard, attorney for Defendant, Madison County, Mississippi Election Commission, hereby certify that I have this day filed the foregoing document with the Clerk of the Court using ECF System which sent notification of such filing to all counsel of record.

THIS the 11th day of August, 2014.

By:     /s/ Spence Flatgard
Spence Flatgard