IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRUE THE VOTE, ET AL.**                                                                         **PLAINTIFFS**

**V.**                                                                    **CIVIL ACTION NO. 3:14cv532-NFA**

**THE HONORABLE DELBERT
HOSEMANN, in his official capacity
as Secretary of State for the State
of Mississippi, ET AL.**                                                                        **DEFENDANTS**

---

**SECRETARY OF STATE DELBERT HOSEMANN'S
ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Defendant Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi ("Secretary of State") files this Answer and Defenses to plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("complaint") [Docket No. 58] and states:

**ANSWER**

The Secretary of State responds to the allegations in plaintiffs' complaint, paragraph-by-paragraph, as follows:

1. Denied.

2. Denied as stated. The Secretary of State admits only that the rules referenced in paragraph 2 of the complaint speak for themselves. Any other allegations contained in paragraph 2 of the complaint are denied.

**I.
JURISDICTION AND VENUE**

3. Denied as stated. The Secretary of State admits only that the statutes

referenced in paragraph 3 of the complaint speak for themselves.  Any and all other allegations contained in paragraph 3 of the complaint are denied.

    4.    Admitted.

## II.
## PARTIES

    5.    Denied as stated.  The Secretary of State admits only that plaintiff True the Vote claims to be a 501(c)(3) organization organized under the laws of the State of Texas, with its principal office in Houston, Texas.  Any and all remaining allegations contained in paragraph 5 of the complaint are denied.

    6.    Admitted, upon information and belief.

    7.    Admitted, upon information and belief.

    8.    Admitted, upon information and belief.

    9.    Admitted, upon information and belief.

    10.    Admitted, upon information and belief.

    11.    Admitted, upon information and belief.

    12.    Admitted, upon information and belief.

    13.    Admitted, upon information and belief.

    14.    Admitted, upon information and belief.

    15.    Admitted, upon information and belief.

    16.    Admitted, upon information and belief.

    17.    Admitted upon information and belief.

    18.    Admitted, upon information and belief.

19. Admitted, upon information and belief.

20. Admitted, upon information and belief.

15. Admitted, upon information and belief.

16. Admitted, upon information and belief.

17. Admitted, upon information and belief.

18. Admitted, upon information and belief.

19. Admitted, upon information and belief.

20. Admitted, upon information and belief.

21. Admitted, upon information and belief.

22. Admitted, upon information and belief.

23. Admitted, upon information and belief.

24. Admitted, upon information and belief.

25. Admitted, upon information and belief.

26. Admitted, upon information and belief.

27. Admitted, upon information and belief.

28. Denied as stated. The Secretary of State admits only that he is a constitutional officer of the State of Mississippi and the statutory provisions referenced in paragraph 28 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 28 of the complaint are denied.

29. Denied as stated. The Secretary of State admits only that the Mississippi Republican Party is a political party organized under Mississippi law and the laws referenced in paragraph 29 of the complaint speak for themselves.

Any and all remaining allegations contained in paragraph 29 of the complaint are denied.

30.     Denied as stated.  The Secretary of State admits only that the Copiah County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 30 and footnote 2 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 30 and footnote 2 of the complaint are denied.

31.     Denied as stated.  The Secretary of State admits only that the Hinds County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 31 and footnote 3 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 31 and footnote 3 of the complaint are denied.

32.     Denied as stated.  The Secretary of State admits only that the Jefferson Davis County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 32 and footnote 4 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 32 and footnote 4 of the complaint are denied.

33.     Denied as stated.  The Secretary of State admits only that the Lauderdale County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 33 and footnote 5 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 33 and footnote 5 of the complaint are denied.

34.     Denied as stated.  The Secretary of State admits only that the Leake County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 34 and footnote 6 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 34 and footnote 6 of the complaint are denied.

35.     Denied as stated.  The Secretary of State admits only that the Madison County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 35 and footnote 7 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 35 and footnote 7 of the complaint are denied.

36.     Denied as stated.  The Secretary of State admits only that the Rankin County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 36 and footnote 8 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 36 and footnote 8 of the complaint are denied.

37.     Denied as stated.  The Secretary of State admits only that the Simpson County, Mississippi Election Commission is a Mississippi governmental entity and the statutory provisions referenced in paragraph 37 and footnote 9 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 37 and footnote 9 of the complaint are denied.

38.     Denied as stated.  The Secretary of State admits only that the Yazoo County, Mississippi Election Commission is a Mississippi governmental entity and

the statutory provisions referenced in paragraph 38 and footnote 10 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 38 and footnote 10 of the complaint are denied.

39. Denied as stated. The Secretary of State admits he has been served with process in his official capacity and the documents referenced in paragraph 39 speak for themselves. Any and all remaining allegations contained in paragraph 39 are denied.

## III.
## FACTUAL ALLEGATIONS

40. The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

The Secretary of State denies the allegations contained in the header "A." on page 11 of the complaint.

41. Denied.

42. Denied.

43. Denied.

44. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 44 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 44 of the complaint are denied.

45. Denied.

46. The Secretary of State is without sufficient knowledge or information

sufficient to for a belief about the truth of the allegations asserted in paragraph 46 of the complaint, therefore, all allegations contained in paragraph 46 of the complaint are denied.

47. The Secretary of State is without sufficient knowledge or information sufficient to for a belief about the truth of the allegations asserted in paragraph 47 of the complaint, therefore, all allegations contained in paragraph 47 of the complaint are denied.

48. Denied.

The Secretary of State denies the allegations contained in the header "B." on page 13 of the complaint.

49. Denied.

50. Denied.

51. Denied as stated. The Secretary of State admits only that any public statements he has made and are referenced in paragraph 51 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 51 of the complaint are denied.

52. Denied as stated. The Secretary of State admits only that the statutory provision and judicial opinion referenced in paragraph 52 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 52 of the complaint are denied.

53. Denied.

54. Denied.

## IV.
## CONSTITUTIONAL FRAMEWORK

55. The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

56. Denied as stated. The Secretary of State admits only that the judicial opinions referenced in paragraph 56 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 56 of the complaint are denied.

57. Denied as stated. The Secretary of State admits only that the constitutional provision and judicial opinion referenced in paragraph 57 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 57 of the complaint are denied.

## V.
## FEDERAL AND STATUTORY FRAMEWORK

58. The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

59. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 59 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 59 of the complaint are denied.

60. Denied as stated. The Secretary of State admits only that the statutory provision and judicial opinion referenced in paragraph 60 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 60

of the complaint are denied.

  61.  Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 61 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 61 of the complaint are denied.

  62.  Denied as stated.  The Secretary of State admits only that the judicial opinions referenced in paragraph 62 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 62 of the complaint are denied.

  63.  Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 63 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 63 of the complaint are denied.

  64.  Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 64 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 64 of the complaint are denied.

  65.  Denied as stated.  The Secretary of State admits only that any statements by the Secretary of State to County Defendants referenced in paragraph 65 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 65 of the complaint are denied.

  66.  Denied as stated.  The Secretary of State admits only that the judicial

opinions referenced in paragraph 66 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 66 are denied.

    67.    Denied.

    68.    Denied.

## VI.
## CAUSES OF ACTION

### Count 1
### True the Vote Alleges a Violation of National Voting Registration Act's Public Disclosure Provision

    69.    The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

    70.    Denied as stated.  The Secretary of State admits only that the statutory provisions referenced in paragraph 70 of the complaint speak for themselves.  Any and all remaining allegations contained in paragraph 70 of the complaint are denied.

    71.    Denied as stated.  The Secretary of State admits only that the statutory provision referenced in paragraph 71 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 71 of the complaint are denied.

    72.    Denied.

    73.    Denied.

    74.    Denied as stated.  The Secretary of State admits only that the statutory provision and judicial opinion referenced in paragraph 74 of the complaint

speak for themselves. Any and all remaining allegations contained in paragraph 74 of the complaint are denied.

  75. Denied as stated. The Secretary of State admits only that the judicial opinion referenced in paragraph 75 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 75 of the complaint are denied.

  76. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 76 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 76 of the complaint are denied.

  77. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 77 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 60 of the complaint are denied.

  78. Denied.

  79. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 79 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 79 of the complaint are denied.

<div align="center">

**<u>Count 2</u>**
**The Individual Plaintiffs Allege a Violation of**
**the NVRA Based on Conflict with State Laws**

</div>

  80. The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

81. Denied as stated. The Secretary of State admits only that the constitutional provision referenced in paragraph 81 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 81 of the complaint are denied.

82. Denied as stated. The Secretary of State admits only that the statutory provisions referenced in paragraph 82 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 82 of the complaint are denied.

83. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 83 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 83 of the complaint are denied.

84. Denied as stated. The Secretary of State admits only that the statutory provision and judicial opinion referenced in paragraph 84 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 84 of the complaint are denied.

85. Denied as stated. The Secretary of State admits only that the statutory provisions referenced in paragraph 85 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 85 of the complaint are denied.

86. Denied.

## Count 3
## The Individual Plaintiffs Allege an Equal
## Protection Violation

87. The Secretary of State incorporates his responses to the previous paragraphs of the complaint.

88. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 88 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 88 of the complaint are denied.

89. Denied.

90. Denied as stated. The Secretary of State admits only that the judicial opinions referenced in paragraph 90 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 90 of the complaint are denied.

91. Denied as stated. The Secretary of State admits only that the statutory provision referenced in paragraph 91 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 91 of the complaint are denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## VII.
## ATTORNEYS' FEES

78. Denied.

79. Denied.

## VIII.
## PRAYER

The Secretary of State denies any and all allegations contained in the unnumbered paragraphs on pages 25 and 26 of the complaint, including all subparts contained therein, and affirmatively avers that plaintiffs are not entitled to any relief whatsoever.

Any and all allegations contained in the complaint that have not been expressly admitted herein are affirmatively denied.

### FIRST DEFENSE

Plaintiffs' compliant should be dismissed for lack of subject matter jurisdiction.

### SECOND DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

The Secretary of State affirmatively asserts his immunity as to some or all of plaintiffs' claims pursuant to the Eleventh Amendment to the United States Constitution.

### FOURTH DEFENSE

The Secretary of State affirmatively asserts all common law and/or statutory

immunities to which he may be entitled, including qualified immunity, as well as any other immunity-based defenses which are or may become available to the Secretary of State upon further discovery.

### FIFTH DEFENSE

Some or all of plaintiffs' claims are barred for failure to properly exhaust their administrative remedies and/or satisfy the requisite statutory conditions precedent to asserting any cause of action against the Secretary of State, including, but not limited to, plaintiffs failure to comply with 42 U.S.C. § 1973-gg-9(b).

### SIXTH DEFENSE

The Secretary of State affirmatively asserts all defenses to which he is, or may become entitled to through discovery in this action, under 42 U.S.C. § 1973-gg *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and/or any other applicable provisions of federal or state law.

### SEVENTH DEFENSE

Some or all of plaintiffs' claims are barred by principles of federal/state comity and/or judicial abstention doctrines, including, but not limited, to *Younger*, *Pullman*, *Burford* and/or *Colorado River* abstention.

### EIGHTH DEFENSE

Some or all of plaintiffs' claims are barred by their lack of standing, the doctrine of mootness, because they are not ripe for judicial review, and/or are insufficient so as to warrant an award of injunctive or declaratory relief.

## NINTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel.

## TENTH DEFENSE

The Secretary of State is not a proper party to plaintiffs' putative causes of action asserted under 42 U.S.C. § 1973-gg6, or any other claims alleged in the complaint.

## ELEVENTH DEFENSE

The Secretary of State affirmatively asserts all defenses which are or may become available to him through further discovery under Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, the Secretary of State respectfully requests that his Answer and Defenses be received and requests the Court to dismiss plaintiffs' complaint with prejudice, at plaintiffs' sole cost, and requests that the Court thereafter grant him an award of attorneys' fees pursuant to 42 U.S.C. § 1988, and/or any other applicable rule or statute.

THIS the 13th day of August, 2014.

        Respectfully submitted,

DELBERT HOSEMANN, in his
official capacity as Secretary of State
for the State of Mississippi

By: JIM HOOD, ATTORNEY GENERAL

By: S/Justin L. Matheny
Harold E. Pizzetta, III (Bar No. 99867)
Justin L. Matheny (Bar No. 100754)
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*hpizz@ago.state.ms.us*
*jmath@ago.state.ms.us*

*Counsel for Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

THIS the 13th day of August, 2014.

S/Justin L. Matheny
Justin L. Matheny