IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TRUE THE VOTE, et al.**  PLAINTIFFS

v.  Civil Action No.: 3:14-cv-00532-NFA

**THE HONORABLE DELBERT HOSEMANN,**
in his Official Capacity as Secretary of State
for the State of Mississippi, et al.  DEFENDANTS

---

### BRIEF OF THE MISSISSIPPI REPUBLICAN PARTY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

In light of the extensive briefing already completed in this case, only a few points need be added in opposition to plaintiffs' motion for partial summary judgment [Dkt. 83].

The Mississippi Republican Party demonstrated in its brief [Dkt. 88] in support of its motion for summary judgment [Dkt. 87] that plaintiffs do not qualify for the exception to the pre-suit notice requirement provided by § 11(b)(3) of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg-9(b)(3). Secretary of State Hosemann, in footnote 7 on page 14 of his brief opposing a preliminary injunction [Dkt. 93], correctly distinguishes the principal case relied upon by plaintiffs in their attempt to evade the requirement. Nothing need be added here by the Party.

Likewise, the question of which documents fall within the scope of § 8(i), 42 U.S.C. § 1973gg-6(i), has been thoroughly briefed. It should be emphasized that the only documents that plaintiffs ever requested from the Party were absentee ballot applications

and envelopes. As Secretary Hosemann explains at pages 22-23 of his brief, those documents have nothing to do with maintaining the accuracy of voter rolls.

Only one point requires further discussion. Despite plaintiffs' protestations to the contrary, they continue to seek relief against the Party, and they are not entitled to it.

## ARGUMENT

## THE MISSISSIPPI REPUBLICAN PARTY HAS NOT VIOLATED THE NVRA.

In his letter of July 31, 2014 [Dkt. 63], plaintiffs' counsel says, "Plaintiffs do not intend to seek summary judgment against the Republican Party at this stage." Even after filing essentially the same complaint three times, plaintiffs do not seem to know what is in it. Unchanged since the original filing in Oxford is the principal allegation against the Party, now found at ¶ 43 of the amended complaint [Dkt. 58]:

> In June 2014, in an effort to determine whether ineligible voters had been allowed to cast ballots in the Mississippi Republican Primary Run-Off Election (the "election"), True the Vote requested access to Mississippi's voter records from the Republican Party of Mississippi. True the Vote was denied access to the records.

Not a single affidavit attached to plaintiffs' motion contains any assertion that any person sought anything from the Mississippi Republican Party or even from any county executive committee of the Party. Exhibit D-1 admitted at the hearing of July 24, 2014, affirmatively shows that plaintiffs' counsel requested absentee ballot materials the day after the runoff.

Even the July 31 letter asserted, "Plaintiffs do not waive their right to have joined the Party to this suit for NVRA concerns." Not only have plaintiffs not waived it, they have exercised it. Counts 1 and 2 of the amended complaint purport to assert claims under the NVRA against all defendants, including the Party. The motion for partial summary

2

judgment seeks judgment on all NVRA claims against all defendants, without making any exception for the Party. Should this Court grant plaintiffs relief on either Count 1 or 2, there can be no doubt whatsoever that plaintiffs will seek attorneys' fees against the Party, as requested by paragraph (e) of their prayer for relief.

Whatever this Court may ultimately conclude about the scope of § 8(i), it is clear that the Party, through its State Executive Committee, never had possession of any of the documents plaintiffs now request. The county executive committees had possession of some of those documents only during the course of election day and its immediate aftermath. By the time plaintiffs made demand on the Republican Party, most of those documents had already been returned to the Circuit Clerks. By the time plaintiffs filed their complaint, all such documents had been returned to the Circuit Clerks consistent with Mississippi law.

Plaintiffs' NVRA claims against the Party are legally and factually insupportable. Summary judgment should be granted, not to plaintiffs, but to the Party.

## CONCLUSION

For these reasons, as well as those addressed in other briefs of the defendants, plaintiffs are not entitled to summary judgment on Counts 1 and 2 of their amended complaint.

Respectfully submitted this the 15th day of August, 2014.

MISSISSIPPI REPUBLICAN PARTY

By: *s/Michael B. Wallace*
Michael B. Wallace (MSB No. 6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39202-0651
Telephone: 601.968.5500
mbw@wisecarter.com

T. Russell Nobile (MSB No. 100682)
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone: 228.867.7141
trn@wisecarter.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Joseph M. Nixon
Kelly Hunsaker Leonard
Kristen W. McDanald
Lloyd Eades Hogue
BEIRNE, MAYNORD & PARSONS, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056
jnixon@bmpllp.com
kleonard@bmpllp.com
kmcdonald@bmpllp.com
ehogue@bmpllp.com

James Edwin Trainor
BEIRNE, MAYNORD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, Texas  78701
ttrainor@bmpllp.com

*Counsel for Plaintiffs*

Harold Edward Pizzetta, III
Justin L. Matheny
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205-0220
hpizz@ago.state.ms.us
jmath@ago.state.ms.us

*Counsel for The Hon. Delbert Hosemann*

Pieter Teeuwissen
PIETER TEEUWISSEN, PLLC
Post Office Box 16787
Jackson, Mississippi  39236
adwoodard@bellsouth.net

*Counsel for Hinds County, Mississippi Election Commission*

Robert E. Sanders
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 23059
Jackson, Mississippi  39225-3059
rsanders@youngwells.com

John Wesley Daughdrill, Jr.
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 6005
Ridgeland, Mississippi  39157
wes.daughdrill@youngwells.com

*Counsel for Jefferson Davis County, Mississippi Election Commission*

Elise Berry Munn
BERRY & MUNN, P.A.
Post Office Drawer 768
Hazlehurst, Mississippi  39083
emunn@berrymunnpa.com

*Counsel for Copiah County, Mississippi Election Commission*

Jeffrey T. Webb
WEBB LAW FIRM, PLLC
Post Office Box 452
Carthage, Mississippi  39051
webblaw@bellsouth.net

*Counsel for Leake County, Mississippi Election Commission*

| | |
|---|---|
| Lee Thaggard<br>BARRY, THAGGARD, MAY & BAILEY, LLP<br>Post Office Box 2009<br>Meridian, Mississippi 39302-2009<br>thaggard@barrpalmerlaw.com | Craig Lawson Slay<br>RANKIN COUNTY BOARD OF SUPERVISORS<br>211 East Government Street, Suite A<br>Brandon, Mississippi 39042<br>cslay@rankincounty.org |
| *Counsel for Lauderdale County,<br>Mississippi Election Commission* | *Counsel for Rankin County, Mississippi<br>Election Commission* |
| Mike Espy<br>MIKE ESPY, PLLC<br>317 East Capitol Street, Suite 101<br>Jackson, Mississippi 39201<br>mike@mikespy.com | Robert Daniel Welch<br>224 North Main Street<br>Mendenhall, Mississippi 39114<br>danny_welch@bellsouth.net |
| *Counsel for Madison County,<br>Mississippi Election Commission* | *Counsel for Simpson County,<br>Mississippi Election Commission* |

This the 15th day of August, 2014.

                                                *s/Michael B. Wallace*
                                                Michael B. Wallace