IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

True the Vote, Jane Coln, Brandie
Correro, Chad Higdon, Jennifer Higdon,
Gene Hopkins, Frederick Lee Jenkins,
Mary Jenkins, Tavish Kelly, Donna
Knezevich, Joseph Knezevich, Doris Lee,
Lauren Lynch, Norma Mackey, Roy
Nicholson, Mark Patrick, Julie Patrick,
Paul Patrick, David Philley, Grant
Sowell, Sybil Tribble, Laura
VanOverschelde, and Elaine Vechorik

§
§
§
§
§
§
§
§
§
§
§

    Plaintiffs,

§
§

v.

§
§

The Honorable Delbert Hosemann, in his
official capacity as Secretary of State for
the State of Mississippi, The Republican
Party of Mississippi, Copiah County,
Mississippi Election Commission, Hinds
County, Mississippi Election
Commission, Jefferson Davis County,
Mississippi Election Commission,
Lauderdale County, Mississippi Election
Commission, Leake County, Mississippi
Election Commission, Madison County,
Mississippi Election Commission, Rankin
County, Mississippi Election
Commission, Simpson County,
Mississippi Election Commission, and
Yazoo County, Mississippi Election
Commission

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

    Defendants.

Cause No. 3:14-cv-00532-NFA

## SUMMARY JUDGMENT EXHIBITS – VOLUME 5

| Exhibit | Description |
|---------|-------------|
| 12 | Declaration of Susan Morse and Incident Reports |
| 13 | Declaration of Roy Nicholson |
| 14 | Harding Affidavit |

| 15 | July 26, 2014 E-Mail Correspondence from Amanda Frusha |
| 16 | Press Release from The Honorable Delbert Hosemann |
| 17 | Attorney General Opinion No. 94-0699 dated November 2, 1994 |
| 18 | E-Mail Correspondence from Kimberly Turner |
| 19 | Mississippi Encyclopedia Election Law Section 7 |
| 20 | Mississippi Encyclopedia Election Law Section 9 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br><br>          Plaintiffs,<br><br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§       Cause No. 3:14-cv-00532-HTW-LRA |

## <u>DECLARATION</u>

By: Susan Morse

1.     I, Susan Morse, verify under penalty of perjury under the laws of the United States of America that the following is true and correct. *See* 28 U.S.C. § 1746.

2.     In the days following the June 24 Republican Primary Run-Off Election, I was part of a group of True the Vote volunteers who requested access to voting records from Leake County. The purpose of my request was to determine whether or not voters who had voted in the Democratic Primary unlawfully double voted in

1

EXHIBIT 12

the Republican Primary Run-Off Election and whether any other irregularities had occurred during the Election.

3.      I made an oral request at the Leake County circuit clerk's office on July 7, 2014 for voter pollbooks and absentee ballot applications and envelopes, and absentee ballot request forms. I made the request, along with Ellen Swenson to Kathy Henderson, the Circuit Clerk of Leake County. In making my request, I mentioned the request was made under the NVRA. After speaking with the attorney general's office, the clerk denied our request for complete records. She cited Mississippi Code 23-15-911 in denying our request.

4.      I reduced my request to writing that day. I made a written request to the Leake County Circuit Clerk for lists of the Republican and Democratic voters who voted in their respective primary and run-off elections in person or by absentee ballot.

5.      We returned to the Circuit Clerk's office on the afternoon of July 7, 2014 and asked for the attorney general's opinion regarding pollbooks and voter records Ms. Henderson had referenced in our prior conversations. Ms. Henderson was unable to provide such an opinion but informed us she would call us later to discuss our request.

6.      The following day, on July 8, 2014, Ms. Henderson phoned me regarding our visit. She informed me we could return for a disc containing some of the information requested. We could also return to view pollbooks but with redactions.

7.      Attached to this declaration are true and correct copies of the incident reports I completed regarding my requests for records from Leake County. The reports are filled out in my own handwriting and I recognize the writing as a true and correct copy of the report I completed based on its appearance, contents and substance.

8.      The attached incident reports were prepared by me to describe the events that occurred during my visits. I made the reports immediately after the events described therein and when those events were fresh in my memory. Upon completing the reports, I gave them to True the Vote to maintain in its records.

9.      Further, declarant sayeth not.

Signed on this the ___8th___ day of August, 2014.

*Susan Morse*
Susan Morse



# TRUE *the* VOTE

## INCIDENT REPORT

**NAME** *Susan Mann*

**DATE** *July 9, 2014*

Please complete the fields below using the notes from your activities as a poll watcher

**PRECINCT/WARD #** *n/a*

**POLLING PLACE NAME** *Leake County Circuit Court*

**ADDRESS** *101 Court Square*

**CITY** *Carthage*   **STATE** *MS*   **ZIP** *39051*

**COUNTY** *Leake*

Please complete the fields below using your notes.

**POLL SUPERVISOR** *Leake Co. Circuit Clerk - Kathy D. Henderson*

**ASST POLL SUPERVISOR** *n/a*

**CLERK 1 NAME** *n/a*   **CLERK 2 NAME**

**CLERK 3 NAME** *n/a*   **CLERK 4 NAME**

**OFFENDER POSITION** *n/a*

**DATE/TIME OF INCIDENT** *July 9, 2014*

Continue to Second Page

EXHIBIT 12-A

July 9, 2014



# TRUE *the* VOTE

**TYPE OF INCIDENT** Refusal of Request to Inspect Absentee Application of Related Documents

**DESCRIPTION OF INCIDENT**

Clerk Henderson called me at 9:01 a.m. to see if we needed me coming back to view the Poll Book etc. I told her I didn't think so as we needed to inspect the Absentee Ballot Apps, Request form, & the Absentee Ballot envelopes. She said let me see that I can't let you see them. She asked what I did her know if we decide to come. She did not mention the electronic Vote Records required today & neither did I.

**REMEDY OR ACTION TAKEN**

I certify and affirm that the above information is true and correct.

**SIGNATURE** Susan Mercer                July 9, 2014

Mail To:
**True the Vote**
**P.O. Box 27378**
**Houston, Texas 77227**

Scan and E-mail to:
**info@truethevote.org**

*415 N. 5th Ave*
*Laurel*



# BART GAVIN
### Circuit Clerk · Jones County

**1st Judicial District**
101 N. Court Street, Suite B
Ellisville, MS 39437
(601) 477-8538
Fax (601) 477-8539

**2nd Judicial District**
P.O. Box 1336
Laurel, MS 39441
(601) 425-2556
Fax (601) 399-4774



## MELISSA DUCKWORTH
### COVINGTON COUNTY
### CIRCUIT CLERK
mduckworth@covingtoncountyms.gov

101 Main & Dogwood
P.O. Box 667
Collins, MS 39428

(P) 601-765-6506
(F) 601-765-5012

**Office Hours: M-F 8:00 A.M. – 5:00 P.M.**



*cell*
*601 862-8978*

*Kathy G. Henderson*
*Leake County Circuit Clerk*

P.O. Box 67
Carthage, MS 39051

Phone: 601-267-8357
Fax: 601-267-8889



## MELISSA DUCKWORTH
### COVINGTON COUNTY
### CIRCUIT CLERK
mduckworth@covingtoncountyms.gov

101 Main & Dogwood
P.O. Box 667
Collins, MS 39428

(P) 601-765-6506
(F) 601-765-5012

**Office Hours: M-F 8:00 A.M. – 5:00 P.M.**



# TRUE *the* VOTE

## INCIDENT REPORT

**NAME** *Susan Morse*

**DATE** *July 8, 2014*

Please complete the fields below using the notes from your activities as a poll watcher

**PRECINCT/WARD #** *n/a*

**POLLING PLACE NAME** *Leake County Circuit Court, Mississippi*

**ADDRESS** *101 Court Square*

**CITY** *Carthage*    **STATE** *Ms*    **ZIP** *39051*

**COUNTY** *Leake*

Please complete the fields below using your notes.

**POLL SUPERVISOR** *Leake Co Circuit Clerk, Kathy D. Henderson*

**ASST POLL SUPERVISOR** *n/a*

**CLERK 1 NAME** *n/a*    **CLERK 2 NAME** *n/a*

**CLERK 3 NAME** *n/a*    **CLERK 4 NAME** *n/a*

**OFFENDER POSITION** *n/a*

**DATE/TIME OF INCIDENT** *July 8, 2014*

Continue to Second Page

EXHIBIT 12-B



# TRUE the VOTE

| **TYPE OF INCIDENT** | Refusal for Inspection of Absentee Application & Related Documents |

**DESCRIPTION OF INCIDENT**

Clerk Kathy Henderson called me this morning at approximately 9:43 a.m. to say we could come in to the office today and view the poll book but could not view the Absentee Ballot Applications, Absentee Ballot Request Forms on the Absentee Ballot Envelopes. She asked where we were going next - I said I wasn't sure yet. She said Election Commissioner were there today & would wait for us if we would come today to view poll books. I told her I couldn't tell her that. She said she would be there tomorrow also.

**REMEDY OR ACTION TAKEN**

Electronic reports request was granted & we could pick up the desk when we came back to view poll books. I she fee would be $100 & did we want it — I said yes we wanted it & would fix the $100 to her — I was not sure if we would be looking at poll books as we believe we are authorized to review all the docs we requested — She said AG gave us his opinion & she couldn't let us do that — I told her I would let her know about coming back.

I certify and affirm that the above information is true and correct. (including attachments)

Continued on Pg 2 →

| **SIGNATURE** | Susan Morse | July 8, 2014 |

Mail To:
**True the Vote**
P.O. Box 27378
Houston, Texas 77227

Scan and E-mail to:
info@truethevote.org

attachment to FTC Critical Report
July 8, 2014

She also mentioned I should call AG and
have him tell me or put our request of
his denial in writing — I told her I thought she
didn't want me to do that — She said Well
I have rethought that & I think you should
call & talk to him directly.

Susan Morse
(408) 482-4663



# TRUE *the* VOTE

## INCIDENT REPORT

**NAME** Susan Morse

**DATE** July 7, 2014

Please complete the fields below using the notes from your activities as a poll watcher

**PRECINCT/WARD #**

**POLLING PLACE NAME** Leake County Circuit Court, Mississippi

**ADDRESS** 101 Court Square

**CITY** Carthage    **STATE** MS    **ZIP** 39651

**COUNTY** Leake

Please complete the fields below using your notes.

**POLL SUPERVISOR** Leake Co. Circuit Clerk, Kathy D. Henderson

**ASST POLL SUPERVISOR** n/a

**CLERK 1 NAME** n/a    **CLERK 2 NAME** n/a

**CLERK 3 NAME** n/a    **CLERK 4 NAME** n/a

**OFFENDER POSITION** n/a

**DATE/TIME OF INCIDENT** July 7, 2014

Continue to Second Page

EXHIBIT 12-C



# TRUE *the* VOTE

**TYPE OF INCIDENT** Request of AG opinion in Writing.

**DESCRIPTION OF INCIDENT**
At 4:15 p.m. I went back into Clerk's office & ask Ms. Henderson for a writing of A.G.'s opinion refusing us to inspect the Ballot Box documents & Poll books). She said you want something in writing? I told her yes I did & she could write it for us & state what the A.G. told her to tell us. She responded & said, I'm not writing that, but I'll ask the AG to write it for you. But if you are asking for a written opinion letter that could take a long time. Let me see if I can get something for you.

**REMEDY OR ACTION TAKEN**  (letter msg.)
8/14 Later she called me & said she was re-thinking the AG issue & she would give me a number to call him myself if I wanted to.

I did not call her back as I received the msg. late in the afternoon by 5 p.m.

I certify and affirm that the above information is true and correct.

**SIGNATURE** Susan Marie

Mail To:
**True the Vote**
P.O. Box 27378
Houston, Texas 77227

Scan and E-mail to:
info@truethevote.org

Public Records Request

July 7, 2014

To: Leake County, Circuit Court, Mississippi

From: Susan Morse, True The Vote, Citizen

Re: Request For Public Records as follows:

1. Lists of all Republican Voters who voted in the June 3, 2014 primary, by precinct
   - in person on election day
   - via absentee ballot

2. Lists of all Democrat Voters who voted in the June 3, 2014 primary, by precinct
   - in person on election day
   - via Absentee ballot

3. Lists of all Democrat Voters who voted in the June 24th, 2014 Run off, by precinct
   - in person on election day
   - via absentee ballot

4. Lists of all Republican Voters who voted in June 24th run off, by precinct
   - in person on election day
   - via Absentee ballot

Public Records Request - Pg 2                    July 7, 2014

Format -
    Please provide the above requested lists/
documents in #1-4 above as follow:

    - Non PDF format    (Excel, preferred)
    - Emailed to    taylor@truethevote.org


    For questions Contact v.pullen@entouch.net
n you can reach ~~me~~ Susan Morse at (408) 482-4663



                        Susan Morse
                        July 7, 2014



# TRUE *the* VOTE

## INCIDENT REPORT

**NAME** Susan Morse

**DATE** July 7, 2014

Witness: Ellen Stevensen

Please complete the fields below using the notes from your activities as a poll watcher

**PRECINCT/WARD #** n/a

**POLLING PLACE NAME** Leake County Circuit Court

**ADDRESS** 101 Court Square

**CITY** Carthage   **STATE** MS   **ZIP** 39051

**COUNTY** Leake

Please complete the fields below using your notes.

**POLL SUPERVISOR** Leake County Circuit Clerk: Kathy G. Henderson

**ASST POLL SUPERVISOR** n/a

**CLERK 1 NAME** n/a   **CLERK 2 NAME** n/a

**CLERK 3 NAME** n/a   **CLERK 4 NAME** n/a

**OFFENDER POSITION**

**DATE/TIME OF INCIDENT** 7/7/2014   11:00 am — 1:00 pm

Continue to Second Page

EXHIBIT 12-D

*July 7, 2014*



# TRUE *the* VOTE

**TYPE OF INCIDENT** Refusal of inspection of Absentee Ballot Application & Related Docs.

**DESCRIPTION OF INCIDENT**

See Attached

**REMEDY OR ACTION TAKEN**

I certify and affirm that the above information is true and correct.

**SIGNATURE** Susan Morse

Mail To:
**True the Vote**
P.O. Box 27378
Houston, Texas 77227

Scan and E-mail to:
**info@truethevote.org**

pg. 1

Attachment: Description of incident
July 7, 2014

I requested to inspect the Original absentee ballot applications, Absentee Ballot Request forms, Absentee Ballot Envelopes and Poll Book for the June 24, 2014 Runoff.

Ms. Kathy Henderson requested I write down exactly what we wanted. ~~and where we~~ I did & she indicated she would have to make a call to check our right to access.

I mentioned our authority was under NVRA & gave her Atty Nogue's memo dated July 6, 2014. As we were waiting for her to make her call, at approx 11:35 a.m. a Jordan Russell, came in & said he was from the Cochran Campaign. She took him outside the office in the hall & spoke to him out of our presence. He mentioned he wanted access to the room.

At noon, Ms. Henderson called us up to the counter to give us an update. She had spoken to the Attorney General's office & had given him our memo from Atty Nogue mentioned above. The AG's opinion was that we did not have a right to inspect the Ballot By documents we requested that only a candidate or a candidate's rep can inspect these documents. I then asked if he

Attachment: Description of Interaction

②

July 7, 2014

had cited authority for his opinion, she said no she would call him back & let us know.

We left for a break at noon & returned approx. 1pm. Mrs. Henderson said I have some answers for you that you're not going to like it. The AG's citation for its opinion is Miss. Code 2315-911, I requested if she talked to the Attorney General a someone else. She said I spoke to Phil Carter an Attorney in the Attorney Generals Office.

I again re-iterated NVRA did authorize "public inspection" & we were citizens requesting to look at these documents. I showed her in Atty Hogue's memo of July 6, 2014 the relevant language "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of . . ."

She understood but said Attorney told her this was different.

I informed her we needed to make a call & would return –

Susan More

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

True the Vote, Jane Coln, Brandie Correro,           §
Chad Higdon, Jennifer Higdon, Gene                   §
Hopkins, Frederick Lee Jenkins, Mary                 §
Jenkins, Tavish Kelly, Donna Knezevich,              §
Joseph Knezevich, Doris Lee, Lauren Lynch,           §
Norma Mackey, Roy Nicholson, Mark                    §
Patrick, Julie Patrick, Paul Patrick, David          §
Philley, Grant Sowell, Sybil Tribble, Laura          §
VanOverschelde, and Elaine Vechorik                  §
                                                     §
        Plaintiffs,                                  §      Cause No. 3:14-cv-00532-HTW-LRA
                                                     §
v.                                                   §
                                                     §
The Honorable Delbert Hosemann, in his               §
official capacity as Secretary of State for the      §
State of Mississippi, The Republican Party of        §
Mississippi, Copiah County, Mississippi              §
Election Commission, Hinds County,                   §
Mississippi Election Commission, Jefferson           §
Davis County, Mississippi Election                   §
Commission, Lauderdale County,                       §
Mississippi Election Commission, Leake               §
County, Mississippi Election Commission,             §
Madison County, Mississippi Election                 §
Commission, Rankin County, Mississippi               §
Election Commission, Simpson County,                 §
Mississippi Election Commission, and Yazoo           §
County, Mississippi Election Commission              §
                                                     §
        Defendants.

## DECLARATION

By: Roy Nicholson

1.      I, Roy Nicolson, verify under penalty of perjury under the laws of the United
States of America that the following is true and correct. *See* 28 U.S.C. § 1746.

2.      In the days immediately following the June 24 Primary Run-Off Election, I
requested access to voting poll books from Rankin County's Circuit Clerk, Becky
Boyd.  The purpose of the request was to determine whether or not voters who had

EXHIBIT 13

voted in the Democratic Primary unlawfully double voted in the Republican Primary Run-Off Election.

3.      I made an oral request for the records in person at Ms. Boyd's office on June 27, 2014.

4.      In the presence of three witnesses whose names are Sandra Inman, Larry and Elva Eubanks, Ms. Boyd informed me that she could not and would not permit me to access and inspect the voter poll books because the books contained information deemed by the Secretary of State to be confidential.  She explained she was in possession of an e-mail from the Secretary of State instructing not to disclose poll books to the public with confidential information contained therein.

5.      In addition to claiming the Secretary of State's instructions as reason to not allow us to even view the original poll books she added that the County Attorney told her that the poll books are not subject to public information requests because they are not public records but county property.

6.      Ms. Boyd offered that she could only allow inspection of the poll books by the public if the dates of birth corresponding to each voter were redacted.  She instructed that I had to pay for the cost of redaction and estimated the cost to be $1,400.  Ms. Boyd further instructed that the costs for such redaction must be paid up-front.

7.      Based on Ms. Boyd's instructions, I was unable to access or inspect the voter poll books within Rankin County.

8.      Further, declarant sayeth not.

        Signed on this the 16th day of July, 2014 in RANKIN            County, Mississippi.


                                        _____
                                        Roy Nicholson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik | § § § § § § § § § § | |
| Plaintiffs, | § § | Cause No. 3:14-cv-00532-HTW-LRA |
| v. | § § | |
| The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission | § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**VERIFICATION REGARDING DESTRUCTION
OF ORIGINAL ELECTION RECORDS**

By: Phillip C. Harding III

1.    "I, Phillip C. Harding III, verify under penalty of perjury under the laws of the United States of America that the following is true and correct. *See* 28 U.S.C. § 1746.

2.    I served as district coordinator for District 4 in Harrison County.

3.    I was at the Harrison County, Mississippi Circuit Clerk's Office on Friday June 27th, Monday June 30th, Tuesday and Wednesday July 1st and 2nd, and Monday-Friday

EXHIBIT 14

July 9-11, 2014 to review poll books related to the 2014 Republican Primary Election for Mississippi Senate office.

4.  The County allowed me access to the poll books related to the election, however, the County required that I pay for personal information to be redacted from the poll books. Specifically, the County indicated that the birth dates of voters must be redacted.

5.  I witnessed that the original poll books for Harrison County were being redacted with "Sharpie" (black permanent marker) and "White-Out" (white permanent ink). Thus, it appears that the information in the original copies of the poll books are being destroyed.

Further, declarant sayeth not."

Signed on this the 15th day of July, 2014 in Harrison County, Mississippi.

Phillip C. Harding III

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

True the Vote, Jane Coln, Brandie Correro, §
Chad Higdon, Jennifer Higdon, Gene §
Hopkins, Frederick Lee Jenkins, Mary §
Jenkins, Tavish Kelly, Donna Knezevich, §
Joseph Knezevich, Doris Lee, Lauren Lynch, §
Norma Mackey, Roy Nicholson, Mark §
Patrick, Julie Patrick, Paul Patrick, David §
Philley, Grant Sowell, Sybil Tribble, Laura §
VanOverschelde, and Elaine Vechorik §
                                                              §
    Plaintiffs, §
                                §     Cause No. 3:14-cv-00532-HTW-LRA
v. §
                                                              §
The Honorable Delbert Hosemann, in his §
official capacity as Secretary of State for the §
State of Mississippi, The Republican Party of §
Mississippi, Copiah County, Mississippi §
Election Commission, Hinds County, §
Mississippi Election Commission, Jefferson §
Davis County, Mississippi Election §
Commission, Lauderdale County, §
Mississippi Election Commission, Leake §
County, Mississippi Election Commission, §
Madison County, Mississippi Election §
Commission, Rankin County, Mississippi §
Election Commission, Simpson County, §
Mississippi Election Commission, and Yazoo §
County, Mississippi Election Commission §
                                                              §
    Defendants. §

## VERIFICATION TO MOTION FOR TEMPORARY RESTRAINING ORDER

TRUE THE VOTE

By: _____

1.     "I, Phillip C. Harding III, verify the following is true and correct under penalty of

perjury under the laws of the United States of America. *See* 28 U.S.C. § 1746.

2.     I served as district coordinator for District 4 in Harrison County.

3.      I was at the Harrison County Election Commission's Office Tuesday, July 1, 2014 on or about 2pm.  I was assisting in cleaning out the supply bins that the poll managers used and restoring the pens, pencils, posters, etc.

4.      In a one of the bins I found a small stack of provisional ballots, unopened.  I gave the provisional ballots to an Executive Committee member who took control of them.  I also found absentee ballot bags in several of the supply bins.  Some had opened envelopes and applications in them.  I took the applications and envelopes out because I did not know what to do with them, but believed they should be saved.  After setting them aside I saw another volunteer dispose of them at executive committee members' direction.

5.      Further, affiant sayeth not."

*Phillip C. Harding III* (signature)

Phillip C. Harding III

Executed on July 9th, 2014.

Sworn to and subscribed Before me, this the 9th day of July 2014. Monique Piedraski

Notary Public

STATE OF MISSISSIPPI
MONIQUE PIETROWSKI
NOTARY PUBLIC
ID No. 100742
Commission Expires
November 22, 2015
HARRISON COUNTY

## Connie C. Ladner

| | |
|---|---|
| From: | Amanda Frusha [Amanda.Frusha@sos.ms.gov] |
| Sent: | Thursday, June 26, 2014 9:57 AM |
| To: | Edward C. Walker; Joe Caldwell; Debbie Kirkland; Wanda Fancher; Kathy Graves; Marilyn Kelly; Carlton Baker; Durward Stanton; Sandra N. Willis; Peggy Reid Miller; Sammie Lee Good; Beth Doggett Jordan; Robert Harrell Jr; Charles A. Oakes; estevens@copiahcountyms.gov; Melissa Duckworth; dthompson@desotocountyms.gov; Lou Ellen Adams; Millie Thornton; Chad Welford; Cecelia Bounds; Linda M. Barnette; Karen Ladner Ruhr; Gayle Parker; Barbara Dunn; Earline Wright-Hart; Timaka J. Jones; Erline Fortner; Carol Gates; Joe W. Martin Jr; Billy G. Rayner; Arnell Harried; Clint L. Langley; Bart Gavin; Tracey Murray; Baretta Mosley; Leslie Wilson; Donna Jill Johnson; James Brister; Kathy G. Henderson; Joyce Roberts Loftin; Elmus Stockstill; Dustin Bairfield; mahalansalazar@hotmail.com; Lee Westbrook; Jesse Loftin; Lucy Carpenter; Judy K. Butler; lgmartin@duckwood.net; plee@neshobacounty.net; mbutlernewton@hotmail.com; Freda Phillips; Glenn Hamilton; melissa@panolacoms.com; Vickie P. Hariel; Martha F. Clark; Roger A. Graves; Melinda Nowicki; Michael R. Kelley; Brenda A. Wiggs; Becky Boyd; Joe Rigby; Murindia Williams; Cindy M. Jensen; Anthony Grayson; Kenny Hatten; Sharon McFadden; sldsims@hotmail.com; Eddie Hadskey; photonut_randyg@yahoo.com; Donna Henry Dill; Sharon Granberry Reynolds; Phyllis Stanford; Vernon Alford; Shelly Ashley-Palmertree; Barbara Esters; Rose M. Bingham; Deborah Hood Neal; J. Lynn Tolliver-Delaney; Kim T. Ming; Daryl Burney; Robert Coleman; Gayle Parker; lmckinley@co.hinds.ms.us; mtreadway@desotocountyms.gov; Melissa Meek-Phelps; mytrobinson@yahoo.com; lbrumfield@co.forrest.ms.us; patkellystanley@hotmail.com; selmore@gtpdd.com; redlin@marshallcoms.org; ohubbard@marshallcoms.org; rmoore@marshallcoms.org; acraft@co.smith.ms.us; bsharpe@desotocountyms.gov; cluckett@co.hinds.ms.us; leeanna@co.warren.ms.us |
| Cc: | Kim Turner; Hawley Rae Robertson; Grace Craig; Pamela Weaver |
| Subject: | IMPORTANT: Please read! - Public Records requests for Election Day info |
| Attachments: | Pollbooks and Receipt Books.rtf |

Importance:      High

Clerks,

Our office has received several calls regarding requests for information from Election Day. We wanted to remind you of the information below.

Public Records Request for pollbooks: Pollbooks are subject to a written public records request; however, the pollbook pages must be redacted to exclude the personal information of the voter, such as date of birth and the last 4 of his/her social security number. If you receive a public records request, refer to your county policy, which should afford you a specific number of days to respond to the request and should also afford you the ability to require advance payment from the requestor for the time it may take your office to fulfill the request and for any expenses, such as copy charges. Public Records Request for receipt books: Receipt books are not subject to a public records request. Please see the attached Attorney General's opinion.

Let us know if you have any questions.

Thanks,
Amanda

**Amanda Frusha**
*Director of Elections Compliance*
*Elections Division*

Mississippi Secretary of State's Office

1

EXHIBIT 15






Secretary of State :: News and Press Releases

► News

Regulation & Enforcement News

Press Releases

Font Size: A A A | Text only

Search

[GO]

Home
About Us
Jackson Offices
North Mississippi Offices
MS Gulf Coast Office
Mississippi Blue Book
Employment Opportunities
Recommended Links
Request For Speaker
Site Map
Contact Us

News | Press Releases

[Back to Previous Page]

FOR IMMEDIATE RELEASE: July 10, 2014

CONTACT: Pamela Weaver, (601) 270-4100

Statement by Secretary Hosemann regarding True the Vote Lawsuit, Round Two



DELBERT HOSEMANN
Secretary of State

TELEPHONE (601) 359-1350
FACSIMILE (601) 359-1499

"The State *still* does not have the records requested by the re-filed lawsuit and should be dismissed. The Mississippi Legislature enacted a law to protect your birth date and social security number from public dissemination. This out-of-state company wants your birth date or wants you, the taxpayer, to pay the redacting and copying for them. Your locally elected Circuit Clerks are following the law."

© 2014, All rights reserved.

Secretary of State :: News and Press Releases

1994 WL 683385 (Miss.A.G.)

Office of the Attorney General

State of Mississippi
Opinion No. 94-0699
November 2, 1994

**\*1** Senator F. Michael Gunn
20th District
P.O. Box 31613
Jackson, MS 39286

Dear Senator Gunn:
The Attorney General has received your request for an opinion and has assigned it to me for research and reply. Your query (attached) was whether the list of voters voting in party primaries in Rankin County was available under the Open Records Act, whether local officials are required to respond in a timely manner and what recourse you have if the records are available under the Open Records Act and local authorities refuse to comply.

In response to your first question, the information you seek is not exempt from the Public Records Act. The pollbooks used in a particular election are public records and must be made available to the public. The pollbooks will have the word "voted" opposite the name of each voter who cast a ballot in the election. See Mississippi Code Annotated, Section 23–15–545 (Revised 1990).

The "receipt booklet" which contains the signatures of each voter who voted is required to be locked and sealed in the ballot box along with the used and unused ballots and certain other materials. See MCA 23–15–591. The "receipt booklets" therefore are, in our opinion, not subject to the Public Records Act.

We note that the 1994 primaries included congressional primaries and that such materials from elections involving federal offices must be preserved for a period of twenty-two (22) months following the election. See 42 USCA 1974.

In response to your second question, the county registrar is required to make the pollbooks containing the information sought available within one (1) day after a written request is made, unless the county board of supervisors has provided by proper order that county officials may take up to fourteen (14) working days to respond to such requests. See MCA 25–61–5.

If a public official refuses to comply with a proper request in a timely manner, the person denied the record may institute suit in the chancery court of the county in which the public body is located. See MCA 25–61–13.
 Sincerely,

Mike Moore
Attorney General
By: Phil Carter
Assistant Attorney General

1994 WL 683385 (Miss.A.G.)

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext® © 2014 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 17

LeGecha McKinley

**From:** Donna Jill Johnson <circuitclerk@...
**Sent:** Monday, July 07, 2014 8:51 AM
**To:** Donna Jill Johnson
**Subject:** FW: Monday 930am

-----Original Message-----
**From:** Kim Turner [mailto:Kim_Turner@sos.ms.gov]
**Sent:** Monday, July 07, 2014 8:50 AM
**To:** Donna Jill Johnson
**Subject:** RE: Monday 930am

Both the Cochran and McDaniel campaigns have served notice of an intention to review the ballot boxes pursuant to Section 23-15-911, Miss. Code Ann. The required three (3) days' notice was provided to both candidates - Senator Cochran's son received written notice on July 3 and Senator McDaniel's mother received written notice also on July 3. Notice is therefore not an issue today.

Please remember:

1.  If your county has NOT certified its election results to the State Party Executive Committee, neither Cochran nor McDaniel may review the contents of the ballot boxes.

2.  A review of the ballot boxes is LIMITED to either the candidate (i.e., Senator Cochran and Senator McDaniel) or a designated representative only. Citizens for Cochran is a political action committee and has no legal right to review the ballot boxes unless an individual affiliated with this committee is Senator Cochran's designated representative. If more than one person per candidate has come to your office to review the ballot boxes, it is within your discretion to allow these additional people to review the ballot boxes.

3.  A ballot box examination must be completed within 12 days AFTER your county certified its election results to the State Party Executive Committee. If you certified your election results immediately after the election (on June 25), then today is the only day either candidate may review the ballot boxes. Either the Circuit Clerk or a deputy must keep watch during the entire process.

4.  Your office is charged with the security of these ballot boxes. Either the Circuit Clerk or a deputy must keep watch during the entire process.

5.  The election commission is not entitled to be present. The executive committees are not entitled to be present.

6.  As the Circuit Clerk, you are entitled to provide guidelines to each candidate for the orderly review of the contents of the ballot boxes.

7.  There is absolutely NO DUPLICATION OF THE CONTENTS OF THE BALLOT BOXES. No copies may be made by either candidate. No cell phone pictures may be taken by either candidate. No video may be made of the examination of the ballot boxes by either candidate. Neither candidate may "bring in a copier and additional personnel" to make copies.

8.  Pollbooks are NOT included within the contents of the ballot boxes. Section 23-15-591, Miss. Code Ann., specifies what are the contents of the ballot boxes.

9.  Senator Cochran sometime this week-end sent a second letter to all circuit clerk offices. This is a PROPER public records request for a copy of each pollbook for the Republican Primary Runoff Election on June 24, the Republican Primary Election on June 3 and the Democratic Primary Election on June 3. As stated in his letter, provide to Mr. Garr... ESTIMATE of the total cost of producing the copies, with dates of birth REDACTED, and send the estimate. Once M... ...riga forwards payment to your office of the estimate cost, then you must produce and provide the copies. Please ... to your county's public record policy to know the exact period of time by which you must respond to Mr. Garrip... ...t policies provide 7 days - If you don't know your county policy, contact your county attorney.

1

EXHIBIT 18

Hawley, Attorney
General's Office.

Kimberly P. Turner, Esq.
Assistant Secretary of State, Elections Division

Office of the Mississippi Secretary of State
401 Mississippi Street
Post Office Box 135
Jackson, Mississippi 39205
Direct Dial: (601) 359-5137
E-mail: kim.turner@sos.ms.gov

-----Original Message-----
From: Donna Jill Johnson [mailto:circuitclerk@lauderdalecounty.org]
Sent: Monday, July 07, 2014 7:41 AM
To: Kim Turner
Subject: Monday 930am

Got another fax.......fixing to send to all.....Would a conference call benefit, plus email ?

dj

-----Original Message-----
From: Kim Turner [mailto:Kim.Turner@sos.ms.gov]
Sent: Sunday, July 06, 2014 4:09 PM
To: Donna Jill Johnson
Subject: Re: Monday 930am

Sure. I'll work on something tonight and will email to you from my phone later to circulate.

Sent from my iPhone

On Jul 6, 2014, at 2:15 PM, "Donna Jill Johnson"
<circuitclerk@lauderdalecounty.org<mailto:circuitclerk@lauderdalecounty.org>
> wrote:

oth groups are expected in all 82 offices Monday at 9:30am.  Would you like to do a simplified list of  "do and don't lis
o we hope to be on the same page?

e attached faxed correspondence.

OC070614canvass-07062014141139.pdf>

information contained in this email is not an official opinion. You should not consider anything in this email from
issippi Secretary of State's Office to be legal advice.

Case 3:14-cv-00532-NFA   Document 111-5   Filed 08/15/14   Page 31 of 38

MS Prac. Encyclopedia MS Law Election Law § 7, MSPRAC-ENC ELECTLAW § 7

MS Prac. Encyclopedia MS Law Election Law § 7, MSPRAC-ENC ELECTLAW § 7

Encyclopedia of Mississippi Law New Topic Service
Database updated September 2013

Jeffrey Jackson

Mary Miller

Election Law

Leslie Scott,[*] Assistant Secretary of State for Elections, State of Mississippi

III. Roles of Election Officials

Topic Summary References

§ 7. Local election commissions

Perhaps as powerful in the area of elections in our state as any other person or group, local election commissions conduct all general and special elections. There are five county election commissioners elected from each county supervisor district for four-year terms.[1] Municipal election commissioners are appointed by the governing authorities of the municipality. Their numbers range from three to seven based on the municipalities' population.[2]

Each commission elects a chair and a secretary with the chair bearing sole responsibility for having the official ballots printed and distributed in all general and special elections.[3] This power is coveted since ballot order of candidate names has long been thought to deliver a certain number of votes. In the absence or inactivity of a county commission, or in an election contest in a race for election commissioner, the county board of supervisors performs all of the commission's functions.[4]

Local election commissioners are required to be trained and certified at least once a year by the state's chief election officer, the Secretary of State.[5] In addition, they may not run for any other elected office during the term for which they were elected to serve as a commissioner unless they resign from their office before January 1 of the year in which they desire to seek other office.[6] Because special elections frequently occur on short notice, election commissioners have long sought an exception to the January 1 resignation requirement for running in special elections. In 2003, the Mississippi legislature passed a bill that allows election commissioners to become a candidate in a special election to fill a vacancy in any other office provided they resign within 10 days after issuance of the notice of the special election.[7]

The evolution of the election commissioner candidacy rule is interesting. Prior to 1991, the law contained a blanket prohibition against commissioners running for any office during their four-year terms. However, by amendment in 1991, the law allowed election commissioner candidacies for other offices so long as commissioners resigned their positions prior to January 1 of the year in which the election for the office in question is held. With the newly created "special election" exception, the original ideal that election commissioners are akin to judges whose impartiality ought to be above reproach would appear to have deteriorated.[8]

Local election commissions' power at all general and special elections is felt by their authority over all critical aspects of the electoral process. Prior to all elections, the commissions appoint at least three and not more than 18 (based on the number of registered voters in each precinct)[9] election managers, commonly known as poll managers or poll workers.[10] The Commission designates one of these at each precinct as the precinct bailiff, who keeps order in the precinct.[11] Election managers "shall not all be of the same political party if suitable persons of different political parties can be found in the district."[12] Election managers are the officials responsible at each of the approximately 2300 voting precincts across our

EXHIBIT 19

state for seeing to it that the election "is conducted fairly and agreeable to law, and they shall be judges of the qualifications of electors, and may examine, on oath, any person duly registered and offering to vote touching his qualifications as an elector, which oath any of the managers may administer …."[13]

The power of appointment of these election managers is significant in and of itself. That election commissions must also train them regarding all of their duties only adds to the weight of this responsibility.[14] However, under HAVA, poll worker training must become more uniform statewide and federal funds will be available to the state's chief elections officer (the Secretary of State) to develop programs for poll worker training to accomplish the federal requirement.[15]

While some commissions reappoint the same election managers year after year, it is generally accepted that an influx of new election managers is needed nationwide.[16] Toward that end, the Mississippi legislature passed a law in 2002 that allows local election commissioners to appoint up to two students per precinct to serve as student interns during elections.[17] These interns must be at least 16 years old at the time of the election, among other requirements. Their duties are left to the local commissions but may not include responsibilities deemed essential functions of the managers such as deciding vote challenges, making affidavit ballot decisions, carrying out bailiff responsibilities, or vote tallying.[18] These students are also required to be trained alongside election managers.[19] The policy goal underlying the student intern election manager law is to increase interest in this crucial civic responsibility at an early age and thereby enlarge the pool of potential election managers in the state for future appointment by commissions.

Local election commissioners are responsible for other critical election responsibilities—procuring and distributing ballot boxes to each voting precinct in their jurisdiction before the opening of polls on election day;[20] designation of each precinct's receiving manager who receives and distributes ballots, the ballot boxes, poll books, tally sheets, and blank forms for reporting returns at each precinct;[21] certifying election day workers to be paid;[22] counting absentee ballots;[23] and certifying actual election results.[24]

One of the most important duties of election commissions is voter roll maintenance. This duty has evolved over the years with changes in the law and will soon change even more due to certain federal requirements in this area.[25] However, there is no responsibility more important to the voter on election day than that he be recorded as registered so his cast ballot may be counted. Proper voter roll maintenance requires the removal of the names of registered voters who have died, who have moved from the local jurisdiction, who have been convicted of disenfranchising crimes, or who have been declared mentally incompetent by a court.[26] An integral part of proper voter roll maintenance is the duty to keep accurate voter addresses so that as voters move, even within the same county or municipality, they are assigned to the proper voting precinct and vote in appropriate county or municipal elections. The local election commission's duty to conduct voter roll maintenance is ongoing, restricted only by the number of allowable per-diem days for which they may be paid pursuant to state law.[27]

With the United States Supreme Court decision mandating Mississippi's compliance with the National Voter Registration Act (NVRA)[28] in 1997,[29] election commissions are required to follow a federally mandated procedure when removing the names of voters from the rolls based on change of residence. According to complying state law[30] and the NVRA, such registrants may be removed from a local voter roll due to a change of residence only after the registrant is mailed a card or written notice seeking confirmation of the change in address. The notice is forwardable, is mailed to the registrant's last known address, and must contain a postage prepaid, preaddressed response card for the voter to confirm or not the change of address. If the mailing is returned as nondeliverable, or if no voter response is received, or the notice is returned by the voter confirming the change of address to one outside the jurisdiction, then the voter's name may be removed from the rolls if he does not vote in the next two federal general elections occurring after the mailing. During this period, the voter's name is placed on an "inactive" list. If he votes in one of the next two federal general elections, he must do so by affidavit ballot[31] and his name is automatically returned to the roll of active voters in the county.

For all their responsibility, local election commissioners are part-time jobs compensated by way of a per-diem allowance of $70 per day for any five hours of work to carry out either voter roll maintenance or conduct of election responsibilities.[32] The number of per-diem days for which commissioners are entitled to be paid varies from 50 days (and an additional 15 days for each election in excess of one per year) to 240 days (and an additional 150 days for each election in excess of one per year) based on county population.[33] In addition, commissioners are entitled to receive a $70 per-diem payment for up to 10 days' work on voter-roll maintenance in advance of a special election.[34]

Case 3:14-cv-00532-NFA   Document 111-5   Filed 08/15/14   Page 33 of 38

MS Prac. Encyclopedia MS Law Election Law § 7, MSPRAC-ENC ELECTLAW § 7

## CUMULATIVE SUPPLEMENT

**Statutes:**

42 U.S.C.A. § 1973gg-6 was amended by Pub. L. 107-252, Title IX, § 903, Oct. 29, 2002, 116 Stat. 1728.

42 U.S.C.A. § 1973gg-7 was amended by Pub. L. 107-252, Title VIII, § 802(b), Oct. 29, 2002, 116 Stat. 1726.

Miss. Code Ann. § 23-15-213 was amended by 2009 Miss. Laws Ch. 437 (H.B. 1526).

Miss. Code Ann. § 23-15-211 was amended by 2006 Miss. Laws 592 (S.B. 2291).

Miss. Code Ann. § 23-15-239 was amended by 2006 Miss. Laws 592 (S.B. 2291).

Miss. Code Ann. § 23-15-639 was amended by 2006 Miss. Laws 574 (S.B. 2809).

Miss. Ann. Code § 23-15-153 was amended by 2007 Miss. Laws Ch. 434 (S.B. 2831).

Miss. Ann. Code § 23-15-239 was amended by 2007 Miss. Laws Ch. 565 (H.B. 1259).

Miss. Code Ann. § 23-15-211 was amended by 2008 Miss. Laws Ch. 528 (S.B. 2910).

Miss. Code Ann. § 23-15-239 was amended by 2008 Miss. Laws Ch. 528 (S.B. 2910).

Miss. Code Ann. § 23-15-153 was amended by 2010 Miss. Laws Ch. 377 (S.B. 2635).

Miss. Code Ann. § 23-15-153 was amended by 2013 Miss. Laws WL No. 96 (S.B. 2238) and 2013 Miss. Laws WL No. 183 (S.B. 2311).

Miss. Code Ann. § 23-15-217 was amended by 2013 Miss. Laws WL No. 148 (S.B. 2308).

## [END OF SUPPLEMENT]

*

The Author wishes to thank Joshua Turner for his invaluable and thorough legal research assistance that contributed greatly to the completion of this chapter.
 1
Miss. Code Ann. §§ 23-15-211, 23-15-213.
 2
Miss. Code Ann. § 23-15-221.


**Forms**
Appointment as election official. Am. Jur. Pleading and Practice Forms, Elections §§ 22 to 24.
3
Miss. Code Ann. § 23-15-213.
 4
Miss. Code Ann. §§ 23-15-215, 23-15-217(2).
 5
Miss. Code Ann. § 23-15-211(3).

Case 3:14-cv-00532-NFA   Document 111-5   Filed 08/15/14   Page 34 of 38

MS Prac. Encyclopedia MS Law Election Law § 7, MSPRAC-ENC ELECTLAW § 7

6
Miss. Code Ann. § 23-15-217(1).
7
H. B. No. 1178, Reg. Sess., Miss. Leg. (2003) (approved by Governor March 18, 2003) (submitted to the United States Attorney General for preclearance April 22, 2003, pending decision).
8
Meeks v. Tallahatchie County, 513 So. 2d 563 (Miss. 1987). The Mississippi Supreme Court recognized in 1987 that, "perhaps more so than is the case with any other public official, the integrity of the office of Elections Commissioner must be totally beyond compromise or even perception of the possibility of compromise." The Court reasoned that election commissioners must be "aloof from partisan politics as much as judges, if not more so …" since "what is at stake is public confidence in our system of self-government." Meeks at 569. In 1992, the Mississippi Supreme Court had occasion to revisit the Meeks decision in the context of a county election commissioner's election as Mayor of a town within the county she represented as a commissioner. In Stringer v. Lucas, 608 So. 2d 1351 (Miss. 1992), the Court held that § 23-15-217 and Meeks applied to render Ms. Stringer's election illegal. This ruling was based on the fact that the statute made no exception for county commissioners running for municipal office but also because the county commission's duty to maintain voter rolls for precincts within the municipality in question conflicted with the Meeks mandate to keep election commissioners above even the appearance of partisanship.
9
Miss. Code Ann. § 23-15-235.
10
Miss. Code Ann. § 23-15-231.
11
Miss. Code Ann. §§ 23-15-241, 23-15-245.
12
Miss. Code Ann. § 23-15-231.
13
Miss. Code Ann. § 23-15-233.
14
Miss. Code Ann. § 23-15-239.
15
Pub. L. No. 107-252 §§ 101(b), 254(3) (Oct. 29, 2002).
16
CalTech/MIT Voting Technology Project, Voting: What Is, What Could Be, at 35 (July, 2001).
17
Miss. Code Ann. § 23-15-240.
18
Miss. Code Ann. § 23-15-240(2)(a).
19
Miss. Code Ann. § 23-15-240(3).
20
Miss. Code Ann. § 23-15-247.
21
Miss. Code Ann. § 23-15-251.
22
Miss. Code Ann. § 23-15-261.
23
Miss. Code Ann. § 23-15-639.
24
Miss. Code Ann. § 23-15-603.
25
Pub. L. No. 107-252, § 303 (Oct. 29, 2002) (mandating creation of a "single, uniform, official, centralized, interactive computerized statewide voter registration list" maintained by the Secretary of State).
26
Miss. Code Ann. § 23-15-153. Calvert v. Crosby, 163 Miss. 177, 139 So. 608 (1932) holds that the proper remedy for alleged

improper removal of a name from the registration books is reregistration, and not mandamus, and if the new application is denied, an appeal to the election commission pursuant to Miss. Code Ann. § 23-15-71 is appropriate.

27
Miss. Code Ann. § 23-15-153.

28
42 U.S.C.A. §§ 1973gg et seq. (2000).

29
Young v. Fordice, 520 U.S. 273, 117 S. Ct. 1228, 137 L. Ed. 2d 448, 146 A.L.R. Fed. 791 (1997).

30
Miss. Code Ann. § 23-15-153(1).

31
Miss. Code Ann. § 23-15-573; 42 U.S.C.A. §§ 1973gg et seq. (2000).

32
Miss. Code Ann. § 23-15-153.

33
Miss. Code Ann. § 23-15-153(2).

34
Miss. Code Ann. § 23-15-153(3).

**End of Document**                                              © 2014 Thomson Reuters. No claim to original U.S. Government Works.

MS Prac. Encyclopedia MS Law Election Law § 9, MSPRAC-ENC ELECTLAW § 9

Case 3:14-cv-00532-NFA   Document 111-5   Filed 08/15/14   Page 36 of 38

MS Prac. Encyclopedia MS Law Election Law § 9, MSPRAC-ENC ELECTLAW § 9

Encyclopedia of Mississippi Law New Topic Service
Database updated September 2013

Jeffrey Jackson

Mary Miller

Election Law

Leslie Scott,[*] Assistant Secretary of State for Elections, State of Mississippi

III. Roles of Election Officials

Topic Summary References

§ 9. Local voter registrars

The State Board of Election Commissioners appoints a registrar for each county to serve four year terms.[1] The municipal clerk is the voter registrar for each municipality in the state.[2] The municipal registrar, an automatic deputy county registrar,[3] is responsible for registering voters for both county and municipal elections.[4] County registrars, and presumably municipal registrars, are authorized to employ deputy registrars, with the consent of the County Board of Supervisors and municipal governing authorities, respectively, who may discharge registrar duties along with the registrar.

Just as the municipal clerk is the municipal registrar by law, the State Board of Election Commission regularly appoints the circuit clerk of each county as the county registrar by February 15 after the year of the circuit clerk's election.[5]

The duties of these registrars are identical.[6] The first and most important duty of a local voter registrar is to accept voter registration applications and place qualified applicants' names on the registration books of the proper voting precincts of the applicants' residence.[7]

The municipal registrar uses registration books that conform to county registration books.[8] One of the duties of municipal registrars is to forward copies of registration applications for county electors, along with changes to existing county registrations, to the county registrar by certified mail or personal delivery.[9] If the applicant qualifies as a county elector, the county registrar determines the proper county voting precinct for the registrant and forwards by mail this information to the registrant. If the applicant does not qualify for registration, the county registrar likewise notifies the applicant of the challenge to the application and any appeal of this challenge is made to the county election commission.[10] At the municipal level, the municipal clerk notifies the applicant of his municipal precinct and assigns a voter registration number to him.[11]

Local registrars are required to keep registration books open and keep office hours of 8:00 a.m. until 7:00 p.m. for five business days immediately before the 30th day prior to a primary or general election for voter registration purposes.[12] This is to enable registrants to meet the 30-day residency voting requirement of Mississippi law[13] and vote in the next election.

In cases of physical disability, the registrar or deputy may visit an applicant for the purpose of registering him to vote.[14] If the applicant is unable to read or write, due to disability or otherwise, the registrar is required to read the application questions and oath to him and record responses with the oath requirement being waived.[15]

In the fall and spring of each year, the county registrar must furnish all public schools in the county with mail-in voter registration applications to enable students who will be 18 years old before the next general election an opportunity to register to vote.[16]

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 20

MS Prac. Encyclopedia MS Law Election Law § 9, MSPRAC-ENC ELECTLAW § 9

Case 3:14-cv-00532-NFA Document 111-5 Filed 08/15/14 Page 37 of 38

Finally, county registrars are directed to prepare and keep in their offices a full and complete list of persons convicted of disenfranchising crimes under Section 241 of the Mississippi Constitution for purposes of assisting election commissioners with voter roll maintenance.[17]

County registrars are compensated for their registration work from the county treasury based on county population ranging from $6,325 annually to $29,900.[18] Additional compensation is authorized for other registrar services such as assistance to the county election commission and county party executive committees with poll book revision and conduct of election duties (receiving the same per diem rate and subject to the same limits on the number of per diem days allowed county election commissioners);[19] an additional amount of $2000 per year for election related duties;[20] and additional compensation for the hiring of deputy registrars to assist with redistricting or registration work.[21] Municipal registrars are eligible for "a reasonable amount of additional compensation for reimbursement for costs and duties associated with processing mail in voter registrations."[22]

## CUMULATIVE SUPPLEMENT

### Statutes:

Miss. Code Ann. § 23-15-33 was amended by 2012 Miss. Laws WL No. 149 (H.B. 995).

Miss. Code Ann. § 23-15-35 was brought forward and amended by 2012 Miss. Laws WL No. 149 (H.B. 995).

Miss. Code Ann. § 23-15-37 was amended by 2009 Miss. Laws Ch. 506 (H.B. 312).

Miss. Code Ann. § 23-15-223 was amended by 2009 Miss. Laws Ch. 400 (H.B. 1287).

Miss. Code Ann. § 23-15-33 was amended by 2006 Miss. Laws 574 (S.B. 2809).

Miss. Ann. Code § 23-15-35 was amended by 2007 Miss. Laws Ch. 565 (H.B. 1259).

Miss. Code Ann. § 23-15-11 was amended by 2008 Miss. Laws Ch. 442 (H.B. 104).

Miss. Code Ann. § 23-15-35 was amended by 2008 Miss. Laws Ch. 532 (S.B. 2744).

Miss. Code Ann. § 23-15-225 was amended by 2008 Miss. Laws Ch. 473 (S.B. 2313).

Miss. Code Ann. § 23-15-153 was amended by 2010 Miss. Laws Ch. 377 (S.B. 2635).

Miss. Code Ann. § 23-15-153 was amended by 2013 Miss. Laws WL No. 96 (S.B. 2238) and 2013 Miss. Laws WL No. 183 (S.B. 2311).

## [END OF SUPPLEMENT]

\*

The Author wishes to thank Joshua Turner for his invaluable and thorough legal research assistance that contributed greatly to the completion of this chapter.

1

Miss. Code Ann. § 23-15-223.

2

Case 3:14-cv-00532-NFA   Document 111-5   Filed 08/15/14   Page 38 of 38

MS Prac. Encyclopedia MS Law Election Law § 9, MSPRAC-ENC ELECTLAW § 9

Miss. Code Ann. § 23-15-223.

3

Miss. Code Ann. § 23-15-223.

4

Miss. Code Ann. § 23-15-35(2).

5

Miss. Code Ann. § 23-15-223.

6

Miss. Code Ann. § 23-15-31.

7

Miss. Code Ann. § 23-15-33.

8

Miss. Code Ann. § 23-15-35(1).

9

Miss. Code Ann. § 23-15-35(2).

10

Miss. Code Ann. § 23-15-35(2).

11

Miss. Code Ann. § 23-15-35(3).

12

Miss. Code Ann. § 23-15-37(2).

13

Miss. Code Ann. § 23-15-11.

14

Miss. Code Ann. § 23-15-37(4).

15

Miss. Code Ann. § 23-15-549.

16

Miss. Code Ann. § 23-15-37(5a).

17

Miss. Code Ann. § 23-15-751.

18

Miss. Code Ann. § 23-15-225.

19

Miss. Code Ann. § 23-15-153.

20

Miss. Code Ann. § 23-15-225(5).

21

Miss. Code Ann. § 23-15-225(2).

22

Miss. Code Ann. § 23-15-225(6).

---

**End of Document**                                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.