# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TRUE THE VOTE, ET AL.**                                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 3:14cv532-NFA**

**THE HONORABLE DELBERT
HOSEMANN, in his official capacity
as Secretary of State for the State
of Mississippi, ET AL.**                                    **DEFENDANTS**
_____

## SECRETARY OF STATE DELBERT HOSEMANN'S
## RESPONSE IN OPPOSITION TO MOTION FOR
## PARTIAL SUMMARY JUDGMENT
_____

Defendant Secretary of State Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, submits this Response in Opposition to plaintiffs' Motion for Partial Summary Judgment, Docket No. 83, and states:

1.     This lawsuit arises from events related to the June 24, 2014 run-off election between incumbent Thad Cochran and Chris McDaniel, that decided the Mississippi Republican Party's nominee for United States Senator in the Fall general election, and plaintiffs' alleged requests for documents from Mississippi Circuit Clerks concerning the election.

2.     On August 6, plaintiffs filed their Motion for Partial Summary Judgment on counts one and two of their Amended Complaint, Docket No. 58, regarding the National Voter Registration Act's ("NVRA") provision for

"public disclosure of voter registration activities," Public Law No. 103-31, Section 8(i), codified at 42 U.S.C. § 1973gg-6(i).

3.    Plaintiffs essentially seek judgment compelling the defendants to produce certain documents related to the June 24 run-off they claim to have requested under the NVRA, but allegedly were denied access, and to provide the documents without redacting any Mississippi voter's date of birth appearing in them.  Plaintiffs' motion should be denied.

4.    NVRA's provision for "public disclosure of voter registration activities," 42 U.S.C. § 1973gg-6(i), NVRA does not establish a right to investigate or challenge state election results.  The public disclosure provision's plain meaning, context, and NVRA read as a whole demonstrate Mississippi poll books and absentee ballot materials are clearly beyond the public disclosure provision's scope which limits access under federal law to documents related to programs and activities with the purpose of registering and removing voters from voter rolls to keep them accurate and current.

5.    Plaintiffs are not entitled to relief compelling production of the voter rolls, *i.e.*, the only non-election-related documents plaintiffs claim are at issue here.  True the Vote admits it already has the voter roll, has never requested Secretary Hosemann to produce the voter roll for them, and plaintiffs have not been denied access to it.

6.    Plaintiffs' claims are also barred due to their inexcusable failure

to comply with NVRA's conditions precedent for filing a lawsuit.  They do not have a valid private right of action to sue anybody here.

7.     Even assuming plaintiffs are entitled to any documents under NVRA, Mississippi voters' dates of birth should be redacted.  NVRA does not displace or impermissibly conflict with Mississippi law protecting voters' dates of birth.

8.     Additionally, if plaintiffs are entitled to any NVRA relief against anyone, Secretary Hosemann indisputably does not have the election-related documents plaintiffs seek.  Neither NVRA nor state law authorizes or obligates him to direct any local officials to produce the documents to plaintiffs.  They are not entitled to an order of this Court compelling him to do so.

9.     Secretary Hosemann's opposition to plaintiffs' motion is based on his Supporting Brief filed simultaneously with this Response, evidence already accepted by the Court in its preliminary injunction proceedings, testimony in the preliminary injunction Hearing Transcript filed with the Court, other materials on file, and the following exhibits attached hereto in support of his opposition:

EXHIBIT "1":     Rebecca Boyd Affidavit;

EXHIBIT "2":     Madalan Lennep Declaration;

EXHIBIT "3":     Edna Stevens Declaration;

EXHIBIT "4":    Lydia Green Declaration;

EXHIBIT "5":    Complaint in *McDaniel v. Cochran*, No. 2014-76-CV8 in the Circuit Court of Jones County, Mississippi (July 14, 2014);

FOR THESE REASONS, and those set forth in his separately filed Supporting Brief, Secretary Hosemann respectfully requests that the Court enter an order denying plaintiffs' motion for partial summary judgment and further disposing of counts one and two of plaintiffs' Amended Complaint as the Court deems appropriate.

THIS the 15th day of August, 2014.

Respectfully submitted,

DELBERT HOSEMANN, in his official capacity as Secretary of State for the State of Mississippi

By:   JIM HOOD, ATTORNEY GENERAL

By:   <u>S/Justin L. Matheny</u>
Harold E. Pizzetta, III (Bar No. 99867)
Justin L. Matheny (Bar No. 100754)
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*hpizz@ago.state.ms.us*
*jmath@ago.state.ms.us*

*Counsel for Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi*

-4-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

THIS the 15th day of August, 2014.

<u>S/Justin L. Matheny</u>
Justin L. Matheny