IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUE THE VOTE, et al.
    Plaintiffs,

v.

THE HONORABLE DELBERT HOSEMANN,
in his official capacity, as Secretary of State for the
State of Mississippi, et al.,
    Defendants.

Civil Action No.
3:14-cv-532 NFA

## DECLARATION

I hereby make the following declaration pursuant to 28 U.S.C. § 1746:

1. My name is Lydia Green. I am over the age of eighteen and have personal knowledge of the matters set forth herein.

2. I am currently one of the five duly elected Election Commissioners for Copiah County, Mississippi. One of the general duties of Election Commissioners performed pursuant to law includes identifying and removing names of registered voters from the county voter rolls when any such voter is due to be re-classified from active status to any other status, or from inactive status to purged status using the State-wide Election Management System ("SEMS") software program utilized to maintain the county's voter roll.

3. Approximately thirty days prior to any election, including party primary elections, the Election Commissioners meet and perform the tasks of removing names or altering the voting classification status of registered voters appearing on the county's voter roll. The purging process is completed approximately thirty days prior to every election. In conjunction with the


EXHIBIT 4

county's June 2014 elections in the Democratic and Republican primaries, and June 24, 2014 Republican run-off, for nominee to the office of United States Senator, the process was completed by the Copiah County Election Commissioners in early May 2014.

4. Election Commissioners did not utilize voting precinct poll books, absentee ballot applications, envelopes, overseas absentee ballot materials, and other election-related materials in conjunction with removing names or altering the voting classification status of registered voters appearing on the county's voter rolls before the aforementioned June 2014 primary and run-off elections. Those materials are generally not ever relevant to the purging process, and were also obviously not available to the Election Commission, or anyone else, in May 2014. Poll books had not been printed or used in the election at that time. Absentee ballots had not been cast, processed, counted or otherwise used in the election in May 2014.

5. Likewise, the county's Election Commissioners have not utilized precinct poll books or absentee ballot applications, envelopes, or other absentee balloting materials related to the county's June 2014 primary and run-off elections, in conjunction with removing or altering the voting classification status of registered voters appearing on the county's voter rolls. Poll books and absentee balloting materials are irrelevant to those processes.

6. Election Commissioners do not manually add or remove names, by erasing names or otherwise, from any precinct poll books, and did not do so in conjunction with the county's June 2014 elections in the Democratic and Republican primaries, and June 24, 2014 Republican run-off, for nominee to the office of United States Senator. New precinct poll books are printed by Circuit Clerks just prior to elections using a computer, and the poll books are only used in connection with one election. Election Commissioners simply do not utilize poll books in

conjunction with removing names or altering the voting classification status of registered voters appearing on the county's voter rolls.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 15, 2014.

_____
LYDIA GREEN, PRESIDENT
COPIAH COUNTY ELECTION
COMMISSION