IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
OF JONES COUNTY MISSISSIPPI

CHRIS McDANIEL                                          PETITIONER

v.                          CIVIL ACTION NO. 2014-76-CV8

THAD COCHRAN                                            RESPONDENT

---

### PETITION FOR EMERGENCY HEARING
### INJUNCTIVE RELIEF AND JUDICIAL REVIEW

---

COMES NOW, Senator Chris McDaniel, a candidate for United States Senator, pursuant to Mississippi Code § 23-15-927, petitioning this Court for an emergency hearing, injunctive relief and judicial review and in support of this Petition would show unto the Court the following:

### PARTIES

1. Chris McDaniel ("McDaniel") is an adult resident of Ellisville, Mississippi and a duly qualified candidate for the Republican nominee for United States Senator.

2. Thad Cochran ("Cochran") is an adult resident of Oxford, Mississippi and a duly qualified candidate for the Republican nominee for the United States Senator.

### JURISDICTION

3. This Court has jurisdiction of this matter pursuant to Mississippi Code § 23-15-927. McDaniel filed a Complaint of Election Contest (hereinafter the "Complaint") with the Mississippi State Republican Party Executive Committee (hereinafter "SREC") pursuant to

EXHIBIT 5



FILED
AUG 14 2014
BART GAVIN
CIRCUIT CLERK
JONES COUNTY MS

Mississippi Code § 23-15-923, on August 4, 2014, specifically reciting the grounds upon which he contests the June 24, 2014 Republican Party primary runoff election for United States Senator. A copy of the Complaint is attached hereto as Exhibit "A."[1]

4. The duty of the SREC under Mississippi Code § 23-15-923 is to investigate the Complaint, return its findings and declare the true results of the challenged primary.

5. By letter dated August 6, 2014, the SREC Chairman notified Senator Chris McDaniel, through counsel, that the SREC was not going to act upon the Complaint. A copy of said letter is attached hereto as Exhibit "B."

6. Mississippi Code § 23-15-927 provides in pertinent part that:

> When and after any contest has been filed with the ... State Executive Committee, and the executive committee having jurisdiction fails to promptly meet or, having met, fails or unreasonably delays to fully act upon the contest or complaint or fails to give with reasonable promptness the full relief required by the facts and the law, the contestant shall have the right forthwith to file in the circuit court of the county in which the irregularities are charged to have occurred, or, if more than one (1) county is involved, then in one (1) of the counties, a sworn copy of his protest or complaint, together with a sworn petition, setting forth with particularity how the executive committee has wrongfully failed to act or to fully and promptly investigate or has wrongfully denied the relief prayed by the contest, with a prayer for a judicial review thereof. A petition for judicial review must be filed within ten (10) days after any contest or complaint has been filed with an executive committee.

7. The irregularities complained of in the Complaint occurred in many of Mississippi's counties, specifically including Jones County. Therefore, pursuant to § 23-15-927, jurisdiction and venue are proper in the Circuit Court of Jones County.

---

[1] Attached Exhibit A includes two supplements to the August 4, 2014 filed Complaint that were given to the SREC as additional information from Mississippi counties received and summarized into individual affidavits.

8. In further compliance with § 23-15-927, the certificates of two attorneys are attached hereto as Exhibits "C" and "D," and a $300 bond has been paid into the Court, deposited with the Circuit Clerk, by Senator Chris McDaniel.

9. For the foregoing reasons, jurisdiction and venue are proper in the Circuit Court for the Second Judicial District of Jones County, Mississippi.

## PRAYER FOR INJUNCTIVE RELIEF

10. On July 7, 2014, the SREC certified to the Mississippi Secretary of State that Cochran was the winner of the June 24, 2014 primary runoff election, and thereby declared to be the Party's nominee for U. S. Senator.

11. The penultimate sentence of § 23-15-927 provides: "The filing of [a] petition for judicial review in the manner set forth in this section shall automatically supersede and suspend the operation and effect of the order, ruling or judgment of the executive committee appealed from."

12. Senator Chris McDaniel respectfully requests that an injunction be immediately entered suspending and holding in abeyance the certification of Cochran by the SREC as the nominee of the Party until such time as this Complaint can be heard and the relief requested herein granted and accomplished.

13. Senator Chris McDaniel further requests that an injunction be immediately entered suspending and holding in abeyance the placement of Senator Cochran's name on the ballot for the General Election in November until such time as this Complaint can be heard and the relief requested herein granted and accomplished.

14.     As seen in McDaniel's election contest Complaint (Exhibit A), the election records held by the circuit clerks of all Mississippi's counties regarding the June 3 and June 24, 2014 primary elections are the primary sources of evidence of vote fraud and charges at issue in this proceeding. McDaniel requests that an injunction be immediately entered directing the circuit clerks of the State to preserve and secure all the original documentation in any way relating to the June 3 and June 24, 2014 primary elections.

15.     McDaniel requests any other or further injunctive relief deemed appropriate or necessary by the Court.

## REQUEST FOR AN IMMEDIATE HEARING

16.     McDaniel requests an immediate hearing by the Court to, (a) declare that it has jurisdiction to adjudicate this matter, and (b) grant the injunctive relief requested herein.

17.     McDaniel also requests that a trial on the merits be conducted as soon as practicable.

## VIOLATIONS OF ELECTION LAW

18.     The facts supporting this Petition are set forth in Exhibit A. It is adopted herein by this reference.

19.     Exhibit A and the foregoing paragraphs set forth with particularity how the SREC has wrongfully failed to act or investigate this matter and has wrongfully denied McDaniel the relief requested.

20.     Republican party electors were disenfranchised by the widespread violations of Mississippi Code § 23-15-575 allowed by the SREC and county executive committees. In combination with Senator Cochran's intentional solicitation of Democrat voters to violate State

law, the permitted unlawful votes produced an outcome that does not express the will of qualified Republican party electors.

21. When administering primary elections, the SREC and the Party's county executive committees act as State election officials. Their conduct is State action, and it is their duty to act in accordance with State law. See *Terry v. Adams*, 345 U.S. 461 (1953); *Smith v. Allwright*, 321 U.S. 649 (1944). See also, Mississippi Code § 23-15-291.

22. The widespread violations of Mississippi Code § 23-15-575 allowed by the SREC and certain county executive committees, specifically including the worst offender Hinds County, constitute a substantial violation of the associational freedom of McDaniel and other members of the Republican Party of Mississippi protected by the First Amendment of the U. S. Constitution. See *California Democratic Party v. Jones*, 530 U.S. 567 (2000). See also *Mississippi State Democratic Party v. Barbour*, 491 F.Supp.2d 641 (N.D. Miss. 2007)(reversed on other grounds by 529 F.3d 538 (5th Cir. 2008)

23. The First Amendment protects the freedom to join together in furtherance of common political beliefs, which necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people. The right to associate includes the right not to associate. In no area is the political association's First Amendment right to not associate more important than in the process of selecting its nominee. *California Democratic Party v. Jones*, 530 U.S. at 574-575.

24. By failing to enforce Mississippi law intended to prevent such ill effects (i.e. § 23-15-575), the Republican party executive committees have allowed (or fostered) vote fraud and irregularities to vitiate the results of the June 24 primary runoff election. The extensive vote

fraud, negligence and irregularities in some counties, specifically including Hinds County, requires that the results from those counties be removed from the count so as not to contaminate all other county election results.

25.  Failure of the Republican party county executive committees and circuit clerks in specific counties to comply with Mississippi election law destroyed the ability of Mississippi voters to rely on those records as an accurate report of the June 24 primary runoff election results. Many of the attached affidavits indicate crossover voting that occurred as well as mistakes regarding actual voter activity.

26.  Those failures included not keeping an accurate inventory of ballots, not keeping precinct election records secure and separate, not keeping ballot boxes secure, and commingling unlawful votes with otherwise lawful votes.

## PRAYER FOR RELIEF

27.  McDaniel respectfully requests the following relief based on the facts and law pleaded herein and in Exhibit A, all to be particularly proved at the trial of this matter:

   a.  that the Hinds County results from the June 24 primary runoff be invalidated and removed from the statewide count because of the extensive vote fraud and election law violations permitted by the Hinds County Republican executive committee; and

   b.  that other counties proved to have permitted widespread vote fraud and violations of Mississippi election law have their results from the June 24 primary runoff invalidated and removed from the statewide count.

28. When the results from such counties are removed from the statewide count, it will be shown that Senator Chris McDaniel is the nominee elected by the majority of the lawful Republican Party voters; and he requests to be so declared.

29. In the alternative, McDaniel requests that this Court order a new Republican Party primary runoff election and require that the Republican Party implement proceeding to prevent "party raiding" and violation of §23-15-575 of the MS Code.

30. McDaniel prays for any such other relief the Court deems necessary or appropriate under the facts proved at trial.

RESPECTFULLY SUBMITTED this __13th__ day of August, 2014.

CHRIS McDANIEL

By: _____
Mitchell H. Tyner, Sr.

**VERIFICATION**

STATE OF MISSISSIPPI

COUNTY OF Jones

I, Chris McDaniel, do hereby swear or affirm that the facts alleged in the foregoing Petition For Emergency Hearing, Injunctive Relief and Judicial Review and the facts alleged in the attached Complaint Of Election Contest are true and correct to the best of my knowledge and belief.

_____
CHRIS McDANIEL

SUBSCRIBED and SWORN to or AFFIRMED before me, the undersigned authority for this jurisdiction by the above named Chris McDaniel on this the 14th day of August, 2014.

My Commission Expires:

_Patricia Ann Bird_
Notary Public

[Notary Seal: STATE OF MISSISSIPPI, PATRICIA ANN BIRD, NOTARY PUBLIC ID # 9532, Commission Expires November 4, 2014, JONES COUNTY]

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the above and foregoing Petition for Emergency Hearing Injunctive Relief and Judicial Review upon the following:

Chief Justice William L. Waller, Jr.
450 High St.
Jackson, MS 39201-1082

RESPECTFULLY SUBMITTED this 14th day of August, 2014.

By: _Mitchell H. Tyner_
Mitchell H. Tyner, Sr.