IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br>§§§§§§§§§§§<br>Plaintiffs,<br><br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br>Defendants. | Cause No. 3:14-cv-00532-NFA |

**PLAINTIFFS' REPLY TO THE SECRETARY OF STATE, ET AL.'S RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE DISTRICT COURT:

Plaintiffs True the Vote, et. al. ("True the Vote") file this Reply to the Secretary of State (and all those county election commissions filing a joinder therewith), along with their brief in support, and respectfully show the following:

# I.
# REPLY

Mississippi claims to host a "bottom up" electoral process, but rights of the true foundation, Mississippi's individual voters, are being diluted from the top down. Defendants are restricting individual rights by statutory manipulation and gamesmanship, a tactic the National Voter Registration Act ("NVRA") was passed to remedy. There are a number of factors to corral in this preliminary injunction, but the evidence and case law conclude the following–

(1) Prior to the election, True the Vote requested documents protected by the NVRA;

    a. The NVRA contains no magic language to specially "invoke" its protections. States are under an ongoing obligation to ensure requests are complied with.[1]

    b. Notice to a State regarding noncompliance with the NVRA prior to filing suit[2] is not necessary if the notice would be futile.

    c. Defendants maintain the records sought by Plaintiffs are either not protected by the NVRA, or if they are, will only be produced in redacted form pursuant to codified Mississippi statute. Thus, any further discussion of 'notice' providing Defendants opportunity to produce unredacted records (in effort to comply with the NVRA) is futile.

(2) The Mississippi Secretary of State is the Chief Election Official ("SOS/CEO") with the ultimate responsibility for ensuring Mississippi's compliance with the NVRA's obligations;

---

[1] The NVRA was enacted to put an end to state by state discriminatory "hoops" placed against voters. *See* S. Rep. No. 6 at *3, 103rd Cong., 1ST Sess. 1993. It makes little sense that this purpose does not apply throughout the statute, including what may constitute a valid request.
[2] (though the number of letters and news reports about the issues confirm the Defendants were well aware of Plaintiffs' complaint prior to the suit in the Southern District being filed, *see e.g*. Doc. 106-2; DX 1 Doc. 107; DX2 Doc. 107-2).

    a. Statutorily, the Chief Election Official is responsible for directing those parties to whom it has delegated its authority (whether it be local circuit clerks or party executive committees) to provide requested records in unredacted form in compliance with the NVRA[3];

    b. Factually, the Circuit Clerks already reach out to the Secretary of State's office for advice of how to handle NVRA requests, and the Secretary of State provides direction[4];

(3) The requested voter roll, pollbook, absentee ballot applications and envelopes, and federal postcard applications are documents protected by the NVRA;

(4) The SOS/CEO must direct the circuits and any local election authority acting in concert therewith, to disclose the requested records without redacted birthdate information (at a reasonable cost); and

(5) The NVRA is not a statute without a purpose. The public has a constitutional right (as it absolutely should) to ensure their votes are not unconstitutionally diluted. Public disclosure of election records promotes this right.

All Defendants played a part in the Republican Primary election, and each should be ordered to stop playing political chess, and produce any requested records in their possession in unredacted form in response to Plaintiffs' requests. Plaintiffs' constitutional rights are at stake, and fairness requires the relief Plaintiffs seek.

    The Plaintiffs were instructed that the Republican Party had custody of documents which it sought during the election.[5] However, if the Republican Party no longer has custody of the requested records, then it need not produce same. Nonetheless, this is not

---

[3] *U.S. v. Missouri*, 535 F.3d 844, 849-850 (8th Cir. 2008) ("Under the NVRA's plain language Missouri may not delegate the responsibility to conduct a general program to a local official and thereby avoid responsibility if such a program is not reasonably conducted.").

[4] *See* E-mails from Ms. Turner, attached hereto as Exhibit 1 (dated July 3, 2014), and Exhibit 2 (dated July 7, 2014).

[5] *See* Doc. 106-2; *see also* Doc. 110 at p.3.

a waiver of a Plaintiffs rights against the Republican Party for violations of constitutional voting rights under Count III.

## II.
## RELIEF REQUESTED

Wherefore, premises considered, this Court should enter preliminary injunction, ordering Defendants to comply with the National Voter Registration Act, and to make available for inspection and copying the voter roll, pollbooks, absentee ballot applications and envelopes, and federal post card applications without birthdates being redacted.

Respectfully submitted,

/s/   *L. Eades Hogue*

| | |
|---|---|
| Joseph M. Nixon – *pro hac vice* | L. Eades Hogue |
| Texas State Bar No. 15244800 | Mississippi State Bar No. 2498 |
| jnixon@bmpllp.com | Louisiana State Bar No. 1960 |
| Kristen W. McDanald – *pro hac vice* | ehogue@bmpllp.com |
| Texas State Bar No. 24066280 | BEIRNE, MAYNARD & PARSONS, LLP |
| kmcdanald@bmpllp.com | Pan-American Life Center |
| Kelly H. Leonard – *pro hac vice* | 601 Poydras Street |
| Texas State Bar No. 24078703 | Suite 2200 |
| kleonard@bmpllp.com | New Orleans, LA 70130 |
| BEIRNE, MAYNARD & PARSONS, LLP | (504) 586-1241 Tel. |
| 1300 Post Oak Blvd, Suite 2500 | (504) 584-9142 Fax |
| Houston, Texas  77056 | **Lead Counsel** |
| (713) 623-0887   Tel. | |
| (713) 960-1527   Fax | |

James E. "Trey" Trainor, III. – *pro hac vice*
Texas State Bar No. 24042052
ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700   Tel.
(512) 623-6701   Fax

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2014 a copy of the forgoing and its exhibits were served on The Honorable Delbert Hosemann, The Republican Party of Mississippi; The Copiah County Mississippi Election Commission; the Hinds County, Mississippi Election Commission; the Jefferson Davis County, Mississippi Election Commission; the Lauderdale County, Mississippi Election Commission, the Leake County Mississippi Election Commission; the Madison County, Mississippi Election Commission, the Rankin County, Mississippi Election Commission, and the Simpson County, Mississippi Election Commission;  via the Court's ECF e-file service.  Plaintiffs have served the remaining Defendant, who has not yet registered to the Court's ECF system for this matter, via United States Postal Service, in accordance with Federal Rules of Civil Procedure.

/s/    *L. Eades Hogue*