IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik<br>　　　Plaintiffs,<br><br>v.<br><br>The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission<br>　　　Defendants. | Cause No. 3:14-cv-00532-NFA |

**PLAINTIFFS' RESPONSE TO THE REPUBLICAN PARTY OF
MISSISSIPPI'S MOTION TO DISMISS, OR IN THE
<u>ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT</u>**

TO THE HONORABLE DISTRICT COURT:

Plaintiffs True the Vote, et. al. ("True the Vote") file this Response to the Republican Party of Mississippi's ("RPM") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Doc. 87 and 88, and respectfully show the Court the following:

The RPM has not carried its burden under Federal Rules of Civil Procedure 12 and 56. The uncontroverted facts of this case reveal Plaintiffs requested NVRA records and were denied access to those materials prior to and following a federal election. While the RPM is not the primary target of Plaintiffs' NVRA claims, it is a necessary party to the litigation because the suit ultimately concerns the RPM's primary election, which is not entirely a state affair. Moreoever, the RPM held the records requested in this case at points during the election.

The Plaintiffs cannot secure complete relief in this case in the absence of the RPM. RPM's arguments regarding the Equal Protection and Section 1983 claims in this case are premature. While Plaintiffs have evidence of election irregularities relating to the Run-Off Election, the extent of those irregularities is unknown at this time and a matter of factual investigation that the Court may only address after adequate discovery. For these reasons, Plaintiffs ask the Court to deny the RPM's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

Plaintiffs submit the attached Memorandum in Support of their Response and the following Exhibits:

| | |
|---|---|
| EXHIBIT 1 | Excerpts from July 24, 2014 Evidentiary Hearing |
| EXHIBIT 2 | Declaration of Catherine Engelbrecht |
| EXHIBIT 3 | Declaration of Julia Hoenig and Incident Reports |
| EXHIBIT 4 | Declaration of Mike Rowley and Incident Reports |
| EXHIBIT 5 | Declaration of Jeanne Webb and Incident Reports |
| EXHIBIT 6 | Declarations of John Hobson and Karen Hobson and Incident Reports |
| EXHIBIT 7 | Declaration of Sandy Steinbacher and Incident Reports |
| EXHIBIT 8 | July 8, 2014 Letter from Madison County Circuit Clerk |
| EXHIBIT 9 | Declaration of Roberta Swank and Incident Reports |
| EXHIBIT 10 | Declaration of Melinda Kinley and Incident Reports |
| EXHIBIT 11 | Declaration of Ruth Wall and Incident Reports |
| EXHIBIT 12 | Declaration of Susan Morse and Incident Reports |
| EXHIBIT 13 | Declaration of Roy Nicholson |
| EXHIBIT 14 | Declaration and Affidavit of Phil Harding |

## CONCLUSION

To survive a motion to dismiss for failure to state a claim, a complaint must merely contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.,* 550 U.S. at 547. A complaint need not contain "detailed factual allegations." *Id.* at 555. Instead, it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.*

2

Here, Plaintiffs' Complaint sets forth facts which indicate that (a) Defendants have refused to turn over records pursuant to the NVRA, and (b) the individual Plaintiffs had their votes diluted by the RPM allowing ineligible voters to vote in the Run-Off.  Further, the evidence produced by Plaintiffs related to the facts set forth in their Complaint raise much more than a fact issue with regard to whether RPM has violated the law as claimed by Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that RPM's Motion to Dismiss, or in the alternative Motion for Summary Judgment, be denied.

                                        Respectfully Submitted,

                                       *L. Eades Hogue*

| | |
|---|---|
| Joseph M. Nixon – *pro hac vice* | L. Eades Hogue |
| Texas State Bar No. 15244800 | Mississippi State Bar No. 2498 |
| jnixon@bmpllp.com | Louisiana State Bar No. 1960 |
| Kristen W. McDanald – *pro hac vice* | ehogue@bmpllp.com |
| Texas State Bar No. 24066280 | BEIRNE, MAYNARD & PARSONS, LLP |
| kmcdanald@bmpllp.com | Pan-American Life Center |
| Kelly H. Leonard – *pro hac vice* | 601 Poydras Street |
| Texas State Bar No. 24078703 | Suite 2200 |
| kleonard@bmpllp.com | New Orleans, LA 70130 |
| BEIRNE, MAYNARD & PARSONS, LLP | (504) 586-1241 Tel. |
| 1300 Post Oak Blvd, Suite 2500 | (504) 584-9142 Fax |
| Houston, Texas  77056 | **Lead Counsel** |
| (713) 623-0887   Tel. | |
| (713) 960-1527   Fax | |

James E. "Trey" Trainor, III. – *pro hac vice*
Texas State Bar No. 24042052
ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700   Tel.
(512) 623-6701   Fax

                            *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2014, a copy of the forgoing and its exhibits was served on The Honorable Delbert Hosemann, The Republican Party of Mississippi; The Copiah County Mississippi Election Commission; the Hinds County, Mississippi Election Commission; the Jefferson Davis County, Mississippi Election Commission; the Lauderdale County, Mississippi Election Commission, the Leake County Mississippi Election Commission; the Madison County, Mississippi Election Commission; the Rankin County Mississippi Election Commission; and the Simpson County Mississippi Election Commission via the Court's ECF e-file service.  Plaintiffs have served the remaining Defendants, who have not yet registered to the Court's ECF system for this matter, via United States Postal Service, in accordance with Federal Rules of Civil Procedure.

/s/     *L. Eades Hogue*