MS Prac. Encyclopedia MS Law Election Law § 8, MSPRAC-ENC ELECTLAW § 8

MS Prac. Encyclopedia MS Law Election Law § 8, MSPRAC-ENC ELECTLAW § 8

Encyclopedia of Mississippi Law New Topic Service
Database updated September 2013

Jeffrey Jackson

Mary Miller

Election Law

Leslie Scott,[*] Assistant Secretary of State for Elections, State of Mississippi

III. Roles of Election Officials

Topic Summary References

§ 8. Political party executive committees

In Mississippi, local political party executive committees conduct party primary elections at both the municipal and county levels.[1] Since political parties conduct primary elections in Mississippi, the nomination process may appear to be more of a private activity than a governmental one. However, state and federal law has long recognized that primary elections are an "integral part of the entire election process" and sufficiently state action that constitutional guarantees apply.[2] Members of these committees are elected at the municipal level[3] and appointed consistent with internal party procedures at the county level.[4] Since even statewide elections in Mississippi are in reality 82 local elections, the results of which are merely combined at the state level, the local parties' role in the conduct of primaries is all encompassing.

However, in certain situations, political parties and other local election officials may agree to share or transfer some or all of the responsibilities associated with the conduct of political party primary elections.

During the 2001 Mississippi legislative session, in direct response to a breakdown in the conduct of political party primary elections in 1999,[5] two pieces of legislation were passed.[6] These laws enable and provide authority for municipal and county party executive committees to enter into voluntary written agreements with municipal or county election commissions and/or municipal or circuit clerks to perform certain specified duties in primary elections. The six major duties which may be transferred or shared upon timely signing of the agreements and their filing with the Secretary of State are: (1) appointment of poll managers;[7] (2) training of poll managers;[8] (3) distribution of ballot boxes;[9] (4) printing of ballots;[10] (5) distribution of ballots to poll managers;[11] and (6) canvassing returns and certifying election results.[12]

State law conditions eligibility of county and municipal executive committees to enter into these agreements upon two factors: the political party with which the executive committee is affiliated must have had cast for its candidate for Governor (1) at least 10% of the total vote cast for Governor in the last two gubernatorial elections; or (2) at least 25% of the total vote cast for Governor in three of the last five gubernatorial elections.[13] In this way, the Legislature assured itself that small third parties in the state that do not presently conduct primary elections to select their nominees could not require municipalities or counties to pay for their party primaries by supplementing their lack of organization at the local level by local election commission and/or clerk support via these written agreements.

County executive committees are distinguished from county election commissions in two important respects. First, the legal requirement that an election commissioner resign his office by January 1st of a year in which he intends to run for another office[14] is expressly not required of county executive committee members.[15] To the contrary, a county executive committee member who qualifies to run for any elective office is automatically disqualified from continuing to serve on and

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.                1

EXHIBIT 1

Case 3:14-cv-00532-NFA   Document 131-1   Filed 08/18/14   Page 2 of 3

MS Prac. Encyclopedia MS Law Election Law § 8, MSPRAC-ENC ELECTLAW § 8

is deemed to have resigned from the executive committee. The latter restriction does not apply to the qualification of the county executive committee member for municipal elective office.[16]

**CUMULATIVE SUPPLEMENT**

**Statutes:**

Miss. Code Ann. § 23-15-239 was amended by 2006 Miss. Laws 592 (S.B. 2291).

Miss. Ann. Code § 23-15-239 was amended by 2007 Miss. Laws Ch. 565 (H.B. 1259).

Miss. Code Ann. § 23-15-239 was amended by 2008 Miss. Laws Ch. 528 (S.B. 2910).

Miss. Code Ann. § 23-15-313 was amended by 2010 Miss. Laws Ch. 428 (H.B. 1347).

Miss. Code Ann. § 23-15-597 was amended by 2010 Miss. Laws Ch. 320 (H.B. 905).

Miss. Code Ann. § 23-15-217 was amended by 2013 Miss. Laws WL No. 148 (S.B. 2308).

**Cases:**

Political party's executive committee exceeded its authority in ordering new county-wide primary election for chancery clerk upon the discovery of improperly executed absentee ballots, improperly delivered absentee ballots, and differences between the number of signatures and ballots cast; there was no evidence of violations of statutes governing campaign material within 150 feet of polls, security, and determination of results. West's A.M.C. §§ 23-15-895, 23-15-591, 23-15-593. Jefferson Davis County Democratic Executive Committee v. Davies, 912 So. 2d 837 (Miss. 2005).

**[END OF SUPPLEMENT]**

\*
The Author wishes to thank Joshua Turner for his invaluable and thorough legal research assistance that contributed greatly to the completion of this chapter.
 1
Miss. Code Ann. § 23-15-171.
 2
Terry v. Adams, 345 U.S. 461, 73 S. Ct. 809, 97 L. Ed. 1152 (1953); Meeks v. Tallahatchie County, 513 So. 2d 563 (Miss. 1987); Fanning v. State, 497 So. 2d 70 (Miss. 1986).
 3
Miss. Code Ann. § 23-15-313.
 4
Miss. Code Ann. § 23-15-1053.
 5
Emily Wagster, State Investigates Democrat "fiasco," The Clarion-Ledger, Aug. 5, 1999, at 1A.
 6
S. B. No. 2523, Reg. Sess., Miss. Leg. (2001); H. B. No. 1220, Reg. Sess., Miss. Leg. (2001).
 7
Miss. Code Ann. § 23-15-265.
 8
Miss. Code Ann. § 23-15-239.
 9
Miss. Code Ann. § 23-15-267.

**MS Prac. Encyclopedia MS Law Election Law § 8, MSPRAC-ENC ELECTLAW § 8**

10
Miss. Code Ann. § 23-15-333.
11
Miss. Code Ann. § 23-15-335.
12
Miss. Code Ann. § 23-15-597.
13
Miss. Code Ann. § 23-15-266.
14
Miss. Code Ann. § 23-15-217(1).
15
Miss. Code Ann. § 23-15-263(1).
16
Miss. Code Ann. § 23-15-263(2).

**End of Document**　　　　　　　　　　　　© 2014 Thomson Reuters. No claim to original U.S. Government Works.