IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TRUE THE VOTE, et al.**                                            **PLAINTIFFS**

**v.**                         **Civil Action No.: 3:14-cv-00532-NFA**

**THE HONORABLE DELBERT HOSEMANN,**
in his official capacity as Secretary of State for
the State of Mississippi, et al.                          **DEFENDANTS**
_____

**SURREBUTTAL BRIEF OF THE MISSISSIPPI REPUBLICAN PARTY
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**
_____

At the beginning of the hearing of July 24, 2014, Tr. 10, this Court asked all parties whether there would be any need for a further trial on the merits of Counts 1 and 2 of plaintiffs' complaint, since replaced by their amended complaint [Dkt. 58]. While there are many grounds on which this Court should dismiss Counts 1 and 2, the Mississippi Republican Party believes that none of them require any further evidence.

The simplest and most appropriate basis for dismissing this action is plaintiffs' failure to provide Secretary Hosemann with the pre-suit notice mandated by §11(b)(1) of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg-9(b)(1). For the reasons explained by Secretary Hosemann in Part IV of his brief opposing partial summary judgment [Dkt. 114], case law does not excuse plaintiffs' failure to give the required notice.

Nor do plaintiffs qualify for the exemption from the pre-suit notice requirement provided by § 11(b)(3), 42 U.S.C. § 1973gg-9(b)(3), because of the alleged violations of § 8(i) by the Hinds County Circuit Clerk and the Rankin County Circuit Clerk in the days

immediately preceding the election. Assuming this Court were to accept the truth of that testimony at a full trial on the merits, notwithstanding the Rankin County Clerk's sworn denial attached as Exhibit 1 to Secretary Hosemann's opposition to motion for partial summary judgment [Dkt. 113], there are multiple reasons why that fact would not operate to excuse the failure of pre-suit notice required by § 11(b)(1).

First of all, the Fifth Circuit has held that "the NVRA only pertains to records 'maintain[ed]' by the State." *Voting for America, Inc. v. Steen*, 732 F.3d 382, 399 (5th Cir. 2013). The Circuit Clerks of Hinds and Rankin Counties, who are not even parties to this action, are not the State of Mississippi. There is no allegation in the complaint that Secretary Hosemann, as the chief State election official, has delegated any NVRA responsibility to them. Nothing they could have done before the runoff would have constituted a violation of § 8(i).

Second, even if the Circuit Clerks bear some responsibility under the NVRA, plaintiffs sought only absentee ballot applications and envelopes. Those materials are not covered by § 8(i); even if they were, it would not violate § 8(i) to deny access to them while they were still being used in the process of conducting an election. The Circuit Clerks committed no violation of § 8(i) before the runoff. The facts and the law do not support the invocation of § 11(b)(3).

Third, even if the two Circuit Clerks violated § 8(i) in the days before the runoff, plaintiffs do not even bother to explain why their faults should deprive other participants

in the runoff process of the protections guaranteed by § 11(b)(1).[1]  In *National Coalition for Students with Disabilities Educ. & Legal Def. Fund v. Scales*, 150 F.Supp. 2d 845 (D. Md. 2001), a group of plaintiffs had unquestionably suffered a violation immediately before an election, entitling them to the exception of § 11(b)(3).  The Court allowed additional plaintiffs to pursue a claim against a defendant that was already properly before the Court, but no Court has ever allowed plaintiffs to add additional defendants who were not even alleged to have violated § 8(i) in the days before an election.

Of course, there are many other legal issues that this Court could resolve on the record before it.  The complaint does allege that multiple categories of documents are covered by § 8(i), but the briefs of the several defendants have explained why none of that is true.  Plaintiffs' briefs, in an attempt to salvage their complaint, attempt to add many other issues which they never pled.  Plaintiffs now claim that county executive committees are agents of the Party [Dkt. 124 at 12].[2]  They allege that every participant in the runoff process is an agent of Secretary Hosemann [Dkt. 115 at 3].  This record is certainly sufficient to permit this Court to reject these unpled assertions, as well as those which plaintiffs actually pled.

---

[1] Here, the Election Commissions of Hinds and Rankin Counties are not even participants in the runoff process.  In those counties, the local Republican Executive Committees conduct the primaries.  Plaintiffs might have a right to attempt to prove a claim against the two Circuit Clerks, but they have not even asserted one.

[2] Even if this Court accepted the agency theory, there is no allegation or evidence that plaintiffs ever requested documents from county committees.  Exhibits D-1 and D-2, admitted at the July 24 hearing, show that plaintiffs requested documents from the State Chairman, who correctly responded that the documents are maintained by the Circuit Clerks.

However, as Secretary Hosemann explained [Dkt. 114 at 26 n.12], the whole purpose of § 11(b) is to prevent the premature and unnecessary litigation of claims under the NVRA.  It is readily apparent, from Exhibit D-1 admitted on July 24 and other evidence, that, when plaintiffs began this exercise, they had no idea what they wanted or who had it.  The various defendants, at great expense to themselves, have now educated plaintiffs on the Mississippi primary process and the documents it generates.  Were this Court to enforce § 11(b) by dismissing Counts 1 and 2, it is likely that 30 days later very little, if anything at all, would be left of this dispute.  After all, other than birthdates, every document plaintiffs now say they want is available to them under the Public Records Act, or will be after the litigants in the current election contest have completed the judicial review of the absentee ballot materials. Indeed, after that case is over, it is entirely possible that these plaintiffs will want nothing at all.

Thus, it is the view of the Party that this Court needs no more evidence and no more argument.  Plaintiffs have unquestionably failed to comply with § 11(b).  They may assert Counts 1 and 2 later, should they ever comply, but those claims must now be dismissed.

Respectfully submitted this the 21st day of August, 2014.

                              MISSISSIPPI REPUBLICAN PARTY

By:   *s/Michael B. Wallace*
       Michael B. Wallace (MSB No. 6904)
       WISE CARTER CHILD & CARAWAY, P.A.
       Post Office Box 651
       Jackson, Mississippi 39202-0651
       Telephone: 601.968.5500
       mbw@wisecarter.com

          T. Russell Nobile (MSB No. 100682)
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone: 228.867.7141
trn@wisecarter.com

**CERTIFICATE OF SERVICE**

  I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Joseph M. Nixon<br>Kelly Hunsaker Leonard<br>Kristen W. McDanald<br>Lloyd Eades Hogue<br>BEIRNE, MAYNORD & PARSONS, LLP<br>1300 Post Oak Blvd., Suite 2500<br>Houston, Texas  77056<br>jnixon@bmpllp.com<br>kleonard@bmpllp.com<br>kmcdanald@bmpllp.com<br>ehogue@bmpllp.com | Robert E. Sanders<br>YOUNG WELLS WILLIAMS SIMMONS, P.A.<br>Post Office Box 23059<br>Jackson, Mississippi  39225-3059<br>rsanders@youngwells.com<br><br>John Wesley Daughdrill, Jr.<br>YOUNG WELLS WILLIAMS SIMMONS, P.A.<br>Post Office Box 6005<br>Ridgeland, Mississippi  39157<br>wes.daughdrill@youngwells.com |
| James Edwin Trainor<br>BEIRNE, MAYNORD & PARSONS, LLP<br>401 W. 15th Street, Suite 845<br>Austin, Texas  78701<br>ttrainor@bmpllp.com | *Counsel for Jefferson Davis County, Mississippi Election Commission* |
| *Counsel for Plaintiffs* | |
| Harold Edward Pizzetta, III<br>Justin L. Matheny<br>OFFICE OF THE ATTORNEY GENERAL<br>Post Office Box 220<br>Jackson, Mississippi  39205-0220<br>hpizz@ago.state.ms.us<br>jmath@ago.state.ms.us | Elise Berry Munn<br>BERRY & MUNN, P.A.<br>Post Office Drawer 768<br>Hazlehurst, Mississippi  39083<br>emunn@berrymunnpa.com |
| *Counsel for The Hon. Delbert Hosemann* | *Counsel for Copiah County, Mississippi Election Commission* |
| Pieter Teeuwissen<br>PIETER TEEUWISSEN, PLLC<br>Post Office Box 16787<br>Jackson, Mississippi  39236<br>adwoodard@bellsouth.net | Jeffrey T. Webb<br>WEBB LAW FIRM, PLLC<br>Post Office Box 452<br>Carthage, Mississippi  39051<br>webblaw@bellsouth.net |
| *Counsel for Hinds County, Mississippi Election Commission* | *Counsel for Leake County, Mississippi Election Commission* |

Lee Thaggard
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, Mississippi 39302-2009
thaggard@barrypalmerlaw.com

*Counsel for Lauderdale County,
Mississippi Election Commission*

Craig Lawson Slay
RANKIN COUNTY BOARD OF SUPERVISORS
211 East Government Street, Suite A
Brandon, Mississippi 39042
cslay@rankincounty.org

*Counsel for Rankin County, Mississippi
Election Commission*

Mike Espy
MIKE ESPY, PLLC
317 East Capitol Street, Suite 101
Jackson, Mississippi 39201
mike@mikespy.com

*Counsel for Madison County,
Mississippi Election Commission*

This the 21st day of August, 2014.

*s/Michael B. Wallace*
Michael B. Wallace