IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRUE THE VOTE, *et al*.                                                                           PLAINTIFFS

V.                                                                       CIVIL ACTION NO.: 3:14-CV-532-NFA

THE HONORABLE DELBERT HOSEMANN,
in his official capacity, as Secretary of State for the
State of Mississippi, *et al*.,                                                                 DEFENDANTS

**DEFENDANT LAUDERDALE COUNTY
MISSISSIPPI ELECTION COMMISSION'S
REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Lauderdale County Mississippi Election Commission ("Lauderdale Commission") through counsel, and files this its Reply in Support of Motion for Summary Judgment [ECF No. 89], as supplemented [ECF Nos. 102, 103][1], and respectfully shows unto the Court that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law for the following reasons:

1. In its motion, Lauderdale Commission incorporated the Response in Opposition Plaintiff's Motion for Temporary Restraining Order [ECF No. 92] and Joinder to Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order [ECF

---

[1]On August 11, 2014, the Clerk filed a Docket Entry directing that the Lauderdale Commission re-file its Supplement as an "Attachment" rather than a "Supplemental Motion." Thus the Lauderdale Commission's supplementation of its Motion for Summary Judgment appears on the Court's docket at ECF No. 103 as an "Attachment" to the Motion for Summary Judgment [ECF No. 89].

No. 93] filed on August 8, 2014 by the Honorable Delbert Hosemann ("Secretary Hosemann") in his capacity as Secretary of State for the State of Mississippi.

2. Lauderdale Commission now incorporates the Secretary Hosemann's Response [ECF No. 113] in Opposition to Plaintiffs' Motion for Partial Summary Judgment, and his supporting Memorandum Brief [ECF No. 114], which were filed on August 15, 2014. Further, Lauderdale Commission incorporates the Secretary Hosemann's Opposed Motion to Strike Declarations and Incident Reports [ECF No. 116] and supporting Memorandum Brief [ECF No. 117], which were also filed on August 15, 2014. Finally, Lauderdale Commission incorporates Secretary Hosemann's Sur-Reply [ECF No. 140] Supporting Opposition to Plaintiffs' Motion for Preliminary Injunctive Relief filed on August 22, 2014.

3. Lauderdale Commission now turns to the scant assertions made by Plaintiffs that have any relation to any Lauderdale County official. More specifically, Plaintiffs specifically address Lauderdale County and/or Lauderdale County documents only one (1) time in their extensive brief. In the first full paragraph on page 6, Plaintiffs allege that the Lauderdale County Circuit Clerk denied True The Vote volunteers John and Karen Hobson certain documents. *See* ECF No. 111 at 6 (page 12 of 43).

4. Of course, neither the Hobsons nor Lauderdale Circuit Clerk Donna Jill Johnson are parties to this lawsuit. Plaintiffs do not allege that the Lauderdale Commission has denied them any documents. The defendants in this case have

previously briefed the fact that the Circuit Clerk is not a member of the Election Commission. To the extent that the Plaintiffs allege that any Circuit Clerk allegedly deprived the Plaintiffs of any documents, that does not create or support a claim against any Election Commission.

5. Conspicuously in the Plaintiffs' vast filings in this Court, they did not provide a copy of the single, actual records request which was submitted to the Lauderdale County Circuit Clerk on July 7, 2014. However, it is undisputed that the only written request for documents in Lauderdale County was submitted by the Hobsons to the Circuit Clerk on July 7, 2014. The Lauderdale Commission has submitted a copy the Hobsons' request in support of its Motion. *See* Exhibit "D": Affidavit of Donna Jill Johnson at paras. 6-17; and Exhibit "E": Affidavit of Jeff Tate at paras. 3-11. Further, it has not been disputed that the written request has been fully responded to.

6. None of the individual Plaintiffs are alleged to have made any document request in Lauderdale County related to this case. As pertains to Lauderdale County, the only request at issue is a request made by John and Karen Hobson on July 7, 2014, which has been fully responded to, and which (as a review of the request will reveal) did not include a request for poll books, absentee ballot applications, absentee ballot envelopes, or federal post card applications. Contrary to their oral request on July 7, 2014, the Hobsons were not entitled under any law to invade the ballot box inspections which were then being conducted by representatives of the McDaniel and Cochran campaigns for the

purpose of determining whether an election contest (now pending) was in order.

6. Further, it is undisputed that neither True The Vote nor any of its representatives, nor any of the individual Plaintiffs requested any documents in Lauderdale County *prior* to the election.

7. None of the individual Plaintiffs are alleged to have visited Lauderdale County related to this case.

8. The individual Plaintiffs assert no claim against the Lauderdale Commission.

9. True The Vote has no actionable claim against the Lauderdale Commission.

WHEREFORE, PREMISES CONSIDERED, Lauderdale Commission respectfully submits that it is entitled to judgment as a matter of law and that the Plaintiffs' claims should be dismissed. Lauderdale Commission requests such other and further relief as the Court may deem just and proper under the circumstances.

This the 22nd day of August, 2014.

        Respectfully submitted,

        **LAUDERDALE COUNTY MISSISSIPPI**
        **ELECTION COMMISSION, DEFENDANT**

BY:   /s/ Lee Thaggard
        Lee Thaggard (MSB #9442)
        Robert T. Bailey (MSB #102270)
        BARRY, PALMER, THAGGARD,
        MAY & BAILEY, LLP
        Post Office Box 2009
        Meridian, MS 39302-2009
        Telephone: 601-693-2393

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

All counsel of record

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

Respectfully submitted this the 22nd day of August, 2014.

/s/ Lee Thaggard
Lee Thaggard