IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TRUE THE VOTE, et al.**                                                     **PLAINTIFFS**

**v.**                                          Civil Action No.:  3:14-cv-00532-NFA

**THE HONORABLE DELBERT HOSEMANN,**
in his official capacity as Secretary of State for
the State of Mississippi, et al.                            **DEFENDANTS**
_____

**MEMORANDUM IN SUPPORT OF DEFENDANT
MISSISSIPPI REPUBLICAN PARTY'S MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND COSTS**
_____

**NATURE AND STAGE OF THE PROCEEDING**

Pursuant to Fed. R. Civ. P. 54(d) and § 11(c) of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(c), the Mississippi Republican Party ("the Party") files this memorandum in support of its motion for attorneys' fees, expenses, and costs. This Court entered its final judgment dismissing plaintiffs' NVRA claims on August 29, 2014. [Dkt. 147]  In its opinion, the Court ruled that the Party was not subject to the NVRA and was, therefore, an improper party to plaintiffs' NVRA claims. [Dkt. 14 at 21] Because it is a prevailing party with respect to the plaintiffs' NVRA claims, the Party files its motion seeking $82,118.75 in attorneys' fees and $365.39 in expenses, as well as all ordinarily taxable costs.  *See* Affidavit attached hereto as Exhibit 1.  On several occasions the Party advised plaintiffs that it was not subject to the NVRA.  Despite these admonishments and several opportunities to withdraw their claims against the Party, plaintiffs continued to prosecute those claims.  The Party respectfully submits that this

Court should grant its motion for attorneys' fees and costs related to defending itself against the NVRA claims.

## STATEMENT OF ISSUES AND STANDARD OF REVIEW FOR AWARDING ATTORNEYS' FEES AND COSTS

The question presented is whether the Mississippi Republican Party is entitled to recover its reasonable attorneys' fees, costs, and expenses under § 11(c) of the NVRA and, if so, the amount of those reasonable attorneys' fees, costs, and expenses.

The Party has been unable to locate any decision of any Court of Appeals resolving a fee dispute under § 11(c) of the NVRA. However, fee applications are common enough in other areas of federal practice that Rule 54(d) provides a special rule for their consideration. The Party suggests that the standards applying to the determination of reasonable fees and expenses in other contexts would equally apply under the NVRA.

"[W]hile an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge." *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977). "A party need not prevail on all issues to justify an award of costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983) (citing *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978)). *See also* 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2667 (3d ed. 1998).

With respect to attorneys' fees, district courts have broad discretion in setting the appropriate award of fees given their superior knowledge of the facts and the desire to

avoid appellate review of factual matters. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). *See also Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008) (providing for attorney fees pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988). The fee applicant bears the burden of proving that the number of hours for which compensation is requested is reasonable. *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). To determine the attorneys' fees amount to award, the Court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. *Watkins*, 7 F.3d at 457 (citing *Hensley*, 461 U.S. at 434).

## ARGUMENT

**THE PARTY IS ENTITLED TO ATTORNEYS' FEES, EXPENSES, AND COSTS UNDER THE NVRA.**

Prevailing parties are generally not awarded attorneys' fees absent explicit statutory authority. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975) (summarizing the "American Rule" and the need for a statutory basis for awarding attorneys' fees); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994) (denying attorneys' fees based on absence of a statutory basis under Comprehensive Environmental Response, Compensation and Liability Act); *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 415-16 (1978) (outlining standard for awarding attorneys' fees for prevailing defendant in Title VII of the Civil Rights of 1964).

Congress provided such authority in the NVRA and, through the unambiguous statutory language, made such fees available equally for prevailing plaintiffs or defendants. Specifically, NVRA § 11(c) provides: "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." It is important to note that an award under § 11(c) is not a sanction. The only issue under the plain statutory language is whether the applying party prevailed. The determination of prevailing party is ordinarily a legal question. *Bailey v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005) (applying § 1988).

Because the language of § 11(c) unequivocally treats prevailing plaintiffs and prevailing defendants identically, that should be the end of the Court's legal analysis. However, one district court considering § 11(c) has referred to the more stringent standards applied to defendants seeking to qualify as a prevailing party under other statutes. *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 708-09 (E.D. Va. 2012) (awarding attorneys' fees under § 11 following remand). That Court applied the same standard imposed under § 1988, declaring, "Courts apply the same standards applicable to other federal civil rights fee shifting statutes when considering an award under this section." *Id.*, at 708-09. The NVRA, of course, is not a civil rights statute,[1] and Congress has often amended § 1988 to add new federal statutes to its scope, a step it did not take regarding the NVRA. However, even if this Court should apply the § 1988

---

[1] As the Court noted it its opinion [Dkt. 147 at 60-62], Congress enacted the NVRA pursuant to the Election Clause, U.S. Const. art. I, § 4, cl. 1, unlike most civil rights statutes, which are based on the Fourteenth or Fifteenth Amendments.

standards, instead of the plain language set forth in § 11(c), the Party is entitled to an award as a prevailing party.

The standards developed for other federal civil rights fee shifting statutes evolved from *Christiansburg Garment*, 434 U.S. at 421, under which a prevailing defendant may receive attorneys' fees where the plaintiff's action was frivolous, unreasonable, or without foundation, even if not brought in subjective bad faith. *See also Hughes v. Rowe*, 449 U.S. 5 (1980) (extending the standard from Title VII established in *Christiansburg Garment* to § 1988). The Fifth Circuit has developed a three-part test for judging such applications:

> The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial. *See EEOC v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir. 1993).

*United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).

Here, plaintiffs fail all three parts of the test. This Court's opinion of August 29, 2014, rejected every factual and legal argument asserted by plaintiffs. The Party did not seek to settle, but immediately and consistently demanded dismissal, as demonstrated by the letter of July 3, 2014, from the Party's counsel to plaintiffs' counsel attached as Exhibit 3 to the motion for sanctions [Dkt. 67]. This Court did not conduct a full-blown trial, but dismissed Counts 1 and 2 on motions for summary judgment. Under prevailing Fifth Circuit authority, Counts 1 and 2 were frivolous as a matter of law, entitling the Party to recover its fees, costs, and expenses.

It has not escaped the Party's attention that this Court refused to award attorneys' fees under the standard applied under Fed.R.Civ.P. 11. [Dkt. 147 at 87]  The Court acted in reliance on the "'snapshot rule' whereby 'Rule 11 liability is assessed only for a violation existing at the moment of filing.'"  [Dkt. 147 at 85 (quoting *Marlin v. Moody Nat'l Bank*, 533 F.3d 374, 380 (5th Cir. 2008))]  The Court found that, when plaintiffs filed their complaint on July 9, 2014, they "apparently were under the impression … that the Republican Party controlled access to" absentee ballot applications and envelopes. [Dkt. 147 at 86]  This Court has made no ruling on plaintiffs' conduct after July 9.

That fact is of controlling significance should this Court apply the standards derived from *Christiansburg Garment*.  There, the Supreme Court authorized an award to a prevailing defendant if "the plaintiff continued to litigate after it clearly became" frivolous, unreasonable, or groundless.  434 U.S. at 422.  Here, it is difficult to specify the date upon which plaintiffs' litigation against the Party became frivolous because plaintiffs have never filed an affidavit stating what they believed and on what basis as of July 9 or any date thereafter.  However, plaintiffs' pursuit of the Party in Counts 1 and 2 unquestionably became frivolous no later than the point at which its counsel stood up in court and said with regard to the Party, "We haven't said they've done anything bad." Tr. 347.

At that point, if not before, plaintiffs should have dismissed the Party from Counts 1 and 2, but they did not do so even when they had the opportunity afforded by the filing of their first amended complaint. [Dkt. 58]  Instead, they attempted to ignore the Party, presenting to the Court a supposed agreed schedule for summary judgment motions with

regard to which they had not consulted the Party. [Dkt. 53] Attempting to defend their conduct, they declared, "Plaintiffs do not intend to seek summary judgment against the Republican Party *at this stage*." [Dkt. 63 at 2 (emphasis added)]. Notwithstanding their assurances to the Court, plaintiffs filed a motion for summary judgment on Counts 1 and 2 [Dkt. 83], which did not attempt to exclude the Party from its scope. The Court itself observed that "Plaintiffs appear to concede that their NVRA claims are not directed at the Republican Party" [Dkt. 147 at 21], but they did not dismiss them.[2]

Having not been dismissed from Counts 1 and 2, and in the face of this Court's order requiring the parties to set a summary judgment schedule [Dkt. 46], the Party had no choice but to defend itself fully with regard to the NVRA counts. Its defense was successful in all respects. This Court found the Party not to be a proper defendant because it is not the State. [Dkt. 147 at 21-22] This Court agreed with the Party that the complaint was barred for lack of pre-suit notice. [Dkt. 147 at 30-36] The Court agreed with the Party that the documents plaintiffs demanded from the Party were either already in their possession or not covered by the NVRA. [Dkt. 147 at 37-59] Finally, the Court agreed with the Party that plaintiffs had established none of the prerequisites for a preliminary injunction. [Dkt. 147 at 79-84]

In light of the fact, now undisputed and confirmed by this Court, that there is "no evidence that the Republican Party possesses any of the documents at issue in this case"

---

[2] Because good faith and bad faith are irrelevant under the standards derived from *Christiansburg Garment*, this Court need not determine whether the fund-raising communications attached as Exhibit 2 and 3 to the Party's rebuttal brief in support of its motion for sanctions [Dkt 145] explain plaintiffs' decision to retain the Party as a defendant.

[Dkt. 147 at 21-22], plaintiffs may consider it unreasonable that the Party chose to defend itself against all of the false allegations of Counts 1 and 2.[3]  By the end of the hearing of July 24, 2014, it had become apparent that plaintiffs, in their willful ignorance of the structure of the Republican Party in Mississippi, intended to hold the State Executive Committee responsible for any supposed violations by county executive committees. When asked to confirm that no plaintiff had asked the Mississippi Republican Party for anything other than the absentee ballot papers mentioned in her lawyer's letter of June 25, 2014, admitted as Exhibit D-1 at trial, Catherine Engelbrecht replied, "To the extent that any county's Republican Party members were there assuming a position of authority, it is entirely possible that volunteers talked to the Party and asked for documents." Tr. 89.  Indeed, plaintiffs defended against the Party's motion for summary judgment by arguing that county committees are agents of the State Party.  [Dkt. 124 at 12]  Although this Court granted the Party's motion for summary judgment on Counts 1 and 2, it found plaintiffs' professed confusion regarding the functions of the state and county committees to be sufficient to protect it against sanctions. [Dkt. 147 at 86 & n.228]  The Party had no choice but to take the complaint seriously and to address all of its allegations.  In so doing, the Party entirely prevailed on the merits of Counts 1 and 2.

The NVRA, unlike Rule 11, provides no mechanism for allocating responsibility between plaintiffs and their lawyers.  Instead, § 11(c) requires this Court to allocate responsibility between plaintiffs and defendants.  On this record, this Court must assess

---

[3] In fact, the Party did not address the issue of redaction.  That argument involved a state statute which has no bearing upon the Party, so the Party left that argument to Secretary Hosemann.

8

full responsibility for the massive costs of this baseless litigation against plaintiffs. Plaintiffs and their lawyers will have to resolve the allocation of responsibility between themselves in another proceeding in another forum.

## CONCLUSION

For the reasons stated herein, this Court should award from plaintiffs to the Party its attorneys' fees, costs, and expenses, as requested herein.

Respectfully submitted this the 12th day of September, 2014.

                        MISSISSIPPI REPUBLICAN PARTY

By: *s/T. Russell Nobile*
     T. Russell Nobile (MSB No. 100682)
     WISE CARTER CHILD & CARAWAY, P.A.
     1105 30th Avenue, Suite 300
     Gulfport, Mississippi 39501
     Telephone: 228.867.7141
     trn@wisecarter.com

     Michael B. Wallace (MSB No. 6904)
     WISE CARTER CHILD & CARAWAY, P.A.
     Post Office Box 651
     Jackson, Mississippi 39202-0651
     Telephone: 601.968.5500
     mbw@wisecarter.com

**CERTIFICATE OF SERVICE**

  I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Joseph M. Nixon<br>Kelly Hunsaker Leonard<br>Kristen W. McDanald<br>Lloyd Eades Hogue<br>BEIRNE, MAYNORD & PARSONS, LLP<br>1300 Post Oak Blvd., Suite 2500<br>Houston, Texas  77056<br>jnixon@bmpllp.com<br>kleonard@bmpllp.com<br>kmcdanald@bmpllp.com<br>ehogue@bmpllp.com | Robert E. Sanders<br>YOUNG WELLS WILLIAMS SIMMONS, P.A.<br>Post Office Box 23059<br>Jackson, Mississippi  39225-3059<br>rsanders@youngwells.com<br><br>John Wesley Daughdrill, Jr.<br>YOUNG WELLS WILLIAMS SIMMONS, P.A.<br>Post Office Box 6005<br>Ridgeland, Mississippi  39157<br>wes.daughdrill@youngwells.com |
| James Edwin Trainor<br>BEIRNE, MAYNORD & PARSONS, LLP<br>401 W. 15th Street, Suite 845<br>Austin, Texas  78701<br>ttrainor@bmpllp.com<br><br>  *Counsel for Plaintiffs* |   *Counsel for Jefferson Davis County,*<br>  *Mississippi Election Commission* |
| Harold Edward Pizzetta, III<br>Justin L. Matheny<br>OFFICE OF THE ATTORNEY GENERAL<br>Post Office Box 220<br>Jackson, Mississippi  39205-0220<br>hpizz@ago.state.ms.us<br>jmath@ago.state.ms.us<br><br>  *Counsel for The Hon. Delbert*<br>  *Hosemann* | Elise Berry Munn<br>BERRY & MUNN, P.A.<br>Post Office Drawer 768<br>Hazlehurst, Mississippi  39083<br>emunn@berrymunnpa.com<br><br><br><br>  *Counsel for Copiah County, Mississippi*<br>  *Election Commission* |
| Pieter Teeuwissen<br>PIETER TEEUWISSEN, PLLC<br>Post Office Box 16787<br>Jackson, Mississippi  39236<br>adwoodard@bellsouth.net<br><br>  *Counsel for Hinds County,*<br>  *Mississippi Election Commission* | Jeffrey T. Webb<br>WEBB LAW FIRM, PLLC<br>Post Office Box 452<br>Carthage, Mississippi  39051<br>webblaw@bellsouth.net<br><br>  *Counsel for Leake County, Mississippi*<br>  *Election Commission* |

| | |
|---|---|
| Lee Thaggard<br>BARRY, THAGGARD, MAY & BAILEY, LLP<br>Post Office Box 2009<br>Meridian, Mississippi  39302-2009<br>thaggard@barrypalmerlaw.com<br><br>*Counsel for Lauderdale County,*<br>*Mississippi Election Commission* | Craig Lawson Slay<br>RANKIN COUNTY BOARD OF SUPERVISORS<br>211 East Government Street, Suite A<br>Brandon, Mississippi  39042<br>cslay@rankincounty.org<br><br>*Counsel for Rankin County, Mississippi*<br>*Election Commission* |
| Mike Espy<br>MIKE ESPY, PLLC<br>317 East Capitol Street, Suite 101<br>Jackson, Mississippi  39201<br>mike@mikespy.com<br><br>*Counsel for Madison County,*<br>*Mississippi Election Commission* | Danny Welch, Esq.<br>224 North Main Street<br>Mendenhall, Mississippi 39114<br>Danny_welch@bellsouth.net<br><br>*Counsel for Simpson County,*<br>*Mississippi Election Commission* |

This the 12th day of September, 2014.

                                                          *s/T. Russell Nobile*
                                                          T. Russell Nobile