**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TRUE THE VOTE, et al.**                                                            **PLAINTIFFS**

**v.**                                                      **Civil Action No.:  3:14-cv-00532-NFA**

**THE HONORABLE DELBERT HOSEMANN,**
**in his official capacity as Secretary of State for**
**the State of Mississippi, et al.**                                          **DEFENDANTS**
_____

**ANSWER TO FIRST AMENDED COMPLAINT**
_____

COMES NOW the Mississippi Republican Party, one of the defendants in this action, sued herein under the name Republican Party of Mississippi, and respectfully submits its answer and defenses to Count 3 of the first amended complaint [Dkt. 58] filed in this action on July 30, 2014, the first two counts of the complaint having been dismissed by this Court's order [Dkt. 147] of August 29, 2014.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Count 3 fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Count 3 must be dismissed for failure to join necessary parties as required by Fed.R.Civ.P. 19.

### THIRD DEFENSE

Plaintiff True the Vote lacks standing to assert the claim purportedly set forth in Count 3.

## FOURTH DEFENSE

The Party asserts all common law or statutory immunities to which it may be entitled, including qualified immunity.

## FIFTH DEFENSE

Count 3 is barred in whole or in part by the doctrine of abstention.

## SIXTH DEFENSE

Because the Party has acted under color of Mississippi law with regard to the claim purportedly set forth in Count 3, any monetary judgment issued by this Court must be assessed against the State of Mississippi.

## <u>ANSWER</u>

1.      Paragraph 1 consists of characterizations to which no response is required. In the event a response is required, the allegations are denied.

2.      Paragraph 2 consists of characterizations to which no response is required. In the event a response is required, the allegations are denied.

3.      The Party admits that this Court has jurisdiction over this action, but denies that any statute cited by plaintiffs confers such jurisdiction.

4.      The allegations of paragraph 4 are admitted.

5.      The Party admits, based on sworn testimony presented in open court, that plaintiff True the Vote is a 501(c)(3) organization existing under the laws of the State of Texas, with its principal office in Houston, Texas.  All other allegations of paragraph 5 are denied.

6.      Admitted on information and belief.

7.      Admitted on information and belief.

8.      Admitted on information and belief.

9.      Admitted on information and belief.

10.     Admitted on information and belief.

11.     Admitted on information and belief.

12.     Admitted on information and belief.

13.     Admitted on information and belief.

14.     Admitted on information and belief.

15.     Admitted on information and belief.

16.     Admitted on information and belief.

17.     Admitted on information and belief.

18.     Admitted on information and belief.

19.     Admitted on information and belief.

20.     Admitted on information and belief.

21.     Admitted on information and belief.

22.     Admitted on information and belief.

23.     Admitted on information and belief.

24.     Admitted on information and belief.

25.     Admitted on information and belief.

26.     Admitted on information and belief.

27.     Admitted on information and belief.

28.     The Party admits that Delbert Hosemann is the Secretary of State.  No response is required for the remaining allegations of paragraph 28.  To the extent a response may be required, the Party denies those allegations.

29.     The Party admits that the Mississippi Republican Party is a political party organized under the law of the State of Mississippi.  No response is required for the remaining allegations of paragraph 29.  To the extent a response may be required, the Party denies those allegations.

30.     The Party admits that the Copiah County Election Commission is a body created by Mississippi law.  No response is required for the remaining allegations of paragraph 30.  To the extent a response may be required, the Party denies those allegations.

31.     The Party admits that the Hinds County Election Commission is a body created by Mississippi law.  No response is required for the remaining allegations of paragraph 31.  To the extent a response may be required, the Party denies those allegations.

32.     The Party admits that the Jefferson Davis County Election Commission is a body created by Mississippi law.  No response is required for the remaining allegations of paragraph 32.  To the extent a response may be required, the Party denies those allegations.

33.     The Party admits that the Lauderdale County Election Commission is a body created by Mississippi law.  No response is required for the remaining allegations of paragraph 33.  To the extent a response may be required, the Party denies those allegations.

34.     The Party admits that the Leake County Election Commission is a body created by Mississippi law.  No response is required for the remaining allegations of paragraph 34.  To the extent a response may be required, the Party denies those allegations.

35.     The Party admits that the Madison County Election Commission is a body created by Mississippi law.   No response is required for the remaining allegations of paragraph 35.  To the extent a response may be required, the Party denies those allegations.

36.     The Party admits that the Rankin County Election Commission is a body created by Mississippi law.   No response is required for the remaining allegations of paragraph 36.  To the extent a response may be required, the Party denies those allegations.

37.     The Party admits that the Simpson County Election Commission is a body created by Mississippi law.   No response is required for the remaining allegations of paragraph 37.  To the extent a response may be required, the Party denies those allegations.

38.     The Party admits that the Yazoo County Election Commission is a body created by Mississippi law.   No response is required for the remaining allegations of paragraph 38.  To the extent a response may be required, the Party denies those allegations.

39.     The Party admits that it has been served with process and plaintiffs' original complaint.  The Party lacks information sufficient to form a belief regarding service upon the other defendants, and therefore denies those allegations.

40.     The responses to paragraphs 1-39 are incorporated herein by reference.

41.     The Party admits, based on sworn testimony presented in open court, that True the Vote is a non-profit organization.   The remaining allegations of paragraph 41, including the heading above that paragraph, are denied.

42.     The allegations of paragraph 42 are denied.

43.     The Party admits receiving a letter from counsel for True the Vote in June 2014 seeking certain documents which the Mississippi Republican Party has never had in its possession.  The remaining allegations of paragraph 43 are denied.

44.     The allegations of paragraph 44 are denied.

45.     The allegations of paragraph 45 are denied.

46.     The allegations of paragraph 46 are denied.

47.     The allegations of paragraph 47 are denied.

48.     The allegations of paragraph 48 are denied.

49.     The allegations of paragraph 49, including the heading above that paragraph, are denied.

50.     The allegations of paragraph 50 are denied.

51.     The allegations of paragraph 51 are denied.

52.     The allegations of paragraph 52 are denied.

53.     The allegations of paragraph 53 are denied.

54.     The allegations of paragraph 54 are denied.

55.     The responses to paragraphs 1-54 are incorporated herein by reference.

56.     The allegations of paragraph 56 are denied.

57.     The allegations of paragraph 57 are denied.

58.     The responses to paragraphs 1-57 are incorporated herein by reference.

59.     The allegations of paragraph 59 are denied.

60.     The allegations of paragraph 60 are denied.

61.     The allegations of paragraph 61 are denied.

62.     The allegations of paragraph 62 are denied.

63.     The allegations of paragraph 63 are denied.

64.     The allegations of paragraph 64 are denied.

65.     The allegations of paragraph 65 are denied.

66.     The allegations of paragraph 66 are denied.

67.     The allegations of paragraph 67 are denied.

68.     The allegations of paragraph 68 are denied.

69-86. This Court has dismissed Counts 1 and 2, and no response to these paragraphs is required.

87.     The responses to paragraphs 1-86 are incorporated herein by reference.

88.     Paragraph 88 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 88.

89.     The allegations of paragraph 89 are denied.

90.     Paragraph 90 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 90.

91.     Paragraph 91 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 91.

92.     Paragraph 92 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 92.

93.     Paragraph 93 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 93.

94.     Paragraph 94 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 94.

95.     Paragraph 95 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 95.

96.     The allegations of paragraph 96 relate to Counts 1 and 2, which have been dismissed, and no response is required.

97.     Paragraph 97 contains assertions of law to which no response is required.  To the extent a response is required, the Party denies the allegations of paragraph 97.

The allegations of the prayer for relief and any other allegations of the amended complaint not answered heretofore are denied.

WHEREFORE, PREMISES CONSIDERED, Count 3 should be dismissed with prejudice, with costs, expenses, and attorneys' fees assessed against plaintiffs and in favor of the Party.

Respectfully submitted, this the 29th day of September, 2014.

MISSISSIPPI REPUBLICAN PARTY

By:     *s/Michael B. Wallace*
        Michael B. Wallace (MSB No. 6904)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi 39202-0651
        Telephone: 601.968.5500
        mbw@wisecarter.com

T. Russell Nobile (MSB No. 100682)
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone: 228.867.7141
trn@wisecarter.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Joseph M. Nixon
Kelly Hunsaker Leonard
Kristen W. McDanald
Lloyd Eades Hogue
BEIRNE, MAYNORD & PARSONS, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056
jnixon@bmpllp.com
kleonard@bmpllp.com
kmcdanald@bmpllp.com
ehogue@bmpllp.com

James Edwin Trainor
BEIRNE, MAYNORD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, Texas  78701
ttrainor@bmpllp.com

*Counsel for Plaintiffs*

Harold Edward Pizzetta, III
Justin L. Matheny
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi 39205-0220
hpizz@ago.state.ms.us
jmath@ago.state.ms.us

*Counsel for The Hon. Delbert Hosemann*

Pieter Teeuwissen
PIETER TEEUWISSEN, PLLC
Post Office Box 16787
Jackson, Mississippi  39236
adwoodard@bellsouth.net

*Counsel for Hinds County, Mississippi Election Commission*

Robert E. Sanders
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 23059
Jackson, Mississippi 39225-3059
rsanders@youngwells.com

John Wesley Daughdrill, Jr.
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 6005
Ridgeland, Mississippi  39157
wes.daughdrill@youngwells.com

*Counsel for Jefferson Davis County, Mississippi Election Commission*

Elise Berry Munn
BERRY & MUNN, P.A.
Post Office Drawer 768
Hazlehurst, Mississippi  39083
emunn@berrymunnpa.com

*Counsel for Copiah County, Mississippi Election Commission*

Jeffrey T. Webb
WEBB LAW FIRM, PLLC
Post Office Box 452
Carthage, Mississippi  39051
webblaw@bellsouth.net

*Counsel for Leake County, Mississippi Election Commission*

Lee Thaggard
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, Mississippi  39302-2009
thaggard@barrypalmerlaw.com

    *Counsel for Lauderdale County,*
    *Mississippi Election Commission*

Craig Lawson Slay
RANKIN COUNTY BOARD OF SUPERVISORS
211 East Government Street, Suite A
Brandon, Mississippi  39042
cslay@rankincounty.org

    *Counsel for Rankin County, Mississippi*
    *Election Commission*

Mike Espy
MIKE ESPY, PLLC
317 East Capitol Street, Suite 101
Jackson, Mississippi  39201
mike@mikespy.com

    *Counsel for Madison County,*
    *Mississippi Election Commission*

Danny Welch, Esq.
224 North Main Street
Mendenhall, Mississippi 39114
Danny_welch@bellsouth.net

    *Counsel for Simpson County,*
    *Mississippi Election Commission*

    This the 29th day of September, 2014.

                     *s/Michael B. Wallace*
                     Michael B. Wallace