IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| True the Vote, Jane Coln, Brandie Correro, Chad Higdon, Jennifer Higdon, Gene Hopkins, Frederick Lee Jenkins, Mary Jenkins, Tavish Kelly, Donna Knezevich, Joseph Knezevich, Doris Lee, Lauren Lynch, Norma Mackey, Roy Nicholson, Mark Patrick, Julie Patrick, Paul Patrick, David Philley, Grant Sowell, Sybil Tribble, Laura VanOverschelde, and Elaine Vechorik | § § § § § § § § § § | |
| Plaintiffs, | § § | Cause No. 3:14-cv-00532-HTW-LRA |
| v. | § § | |
| The Honorable Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi, The Republican Party of Mississippi, Copiah County, Mississippi Election Commission, Hinds County, Mississippi Election Commission, Jefferson Davis County, Mississippi Election Commission, Lauderdale County, Mississippi Election Commission, Leake County, Mississippi Election Commission, Madison County, Mississippi Election Commission, Rankin County, Mississippi Election Commission, Simpson County, Mississippi Election Commission, and Yazoo County, Mississippi Election Commission | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RESPONSE
TO REPUBLICAN PARTY OF MISSISSIPPI'S MOTION
<u>FOR ATTORNEY FEES, EXPENSES AND COSTS</u>**

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiffs True the Vote, et. al. file this memorandum in support of their response [Doc. 159] to the Republican Party of Mississippi's ("RPM") Motion for Attorneys' Fees, Expenses, and Costs [Docs. 149, 150] as follows:

1

# I.
# **INTRODUCTION**

The RPM is back (after denial of its motion for sanctions seeking fees) asking for a blanket award of attorneys' fees based on its alleged status as a prevailing party. Even if the RPM is a prevailing party (though Counts 1 and 2 were not pursued against the RPM on summary judgment) an award of attorneys' fees in a civil rights action may be granted only if the Plaintiffs' suit is frivolous. Because this suit is a non-frivolous civil rights action, no award may issue. This suit is a civil rights action because it was brought pursuant to the National Voter Registration Act, and the Act states it is a civil rights Act. The RPM's motion for sanctions alleged that Plaintiffs' suit was frivolous, and the motion was denied. (*See* Docs. 67, 147). The instant motion should likewise be denied.

Further, even if this suit were not a civil rights suit, it would be improper to award all fees requested by the RPM. The RPM appears to request fees not associated with work reasonably necessary to the outcome of the litigation: (1) the RPM briefed summary judgment issues without conferring with opposing counsel and in disregard of the Court's order [*See* Doc. 87]; (2) the RPM did not prevail on Count III of its motion for summary judgment for which it seeks fees; (3) the RPM seeks to recover fees for its sanctions motion [Doc. 67], which it was not a 'prevailing party' to; and (4) the RPM seeks fees for work possibly performed in connection with another matter. The RPM's only evidence supporting its request is simply littered with descriptions too vague and ambiguous to support an award of the fees requested.

Finally, as a practical matter, Plaintiffs have reached an agreement with all other appearing parties to dismiss this case with each party bearing its own costs. The RPM's motion is the only remaining matter at issue[1], and in the interest of judicial economy, the Court should deny the motion and enter the dismissal.

## II.
## ARGUMENT AND AUTHORITIES

**A.    The NVRA concerns civil rights.**

The Court's jurisdiction is based on the United States National Voter Registration Act ("NVRA").  *See* 42 U.S.C. §1973gg.  Congress passed the NVRA because "the right of citizens of the United States to vote is a fundamental right" and "[i]t is the duty of the Federal, State, and local governments to promote the exercise of that right."  *Id.* at § 1973gg(a)(1), (2).  To promote voter participation, one stated purpose of the Act is to "protect the integrity of the electoral process."  *Id.* at §1973gg(b)(3).  Citizens have the right to disclosure of voter registration records to ensure integrity of the electoral process. *See* 42 U.S.C. §1973gg.  This suit under the NVRA alleged violations of the Act infringing on voters' rights established within the Act.  Thus, this electoral integrity suit is a civil rights suit.  And, though Plaintiffs' suit may not have been ultimately successful, it certainly was not frivolous.

---

[1] On September 29, 2014 Plaintiffs were notified that the RPM believes Rule 6(A)(4) of Judge Atlas' procedures (allowing 21 days to respond to a motion) does not apply.  The RPM instead believes the case is governed by S.D. Miss. LCvR 7(b)(4), which allows only 14 days to respond to a contested motion.  RPM's alleged reliance on LCvR 7(b) is suspect because its own motion does not comply with S.D. Miss. LCvR 7(b)(10).  Nevertheless, Plaintiffs file this response on October 1, 2014 in effort to quell any issue regarding timeliness.

**B.      Fees should not be awarded to the RPM because the Court already ruled this is a non-frivolous civil rights suit**.

A plaintiff who succeeds in remedying a civil rights violation—a "private attorney general"—vindicates a policy that Congress considers of the highest priority. Ordinarily, a successful plaintiff in a civil rights case should recover attorney fees from the defendant, whose misconduct created the need for legal action. *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011). Fee shifting in such a case reimburses a plaintiff for the cost of vindicating civil rights, and encourages plaintiffs to take the financial risk to do so, where such a suit would otherwise be cost-prohibitive. *See id*.

A prevailing defendant may also recover attorney fees in civil rights cases but under a different standard reflecting the "quite different equitable considerations at stake." *Id*. (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 415-16 (1978)); *see also* RPM's Motion at p. 5. As the RPM admits, civil rights laws authorize district courts to award attorneys' fees to a defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id*. (citations omitted). Because the NVRA states it is a civil rights statute, the RPM can only recover fees if it demonstrates the Plaintiffs' suit was frivolous[2]. This is a standard the party cannot meet.

The United States Supreme Court has held that an award to a prevailing defendant in civil rights cases should be permitted "not routinely, not simply because he succeeds,

---

[2] The NVRA protects access to voter registration records, registration disclosure, and protects election integrity. The right to vote is a fundamental right under the U.S. Constitution, and thus this is without doubt a civil rights case. *See* 42 U.S.C. 1973gg ("Findings and Purpose").

4

but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Id*. at 421 (internal citations omitted).  The Supreme Court further explained:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter . . . how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. [And] [e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*. at 421-22.

On August 29, 2014, this Court ruled that Plaintiffs' suit against the RPM was objectively reasonable (applying the Rule 11 standard) and that if Plaintiffs prevailed on their Equal Protection Clause claim, it is "at least arguable that the Republican Party is a necessary party to this case for purposes of implementing a remedy."  *See* Doc. 147 at p. 44-47.  The RPM cannot be entitled to fees in a case that the Court has already ruled was not frivolous, unreasonable, or without foundation.  *See* Doc. 147 at pp. 44-47.  To re-hash an argument that this case is allegedly frivolous, which the Court already spent three pages denying, is wasteful and harassing.

Next, despite RPM's arguments, it does not meet its own quoted standard for whether a civil rights suit is frivolous.  The RPM quotes *United States v. Mississippi*:

> The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial.

921 F.2d 604, 609 (5th Cir. 1991).

First, Plaintiffs established a prima facie case on the face of their pleadings. The Court's August 29, 2014 order held that the Plaintiffs had alleged a cause of action under the NVRA.[3] *See* Doc. 147. Second, RPM admits it did not offer to settle the case. Plaintiffs confirm this fact. Third, the parties agreed to move to the summary judgment phase after producing numerous records and engaging in an evidentiary hearing in which six witnesses were presented and cross-examined and oral argument was made over approximately 9 hours of recorded hearings in the presence of more than fifteen attorneys in the Federal District Court. RPM's suggestion that the case was merely 'dismissed' startlingly diminishes proceedings akin to a bench trial, resulting in a 90 page order on the merits of Counts 1 and 2. RPM's motion is flat wrong. By proper application of the standard set by *United States v. Mississippi*, Plaintiffs' allegations were not frivolous.

**C.** **Fees should not be awarded to the RPM because RPM did not meet its burden of establishing that recovery is reasonable.**

The Fifth Circuit follows the "Lodestar" method when determining whether to award attorney fees. Any award of fees must be reasonable. *See Watkins v. Fordice*, 7

---

[3] In the course of investigating their claims, Plaintiffs received correspondence from the Harrison County Circuit Clerk stating as follows:

> Because the Harrison County Circuit Clerk's Office had no involvement in the sealing of the ballot bags or the cleaning of the supply bags, we have no knowledge of the whereabouts of the requested [absentee ballot applications and envelopes]. **As the Republican Party was in charge of the conduct of the Republican Runoff Election**, you should contact one of the other executive committee members that worked with you in the conduct of the June 24, 2014 Republican Election for the requested information.

Doc. 43-9 (Exhibit 9 to Plaintiffs' Exhibit List, re-filed by Court at Doc. 106-2 (dated July 17, 2014, weeks after the June 24, 2014 Run-Off) (emphasis added)).

F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983))[4]. The RPM suggests, without consideration of the *Hensley* factors, that it is seeking fees spent in "defending" itself. However, RPM seeks much more than necessary defense costs. The RPM seeks recovery of fees garnered in connection with other matters, an unsuccessful motion for sanctions, and prosecuting (not defending) its own motion for summary judgment.

    1.    <u>RPM's summary judgment briefing was offensive rather than defensive</u>.

The Court asked the parties to confer and agree to a summary judgment briefing schedule in this case. The RPM did not even *attempt* to confer with Plaintiffs regarding a briefing schedule or to confirm whether the Plaintiffs were pursuing certain claims against the party at that time.[5] Plaintiffs ultimately agreed to a summary judgment briefing schedule with the Secretary of State because the Plaintiffs only sought summary judgment against the Secretary of State. As RPM admits, Plaintiffs did not file a summary judgment motion against it on Counts 1 and 2. Nonetheless, without

---

[4] The twelve factors for determining whether fees are reasonable are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542,544 (7th Cir. 2009) (quoting *Hensley*, 461 U.S. 430 n.3).

[5] Instead, RPM suggests that, without any discovery having been served, Plaintiffs should have fully and finally dismissed any potential NVRA claim against RPM based on RPM's counsel's letter alone, despite conflicting letters from counties that the RPM did have documents and information because it was in charge of its own primary election.

conference or warning (and in apparent disregard of this Court's Order) the RPM filed an independent briefing schedule.  RPM thereafter disregarded the Court's directive again.  Instead of briefing only Counts 1 and 2 of the case, RPM prematurely moved for summary judgment on Count 3.  Plaintiffs were forced to defend themselves against the RPM's briefing.  The RPM's actions in defiance of the Court's Order should not be billed to Plaintiffs as a penalty.

Of note, RPM's bills indicate that it coordinated with the Secretary of State prior to the preliminary injunction hearing.  Instead of continuing to coordinate briefing with the Secretary of State—the main defendant in this case—the RPM struck out on its own in an entirely duplicative effort.  The Court's Order makes quite clear that the grounds briefed by the Secretary of State regarding notice supported entry of summary judgment against Plaintiffs in this matter.  The additional briefing by the RPM was simply unjustified and unnecessary, and Plaintiffs should not be forced to compensate the RPM for work unnecessary expended on this case.

    2.    <u>RPM's billing statement does not reflect work necessary to defense of suit</u>.

RPM produced as Exhibit A to its motion a request for $82,484.14 in attorneys' fees allegedly garnered in defense of Plaintiffs' claims.  Included with that bill are entries such as: "review filings," "Emails and review filings," "read emails and filings with the court," and "read and respond to emails and filings in lawsuit." These entries are vague and ambiguous, and therefore cannot support a finding of reasonableness pursuant to the twelve *Hensley* factors.  *See Hensley*, 461 U.S. 430 n.3.  Even more concerning are the multitude of entries that may not relate to this matter:

- "Review Judge Mills ruling"

- "Emails regarding McDaniel election complaint and review complaint"

- "Review materials from McDaniel campaign and emails"

- "Receipt and review Supreme Court briefing"

- "receipt and review Supreme Court mandamus Order"

- "Receipt and review report regarding McDaniel opposition to dismissal; receipt and review McDaniel opposition; memo to J. Nosef regarding same."

(*See* Doc. 150, Exhibit "A"). Plaintiffs should not be ordered to pay for the Republican Party of Mississippi's work in other matters, including its review of the McDaniel campaign or McDaniel lawsuit, or the prior suit filed by True the Vote in the Northern District of Mississippi. For example, Plaintiffs should not be required to pay for entries regarding receipt and review of "Supreme Court briefing or mandamus orders" because no such briefing or mandamus orders occurred in connection with this case. Plaintiffs should also not be ordered to pay for vague and ambiguous entries that could support any matter currently held at Wise Carter Child & Caraway (such as "review filings", "Review draft", "Read Motions Filed", or "Pleadings; File Maintenance"). Finally, Plaintiffs should not be required to pay for fees spent in connection with preparation of the RPM's first Motion for Sanctions, as this Court found it unsuccessful, therefore the RPM cannot be a "prevailing defendant" as to the Motion for Sanctions. Thus, even though RPM is not entitled to fees at all since Plaintiffs' civil rights suit is not frivolous, RPM failed to carry its burden of showing reasonable necessity to perform certain tasks in connection

9

with this matter. A vague and ambiguous billing statement is insufficient proof for a fees award pursuant to undisturbed Supreme Court precedent. *See Anderson*, 578 F.3d at 544.

## III.
## CONCLUSION AND RELIEF REQUESTED

Plaintiffs sued for violations of the National Voter Registration Act. The Court interpreted the Act in its Order of August 29, 2014, under which Defendant alleges it is a prevailing party. The Act, in its opening findings and purpose, states it was passed to protect a fundamental civil right of United States citizens. Therefore, RPM can only be entitled to attorneys' fees if this civil rights suit was frivolous as a matter of law. The Court already denied Defendant's Motion for Sanctions based on a standard of frivolousness. Therefore, just as the Court denied the RPM's motion for attorneys' fees as sanctions, the Court should deny RPM's motion for fees as a prevailing party.

Plaintiffs request that this Court enter an order denying an award of attorney fees to the Republican Party of Mississippi, and further request all other relief to which the Court finds Plaintiffs justly entitled.

Respectfully submitted,

/s/   *L. Eades Hogue*

| | |
|---|---|
| Joseph M. Nixon | L. Eades Hogue |
| Texas State Bar No. 15244800 | Mississippi State Bar No. 2498 |
| jnixon@bmpllp.com | Louisiana State Bar No. 1960 |
| Kristen W. McDanald | ehogue@bmpllp.com |
| Texas State Bar No. 24066280 | BEIRNE, MAYNARD & PARSONS, LLP |
| kmcdanald@bmpllp.com | Pan-American Life Center |
| Kelly H. Leonard | 601 Poydras Street |
| Texas State Bar No. 24078703 | Suite 2200 |
| kleonard@bmpllp.com | New Orleans, LA 70130 |

| | |
|---|---|
| BEIRNE, MAYNARD & PARSONS, LLP | (504) 586-1241 Tel. |
| 1300 Post Oak Blvd, Suite 2500 | (504) 584-9142 Fax |
| Houston, Texas  77056 | **Lead Counsel** |
| (713) 623-0887   Tel. | |
| (713) 960-1527   Fax | |
| (Pro Hac Vice) | |
| James E. "Trey" Trainor, III. | |
| Texas State Bar No. 24042052 | |
| ttrainor@bmpllp.com | |
| BEIRNE, MAYNARD & PARSONS, LLP | |
| 401 W. 15th Street, Suite 845 | |
| Austin, TX 78701 | |
| (512) 623-6700   Tel. | |
| (512) 623-6701   Fax | |
| (Pro Hac Vice) | |

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2014, this document has been filed and served on all parties who have appeared with the Court's e-file system in accordance with Federal Rules of Civil Procedure and the Court's Local Civil Rules.  A copy has been mailed via U.S. mail to the Yazoo County, Mississippi Election Commission.

/s/    *L. Eades Hogue*