**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TRUE THE VOTE, et al.**                                                                   **PLAINTIFFS**

**v.**                                                         **Civil Action No.:  3:14-cv-00532-NFA**

**THE HONORABLE DELBERT HOSEMANN,**
**in his official capacity as Secretary of State for**
**the State of Mississippi, et al.**                                            **DEFENDANTS**

_____

**RESPONSE OF MISSISSIPPI REPUBLICAN PARTY
TO SO-CALLED AMENDED AGREED MOTION TO DISMISS**
_____

Plaintiffs' so-called amended agreed motion to dismiss [Dkt. 158] misrepresents its counsel's communications with defendants.  More importantly, the granting of the motion will not resolve the disputes between plaintiffs and defendants.

The Mississippi Republican Party fully supports the dismissal of all claims with prejudice, as demonstrated by its dispositive motion [Dkt. 87] filed August 6, 2014. Although the Party has no first-hand knowledge of plaintiffs' counsel's discussions with the other defendants, it has little doubt that all of them agree.  It is worth noting, however, that no defendant has filed a joinder in the so-called agreed motion, although Lauderdale County has filed a consent [Dkt. 157].

Fortunately, the Party's communications with plaintiffs' counsel are available for examination by the Court, should that prove necessary.[1]  After receiving a telephone call

_____

[1] Usually, there is no cause for the Court to examine settlement proposals, but the Party will be happy to produce its letter should plaintiffs contest its contents.

from plaintiff's counsel, the Party stated its position in its counsel's letter of September 25, 2014.  The Party agreed to join a stipulation of dismissal with prejudice.  Contrary to ¶ 5 of the motion, the Party did not say a word to "indicate[] it seeks a ruling on its Motion for Attorney Fees, Expenses, and Costs (Doc. 150) prior to dismissal."  To the contrary, the Party proposed a compromise of its motion, whereupon "we will be happy to execute mutual releases of all claims arising from this dispute."  Plaintiffs have made no response to the Party's proposal.  Instead, yesterday it filed a brief in opposition [Dkt. 160], five days after it was due under Local Rule 7(b)(4).[2]

Of course, if plaintiffs do not respond to the settlement proposal, then there will be no alternative to the resolution of the pending motion by this Court.  The proposed order would resolve that motion by declaring that "each party will bear its own fees and costs in connection with this suit."  Absent a true agreement, of course, all defendants would have 14 days after the entry of judgment to move to recover their fees and costs under Fed.R.Civ.P. 54(d).  Even where a complaint is dismissed voluntarily with prejudice, this Court has authority to award attorneys' fees in a proper case where, as here, a statute so provides.  *Lawrence v. Fuld*, 32 F.R.D. 324, 331-32 (D. Md. 1963).

The Party is simply unable to abandon its motion as if this litigation had never happened.  As plaintiffs themselves recognized in their briefing [Dkt. 124 at 12-14], the Party is a private organization protected by the First Amendment.  Plaintiffs have

---

[2] The Party expects to file its rebuttal in support of its fee motion tomorrow, because this Court has scheduled a conference for Monday, October 6, 2014.

nevertheless sued the Party for acting under color of Mississippi law, and the Party has always acknowledged that the volunteer members of its committees perform roles assigned by statute in the selection of Party nominees. The Party and its committee members serve the public without compensation, and, as the Party's counsel advised plaintiffs' counsel immediately after the filing of the first suit in the Northern District of Mississippi, "Unlike State defendants, it cannot levy taxes to fund its operations on behalf of the public" [Dkt. 67 Ex. 3].

Accordingly, the economic damage done by these plaintiffs is immense. In addition to the costs sought in the Party's pending motion, the Party continues to incur further costs in responding to plaintiffs' gyrations in this Court. The other defendants, to this point, have not sought to recover the costs that plaintiffs have imposed on the taxpayers, but those costs doubtless are collectively even higher. Plaintiffs should not be allowed simply to walk away as if nothing had happened.

The greater damage, however, is the dissention that plaintiffs have sown throughout Mississippi. The Party, of course, has no idea of what True the Vote may have said to its fellow plaintiffs throughout this litigation. What it has said to the public, however, will take time and hard work to counteract. As the Court knows, True the Vote issued a press release claiming that it was seeking relief "against the Mississippi Republican Party and all defendants to prevent further tampering, redaction, or destruction of voter records by Defendants or their agents" [Dkt. 12 Ex. 1], even though its lawyer admitted in open court that the Party had done nothing wrong. Tr. 347. While this litigation has imposed substantial costs on the Party, True the Vote has used it to raise money by falsely claiming

3

that "the leaders of the Republican Party played out a statewide scheme to prevent citizens from exercising their legal right to review election documents" [Dkt. 145 Ex. 3].  Even after this Court's dismissal of the first two counts of its complaint, True the Vote attempted to distort the outcome, declaring, "Essentially, the Court recognized that True the Vote had rightfully sued … the MSGOP,"[3] and accusing the Party of "tr[ying] to retaliate personally against those asking tough questions."  See Exhibit 1.

Plaintiffs have damaged not only the Party, but themselves.  Their conduct of this litigation has subjected them to the risk of substantial liability to all defendants under Mississippi law.  The Party has no desire to extend this conflict, but neither will it abandon its fiduciary responsibility to its members and supporters to repair the damage as best it can.  Absent the sort of negotiated settlement it has proposed to plaintiffs, this conflict will continue, regardless of this Court's disposition of the pending motions.

This Court, of course, has no responsibility to repair broken relationships.  That task must ultimately fall to the many Mississippians who are parties to this litigation.  This Court's resolution of these motions, however, can substantially reduce the scope of the disputes remaining to be resolved.

This action should be dismissed with prejudice for many reasons, but not on the terms demanded by plaintiffs.[4]   The Party's pending motion for fees should be granted.

---

[3] In fact, the Court explicitly agreed with the Party that it was not properly subject to suit under Counts 1 and 2 [Dkt. 147 at 21].

[4] Whatever authority this Court may have to impose terms and conditions on the dismissal of Count 3, there appears to be no reported case in which a court has denied relief on a past final judgment as a condition for entering a new final judgment on a separate claim.  The Party's motion

Respectfully submitted, this the 2nd day of October, 2014.

MISSISSIPPI REPUBLICAN PARTY

By:    *s/Michael B. Wallace*
        Michael B. Wallace (MSB No. 6904)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi 39202-0651
        Telephone: 601.968.5500
        mbw@wisecarter.com


        T. Russell Nobile (MSB No. 100682)
        WISE CARTER CHILD & CARAWAY, P.A.
        1105 30th Avenue, Suite 300
        Gulfport, Mississippi 39501
        Telephone: 228.867.7141
        trn@wisecarter.com

---

for relief concerning Counts 1 and 2 should be resolved on its own merits, without reference to the disposition of Count 3.

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Joseph M. Nixon
Kelly Hunsaker Leonard
Kristen W. McDanald
Lloyd Eades Hogue
BEIRNE, MAYNORD & PARSONS, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056
jnixon@bmpllp.com
kleonard@bmpllp.com
kmcdanald@bmpllp.com
ehogue@bmpllp.com

James Edwin Trainor
BEIRNE, MAYNORD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, Texas  78701
ttrainor@bmpllp.com

*Counsel for Plaintiffs*

Robert E. Sanders
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 23059
Jackson, Mississippi  39225-3059
rsanders@youngwells.com

John Wesley Daughdrill, Jr.
YOUNG WELLS WILLIAMS SIMMONS, P.A.
Post Office Box 6005
Ridgeland, Mississippi  39157
wes.daughdrill@youngwells.com

*Counsel for Jefferson Davis County, Mississippi Election Commission*

Harold Edward Pizzetta, III
Justin L. Matheny
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205-0220
hpizz@ago.state.ms.us
jmath@ago.state.ms.us

*Counsel for The Hon. Delbert Hosemann*

Elise Berry Munn
BERRY & MUNN, P.A.
Post Office Drawer 768
Hazlehurst, Mississippi  39083
emunn@berrymunnpa.com

*Counsel for Copiah County, Mississippi Election Commission*

Pieter Teeuwissen
PIETER TEEUWISSEN, PLLC
Post Office Box 16787
Jackson, Mississippi  39236
adwoodard@bellsouth.net

*Counsel for Hinds County, Mississippi Election Commission*

Jeffrey T. Webb
WEBB LAW FIRM, PLLC
Post Office Box 452
Carthage, Mississippi  39051
webblaw@bellsouth.net

*Counsel for Leake County, Mississippi Election Commission*

6

Lee Thaggard
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, Mississippi  39302-2009
thaggard@barrypalmerlaw.com

    *Counsel for Lauderdale County,*
    *Mississippi Election Commission*

Craig Lawson Slay
RANKIN COUNTY BOARD OF SUPERVISORS
211 East Government Street, Suite A
Brandon, Mississippi  39042
cslay@rankincounty.org

    *Counsel for Rankin County, Mississippi*
    *Election Commission*

Mike Espy
MIKE ESPY, PLLC
317 East Capitol Street, Suite 101
Jackson, Mississippi  39201
mike@mikespy.com

    *Counsel for Madison County,*
    *Mississippi Election Commission*

Danny Welch, Esq.
224 North Main Street
Mendenhall, Mississippi 39114
Danny_welch@bellsouth.net

    *Counsel for Simpson County,*
    *Mississippi Election Commission*

    This the 2nd day of October, 2014.

    *s/Michael B. Wallace*
    Michael B. Wallace