**BEIRNE, MAYNARD & PARSONS, L.L.P.**
601 POYDRAS STREET
SUITE 2200
NEW ORLEANS, LOUISIANA 70130-6097
TELEPHONE:  (504) 586-1241
FACSIMILE:  (504) 584-9142

L. EADES HOGUE, PARTNER

DIRECT DIAL 504-584-9431
Email: ehogue@bmpllp.com

October 6, 2014

The Honorable Nancy F. Atlas                                          *Via E-file*
United States Courthouse
515 Rusk Street, Room 9015
Houston, TX  77002-2601

ATTN:  Shelia Ashabranner, Case Manager

Re:   Case No. 3:14-CV-532-NFA; *True the Vote, et al v. The Honorable Delbert Hosemann, et al*; In the United States District Court, Southern District of Mississippi, Jackson Division.

Dear Judge Atlas:

In connection with our conference call today, please see Doc. 63, a letter to the Court filed July 31, 2014 regarding the summary judgment briefing schedules filed with the Court.  In the letter, Plaintiffs state in pertinent part: "**Plaintiffs do not intend to seek summary judgment against the Republican Party at this stage.**"  Doc. 63 at p.2.  Plaintiffs expanded:

Plaintiffs do not waive their right to have joined the Party to this suit for NVRA concerns (as Mr. Harding's declaration and Ms. Patrick's testimony supported) or to seek summary judgment relief on Count 3 at a later date (*See* Doc. 46, stating summary judgment may be expedited on the NVRA issues, not Count 3).  Because Plaintiffs contend their constitutional voting rights were violated in connection with the 2014 Republican Primary for Mississippi Senate Office, the Republican Party is a necessary party.  The Party contracted in many counties to run the election at issue (as testified to at the July 24 hearing) and would likely staff any subsequent remedial election.

Doc. 63, fn. 1.

1

Thus, Plaintiffs did more than call the Republican Party, Plaintiffs memorialized the fact that they were not seeking summary judgment against the Republican Party as to their NVRA claims in the Court's record.

This letter is consistent with statements by Mr. Nixon at the July 24, 2014 hearing on the record, with regard to Mr. Wallace's complaint that the Republican Party of Mississippi was in the suit:

- "[H]e keeps saying we haven't accused them of anything, and he's right",
- "[T]he reason they're here is because it's their primary",
- "[T]here's a reason why we're not asking for immediate relief from the Party",
- "We haven't said they've done anything bad…We just have a disagreement on what the law is, which is fair."

*See* Hearing Transcript, at p. 346.   To that end, Plaintiffs sought relief against the Secretary of State alone.  *See* Doc. 84, p.1.

An award of fees in this case would be improper.   While a "prevailing party" may be entitled to fees, the standard for determining whether a party is a "prevailing party" is different for Plaintiffs than Defendants in civil rights cases.  While Congress encourages a civil rights plaintiff to act as a "private attorney general" to adjudicate fundamental rights, a Defendant has no similar interest in these cases. Therefore, a Defendant has the burden of showing Plaintiffs' action was frivolous in order to be a "prevailing party" – any lessor standard would result in a chilling effect, deterring plaintiffs from shouldering the potential financial burden of bringing civil rights cases to the forefront, and acting as a private attorney general.  *Fox v. Vice*, 131 S. Ct. 2205, 2212 (2011).

Very truly yours,

L. Eades Hogue

LEH/KWM
ccs:
**Mississippi Republican Party**                                              *Via E-file*
c/o Mr. Michael B. Wallace
T. Russell Nobile
WISE CARTER CHILD & CARAWAY, P.A.
401 E. Capitol Street

Heritage Building, Suite 600
Jackson, Mississippi 39201