

**WISE CARTER CHILD & CARAWAY, P.A.**
ATTORNEYS AT LAW

MICHAEL B. WALLACE
JACKSON MISSISSIPPI

MBW@WISECARTER.COM
DIRECT LINE: (601)968-5534
FACSIMILE: (601)944-7738

October 7, 2014

<u>Via: Email and US Mail</u>

Honorable Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, Texas 77002-2601

    Re:    *True the Vote, et al. V. Delbert Hosemann, et al.*; US District Court,
           Southern District of Mississippi; No.: 3:14-cv-00532-NFA

Dear Judge Atlas:

      The letter Mr. Hogue sent last night [Dkt. 163] left unanswered the question the Court asked yesterday afternoon: Why didn't plaintiffs dismiss the Mississippi Republican Party from Counts 1 and 2 after the hearing?  Instead, the day before the letter of July 31, 2014 [Dkt. 63], on which plaintiffs place such reliance, plaintiffs filed a new complaint [Dkt. 58] asserting Counts 1 and 2 against the Party.  Less than a week later, plaintiffs filed a motion for summary judgment against all defendants [Dkt. 82], attaching as Exhibit 14 the Declaration of Colonel Harding which the July 31 letter identifies as evidence against the Party.

      It should be apparent from the record that no defendant regarded plaintiffs' summary judgment motion as seeking "relief against the Secretary of State alone," as plaintiffs now contend. [Dkt. 163 at 2].  Election Commissions for Copiah, Simpson, Rankin, Madison, and Lauderdale Counties joined the Secretary's response [Dkt. 125, 128, 129, 132, 135].  Copiah, Hinds, Jefferson Davis, Lincoln, and Lauderdale Counties all filed their own motions for summary judgment [Dkt. 79, 80, 82, 85, 89].  The notion that the Mississippi Republican Party, having had three complaints filed against it, should have sat back and done nothing is insupportable.

      A word should be said about plaintiffs' reliance on *Fox v. Vice*, 131 S. Ct. 2205 (2011).  That case applied 42 U.S.C. §1988, which, as the Court recognized yesterday, does not apply to Counts 1 and 2 of the amended complaint.  Nevertheless, the Party has no fear of the *Fox* rule for allocating fees.  The Supreme Court imposed "a but-for test: Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." *Id*., at 2215.  By that test, almost everything the Party did would not have been done "but for the frivolous claim" set forth in Counts 1 and 2.  Had plaintiffs pled only Count 3, almost nothing would have been done, because Judge Mills immediately recognized plaintiffs had sought no relief under Count 3.  The request for a preliminary injunction under Counts 1 and 2, on the other hand, required all defendants to consider what lawful use plaintiffs might be able to make of the documents if they got them, including the pursuit of Count 3 or other possible claims.

JACKSON: 401 E. CAPITOL ST., HERITAGE BLDG., SUITE 600, JACKSON, MS 39201 • P.O. BOX 651, JACKSON, MS 39205-0651 • PH.601.968.5500  FAX.601.968.5593
GULF COAST: 1105 30TH AVENUE, SUITE 300, GULFPORT, MS 39501-1817 • PH.228.867.7141  FAX.228.867.7142
HATTIESBURG: 601 ADELINE ST., HATTIESBURG, MS 39401 • P.O. BOX 990, HATTIESBURG, MS 39403-0990 • PH.601.582.5551  FAX.601.582.5556

*www.wisecarter.com*

Honorable Nancy F. Atlas
October 7, 2014
Page 2

      This Court clearly understands that political lawsuits involve concerns and conduct extraneous to the courtroom that do not appear in ordinary litigation. The affidavit attached as Exhibit 1 to the original memorandum [Dkt. 150] supporting the Party's motion explains that such extraneous conduct was excluded from the bill and why the included charges relate to Counts 1 and 2. Plaintiffs' criticism of those charges is answered in the rebuttal [Dkt. 162] filed Friday. This Court should understand that the Party does not consider litigation, like war, to be the continuation of politics by other means. In a quarter century as general counsel, I have never filed a lawsuit for the Party. All the Party ever does is to defend itself, and that is all it did here.

      We thank the Court for its attention to this matter.

                                      Sincerely,

                                      WISE CARTER CHILD & CARAWAY

                                      Michael B. Wallace

MBW:ss
cc: All counsel of record